IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.: 5:22-CV-00068-BO

| | |
|---|---|
| YOLANDA IRVING, individually and as the natural parent and guardian of J.I., JUWAN HARRINGTON, CYDNEEA HARRINGTON, KENYA WALTON individually and as the natural parent and guardian of R.W., ZIYEL WHITLEY, DYAMOND WHITLEY, KAMISHA WHITLEY, and NANETTA GRANT as the natural parent and guardian of Z.G., <br><br> Plaintiffs, <br><br> vs. <br><br> THE CITY OF RALEIGH, Officer OMAR I. ABDULLAH, Sergeant WILLIAM ROLFE, Officer RISHAR PIERRE MONROE, Officer JULIEN DAVID RATTELADE, and Officer MEGHAN CAROLINE GAY, and JOHN and JANE DOE Officers 1-10, in their individual capacities, <br><br> Defendants. | **MEMORANDUM IN SUPPORT OF SGT. ROLFE'S MOTION TO DISMISS (Fed. R. Civ. P. 12(b)(6))** |

This matter is before the Court on Defendant Sergeant William Rolfe's motion to dismiss Plaintiffs' Fifth Claim, alleging a "civil conspiracy," pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As Sgt. Rolfe will explain below, Plaintiffs' Fifth Claim, alleging a "civil conspiracy" between himself and a group of other Raleigh Police Department officers, should be dismissed for the following reasons, among others:

- Plaintiffs' civil conspiracy claims are barred by the intracorporate conspiracy doctrine.

Accordingly, Sgt. Rolfe's partial motion to dismiss should be GRANTED and the Plaintiffs' civil conspiracy claim should be DISMISSED WITH PREJUDICE.

1

## STATEMENT OF THE CASE and RELEVANT FACTS ALLEGED BY PLAINTIFFS

Plaintiffs filed this lawsuit on February 22, 2022, generally alleging that the City of Raleigh's Police Department violated their rights under the United States Constitution and North Carolina law by executing a series of searches pursuant to "no knock" warrants on residences Plaintiffs occupied. (*See generally* Compl., DE # 2, at ¶¶ 1-5). The Defendants are the City of Raleigh and a group of law enforcement officers serving the City's Police Department. The Complaint alleges that at the time of the incidents at issue, Defendant Officers Rishar Monroe, Julien Rattelade, Meghan Gay and Omar Abdullah were all member of the Vice Unit of the RPD, and Sergeant William Rolfe was their supervisor. Id. at ¶¶ 19-25, 30-33, and 153).

According to the Plaintiffs, the problem was that the officer who had applied for the warrants (former Raleigh Police Department Officer Omar Abdullah) had used information from a confidential informant that he knew to be dishonest and unreliable to secure the warrants: The Complaint alleges that the informant, Dennis Williams, "had repeatedly fabricated heroin buys and produced fake heroin that tested negative for a controlled substance" prior to the time that the Officer Abdullah applied for the warrants at issue. (*Id*. at ¶ 89; *see also* ¶¶ 85-97).

Relevant to this motion, the Fifth Claim in Complaint alleges that the Raleigh PD officers "conspired" to violate the Plaintiffs' rights: "Officers of the RPD VICE team, including Officers Abdullah, Rolfe, Monroe, Rattelade and Gay, conspired to deprive Plaintiffs of their constitutional rights," ostensibly by fabricating evidence and arresting or seizing the Plaintiffs for crimes they did not commit. (Compl., at ¶ 198; *see also* ¶¶ 197-202).

## ARGUMENT

**A. Plaintiffs' Fifth Claim for civil conspiracy is barred by the intracorporate conspiracy doctrine.**

Plaintiffs' Fifth Claim must be dismissed because it is barred by the intracorporate conspiracy doctrine—there is no "plurality of actors" when all of the officers work for same police department.

2

It is axiomatic that a conspiracy requires *two or more* actors, and this requirement is not met when all of the alleged "conspirators" are working for the same entity: "It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that acts of the agent are acts of the corporation." *Buschi v. Kirven*, 775 F.2d 1240, 1251 (4th Cir. 1987). This doctrine is known as the "intracorporate conspiracy doctrine." *Id.* at 1251.

Where the alleged conspirators are all officers or employees of a single entity, the "plurality of actors" requirement is not met. *Buschi*, 775 F.2d at 1251-54; *Iglesias v. Wolford*, 539 F. Supp.2d 831, 835-37 (2008); *Guthrie v. Blue Ridge Sav. Bank*, 114 F.Supp.2d 431, 435-36 (W.D.N.C. 2000); *Turner v. Randolph County*, 912 F.Supp. 182, 186-87 (M.D.N.C. 1995); *accord Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 777, 104 S.Ct. 2731 (1984). The Fourth Circuit has specifically held that the intracorporate conspiracy doctrine barred claims that members of a police department conspired with themselves. *See Zombro v. Baltimore City Police Dep't*, 868 F.2d 1364, 1371 (4th Cir. 1989) ("The Police Commissioner as head of the Department cannot be held to have entered into a conspiracy with the Department. A department cannot conspire with itself.").

While the intracorporate conspiracy doctrine is often applied in the context of a 42 U.S.C. § 1985(3) claim, there are a multitude of cases from courts in the Fourth Circuit holding that it is also applicable to claims for civil conspiracy brought under 42 U.S.C. § 1983. *See, e.g., Buschi*, 775 F.2d at 1251-53 (applying intracorporate conspiracy doctrine to both § 1985(3) and § 1983 conspiracy claims); *Locus v. Fayetteville State Univ.*, No. 88-2561, 1989 U.S. App. LEXIS 22005, at *5 (4th Cir. Mar. 8, 1989) ("In *Buschi* . . . we found the doctrine applicable in the civil rights context where suit was brought . . . under 42 U.S.C. § 1983 and § 1985(3) . . . ."); *Jones v. Alvarez*, No. 1:19-CV-930, 2021 U.S. Dist. LEXIS 796509, at **12-13 (M.D.N.C. Mar. 2, 2021) (holding that intracorporate conspiracy doctrine barred civil conspiracy claims against officers of Greensboro Police Department);

*Veney v. Ojeda*, 321 F.Supp.2d 733, 748 (E.D. Va. 2004) ("While the intracorporate conspiracy doctrine arose in antitrust cases, the Fourth Circuit has consistently applied it in other contexts, including actions brought under §§ 1983 and 1985."). Notably, the intracorporate conspiracy doctrine is often applied in the very same context at issue in this case—4th Amendment claims against law enforcement officers and their respective departments. *See, e.g., Jones*, 2021 U.S. Dist. LEXIS 796509, at **12-13; *Veney*, 321 F.Supp.2d at 748.

It is also important to note that a plaintiff cannot circumvent this rule by simply suing the defendant-officers in their individual capacities. *Buschi*, 775 F.2d at 1252 ("Nor is the immunity granted under this doctrine to the agents and the corporation destroyed because the agents are sued individually."); *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 353 (4th Cir. 2013) ("suing the agents individually does not destroy the immunity granted under the doctrine."); *Oksanen v. Page Mem'l Hosp.*, 945 F.2d 696, 702-03 (4th Cir. 1991) (en banc) (individual agents of corporation incapable of conspiring while acting in the course of official duties); *Iglesias*, 539 F.Supp.2d at 836 ("Moreover, even where a municipality's employees are sued in their personal capacities, there can be no conspiracy if the actions complained of were taken in the course of their official duties."); *Guthrie*, 114 F.Supp.2d at 435-36 (denying plaintiff's motion to amend to name individual defendants because the amendment would be futile in light of the intracorporate conspiracy doctrine); *Turner*, 912 F.Supp. at 186-87.

In summary, because Sgt. Rolfe and the other alleged conspirators were all officers serving in the Raleigh Police Department during the time of the alleged "conspiracy," there can be no civil conspiracy claim.

## **CONCLUSION**

For the above-stated reasons, among others, Plaintiffs' Fifth Claim, alleging a civil conspiracy between Sgt. Rolfe and the other officers of the Raleigh Police Department, should be dismissed with prejudice.

This the 25th day of April, 2022

CROSSLEY MCINTOSH COLLIER HANLEY & EDES, PLLC

/s/ Norwood P. Blanchard, III
Norwood P. Blanchard, III
State Bar No. 26470
5002 Randall Parkway
Wilmington, NC 28403
P: 910-762-9711
F: 910-256-0310
norwood@cmclawfirm.com

Attorneys for Defendant William Rolfe

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 26th day of April, 2022, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS with the Clerk of Court using the CM/ECF system, which will electronically serve counsel for the following parties:

Robin L. Tatum, City Attorney
Dorothy V. Kibler, Deputy City Attorney
N.C. Bar No. 13571
P.O. Box 1949
Raleigh, NC 27602
Tel: (919) 996-6560
Fax: (919) 996-7021
Dorothy.Kibler@raleighnc.gov
ATTORNEYS FOR DEFENDANT CITY
OF RALEIGH

Micheal L. Littlejohn, Jr.
Littlejohn Law, PLLC
227 W. 4th Street, Ste B-113
Charlotte, NC 28202
Email: mll@littlejohnlaw.com
*Attorneys for Plaintiffs*

Abraham Rubert-Schewel, Esq.
Emily Gladden, Esq.
Tin Fulton Walker & Owen, PLLC
204 N. Person Street
Raleigh, NC 27601
Email: schewel@tinfulton.com
Email: egladded@tinfulton.com
*Attorneys for Plaintiffs*

RODNEY E. PETTEY
N.C. State Bar No.: 17715
rpetty@ymwlaw.com
SAMUEL G. THOMPSON, JR.
N.C. State Bar No.: 32960
bthompson@ymwlaw.com
Yates, McLamb & Weyher, LLP
Post Office Box 2889
Raleigh, North Carolina 27602
*Counsel for Officer Rishar Pierre Monroe,*
*Officer Julien David Rattelade and*
*Officer Meghan Caroline Gay*

Ian A. Mance
Elizabeth G. Simpson
Emancipate NC
P.O. Box 309
Durham, NC 27702
Email: ian@emancipatenc.com
Email: elizabeth@emancipatenc.com

Jason R. Benton, Esq.
NC State Bar No.: 27710
Parker Poe Adams & Bernstein, LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202
jasonbenton@parkerpoe.com

                           CROSSLEY MCINTOSH COLLIER HANLEY & EDES, PLLC


                           /s/ Norwood P. Blanchard, III
                           Norwood P. Blanchard, III