**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

**Case No. 5:22-00068-BO**

YOLANDA IRVING, et al.,

        Plaintiffs,

v.

THE CITY OF RALEIGH, et al.,

        Defendants.

**DEFENDANT OMAR I. ABDULLAH'S**
**ANSWER TO PLAINTIFFS'**
**COMPLAINT**

NOW COMES Defendant Omar I. Abdullah ("Abdullah" or "this Defendant"), by and through counsel, and hereby responds to the Plaintiffs' Complaint ("Complaint") (Doc. 2) by stating as follows:

**FIRST DEFENSE**
**(Specifically Responding to the Numbered Paragraphs of the Complaint)**

**INTRODUCTION**

1.    With respect to the allegations of Paragraph 1, it is admitted, upon information and belief, that Plaintiffs are Black. Except as admitted, denied.

2.    The allegations of Paragraph 2 are denied.

3.    The allegations of Paragraph 3 are denied.

4.    With respect to the allegations of Paragraph 4, it is admitted that the cited U.S. Supreme Court decision is a document in writing that speaks for itself. The remaining allegations of Paragraph 4 are denied for lack of information or knowledge sufficient to form a belief.

5.    With respect to the allegations of Paragraph 5, it is expressly denied that RPD officers raided or ransacked Plaintiffs' homes or executed what Plaintiffs describe as a "No Knock"

warrant. It is further denied that RPD officers entered Plaintiff Walton's home without consent. The remaining allegations of Paragraph 5 are denied for lack of information or knowledge sufficient to form a belief.

6.    With respect to the allegations of Paragraph 6, it is admitted that Plaintiffs were not charged with a crime as a result of the events of May 21, 2020. Except as admitted, denied.

7.    The allegations of Paragraph 7 state legal conclusions and arguments to which no response is required. To the extent a response is deemed to be required, the allegations of Paragraph 7 are denied.

## PARTIES

8.    The allegations of Paragraph 8 are denied for lack of information or knowledge sufficient to form a belief.

9.    The allegations of Paragraph 9 are denied for lack of information or knowledge sufficient to form a belief.

10.    The allegations of Paragraph 10 are denied for lack of information or knowledge sufficient to form a belief.

11.    The allegations of Paragraph 11 are denied for lack of information or knowledge sufficient to form a belief.

12.    The allegations of Paragraph 12 are denied for lack of information or knowledge sufficient to form a belief.

13.    The allegations of Paragraph 13 are denied for lack of information or knowledge sufficient to form a belief.

14.    The allegations of Paragraph 14 are denied for lack of information or knowledge sufficient to form a belief.

15.     The allegations of Paragraph 15 are denied for lack of information or knowledge sufficient to form a belief.

16.     The allegations of Paragraph 16 are denied for lack of information or knowledge sufficient to form a belief.

17.     The allegations of Paragraph 17 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, it is admitted, upon information and belief, that the City maintains and operates the RPD and that employees of the RPD are employees of the City.  The remaining allegations of Paragraph 17 are denied for lack of information or knowledge sufficient to form a belief.

18.     The allegations of Paragraph 18 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 18 are denied for lack of information or knowledge sufficient to form a belief.

19.     The allegations of Paragraph 19 contain legal conclusions to which no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 19 are admitted upon information and belief.

20.     With respect to the allegations of Paragraph 20, it is admitted that Abdullah is a former police officer who was employed by the RPD.  Except as admitted, denied.

21.     With respect to the allegations of Paragraph 21, it is admitted that Rolfe was a police officer employed by the RPD on and before May 21, 2020.  The remaining allegations of Paragraph 21 are denied for lack of information or knowledge sufficient to form a belief.

22.     With respect to the allegations of Paragraph 22, it is admitted that Monroe was a police officer employed by the RPD on and before May 21, 2020.  The remaining allegations of

Paragraph 22 are denied for lack of information or knowledge sufficient to form a belief.

23.     With respect to the allegations of Paragraph 23, it is admitted that Rattelade was a police officer employed by the RPD on and before May 21, 2020.  The remaining allegations of Paragraph 23 are denied for lack of information or knowledge sufficient to form a belief.

24.     With respect to the allegations of Paragraph 24, it is admitted that Gay was a police officer employed by the RPD on and before May 21, 2020.  The remaining allegations of Paragraph 24 are denied for lack of information or knowledge sufficient to form a belief.

25.     The allegations of Paragraph 25 are denied for lack of information or knowledge sufficient to form a belief.

**JURISDICTION**

26.     The allegations of Paragraph 26 contain legal conclusions to which no response is required.  To the extent a response is deemed to be required, Abdullah responds that he does not, at this time, challenge this Court's jurisdiction over this matter.  Except as admitted, denied.

27.     The allegations of Paragraph 27 contain legal conclusions to which no response is required.  To the extent a response is deemed to be required, Abdullah responds that he does not, at this time, challenge this Court's jurisdiction over this matter.  Except as admitted, denied.

**VENUE**

28.     The allegations of Paragraph 28 contain legal conclusions to which no response is required.  To the extent a response is deemed to be required, Abdullah responds that he does not challenge venue in this U.S. District Court.  Except as admitted, denied.

**JURY DEMAND**

29.     Paragraph 29 does not contain any allegations directed at Abdullah and, as such, no response is required.  To the extent a response is deemed to be required, denied.

**FACTS**

30.     With respect to the allegations of Paragraph 30, it is admitted that Abdullah, Gay, Monroe and Rattelade were all officers employed in the RPD VICE unit on and before May 21, 2020.  Except as admitted, denied.

31.     With respect to the allegations of Paragraph 31, it is admitted that Rolfe was a supervisor employed in the RPD VICE unit on and before May 21, 2020.  Except as admitted, denied.

32.     The allegations of Paragraph 32 are admitted.

33.     With respect to the allegations of Paragraph 33, it is admitted that, when Abdullah was employed in the RPD VICE unit, it developed confidential informants to assist with or develop investigations.  Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

34.     With respect to the allegations of Paragraph 34, it is admitted that, when Abdullah was employed in the RPD VICE unit, confidential informants were sometimes developed after an arrest, with leniency on that charge or payment as consideration for their work.  Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

35.     With respect to the allegations of Paragraph 35, it is admitted that, when Abdullah was employed in the RPD VICE unit, confidential informants were tasked with finding individuals from whom to purchase narcotics.  Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

36.     With respect to the allegations of Paragraph 36, it is admitted that, when Abdullah was employed in the RPD VICE unit, confidential informants were given pre-recorded buy money for purposes of making a controlled drug buy.  Except as admitted, denied for lack of information

or knowledge sufficient to form a belief.

37.     It is admitted, upon information and belief, that the allegations of Paragraph 37 accurately describe the approval, distribution and release of informant funds when Abdullah was employed in the RPD VICE unit.  Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

38.     With respect to the allegations of Paragraph 38, it is admitted that the RPD directives in effect when Abdullah was employed in the RPD VICE unit are in writing and speak for themselves.  Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

39.     It is admitted that the allegations of Paragraph 39 accurately describe the monitoring of controlled drug buys by the RPD VICE unit when Abdullah was employed in the RPD VICE unit.  Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

40.     With respect to the allegations of Paragraph 40, it is admitted that, when Abdullah was employed in the RPD VICE unit, after a controlled buy, and assuming probable cause existed, the seller of narcotics could be arrested with or without a warrant.  Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

41.     The allegations of Paragraph 41 are denied.

42.     The allegations of Paragraph 42 are admitted.

43.     The allegations of Paragraph 43 are denied.

44.     With respect to the allegations of Paragraph 44, it is admitted that Williams was arrested for selling counterfeit illicit drugs.  Except as admitted, denied.

45.     The allegations of Paragraph 45 are admitted.

46.     With respect to the allegations of Paragraph 46, it is admitted that Williams worked as a confidential informant with the RPD under Abdullah's supervision.  Except as admitted, denied.

47.     With respect to the allegations of Paragraph 47 and Footnote 1, it is admitted that Williams was nicknamed Aspirin and that he is being criminally prosecuted by the Wake County District Attorney's Office.  Except as admitted, denied.

48.     With respect to the allegations of Paragraph 48, it is admitted that Williams has a criminal record and prior arrests.  Except as admitted, denied.

49.     With respect to the allegations of Paragraph 49, it is admitted that an Assistant District Attorney approved Williams to work as a confidential informant for the RPD.  Except as admitted, denied.

50.     With respect to the allegations of Paragraph 50, it is admitted that Williams agreed to work as a confidential informant.  Except as admitted, denied.

51.     With respect to the allegations of Paragraph 51, it is admitted that Williams reported to Abdullah and completed controlled drug buys.  Except as admitted, denied.

52.     With respect to the allegations of Paragraph 52, it is admitted that Williams was provided money from the RPD Confidential Informant funds for controlled buys.  Except as admitted, denied.

53.     The allegations of Paragraph 53 are denied for lack of information or knowledge sufficient to form a belief.

54.     With respect to the allegations of Paragraph 54, it is admitted that Officer Nance was transferred to a different unit within the RPD.  It is denied that Officer Nance ever supervised Williams.  Except as admitted, denied for lack of information or knowledge sufficient to form a

belief.

55.    With respect to the allegations contained in Paragraph 55, it is admitted that Williams was incarcerated in early 2019 in Nash County on a felony larceny charge.  Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

56.    With respect to the allegations contained in Paragraph 56, it is admitted that, after his Nash County incarceration, Williams worked as a confidential informant with Abdullah. Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

57.    With respect to the allegations of Paragraph 57, it is admitted that Williams complained about his pay as a Confidential Informant.  It is further admitted that Abdullah informed Williams that more trafficking cases could result in more pay.  Except as admitted, denied.

58.    The allegations of Paragraph 58 are denied for lack of information or knowledge sufficient to form a belief.

59.    The allegations of Paragraph 59 are denied.

60.    The allegations of Paragraph 60 are denied.

61.    The allegations of Paragraph 61 are denied.

62.    The allegations of Paragraph 62 are denied.

63.    With respect to the allegations contained in Paragraph 63, it is admitted that the RPD VICE officers worked as a team when making controlled buys and arrests.  Except as admitted, denied.

64.    With respect to the allegations contained in Paragraph 64, it is admitted that RPD VICE officers generally met for a briefing prior to each controlled buy.  Except as admitted, denied.

65.     With respect to the allegations contained in Paragraph 65, it is admitted that, for purposes of the controlled buys, Williams was provided with electronic surveillance devices meant to allow officers to observe and listen to the transactions.  Except as admitted denied.

66.     With respect to the allegations contained in Paragraph 66, it is admitted that, for purposes of the controlled buys, Williams was provided with electronic surveillance devices meant to allow officers to observe and listen to the transactions.  Except as admitted denied.

67.     With respect to the allegations contained in Paragraph 67, it is admitted that Abdullah searched Williams before each controlled buy and never located any contraband on his person.  Except as admitted, denied.

68.     With respect to the allegations contained in Paragraph 68, it is admitted, upon information and belief, that, on his final two controlled buys, Williams shielded his undercover camera such that officers were unable to observe such buys.  Except as admitted, denied.

69.     With respect to the allegations contained in Paragraph 69, it is admitted, upon information and belief, that, unbeknownst to Abdullah, Williams returned from certain controlled buys with a substance that subsequently lab-tested negative for heroin.  Except as admitted, denied.

70.     With respect to the allegations contained in Paragraph 70, it is admitted that Abdullah searched Williams after each controlled buy and that Abdullah never located anything that he understood to be contraband on William's person.  Except as admitted, denied.

71.     With respect to the allegations contained in Paragraph 71, it is admitted that Abdullah, on occasion, met with Williams alone before or after controlled buys.  Except as admitted, denied.

72.     The allegations of Paragraph 72 are denied.

73.     With respect to the allegations contained in Paragraph 73, it is admitted that, in

addition to Abdullah, other RPD VICE officers, including at least Rolfe and Rattelade, signed receipt of informant funds sheets related to Williams' controlled buys. Except as admitted, denied.

74. With respect to the allegations contained in Paragraph 74, it is admitted that, after Williams' controlled buys, RPD VICE officers other than Abdullah processed evidence recovered from the buys, including the substances turned over by Williams. Except as admitted, denied.

75. With respect to the allegations contained in Paragraph 75, it is admitted that Monroe and Rattelade informed Abdullah after some, but not all, controlled buys involving Williams that the substances he brought back from such buys field-tested negative for heroin. Except as admitted, denied.

76. The allegations of Paragraph 76 are denied.

77. With respect to the allegations contained in Paragraph 77, it is admitted that Monroe and Rattelade informed Abdullah after some, but not all, controlled buys involving Williams that the substances he brought back from such buys field-tested negative for heroin. Except as admitted, denied.

78. The allegations of Paragraph 78 are denied for lack of information or knowledge sufficient to form a belief.

79. With respect to the allegations contained in Paragraph 79, it is admitted, upon information and belief, that, unbeknownst to Abdullah, Williams returned from certain controlled buys with a substance that subsequently lab-tested negative for heroin. Except as admitted, denied.

80. With respect to the allegations contained in Paragraph 80, it is admitted that Williams was used by RPD VICE as a confidential informant until his suspension as such on or about May 22, 2020. Except as admitted, denied.

81. The allegations of Paragraph 81 are denied.

82. The allegations of Paragraph 82 are denied for lack of information or knowledge sufficient to form a belief.

83. With respect to the allegations contained in Paragraph 83, it is admitted that RPD VICE Officers Rolfe, Monroe, Rattelade, and Gay worked on controlled buys involving Williams. Except as admitted, denied.

84. The allegations of Paragraph 84 are denied.

85. The allegations of Paragraph 85 are admitted.

86. With respect to the allegations contained in Paragraph 86, it is admitted that supervisors were required to review RPD VICE officers' search warrants. Except as admitted, denied.

87. The allegations of Paragraph 87 are admitted.

88. The allegations of Paragraph 88 are admitted.

89. The allegations of Paragraph 89 are denied.

90. The allegations of Paragraph 90 are denied.

91. With respect to the allegations contained in Paragraph 91, it is admitted that Monroe and Rattelade informed Abdullah after some, but not all, controlled buys involving Williams that the substances he brought back from such buys field-tested negative for heroin. Except as admitted, denied.

92. The allegations of Paragraph 92 are denied.

93. The allegations of Paragraph 93 are denied.

94. The allegations of Paragraph 94 are denied.

95. The allegations of Paragraph 95 are denied.

96. The allegations of Paragraph 96 are denied.

97.     The allegations of Paragraph 97 are denied.

98.     With respect to the allegations contained in Paragraph 98, it is admitted, upon information and belief, that Yolanda Irving lived at 1628 Burgundy St., Apt B, Raleigh, NC on May 21, 2020 but it is expressly denied that Abdullah knew that on that date. Except as admitted, denied.

99.     The allegations of Paragraph 99 are denied for lack of information or knowledge sufficient to form a belief.

100.    With respect to the allegations contained in Paragraph 100, it is admitted, upon information and belief, that Kenya Walton lived at 1628 Burgundy St., Apt A, Raleigh, NC on May 21, 2020 but it is expressly denied that Abdullah knew that on that date. Except as admitted, denied.

101.    The allegations of Paragraph 101 are denied for lack of information or knowledge sufficient to form a belief.

102.    The allegations of Paragraph 102 are denied for lack of information or knowledge sufficient to form a belief.

103.    The allegations of Paragraph 103 are denied for lack of information or knowledge sufficient to form a belief.

104.    The allegations of Paragraph 104 are denied for lack of information or knowledge sufficient to form a belief.

105.    The allegations of Paragraph 105 are denied for lack of information or knowledge sufficient to form a belief.

106.    The allegations of Paragraph 106 are denied for lack of information or knowledge sufficient to form a belief.

107.    The allegations of Paragraph 107 are denied for lack of information or knowledge sufficient to form a belief.

108.    The allegations of Paragraph 108 are denied for lack of information or knowledge sufficient to form a belief.

109.    The allegations of Paragraph 109 are denied.

110.    With respect to the allegations contained in Paragraph 110, it is admitted that 1628 Burgundy St., Apt A, Raleigh, NC was not listed on the subject search warrant.  It is further admitted that the occupant of that residence gave verbal consent for RPD to enter and search on May 21, 2020.  Except as admitted, denied.

111.    The allegations of Paragraph 111 are denied for lack of information or knowledge sufficient to form a belief.

112.    The allegations of Paragraph 112 are denied for lack of information or knowledge sufficient to form a belief.

113.    The allegations of Paragraph 113 are denied for lack of information or knowledge sufficient to form a belief.

114.    The allegations of Paragraph 114 are denied for lack of information or knowledge sufficient to form a belief.

115.    The allegations of Paragraph 115 are denied for lack of information or knowledge sufficient to form a belief.

116.    The allegations of Paragraph 116 are denied for lack of information or knowledge sufficient to form a belief.

117.    The allegations of Paragraph 117 are denied.

118.    The allegations of Paragraph 118 are denied for lack of information or knowledge

sufficient to form a belief.

119.     The allegations of Paragraph 119 are denied for lack of information or knowledge sufficient to form a belief.

120.     The allegations of Paragraph 120 are denied for lack of information or knowledge sufficient to form a belief.

121.     The allegations of Paragraph 121 are denied for lack of information or knowledge sufficient to form a belief.

122.     The allegations of Paragraph 122 are denied for lack of information or knowledge sufficient to form a belief.

123.     The allegations of Paragraph 123 are denied for lack of information or knowledge sufficient to form a belief.

124.     The allegations of Paragraph 124 are denied for lack of information or knowledge sufficient to form a belief.

125.     The allegations of Paragraph 125 are denied for lack of information or knowledge sufficient to form a belief.

126.     The allegations of Paragraph 126 are denied for lack of information or knowledge sufficient to form a belief.

127.     The allegations of Paragraph 127 are denied for lack of information or knowledge sufficient to form a belief.

128.     With respect to the allegations contained in Paragraph 128, it is admitted that the occupant of 1628 Burgundy St., Apt A, Raleigh, NC gave verbal consent for RPD to enter and search on May 21, 2020.  Except as admitted, denied.

129.     The allegations of Paragraph 129 are admitted.

130.     The allegations of Paragraph 130 are denied for lack of information or knowledge sufficient to form a belief.

131.     The allegations of Paragraph 131 are denied.

132.     With respect to the allegations contained in Paragraph 132, it is admitted that Abdullah provided Irving with a copy of the search warrant.  Except as admitted, denied.

134.     With respect to the allegations contained in Paragraph 134, it is admitted that Abdullah provided Irving with a copy of the search warrant and did not apologize to her.  Except as admitted, denied.

135.     With respect to the allegations of Paragraph 135, it is admitted that Williams was suspended as a confidential informant on May 22, 2020, one day after execution of the subject search warrant.  Except as admitted, denied.

136.     The allegations of Paragraph 136 are denied.

137.     The allegations of Paragraph 137 are admitted.

138.     With respect to the allegations contained in Paragraph 138, it is admitted, upon information and belief, that the sources cited in Paragraph 138 are documents in writing that speak for themselves.  Except as admitted, the allegations of Paragraph 138 are denied for lack of information or knowledge sufficient to form a belief.

139.     With respect to the allegations contained in Paragraph 139, it is admitted that the North Carolina General Statutes are documents in writing that speak for themselves.  Except as admitted, denied.

140.     With respect to the allegations contained in Paragraph 140, it is admitted that the North Carolina General Statutes are documents in writing that speak for themselves.  Except as admitted, denied.

141.     The allegations of Paragraph 141 are denied.

142.     The allegations of Paragraph 142 are denied.

143.     The allegations of Paragraph 143 are denied.

144.     The allegations of Paragraph 144 are denied for lack of information or knowledge sufficient to form a belief.

145.     The allegations of Paragraph 145 are denied for lack of information or knowledge sufficient to form a belief.

146.     The allegations of Paragraph 146 are denied for lack of information or knowledge sufficient to form a belief.  Moreover, such allegations are immaterial and impertinent and should be stricken from the Complaint pursuant to F.R.C.P. 12(f).

147.     The allegations of Paragraph 147 are denied for lack of information or knowledge sufficient to form a belief.  Moreover, such allegations are immaterial and impertinent and should be stricken from the Complaint pursuant to F.R.C.P. 12(f).

## INJURIES AND DAMAGES

148.     The allegations of Paragraph 148 are denied.

149.     The allegations of Paragraph 149 are denied.

150.     The allegations of Paragraph 150 are denied.

## FIRST CLAIM

151.     Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

152.     The allegations of Paragraph 152 are denied.

153.     With respect to the allegations contained in Paragraph 153, it is admitted that supervisors were required to review RPD VICE officers' search warrants.  Except as admitted,

denied.

154.    With respect to the allegations contained in Paragraph 154, it is admitted that the warrant application for the May 21, 2020 search was based on Williams' controlled buy on the previous day, May 20, 2020.  Except as admitted, denied.

155.    The allegations of Paragraph 155 are admitted.

156.    With respect to the allegations contained in Paragraph 156, it is admitted that Abdullah applied for a warrant for the search of 1628 Burgundy St., Apt B, Raleigh, NC on May 21, 2020.  Except as admitted, denied.

157.    With respect to the allegations contained in Paragraph 157, it is admitted that RPD VICE officers met prior to execution of the search warrant for 1628 Burgundy St., Apt B, Raleigh, NC on May 21, 2020 to discuss such execution.  Except as admitted, denied.

158.    The allegations of Paragraph 158 are denied.

159.    With respect to the allegations contained in Paragraph 159, it is admitted that Monroe and Rattelade informed Abdullah after some, but not all, controlled buys involving Williams that the substances he brought back from such buys field-tested negative for heroin. Except as admitted, denied.

160.    With respect to the allegations contained in Paragraph 160, it is admitted that the subject warrant is a document in writing that speaks for itself.  Except as admitted, denied.

161.    With respect to the allegations contained in Paragraph 161, it is admitted that the subject warrant is a document in writing that speaks for itself.  Except as admitted, denied.

162.    With respect to the allegations contained in Paragraph 162, it is admitted that the subject warrant is a document in writing that speaks for itself.  Except as admitted, denied.

163.    The allegations of Paragraph 163 are denied.

164. With respect to the allegations contained in Paragraph 164, it is admitted that certain RPD officers searched 1628 Burgundy St., Apt B, Raleigh, NC on May 21, 2020 pursuant to a warrant. Except as admitted, denied.

165. With respect to the allegations contained in Paragraph 165, it is admitted that 1628 Burgundy St., Apt A, Raleigh, NC was not listed on the subject search warrant. It is further admitted that the occupant of that residence gave verbal consent for RPD to enter and search on May 21, 2020. Except as admitted, denied.

166. With respect to the allegations contained in Paragraph 166, it is admitted that 1628 Burgundy St., Apt A, Raleigh, NC was not listed on the subject search warrant. It is further admitted that the occupant of that residence gave verbal consent for RPD to enter and search on May 21, 2020. Except as admitted, denied.

167. The allegations of Paragraph 167 are denied.

168. The allegations of Paragraph 168 are denied.

## SECOND CLAIM

169. Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

170. The allegations of Paragraph 170 are denied.

171. The allegations of Paragraph 171 are denied.

172. The allegations of Paragraph 172 are denied.

173. The allegations of Paragraph 173 are denied for lack of information or knowledge sufficient to form a belief.

174. The allegations of Paragraph 174 are denied.

175. The allegations of Paragraph 175 are denied.

## THIRD CLAIM

176. Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

177. The allegations of Paragraph 177 state legal conclusions and arguments to which no response is required. To the extent a response is deemed to be required, it is admitted that the legal authority purported to support Plaintiffs' legal conclusions are documents in writing that speak for themselves. Except as admitted, denied.

178. With respect to the allegations contained in Paragraph 178, it is expressly denied that Abdullah conspired to fabricate any buys and charges. The remaining allegations of Paragraph 178 are denied for lack of information or knowledge sufficient to form a belief.

179. The allegations of Paragraph 179 are denied.

180. The allegations of Paragraph 180 are denied.

181. The allegations of Paragraph 181 are denied.

182. The allegations of Paragraph 182 are denied.

183. The allegations of Paragraph 183 are denied.

184. With respect to the allegations contained in Paragraph 184, it is admitted that the subject warrant application is a document in writing that speaks for itself. Except as admitted, denied.

185. The allegations of Paragraph 185 are denied.

186. With respect to the allegations contained in Paragraph 186, it is admitted that certain RPD officers searched 1628 Burgundy St., Apt B, Raleigh, NC on May 21, 2020 pursuant to a warrant. Except as admitted, denied.

187. The allegations of Paragraph 187 are denied.

## FOURTH CLAIM

188.    Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

189.    The allegations of Paragraph 189 are denied.

190.    The allegations of Paragraph 190 are denied.

191.    The allegations of Paragraph 191 are denied.

192.    The allegations of Paragraph 192 are denied.

193.    The allegations of Paragraph 193 are denied.

194.    The allegations of Paragraph 194 are denied.

195.    The allegations of Paragraph 195 are denied.

196.    The allegations of Paragraph 196 are denied.

## FIFTH CLAIM

197.    Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

198.    The allegations of Paragraph 198 are denied.

199.    The allegations of Paragraph 199 are denied.

200.    The allegations of Paragraph 200 are denied.

201.    The allegations of Paragraph 201, and each and every subparagraph thereof, are denied.

202.    The allegations of Paragraph 202 are denied.

## SIXTH CLAIM

203.    Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

204.     The allegations of Paragraph 204 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 204 are denied for lack of information or knowledge sufficient to form a belief.

205.     With respect to the allegations contained in Paragraph 205, it is expressly denied that Abdullah fabricated any charges.  The remaining allegations of Paragraph 205 are denied for lack of information or knowledge sufficient to form a belief.

206.     The allegations of Paragraph 206 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 206 are denied for lack of information or knowledge sufficient to form a belief.

207.     The allegations of Paragraph 207 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, it is admitted that Abdullah, on occasion, met with Williams alone before or after controlled buys. Except as admitted, denied.

208.     The allegations of Paragraph 208 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, it is admitted that supervisors were required to review RPD VICE officers' search warrants.  Except as admitted, denied.

209.     The allegations of Paragraph 209 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 209 are denied for lack of information or knowledge sufficient to form a belief.

210.    The allegations of Paragraph 210 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 210 are denied for lack of information or knowledge sufficient to form a belief.

211.    The allegations of Paragraph 211 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, it is expressly denied that Abdullah performed or committed any "unconstitutional activity."  The remaining allegations of Paragraph 211 are denied for lack of information or knowledge sufficient to form a belief.

212.    The allegations of Paragraph 212 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 212 are denied.

**SEVENTH CLAIM**

213.    Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

214.    The allegations of Paragraph 214 pertain to defendants other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 214 are denied for lack of information or knowledge sufficient to form a belief.

215.    The allegations of Paragraph 215 pertain to defendants other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 215 are denied for lack of information or knowledge sufficient to form a belief.

216.    The allegations of Paragraph 216 pertain to defendants other than Abdullah and, as such, no response is required.    To the extent that a response is deemed to be required, the allegations of Paragraph 216 are denied for lack of information or knowledge sufficient to form a belief.

217    The allegations of Paragraph 217 pertain to defendants other than Abdullah and, as such, no response is required.    To the extent that a response is deemed to be required, the allegations of Paragraph 217 are denied for lack of information or knowledge sufficient to form a belief.

## EIGHTH CLAIM

218.    Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

219.    The allegations of Paragraph 219 are denied.

220.    The allegations of Paragraph 220 are denied for lack of information or knowledge sufficient to form a belief.

221.    The allegations of Paragraph 221 are denied.

## NINTH CLAIM

222.    Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

223.    The allegations of Paragraph 223 pertain to a defendant other than Abdullah and, as such, no response is required.    To the extent that a response is deemed to be required, it is admitted that, when Abdullah was employed in the RPD VICE unit, the RPD maintained a policy of not field-testing alleged heroin, even when purchased by a confidential informant.    Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

224.     The allegations of Paragraph 224 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 224 are denied for lack of information or knowledge sufficient to form a belief.

225.     The allegations of Paragraph 225 are denied.

226.     The allegations of Paragraph 226 are denied.

227.     The allegations of Paragraph 227 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 227 are denied for lack of information or knowledge sufficient to form a belief.

228.     The allegations of Paragraph 228 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 228 are denied for lack of information or knowledge sufficient to form a belief.

229.     The allegations of Paragraph 229 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 229 are denied for lack of information or knowledge sufficient to form a belief.

230.     The allegations of Paragraph 230 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 230 are denied for lack of information or knowledge sufficient to form a belief.

231.     The allegations of Paragraph 231 pertain to a defendant other than Abdullah and,

as such, no response is required. To the extent that a response is deemed to be required, the allegations of Paragraph 231 are denied for lack of information or knowledge sufficient to form a belief.

232. The allegations of Paragraph 232 are denied.

233. The allegations of Paragraph 233 pertain to a defendant other than Abdullah and, as such, no response is required. To the extent that a response is deemed to be required, the allegations of Paragraph 233 are denied for lack of information or knowledge sufficient to form a belief.

234. The allegations of Paragraph 234 pertain to a defendant other than Abdullah and, as such, no response is required. To the extent that a response is deemed to be required, the allegations of Paragraph 234 are denied for lack of information or knowledge sufficient to form a belief.

## TENTH CLAIM

235. Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

236. The allegations of Paragraph 236 pertain to a defendant other than Abdullah and, as such, no response is required. To the extent that a response is deemed to be required, the allegations of Paragraph 236 are denied for lack of information or knowledge sufficient to form a belief.

237. The allegations of Paragraph 237 are denied.

238. The allegations of Paragraph 238 are denied.

239. The allegations of Paragraph 239 pertain to a defendant other than Abdullah and, as such, no response is required. To the extent that a response is deemed to be required, the

allegations of Paragraph 239 are denied for lack of information or knowledge sufficient to form a belief.

240.    The allegations of Paragraph 240 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 240 are denied for lack of information or knowledge sufficient to form a belief.

IN ADDITION TO THE FOREGOING, ALL HEADINGS CONTAINED IN PLAINTIFFS' COMPLAINT ARE DENIED, AS ARE ANY REMAINING ALLEGATIONS IN THE COMPLAINT.

## SECOND DEFENSE
### (Failure to State a Claim)

Abdullah preserves his defense under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as the Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## THIRD DEFENSE
### (Objectively Reasonable)

At all times relevant to Plaintiffs' Complaint, the conduct of Abdullah was objectively reasonable and did not violate any clearly established constitutional rights of Plaintiffs.  Conduct which is objectively reasonable cannot be negligent, nor can conduct which did not violate clearly established constitutional rights.  Accordingly, Abdullah did not breach any legal duty owed to the Plaintiff.

## FOURTH DEFENSE
### (Public Official Immunity)

At all times relevant to this action, Abdullah was a sworn public officer, acting in his

official capacity, and is entitled to public officer or public official immunity, which is pleaded in bar of Plaintiffs' claims.

## FIFTH DEFENSE
### (Probable Cause)

The searches, detentions, and/or arrests that are the subject of Plaintiffs' claims were supported by probable cause.

## SIXTH DEFENSE
### (Lack of Proximate Cause)

Any alleged misconduct on the part of Abdullah, which has been and is again denied, did not proximately cause any damages to Plaintiffs.

## SEVENTH DEFENSE
### (Legal Justification)

Legal justification is pled as an affirmative defense in bar of Plaintiffs' right to recover in this action.

## EIGHTH DEFENSE
### (Compliance)

Abdullah should incur no liability in this action because at the time of the acts alleged in the Complaint, he acted in good faith, in conformance with RPD policies and procedures, without any wrongful intent, and with a reasonable belief that his conduct was in conformance with North Carolina state and federal laws, as well as consistent with the U.S. Constitution. The sole remaining claim against the Answering Defendant in his individual capacity should be dismissed.

## NINTH DEFENSE
### (No Grounds for Punitive Damages)

The allegations contained in Plaintiffs' Complaint fail to establish by clear and convincing evidence that Abdullah acted with malice or undertook willful or wanton conduct with regard to

the matters at issue in this action, and Abdullah asserts the Plaintiffs' failure to allege or prove the factual elements necessary to recover punitive damages as required by N.C. Gen. Stat. §1D-15 in bar of Plaintiffs' claim for punitive damages against him in this action. Further, Plaintiffs know or should know that the claim for punitive damages against Abdullah is frivolous or malicious. Therefore, in accordance with N.C. Gen. Stat. § 1D-45, the court should award attorneys' fees to Abdullah. Finally, Abdullah specifically pleads that the imposition of punitive damages in this matter against him would be unconstitutional.

**TENTH DEFENSE**
**(Limitations)**

Plaintiffs' claims for damages are barred, reduced, and/or limited pursuant to applicable statutory provisions and common law doctrines regarding limitations on awards, caps on damages, laches and setoffs.

**ELEVENTH DEFENSE**
**(Notice of Additional Defenses)**

Abdullah reserves the right to plead additional affirmative defense as may be revealed during disclosure and/or discovery proceedings in this matter and likewise plead all defenses pled by all co-defendants in this action.

**WHEREFORE**, having fully answered the Complaint (Doc. 2) of the Plaintiffs, Abdullah respectfully requests the following:

1. That the Court dismiss this action as to Abdullah;

2. That the Plaintiff have and recover nothing from Abdullah;

3. That the Court award Abdullah his reasonable attorneys' fees and costs for the defense of this action; and

4. Any other such relief in favor of Abdullah as the Court may deem just and proper.

Respectfully submitted, this the 29th day of April, 2022.

/s/ Jason R. Benton
Jason R. Benton
N.C. State Bar No. 27710
Daniel E. Peterson
N.C. State Bar No. 41251
**PARKER POE ADAMS & BERNSTEIN LLP**
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Telephone: (704) 372.9000
Facsimile:  (704) 334.4706
Email: jasonbenton@parkerpoe.com
          danielpeterson@parkerpoe.com

*Attorneys for Defendant Omar I. Abdullah*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on this date, the foregoing **Defendant Omar I. Abdullah's Answer to Plaintiffs' Complaint** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification and serve same upon counsel of record via the Court's electronic case filing system.

This the 29th day of April, 2022.

/s/ Jason R. Benton
Jason R. Benton
N.C. State Bar No. 27710
Daniel E. Peterson
N.C. State Bar No. 41251
**PARKER POE ADAMS & BERNSTEIN LLP**
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Telephone: (704) 372.9000
Facsimile: (704) 334.4706
Email: jasonbenton@parkerpoe.com
danielpeterson@parkerpoe.com

*Attorneys for Defendant Omar I. Abdullah*