UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

YOLANDA IRVING, individually and as the natural parent and guardian of J.I., JUWAN HARRINGTON, CYDNEEA HARRINGTON, KENYA WALTON individually and as the natural parent and guardian of R.W., ZIYEL WHITLEY, DYAMOND WHITLEY, KAMISHA WHITLEY, NANETTA GRANT as the natural parent and guardian of Z.G., and EMANCIPATE NC, INC.,

                Plaintiffs,

   v.

THE CITY OF RALEIGH, Officer OMAR I. ABDULLAH, Sergeant WILLIAM ROLFE, Officer RISHAR PIERRE MONROE, Officer JULIEN DAVID RATTELADE, and Officer MEGHAN CAROLINE GAY, JOHN and JANE DOE Officers 1-10, in their individual capacities, Chief of Police ESTELLA PATTERSON and City Manager MARCHELL ADAMS-DAVID, in their official capacities.

                Defendants.

5:22:CV-0068-BO

**REPORT OF F.R.C.P. 26(f)
CONFERENCE AND PROPOSED DISCOVERY PLAN**

1.    Certification of Conference. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on May 24, 2022, via telephone, and was conducted by the counsel for the designated parties in the above-captioned case. After the conference the parties drafted and finalized a discovery plan on **June 8, 2022.**

    (a)    Counsel present for Plaintiffs: Abraham Rubert-Schewel, Ian Mance and Micheal Littlejohn.

    (b)    Counsel present for the City of Raleigh: Dorothy V. Kibler.

(c) Counsel present for Officers Julien Rattelade, Meghan Gay and Rishar Monroe: Rodney E. Pettey

(d) Counsel present for Sergeant William Rolfe: Norwood P. Blanchard, III.

(e) Counsel present for Omar Abdullah: Jason R. Benton

2. <u>Pre-Discovery Disclosures</u>.

The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged by **July 8, 2022.**

3. <u>Discovery Plan.</u> The parties propose the following discovery plan:

(a) Bifurcation of discovery and dispositive motions into Phase I (Individual Defendants) and Phase II (*Monell* Discovery).

1) The parties agree to bifurcate discovery of the *Monell* claims: Ten, Eleven and Twelve in the Amended Complaint. Discovery on these claims will not commence until the Court has ruled on the parties' dispositive motions. The parties will propose a Phase II (*Monell*) discovery plan within 14 days after a Court order denying Defendants' dispositive motions.

2) Bifurcation will not affect Plaintiffs' ability to pursue discovery concerning claims against Individual Defendants, to the extent that the City of Raleigh ("City") or the Raleigh Police Department ("RPD") is the custodian of such records and subject to any appropriate protective order.

The parties may serve discovery to the City relevant to Plaintiffs' claims against and defenses of the Individual Defendants.

    3) Bifurcation will also not affect Plaintiffs' ability to seek discovery on the City's or RPD's policies, to the extent they are discoverable for the purposes of proving the Individual Defendants' liability.

    4) No Individual Defendant will be subject to deposition more than once, other than by agreement or petition to the Court based on good cause shown, to allow a limited second deposition in Phase II relating solely to the *Monell* claims and defenses.

(b) Phase I Discovery will be needed on these subjects:

    1) Discovery will be needed on all factual allegations, claims, and alleged damages asserted in the Plaintiffs' Amended Complaint against the Individual Defendants and all defenses raised by the Individual Defendants.

    2) Expert Discovery.

(c) Phase I Discovery may commence at any time. Phase I Discovery will be completed by **December 20, 2022** and the dispositive motions deadline related to Phase I will be **January 30, 2023.** If necessary, the parties will propose a schedule for Phase II Discovery after the Court's ruling on dispositive motions filed after Phase I Discovery.

(d)  *Deadline for motions* to join additional parties or for the Plaintiffs and the Individual Defendants to otherwise amend the pleadings:  **August, 20, 2022.**  The parties will establish a deadline for the City to amend its answer as a part of the Phase II discovery plan, if needed.

(e)  *Phase I Discovery Limits*:  Unless a party agrees to a different limit, the following discovery limits shall apply:

1) Maximum of 50 interrogatories for Plaintiffs and a maximum of 50 interrogatories for Defendants.

2) Maximum of 50 requests for production for Plaintiffs and a maximum of 50 requests for production for Defendants.

3) Maximum of 25 requests for admission for Plaintiffs and a maximum of 25 requests for admission for Defendants.

4) Responses to written discovery (interrogatories, requests for production of documents and requests for admissions) shall be due by 11:59 p.m., thirty (30) days after service, unless the parties stipulate to a longer period of time, or the time for response is extended by Court order.

5) The parties agree to service of discovery requests and responses thereto via e-mail, which shall be marked in the e-mail caption "SERVICE BY E-MAIL ONLY.".

6) Maximum of 15 depositions for Plaintiffs and 15 for Defendants, excluding expert depositions.

   a. Limits on the length of depositions, in hours, is as set forth in F.R.C.P. 30.

   b. Notwithstanding the above, each party reserves the right to petition the Court, based on good cause shown, to take additional depositions beyond the 15-deposition limit.

(f) *Phase I Expert reports* from retained experts under Rule 26(a)(2) will be due:

- from plaintiff(s) by **November 1, 2022**;

- from defendant(s) by **December 1, 2022**;

Supplementations under Rule 26(e) due **within 20 days of the date the need for supplementation is discovered.**

(g) The parties will likely use and/or seek disclosure of video footage taken through Plaintiffs' recording devices or the recording devises of persons identified by Plaintiffs and those captured by bodyworn cameras and, if applicable, dashcams. The parties discussed the requirements of N.C. Gen. Stat. § 132-1.4A to obtain release of bodyworn camera and dashcam recordings. The parties agree to confer and to consider a joint petition to release agreed footage protected by N.C. Gen. Stat. § 132-1.4A pursuant to a protective or other Court order.

(i) Should a request for production seek discovery of electronically stored information ("ESI"), then the following provisions shall apply:

a. *Form of production/preservation*: Counsel for the parties shall inform one another of any ESI that should be specifically preserved at the earliest possible time. The parties agree that discoverable ESI will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable.

b. The parties further agree that after they are served with a request for production that seeks ESI, they will undertake a good faith effort to identify relevant ESI and will preserve any such information identified, but the parties agree that the parties are not required to deviate from their normal records retention policies with respect to ESI or other records which have not been previously identified by the parties as relevant to this action. Plaintiffs identify Defendants' emails and phone records, including text messages, as some of the items relevant to this action. Defendants identify Plaintiffs' cell phone videos, text messages, phone records, emails, and social media accounts as some of the items relevant to this action.

c. *Security Measures:* The parties do not anticipate the need for any security measures associated with the production of electronic documents beyond those to be contained in any protective order.

d. *Cost allocation:* If the ESI sought is not readily obtainable or its production would be unduly burdensome or result in significant

expense, the parties agree that the party seeking discovery of the information may request that the Court enter an order allowing discovery of such information at the expense of the party seeking the discovery.

e. The parties also report that they intend to explore all other reasonable technological innovations designed to render document discovery more manageable and less costly.

(m) In accordance with Rule 26(f)(4), the parties have discussed certain issues related to claims of privilege and protection as trial-preparation or other privileged material and agreed upon a procedure to assert such claims after an inadvertent production of privileged or trial-preparation materials. The parties agree that an inadvertent disclosure of privileged or trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection) shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies any such documents mistakenly produced after discovery of the inadvertent production. The parties further agree that, upon request, any such mistakenly produced documents shall be returned. In the event of a dispute over use of any privileged materials, the receiving party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

(n) Additionally, because this lawsuit involves a municipal defendant and law enforcement functions, the parties have also discussed certain issues relating to the

disclosure of documents and information which may be confidential personnel information subject to N.C. Gen. Stat. § 160A-168 or which may be sensitive law enforcement information. The parties agree that all personnel information or sensitive law enforcement information that is produced or disclosed by the Defendant City pursuant to a protective order shall be used solely in the prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose and any documents produced which are subject to § 160A-168 shall, within a reasonable period after resolution of this action, be returned to counsel for the Defendant City of Raleigh. Counsel shall be permitted to keep a copy of any records for their clients' file that are required under the North Carolina rules of professional responsibility to be maintained in that file. The parties agree that they will propose a mutually agreeable protective order to the Court prior to the production or disclosure of any discoverable information subject to § 160A-168 and any sensitive law enforcement information, including any such information that may be stored electronically.

(o) The parties agree that they will propose a mutually agreeable protective order to the Court prior to the production or disclosure of the State Bureau of Investigation File related to this matter.

(p) The parties have not identified any materials that they intend to request in discovery and the parties reserve their rights to assert all claims of privilege based on any subsequent discovery request submitted by the parties.

(q) The parties have agreed to log materials withheld from discovery on the grounds that they are protected by the attorney-client privilege, protected by the work

product doctrine, or protected as material legitimately prepared in anticipation of litigation or for trial. The parties agree that a categorical privilege log shall be sufficient for these purposes and that any categorical log will contain sufficient information about the general content of documents to enable the opposing party and the Court to evaluate the claim of privilege. The privilege log shall otherwise comply with the requirements of Fed. R. Civ. P. Rule 26(b)(5)(A).

4. <u>Other Items</u>.

   (a) <u>Initial Pretrial Conference</u>. The parties **do not request conference with** the Court prior to the entry of a Case Management Order.

   (b) <u>Alternative Dispute Resolution</u>.

   Based upon preliminary discussions, Plaintiffs advise that settlement in this case cannot yet be adequately evaluated. The City advises that it is interested in an early Judicial Settlement Conference. With the Individual Defendants' consent, the City has requested such a conference and the Plaintiffs have responded that a Judicial Settlement Conference will not be successful unless the City agrees to mediate its warrant execution policies.

   This case has been selected by the Court for mediation and the parties have selected Asa Bell as their mediator and will contact Mr. Bell to confirm his availability. The parties do not agree on the timing of mediation but do agree that mediation shall occur no later than the date by which Phase I dispositive motions are filed.

(c) Other Items.

1) Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from all parties thirty (30) days before trial. Parties should have fourteen days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

2) Counsel for Plaintiffs and the City shall confer within ten days of the Phase I dispositive motions deadline (currently proposed as January 30, 2023) to discuss whether Phase II discovery will likely be needed. Following the dispositive motions deadline and the Court's ruling on those motions, counsel for any parties remaining in the proceeding shall confer and formulate a discovery plan for Phase II. Counsel for any parties remaining in the proceeding shall file their Phase II discovery plan within fourteen days after their conference.

3) The case should be ready for trial ninety (90) days after the Court rules on dispositive motions after the close of Phase II discovery. At this time, trial is expected to take 10 days. A jury trial has been demanded. The parties agree that a pre-trial conference should be scheduled after the determination of Phase II dispositive motions to set a term for the trial of this action.

4) The parties have discussed the issue of consent to the jurisdiction of a U.S. magistrate judge and the parties do not consent to the exercise of jurisdiction by a U.S. magistrate judge.

*Counsel for Plaintiffs*

_____
Abraham Rubert-Schewel (N.C. Bar # 56863)
TIN FULTON WALKER & OWEN, PLLC
119 E. Main Street
Durham, NC 27701
Tel: (919) 451-9216
schewel@tinfulton.com

/s/ *Emily Gladden*
Emily D. Gladden
TIN FULTON WALKER & OWEN, PLLC
State Bar No.:   49224
204 N. Person Street
Raleigh, NC 27601
Telephone:   (919) 720-4201
Facsimile:   (919) 400-4516
Email:     Egladden@tinfulton.com

*/s/ Micheal L. Littlejohn Jr.*
Micheal L. Littlejohn Jr.
N.C. Bar No. 49353
Littlejohn Law PLLC
PO Box 16661
Charlotte, NC 28297
Telephone: (704) 322-4581
Fax: (704) 625-9396
Email: mll@littlejohn-law.com

*/s/ Ian Mance*
Ian A. Mance
N.C. Bar No. 46589
EMANCIPATE NC
Post Office Box 309
Durham, NC 27702
Tel: (828) 719-5755
ian@emancipatenc.org

*/s/ Elizabeth Simpson*
Elizabeth G. Simpson
N.C. Bar No. 41596
EMANCIPATE NC
Post Office Box 309
Durham, NC 27702
Tel: (919) 682-1149
elizabeth@emancipatenc.org

| | |
|---|---|
| */s/Jason R. Benton* <br> Jason R. Benton <br> N.C. Bar No. 27710 <br> **Parker Poe Adams & Bernstein, LLP** <br> 620 South Tryon Street, Suite 800 <br> Charlotte, NC 28202 <br> Email: <br> jasonbenton@parkerpoe.com <br> *Attorneys for Defendant Omar Abdullah* | */s/Norwood P. Blanchard, III* <br> Norwood P. Blanchard, III <br> N.C. Bar No. 26470 <br> **Crossley McIntosh Collier Hanley & Edes, PLLC** <br> 5002 Randall Parkway <br> Wilmington, NC 28403 <br> Email: <br> norwood@cmclawfirm.com <br> *Attorneys for Defendant William Rolfe* |
| */s/Rodney E. Pettey* <br> Rodney E. Pettey <br> N.C. Bar No. 17715 <br> Samuel G. Thompson, Jr. <br> N.C. Bar No. 32960 <br> **Yates McLamb & Weyher, LLP** <br> Post Office Box 2889 <br> Raleigh, NC 27602-2889 <br> Email: <br> rpettey@ymwlaw.com <br> bthompson@ymwlaw.com <br> *Attorneys for Defendants Rishar Monroe, Julien Rattelade and Meghan Gay* | */s/ Dorothy V. Kibler* <br> Dorothy V. Kibler <br> Deputy City Attorney <br> N.C. Bar No. 13571 <br> **City of Raleigh** <br> N.C. Bar No. 13571 <br> P.O. Box 590 <br> Raleigh, NC 27602 <br> Tel: (919) 996-6560 <br> Fax: (919) 996-7021 <br> Dorothy.Kibler@raleighnc.gov <br> *Attorneys for Defendant City of Raleigh* |