IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO.: 5:22-cv-00068-BO

| | | |
|---|---|---|
| YOLANDA IRVING, individually and as the natural parent and guardian of J. I., JUWAN HARRINGTON, CYDNEEA HARRINGTON, KENYA WALTON, individually and as the natural parent and guardian of R.W., ZIYEL WHITLEY, DYAMOND WHITLEY, KAMISHA WHITLEY, NANETTA GRANT as the natural parent and guardian of Z. G., and EMANCIPATE NC., INC. | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | **ANSWER AND DEFENSES OF DEFENDANT J.D. RATTELADE TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| vs. | ) ) | |
| THE CITY OF RALEIGH, Officer OMAR I. ABDULLAH, Sergeant WILLIAM ROLFE, Officer RISHAR PIERRE MONROE, Officer JULIEN DAVID RATTELADE, and Officer MEGHAN CAROLINE GAY, JOHN and JANE DOE Officers 1-10, in their individual capacities, Chief of Police ESTELLA PATTERSON and City Manager MARCHELL ADAMS-DAVID, in their official capacities. | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendant J.D. Rattelade (hereinafter "Defendant"), in an individual capacity only, by and through the undersigned counsel, hereby responds to Plaintiffs' First Amended Complaint (DE 41) as follows:

**<u>FIRST DEFENSE: ANSWER</u>**

In response to the numbered paragraphs of plaintiffs' pleadings, Defendant responds as follows:

1

1.      Defendant admits that the individually-named plaintiffs include ten Black women and children.[1]  Except as admitted, denied.

2.      The allegations in paragraph 2 of the Amended Complaint are denied.

3.      The allegations in paragraph 3 of the Amended Complaint are denied.

4.      The allegations in paragraph 4 contain several legal conclusions to which no response is required. To the extent a response is deemed required, it is admitted the U.S. Supreme Court issues court opinions which are in writing and which speak for themselves. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Amended Complaint.

5.      It is denied that RPD officers executed a "No Knock" warrant in this case or entered homes without consent. It is further denied that RPD officers "raided" or "ransacked" plaintiffs' homes. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 5 of the Amended Complaint.

6.      It is admitted the named plaintiffs were not charged with a crime as a result of the events of May 21, 2020. Except as herein admitted, the allegations in paragraph 6 of the Amended Complaint are denied.

7.      The allegations in paragraph 7 of the Amended Complaint are denied.

8.      The allegations in paragraph 8 of the Amended Complaint are denied.

---

[1] Defendant seeks, by separate motion, dismissal of the corporate plaintiff.

9. The allegations in paragraph 9 of the Amended Complaint pertain to legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in paragraph 9 of the Amended Complaint are denied.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Amended Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Amended Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Amended Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Amended Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Amended Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Amended Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Amended Complaint.

20. The allegations in paragraph 20 of the Amended Complaint do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, it is admitted the City of Raleigh ("the City") maintains and operates the Raleigh Police Department ("RPD"), that employees of the RPD are employees of the City, and that the RPD, at certain times, appoints, trains, supervises, promotes, and disciplines police officers. It is denied Defendant was negligent with respect to, or liable in any way to, plaintiffs. Except as herein admitted or denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Amended Complaint.

21. The allegations in paragraph 21 of the Amended Complaint do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, it is denied Defendant was negligent with respect to, liable in any way to, or wrongful in any way to plaintiffs. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Amended Complaint.

22. The allegations in paragraph 22 of the Amended Complaint pertain to legal conclusions to which no response is required. To the extent a response is deemed required, it is denied Defendant was negligent with respect to, liable in any way to, or wrongful in any way to plaintiffs.

23. It is admitted Omar Abdullah was a police officer formerly employed by the Raleigh Police Department. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Amended Complaint.

24. It is admitted W. Rolfe is a police officer employed by the Raleigh Police Department. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Amended Complaint.

25. It is admitted R.P. Monroe is a police officer employed by the Raleigh Police Department. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Amended Complaint.

26. It is admitted J.D. Rattelade is a police officer employed by the Raleigh Police Department. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Amended Complaint.

27. It is admitted M.C. Gay is a police officer employed by the Raleigh Police Department. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Amended Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Amended Complaint.

29. It is admitted E. Patterson is a police officer employed by the Raleigh Police Department. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Amended Complaint.

30. It is admitted Marchell Adams-David is the city manager of the City of Raleigh. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Amended Complaint.

31. The allegations in paragraph 31 of the Amended Complaint call for a legal conclusion such that no response is required. To the extent a response is deemed required, it is denied Defendant was negligent with respect to, liable in any way to, or wrongful in any way to plaintiffs. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Amended Complaint.

32. The allegations in paragraph 32 of the Amended Complaint call for a legal conclusion such that no response is required. To the extent a response is deemed required, it is denied Defendant was negligent with respect to, liable in any way to, or wrongful in any way to plaintiffs. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Amended Complaint.

33. The allegations in paragraph 33 of the Amended Complaint call for a legal conclusion such that no response is required. To the extent a response is deemed required, it is denied Defendant was negligent with respect to, liable in any way to, or wrongful in any way to plaintiffs. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Amended Complaint.

34. The allegations in paragraph 34 of the Amended Complaint call for a legal conclusion such that no response is required. To the extent a response is deemed required, it is

denied Defendant was negligent with respect to, liable in any way to, or wrongful in any way to plaintiffs. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Amended Complaint. This answering Defendant also demands a jury trial on all issues remaining, if any, at the time the case is called for trial.

35. It is admitted Abdullah, Gay, Monroe, and Rattelade were members of the RPD Vice unit on May 21, 2020. Except as admitted, the allegations in paragraph 35 of the Amended Complaint are denied. Also, Defendant denies plaintiffs' heading words immediately preceding paragraph 35, to the extent inconsistent with pleading responses contained in this answer.

36. It is admitted Rolfe was a supervisor employed in the RPD Vice unit on May 21, 2020. Except as admitted, the allegations in paragraph 36 of the Amended Complaint are denied.

37. The allegations in paragraph 37 of the Amended Complaint are admitted.

38. It is admitted that, as of May 2020, the RPD periodically worked with confidential informants during or as part of developing certain RPD investigations. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Amended Complaint.

39. It is admitted that, as of May 2020, confidential informants sometimes became involved after their own arrest, with leniency on that charge or payment as consideration for their work as a confidential informant. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Amended Complaint.

40.     It is admitted that, as of May 2020, confidential informants were sometimes tasked with finding individuals from who to purchase, among other things, narcotics. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Amended Complaint.

41.     It is admitted that, as of May 2020, confidential informants were sometimes given pre-recorded buy money for the purpose of making a controlled drug buy from a target individual. Except as admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Amended Complaint.

42.     It is admitted, upon information and belief, that, as of May 2020, informant funds were approved and distributed by the City and RPD to informants. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Amended Complaint.

43.     It is admitted that, as of May 2020, any RPD written policy speaks for itself and is the best evidence of what each policy states. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Amended Complaint.

44.     It is admitted that, as of May 2020, it was the goal of RPD to have controlled buys monitored using audio and/or video and/or physical surveillance. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Amended Complaint.

45.     It is admitted that, as of May 2020, confidential informants working with the RPD engaged in controlled drug buys from target individuals. It is admitted various things

could happen after a controlled buy from a target individual was completed. It is admitted that after a controlled buy, and assuming probable cause existed, RPD officers could arrest the target with or without a warrant. It is admitted RPD officers could apply for a search warrant based on a controlled buy drug sale, among other options. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Amended Complaint.

46. The allegations in paragraph 46 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Amended Complaint. Also, Defendant denies plaintiffs' heading words immediately preceding paragraph 46, to the extent inconsistent with pleading responses contained in this answer.

47. The allegations in paragraph 47 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Amended Complaint.

48. The allegations in paragraph 48 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Amended Complaint.

49. The allegations in paragraph 49 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is

deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Amended Complaint.

50. The allegations in paragraph 50 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Amended Complaint.

51. The allegations in paragraph 51 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Amended Complaint.

52. The allegations in paragraph 52 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Amended Complaint.

53. The allegations in paragraph 53 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Amended Complaint.

54. The allegations in paragraph 54 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, it is admitted that, as of May 2020, upon information and belief, Mr. Williams had been approved to work as a confidential informant for the RPD. Except as

herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Amended Complaint.

55.     The allegations in paragraph 55 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Amended Complaint. Also, Defendant denies plaintiffs' heading words immediately preceding paragraph 55, to the extent inconsistent with pleading responses contained in this answer.

56.     The allegations in paragraph 56 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Amended Complaint.

57.     The allegations in paragraph 57 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Amended Complaint.

58.     The allegations in paragraph 58 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Amended Complaint.

59.     The allegations in paragraph 59 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is

as to the truth of the allegations in paragraph 59 of the Amended Complaint.

60. The allegations in paragraph 60 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Amended Complaint.

61. The allegations in paragraph 61 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Amended Complaint.

62. The allegations in paragraph 62 of the Amended Complaint are denied, upon information and belief.

63. The allegations in paragraph 63 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Amended Complaint.

64. The allegations in paragraph 64 of the Amended Complaint are denied, including the heading text preceding paragraph 64.

65. The allegations in paragraph 65 of the Amended Complaint are denied.

66. The allegations in paragraph 66 of the Amended Complaint are denied.

67. The allegations in paragraph 67 of the Amended Complaint are denied.

68. It is admitted that, as of May 2020, various RPD could collaborate when going about their jobs. Except as herein admitted, the allegations in paragraph 68 of the Amended Complaint are denied, including the heading text immediately preceding paragraph 68.

69. The allegations in paragraph 69 of the Amended Complaint are denied.

70. The allegations in paragraph 70 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, it is admitted that, as of May 2020, confidential informants typically were given at least one electronic surveillance device providing RPD officers the ability to observe and/or listen to the transactions. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Amended Complaint.

71. The allegations in paragraph 71 of the Amended Complaint are not directed solely to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, it is admitted that, as of May 2020, confidential informants typically were given at least one electronic surveillance device providing RPD officers the ability to observe and/or listen to the transactions. It is admitted that, as of May 2020, certain controlled buys were staged, listened to, and/or observed by various RPD officers, including, at times, Defendant. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Amended Complaint.

72. The allegations in paragraph 72 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is

deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Amended Complaint.

73. The allegations in paragraph 73 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Amended Complaint.

74. The allegations in paragraph 74 of the Amended Complaint are denied.

75. The allegations in paragraph 75 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Amended Complaint.

76. The allegations in paragraph 76 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, it is admitted that, prior to May 21, 2020, Abdullah met "alone" with Mr. Williams. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Amended Complaint.

77. The allegations in paragraph 77 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, it is admitted that, prior to May 21, 2020, upon information and belief, at times Abdullah paid Mr. Williams alone. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Amended Complaint.

78. The allegations in paragraph 78 of the Amended Complaint are denied.

79. The allegations in paragraph 79 of the Amended Complaint are denied.

80. The allegations in paragraph 80 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, the allegations in paragraph 80 of the Amended Complaint are denied.

81. The allegations in paragraph 81 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, it is admitted that, on May 21, 2020, Defendant related to Abdullah that the alleged drugs were not packaged the same way as heroin. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Amended Complaint.

82. The allegations in paragraph 82 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, it is admitted that, on May 21, 2020, Defendant related to Abdullah that field testing for that controlled buy resulted negative for heroin. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Amended Complaint.

83. The allegations in paragraph 83 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Amended Complaint.

84. The allegations in paragraph 84 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, the allegations in paragraph 84 of the Amended Complaint are denied.

85. The allegations in paragraph 85 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Amended Complaint.

86. The allegations in paragraph 86 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, the allegations in paragraph 86 of the Amended Complaint are denied.

87. The allegations in paragraph 87 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, the allegations in paragraph 87 of the Amended Complaint are denied.

88. The allegations in paragraph 88 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, the allegations in paragraph 88 of the Amended Complaint are denied.

89. The allegations in paragraph 89 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is

deemed required, the allegations in paragraph 89 of the Amended Complaint are denied.

90. The allegations in paragraph 90 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, the allegations in paragraph 90 of the Amended Complaint are denied.

91. The allegations in paragraph 91 of the Amended Complaint are denied.

92. The allegations in paragraph 92 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, it is admitted Abdullah applied for a search warrant to search 1628 Burgundy St., Apt B, Raleigh, NC 27610. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Amended Complaint.

93. The allegations in paragraph 93 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, it is admitted that as of May 2020, the practice was to have a supervisor review search warrants. Except as herein admitted, the allegations in paragraph 93 of the Amended Complaint are denied.

94. The allegations in paragraph 94 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, the allegations in paragraph 94 of the Amended Complaint are admitted.

95. The allegations in paragraph 95 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the Amended Complaint.

96. The allegations in paragraph 96 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, the allegations in paragraph 96 of the Amended Complaint are denied.

97. The allegations in paragraph 97 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, the allegations in paragraph 97 of the Amended Complaint are denied.

98. The allegations in paragraph 98 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, the allegations in paragraph 98 of the Amended Complaint are denied.

99. The allegations in paragraph 99 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, the allegations in paragraph 99 of the Amended Complaint are denied.

100. The allegations in paragraph 100 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is

deemed required, the allegations in paragraph 100 of the Amended Complaint are denied.

101. The allegations in paragraph 101 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, the allegations in paragraph 101 of the Amended Complaint are denied.

102. The allegations in paragraph 102 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, the allegations in paragraph 102 of the Amended Complaint are denied.

103. The allegations in paragraph 103 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, the allegations in paragraph one hundred three of the Amended Complaint are denied.

104. The allegations in paragraph 104 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, the allegations in paragraph 104 of the Amended Complaint are denied.

105. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Amended Complaint. Also, Defendant denies any text in the heading immediately preceding paragraph 105 inconsistent with pleadings in this answer.

106. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Amended Complaint.

107. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Amended Complaint.

108. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Amended Complaint.

109. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Amended Complaint.

110. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Amended Complaint.

111. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Amended Complaint.

112. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Amended Complaint.

113. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the Amended Complaint.

114. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the Amended Complaint.

115. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the Amended Complaint.

116. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the Amended Complaint.

117. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Amended Complaint.

118. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the Amended Complaint.

119. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the Amended Complaint.

120. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the Amended Complaint.

121. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the Amended Complaint.

122. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the Amended Complaint.

123. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the Amended Complaint.

124. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the Amended Complaint.

125. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the Amended Complaint.

126. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the Amended Complaint.

127. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the Amended Complaint.

128. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the Amended Complaint.

129. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the Amended Complaint.

130. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the Amended Complaint.

131. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 of the Amended Complaint.

132. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 of the Amended Complaint.

133. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the Amended Complaint.

134. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134 of the Amended Complaint.

135. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the Amended Complaint.

136. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 of the Amended Complaint.

137. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 of the Amended Complaint.

138. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the Amended Complaint.

139. The allegations in paragraph 139 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the Amended Complaint.

140. The allegations in paragraph 140 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 of the Amended Complaint.

141. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the Amended Complaint, although it is admitted that any search warrant speaks for itself.

142. The allegations in paragraph 142 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 of the Amended Complaint.

143. It is admitted, upon information and belief, that on May 22, 2020, Dennis Williams was suspended as a confidential informant. Except as herein admitted, the allegations in paragraph 143 of the Amended Complaint are denied.

144. The allegations in paragraph 144 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Amended Complaint.

145. The allegations in paragraph 145 of the Amended Complaint are not directed to this answering Defendant and, as such, no response is required. To the extent a response is deemed required, it is admitted Abdullah no longer works for the RPD. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 of the Amended Complaint.

146. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 of the Amended Complaint. Also, Defendant denies any text immediately preceding paragraph 146 insistent with pleadings in this answer.

147. Defendant denies liability to plaintiffs. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 of the Amended Complaint.

148. Allegations beyond Defendant and RPD are impertinent and inflammatory and should be stricken from the Amended Complaint pursuant to F.R.C.P. 12(f). To the extent a response is required, Defendant denies liability to plaintiffs. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 of the Amended Complaint.

149. The allegations in paragraph 149 of the Amended Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, it is admitted the United States Supreme Court issues opinions and those opinions speak for themselves. It is denied Defendant is liable to plaintiffs under current law. Except as herein admitted or denied, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 149 of the Amended Complaint. Also,

Defendant denies any text immediately preceding paragraph 149 insistent with pleadings in this answer.

150. The allegations in paragraph 150 of the Amended Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, it is admitted the North Carolina General Assembly passes laws (statutes) and those statutes speak for themselves. It is denied Defendant is liable to plaintiffs under current law. Except as herein admitted or denied, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 150 of the Amended Complaint.

151. The allegations in paragraph 151 of the Amended Complaint are denied.

152. The allegations in paragraph 152 of the Amended Complaint are denied.

153. The allegations in paragraph 153 of the Amended Complaint are denied.

154. The allegations in paragraph 154 of the Amended Complaint are denied.

155. It is generally admitted that any photograph represents one snapshot in time and that it speaks for itself. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 of the Amended Complaint.

156. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 of the Amended Complaint.

157. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 of the Amended Complaint.

158. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 of the Amended Complaint.

159. It is denied Defendant is liable to plaintiffs under current law. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 159 of the Amended Complaint.

160. It is denied Defendant is liable to plaintiffs under current law. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 160 of the Amended Complaint.

161. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 161 of the Amended Complaint. Also, Defendant denies any text immediately preceding paragraph 161 insistent with pleadings in this answer.

162. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 162 of the Amended Complaint.

163. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 163 of the Amended Complaint.

164. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 164 of the Amended Complaint.

165. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 165 of the Amended Complaint.

166. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 166 of the Amended Complaint.

167. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 167 of the Amended Complaint.

168. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 168 of the Amended Complaint.

169. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 169 of the Amended Complaint. Also, Defendant denies any text immediately preceding paragraph 169 insistent with pleadings in this answer.

170. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 170 of the Amended Complaint.

171. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 171 of the Amended Complaint.

172. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 172 of the Amended Complaint.

173. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 173 of the Amended Complaint.

174. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 174 of the Amended Complaint.

175. The allegations in paragraph 175 of the Amended Complaint are denied.

176. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 176 of the Amended Complaint.

177. The allegations in paragraph 177 of the Amended Complaint are admitted. Defendant denies any heading text immediately preceding paragraph 177 inconsistent with any pleading in this answer.

178. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 178 of the Amended Complaint.

179. It is admitted SEU deployed a noise flash diversionary device (NFDD) during the execution of this warrant. Except as herein admitted, the allegations in paragraph 179 of the Amended Complaint are denied.

180. The allegations in paragraph 180 of the Amended Complaint are denied.

181. It is admitted RPD has written policies. It is admitted RPD policies have, at a various times and in various versions, addressed RPD-initiated searches and seizures. It is admitted RPD's written policies speak for themselves. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181 of the Amended Complaint.

182. It is admitted RPD has written policies. It is admitted RPD policies have, at a various times and in various versions, addressed RPD initiated searches and seizures. It is admitted RPD's written policies speak for themselves. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182 of the Amended Complaint.

183. It is admitted RPD has written policies. It is admitted RPD policies have, at a various times and in various versions, addressed RPD initiated searches and seizures. It is admitted RPD's written policies speak for themselves. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183 of the Amended Complaint.

184. It is admitted RPD has written policies. It is admitted RPD policies have, at a various times and in various versions, addressed RPD initiated searches and seizures. It is admitted RPD's written policies speak for themselves. Except as herein admitted,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184 of the Amended Complaint.

185. It is admitted RPD has written policies. It is admitted RPD policies have, at a various times and in various versions, addressed RPD initiated searches and seizures. It is admitted RPD's written policies speak for themselves. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185 of the Amended Complaint.

186. It is admitted RPD has written policies. It is admitted RPD policies have, at a various times and in various versions, addressed RPD initiated searches and seizures. It is admitted RPD's written policies speak for themselves. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186 of the Amended Complaint.

187. Defendant denies liability to plaintiffs. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187 of the Amended Complaint. Also, Defendant denies any text immediately preceding paragraph 187 insistent with pleadings in this answer.

188. The allegations in paragraph 188 of the Amended Complaint are denied.

189. Defendant denies liability to plaintiffs. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 of the Amended Complaint.

190. Defendant denies liability to plaintiffs. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190 of the Amended Complaint.

191. Defendant denies liability to plaintiffs. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191 of the Amended Complaint.

192. Defendant denies liability to plaintiffs and specifically denies allegations of generalized poor training and supervision. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192 of the Amended Complaint.

193. The allegations in paragraph 193 of the Amended Complaint are denied.

194. The allegations in paragraph 194 of the Amended Complaint are denied.

195. The allegations in paragraph 195 of the Amended Complaint are denied.

196. Defendant repeats, reiterates and re-alleges each and every response to allegations contained in the above paragraphs with the same force and effect as if fully set forth herein.

197. The allegations in paragraph 197 of the Amended Complaint are denied.

198. The allegations in paragraph 198 of the Amended Complaint do not pertain to this Defendant such that no response is required. To the extent a response is deemed required, it is admitted search warrant applications were to be reviewed by a supervising officer. Except as herein admitted, the allegations in paragraph 198 of the Amended Complaint are denied.

199. The allegations in paragraph 199 of the Amended Complaint do not pertain to this Defendant such that no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 199 of the Amended Complaint.

200. The allegations in paragraph 200 of the Amended Complaint do not pertain to this Defendant such that no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 200 of the Amended Complaint.

201. The allegations in paragraph 201 of the Amended Complaint do not pertain to this Defendant such that no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 201 of the Amended Complaint.

202. It is admitted, upon information and belief, some RPD officers met prior to the warrant's execution. Except as herein admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202 of the Amended Complaint.

203. The allegations in paragraph 203 of the Amended Complaint are denied.

204. The allegations in paragraph 204 of the Amended Complaint are denied.

205. The allegations in paragraph 205 of the Amended Complaint are denied.

206. The allegations in paragraph 206 of the Amended Complaint are denied.

207. The allegations in paragraph 207 of the Amended Complaint are denied.

208. The allegations in paragraph 208 of the Amended Complaint are denied.

209. The allegations in paragraph 209 of the Amended Complaint are denied.

210. The allegations in paragraph 210 of the Amended Complaint are denied.

211. The allegations in paragraph 211 of the Amended Complaint are denied.

212. The allegations in paragraph 212 of the Amended Complaint are denied.

213. Defendant repeats, reiterates and re-alleges each and every response to allegations contained in the above paragraphs with the same force and effect as if fully set forth herein.

214. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 214 of the Amended Complaint.

215. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 215 of the Amended Complaint.

216. The allegations in paragraph 216 of the Amended Complaint are denied.

217. It is specifically denied plaintiffs are entitled to any relief from Defendant. The allegations in paragraph 217 of the Amended Complaint are denied.

218. Defendant repeats, reiterates and re-alleges each and every response to allegations contained in the above paragraphs with the same force and effect as if fully set forth herein.

219. The allegations in paragraph 219 of the Amended Complaint are denied.

220. The allegations in paragraph 220 of the Amended Complaint are denied.

221. The allegations in paragraph 221 of the Amended Complaint are denied.

222. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 222 of the Amended Complaint.

223. The allegations in paragraph 223 of the Amended Complaint are denied.

224. The allegations in paragraph 224 of the Amended Complaint are denied.

225. Defendant repeats, reiterates and re-alleges each and every response to allegations contained in the above paragraphs with the same force and effect as if fully set forth herein.

226. The allegations in paragraph 226 of the Amended Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, it is specifically denied plaintiffs are entitled to any relief from Defendant under current law, but it is admitted the legal documents cited speak for themselves.

227. The allegations in paragraph 227 of the Amended Complaint are denied.

228. The allegations in paragraph 228 of the Amended Complaint are denied.

229. The allegations in paragraph 229 of the Amended Complaint are denied.

230. The allegations in paragraph 230 of the Amended Complaint are denied.

231. The allegations in paragraph 231 of the Amended Complaint are denied.

232. The allegations in paragraph 232 of the Amended Complaint are denied.

233. The allegations in paragraph 233 of the Amended Complaint are denied.

234. The allegations in paragraph 234 of the Amended Complaint are denied.

235. The allegations in paragraph 235 of the Amended Complaint are denied.

236. The allegations in paragraph 236 of the Amended Complaint are denied.

237. Defendant repeats, reiterates and re-alleges each and every response to allegations contained in the above paragraphs with the same force and effect as if fully set forth herein.

238. The allegations in paragraph 238 of the Amended Complaint are denied.

239. The allegations in paragraph 239 of the Amended Complaint are denied.

240. The allegations in paragraph 240 of the Amended Complaint are denied.

241. The allegations in paragraph 241 of the Amended Complaint are denied.

242. The allegations in paragraph 242 of the Amended Complaint are denied.

243. The allegations in paragraph 243 of the Amended Complaint are denied.

244. The allegations in paragraph 244 of the Amended Complaint are denied.

245. The allegations in paragraph 245 of the Amended Complaint are denied.

246. Defendant repeats, reiterates and re-alleges each and every response to allegations contained in the above paragraphs with the same force and effect as if fully set forth herein.

247. The allegations in paragraph 247 of the Amended Complaint are denied.

248. The allegations in paragraph 248 of the Amended Complaint are denied.

249. The allegations in paragraph 249 of the Amended Complaint are denied.

250. The allegations in paragraph 250 of the Amended Complaint, including all subparts, are denied.

251. The allegations in paragraph 251 of the Amended Complaint are denied.

252. The allegations in paragraph 252 of the Amended Complaint are denied.

253. Defendant repeats, reiterates and re-alleges each and every response to allegations contained in the above paragraphs with the same force and effect as if fully set forth herein.

254. The allegations in paragraph 254 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 254 of the Amended Complaint.

255. The allegations in paragraph 255 of the Amended Complaint are denied.

256. The allegations in paragraph 256 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, Defendant lacks

knowledge or information sufficient to form a belief as to the allegations in paragraph 256 of the Amended Complaint.

257. The allegations in paragraph 257 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 257 of the Amended Complaint.

258. The allegations in paragraph 258 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 258 of the Amended Complaint.

259. The allegations in paragraph 259 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 259 of the Amended Complaint.

260. The allegations in paragraph 260 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 260 of the Amended Complaint.

261. The allegations in paragraph 261 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 261 of the Amended Complaint.

262. The allegations in paragraph 262 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, the allegations in paragraph 262 of the Amended Complaint are denied.

263. The allegations in paragraph 263 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, the allegations in paragraph 263 of the Amended Complaint are denied.

264. Defendant repeats, reiterates and re-alleges each and every response to allegations contained in the above paragraphs with the same force and effect as if fully set forth herein.

265. The allegations in paragraph 265 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 265 of the Amended Complaint.

266. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 266 of the Amended Complaint.

267. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 267 of the Amended Complaint.

268. The allegations in paragraph 268 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 268 of the Amended Complaint.

269. Defendant repeats, reiterates and re-alleges each and every response to allegations contained in the above paragraphs with the same force and effect as if fully set forth herein.

270. The allegations in paragraph 270 of the Amended Complaint are denied.

271. The allegations in paragraph 271 of the Amended Complaint are denied.

272. The allegations in paragraph 272 of the Amended Complaint are denied.

273. Defendant repeats, reiterates and re-alleges each and every response to allegations contained in the above paragraphs with the same force and effect as if fully set forth herein.

274. The allegations in paragraph 274 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, the allegations in paragraph 274 of the Amended Complaint are denied.

275. The allegations in paragraph 275 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, the allegations in paragraph 275 of the Amended Complaint are denied.

276. The allegations in paragraph 276 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 276 of the Amended Complaint.

277. The allegations in paragraph 277 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 277 of the Amended Complaint.

278. The allegations in paragraph 278 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 278 of the Amended Complaint.

279. The allegations in paragraph 279 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 279 of the Amended Complaint.

280. The allegations in paragraph 280 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, the allegations in paragraph 280 of the Amended Complaint are denied.

281. The allegations in paragraph 281 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 281 of the Amended Complaint.

282. The allegations in paragraph 282 do not pertain to this answering Defendant such that no response is required. This also calls for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 282 of the Amended Complaint.

283. The allegations in paragraph 283 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, the allegations in paragraph 283 of the Amended Complaint are denied.

284. The allegations in paragraph 284 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, the allegations in paragraph 284 of the Amended Complaint are denied.

285. The allegations in paragraph 285 do not pertain to this answering Defendant such that no response is required. This also calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 285 of the Amended Complaint.

286. The allegations in paragraph 286 do not pertain to this answering Defendant such that no response is required. This also calls for a legal conclusion to which no response is required. To the extent a response is deemed required, it is denied Defendant is liable to plaintiffs. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 286 of the Amended Complaint.

287. The allegations in paragraph 287 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, it is denied Defendant is liable to plaintiffs. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 287 of the Amended Complaint.

288. Defendant repeats, reiterates and re-alleges each and every response to allegations contained in the above paragraphs with the same force and effect as if fully set forth herein.

289. The allegations in paragraph 289 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, it is denied Defendant is liable to plaintiffs. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 289 of the Amended Complaint.

290. The allegations in paragraph 290 of the Amended Complaint are denied.

291. The allegations in paragraph 291, including all subparts, do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, the allegations in paragraph 291, including all subparts, of the Amended Complaint are denied.

292. The allegations in paragraph 292 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, the allegations in paragraph 292, including all subparts, of the Amended Complaint are denied.

293. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 293, including all subparts, of the Amended Complaint.

294. The allegations in paragraph 294 of the Amended Complaint are denied.

295. The allegations in paragraph 295 do not pertain to this answering Defendant such that no response is required. This also calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 295 of the Amended Complaint.

296. The allegations in paragraph 296 do not pertain to this answering Defendant such that no response is required. This also calls for a legal conclusion to which no response is

required. To the extent a response is deemed required, it is denied Defendant is liable to plaintiffs. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 296 of the Amended Complaint.

297. The allegations in paragraph 297 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, it is denied Defendant is liable to plaintiffs. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 297 of the Amended Complaint.

298. Defendant repeats, reiterates and re-alleges each and every response to allegations contained in the above paragraphs with the same force and effect as if fully set forth herein.

299. The allegations in paragraph 299 do not pertain to this answering Defendant such that no response is required. This also calls for a legal conclusion to which no response is required. To the extent a response is deemed required, it is denied Defendant is liable to plaintiffs. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 299 of the Amended Complaint.

300. The allegations in paragraph 300 do not pertain to this answering Defendant such that no response is required. This also calls for a legal conclusion to which no response is required. To the extent a response is deemed required, it is denied Defendant is liable to plaintiffs. Except as herein denied, Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 300 of the Amended Complaint.

301. The allegations in paragraph 301 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, it is denied Defendant is liable to plaintiffs. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 301 of the Amended Complaint.

302. The allegations in paragraph 302 do not pertain to this answering Defendant such that no response is required. To the extent a response is deemed required, it is denied Defendant is liable to plaintiffs. Except as herein denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 302 of the Amended Complaint.

DEFENDANT DENIES HEADINGS AND UNNUMBERED TEXT APPEARING IN THE AMENDED COMPLAINT AND ANY ALLEGATION NOT EXPRESSLY HEREIN ADMITTED.

## **SECOND DEFENSE**

As a further answer and defense, the claims and allegations made against this Defendant in an individual capacity fail to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **THIRD DEFENSE**

As a further answer and defense, this Defendant was at all times acting within the course and scope of duty as a sworn law enforcement officer engaging in discretionary and governmental functions and, therefore, this Defendant is entitled to all immunities applicable to a public officer

or official. This includes, but is not limited to, the common law defense of good faith, as well as governmental, qualified and public official immunity. This Defendant pleads all other applicable immunities to which this Defendant is entitled by operation of law in bar of plaintiffs' claims for relief.

## **FOURTH DEFENSE**

As a further answer and defense, this Defendant asserts that plaintiffs' allegations fail to state a claim for punitive damages and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Such claims violate this Defendant's Due Process rights under the North Carolina and United States Constitutions. This Defendant pleads all defenses, rights, remedies, immunities, and limits set forth in N.C.G.S. § 1D of the North Carolina General Statutes as a bar and/or limitation to plaintiffs' claim for punitive damages.

## **FIFTH DEFENSE**

As a further answer and defense and alleged in the alternative, if there is a finding this Defendant is legally responsible for any damages, which is again denied, then this Defendant asserts that the actions of plaintiffs caused and contributed to some or all of the alleged damages. Specifically, plaintiffs repeatedly and unjustifiably ignored and defied lawful instructions given. This Defendant raises as an affirmative defense that these acts on the part of plaintiffs were a direct and proximate cause of any injuries or damages allegedly sustained. As such, any recovery by any competent plaintiff should be barred by their own contributory negligence. Alternatively, any recovery should be barred or reduced by plaintiffs' failure to mitigate damages.

## **SIXTH DEFENSE**

As a further answer and defense, this Defendant asserts that all actions taken during the encounter with plaintiffs were objectively justified and reasonable given the threatening and illegal

acts of Plaintiffs that were objectively unjustified. This Defendant raises the affirmative defenses of legal justification and just and probable cause as a bar to plaintiffs' claims.

## SEVENTH DEFENSE

As a further answer and defense, this Defendant asserts as an affirmative defense qualified immunity by virtue of this Defendant's role as a City of Raleigh Police Department police officer. More particularly, this Defendant was acting as an agent of the City of Raleigh Police Department, was acting without malice and in the good faith belief that all duties were carried out in accordance with the laws, statutes, and the Constitution of the United States and the North Carolina Constitution. Thus, this Defendant raises the affirmative defense of qualified immunity to bar plaintiffs' claims.

## EIGHTH DEFENSE

As a further answer and defense, at all times relevant, this Defendant interacted with plaintiffs reasonably and did not violate any of Plaintiffs' established statutory or Constitutional rights. This Defendant raises as an affirmative defense reasonable and lawful conduct as a bar to - plaintiffs' claims.

## NINTH DEFENSE

As a further answer and defense, at all times relevant, this Defendant exercised sound discretion and judgment and acted within reasonable limits in all acts and contact with plaintiffs' given the facts and circumstances of the case. This Defendant raises the affirmative defenses of sound discretion, reasonable belief, and fair judgment as a bar to plaintiffs' claims. Defendant also raises consent to the extent plaintiff(s) consented to certain acts complained of in the pleadings.

## TENTH DEFENSE

As a further answer and defense, this Defendant raises all applicable immunities arising by operation of law in bar of plaintiffs' claims. This includes, but is not limited to, investigative and testimonial immunity.

## ELEVENTH DEFENSE

As a further answer and defense, this Defendant asserts that all conduct taken with plaintiffs was legally privileged; therefore, plaintiffs are barred from any recovery.

## TWELFTH DEFENSE

As a further answer and defense, this Defendant asserts that all conduct during the encounter with plaintiffs, who failed to follow reasonable commands, was necessary given the circumstances. This Defendant raises the affirmative defense of necessity as a bar to plaintiffs' claims.

## THIRTEENTH DEFENSE

As a further answer and defense, this Defendant asserts that exigent circumstances justified all conduct and acts about which plaintiffs complain.

## FOURTEENTH DEFENSE

As a further answer and defense, at all times relevant herein, this Defendant was under a duty to prevent crime and is consequently immunized from liability under the crime prevention privilege.

## FIFTEENTH DEFENSE

As a further answer and defense, this plaintiffs' damages claim is restricted by their failure to plead special damages.

## SIXTEENTH DEFENSE

As a further answer and defense, these plaintiffs failed to exercise reasonable diligence and ordinary care to minimize theirs damages and should have any recovery barred or reduced by the doctrine of failure to mitigate and/or the doctrine of avoidable consequences.

## SEVENTEETH DEFENSE

As a further answer and defense, this Defendant exercised sound discretion and judgment and acted within reasonable limits in all contacts with plaintiffs given the facts and circumstances. This Defendant's appropriate exercise of judgment bars Plaintiffs' claims.

## EIGHTEENTH DEFENSE

This Defendant raises a lack of standing for the corporate plaintiff to participate in this lawsuit, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## NINETEENTH DEFENSE

As a further answer and defense, this Defendant complied with all applicable laws and regulations and, having so complied, acted without improper motive and any alleged injury or claim (which is specifically denied) is not actionable.

## TWENTIETH DEFENSE

As a further answer and defense, this Defendant acted in compliance with and pursuant to N.C.G.S. 15A-401. Compliance herewith is a bar to all applicable claims asserted by plaintiffs.

## TWENTY-FIRST DEFENSE

As a further answer and defense, this Defendant raises the defense certain plaintiffs engaged in acts of conduct that were negligent, grossly negligent, and/or intentional bad acts as a bar to claims asserted in the Amended Complaint. Defendant, similarly, raises the defense of intervening and superseding bad acts of third parties as a bar to claims against this defendant.

## RESERVATION AND NON-WAIVER

This Defendant reserves the right to assert and rely on additional affirmative defenses which may become available or apparent during discovery, further investigations, or at trial.

WHEREFORE, this Defendant respectfully requests from this Court the following relief:

1.    For Plaintiffs' claims to be dismissed;

2.    For Plaintiffs to have and recover nothing from this Defendant;

3.    For the costs and attorneys' fees associated with this action be taxed against Plaintiffs as allowed by law and in the discretion of this Court;

4.    For a jury trial on any triable issue; and

5.    For any other relief this Court deems just and proper.

This the 30th day of June, 2022.


By:    /s/ Samuel G. Thompson, Jr.
RODNEY E. PETTEY
N.C. State Bar No.: 17715
rpetty@ymwlaw.com
SAMUEL G. THOMPSON, JR.
N.C. State Bar No.: 32960
bthompson@ymwlaw.com
Yates, McLamb & Weyher, LLP
Post Office Box 2889
Raleigh, North Carolina 27602
Telephone:  (919) 835-0900
*Counsel for Officer R.P. Monroe,*
*Officer J.D. Rattelade and*
*Officer M.C. Gay*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:22-cv-00068-BO

YOLANDA IRVING, individually and as the )
natural parent and guardian of J. I., JUWAN )
HARRINGTON, CYDNEEA HARRINGTON, )
KENYA WALTON, individually and as the )
natural parent and guardian of R.W., ZIYEL )
WHITLEY, DYAMOND WHITLEY, )
KAMISHA WHITLEY, NANETTA GRANT as )
the natural parent and guardian of Z. G., and )
EMANCIPATE NC., INC. )
)
      Plaintiffs, )
vs. )
)
THE CITY OF RALEIGH, Officer OMAR I. )
ABDULLAH, Sergeant WILLIAM ROLFE, )
Officer RISHAR PIERRE MONROE, Officer )
JULIEN DAVID RATTELADE, and Officer )
MEGHAN CAROLINA GAY, and JOHN and )
JANE DOE Officers 1-10, in their individual )
capacities, )
)
      Defendants. )
)

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2022, I electronically filed the foregoing **ANSWER**

**AND DEFENSES OF DEFENDANT RATTELADE TO PLAINTIFFS' FIRST**

**AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the following:

Abraham Rubert-Schewel
Tin Fulton Walker & Owen, PLLC
119 E. Main St.
Durham, NC 27701
Email:  schewel@tinfulton.com
*Counsel for Plaintiffs*

Emily D. Gladden
Tin Fulton Walker & Owen, PLLC
204 N. Person St.
Raleigh, NC 27601
Email: Egladden@tinfulton.com
*Counsel for Plaintiffs*

Michael L. Littlejohn, Jr.
Littlejohn Law PLLC
P.O. Box 16661
Charlotte, NC 28297
Email:  mll@littlejohn-law.com
*Counsel for Plaintiffs*

Ian A. Mance
Emancipate NC
P.O. Box 309
Durham, NC 27702
Email:  ian@emancipatenc.com
*Counsel for Plaintiffs*

Elizabeth G. Simpson
Emancipate NC
P.O. Box 309
Durham, NC 27702
Email:  elizabeth@emancipatenc.com
*Counsel for Plaintiffs*

Dorothy Kibler
Deputy City Attorney
P.O. Box 590
Raleigh, NC  27602
Email: Dorothy.Kibler@raleighnc.gov
*Counsel for Defendant The City of Raleigh*

Jason R. Benton
Parker Poe Adams & Bernstein, LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202
Email: jasonbenton@parkerpoe.com
*Counsel for Defendant Omar Abdullah*

Norwood P. Blanchard, III
Crossley McIntosh Collier Hanley & Edes, PLLC
5002 Randall Parkway
Wilmington, NC 28403
Email: norwood@cmclawfirm.com
*Counsel for Defendant William Rolfe*

I hereby certify that I have mailed the document to the following non CM/ECF participants:

Respectfully submitted,

By:     /s/ Samuel G. Thompson, Jr.
RODNEY E. PETTEY
N.C. State Bar No.: 17715
rpetty@ymwlaw.com
SAMUEL G. THOMPSON, JR.
N.C. State Bar No.: 32960
bthompson@ymwlaw.com
Yates, McLamb & Weyher, LLP
Post Office Box 2889
Raleigh, North Carolina 27602
Telephone:  (919) 835-0900
Facsimile:  (919) 835-0910
*Counsel for Officer R.P. Monroe,*
*Officer J.D. Rattelade and*
*Officer M.C. Gay*