IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.: 5:22-CV-00068-BO

| | |
|---|---|
| YOLANDA IRVING, individually and as the natural parent and guardian of J.I., JUWAN HARRINGTON, CYDNEEA HARRINGTON, KENYA WALTON individually and as the natural parent and guardian of R.W., ZIYEL WHITLEY, DYAMOND WHITLEY, KAMISHA WHITLEY, and NANETTA GRANT as the natural parent and guardian of Z.G., and EMANCIPATE NC, INC.<br><br>        Plaintiffs,<br><br>   vs.<br><br>THE CITY OF RALEIGH, Officer OMAR I. ABDULLAH, Sergeant WILLIAM ROLFE, Officer RISHAR PIERRE MONROE, Officer JULIEN DAVID RATTELADE, and Officer MEGHAN CAROLINE GAY, and JOHN and JANE DOE Officers 1-10, in their individual capacities,<br><br>        Defendants. | **SGT. ROLFE'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** |

NOW COMES the Defendant, Sergeant William Rolfe, by and through the undersigned counsel and submits the following Answer in response to the Plaintiffs' Amended Complaint. In response to the allegations contained in the individually-numbered paragraphs of the Amended Complaint, Sgt. Rolfe pleads as follows:

1. In response to the allegations in paragraph 1, it is admitted upon information and belief that Plaintiffs self-identify as "Black" or "African-American." Except as expressly admitted, denied.

2-3. The allegations in these paragraphs are denied.

4. In response to the allegations in paragraph 4, it is admitted that the cited U.S. Supreme Court case is a document in writing and that the text of said document speaks for itself. The remaining allegations in this paragraph are denied for lack of knowledge or information sufficient to form a belief.

5. In response to the allegations in paragraph 5, it is denied that RPD officers raided or ransacked the Plaintiffs' homes or executed what Plaintiffs describe as a "No Knock" warrant. The remaining allegations in this paragraph are denied for lack of knowledge or information sufficient to form a belief.

6. In response to the allegations in paragraph 6, it is admitted that Plaintiffs were not charged with a crime as a result of the events of May 21, 2020. Except as expressly admitted, denied.

7-8. The allegations in these paragraphs are denied.

9. In response to the allegations in paragraph 9, it is admitted that Plaintiffs seek to recover under various theories, but it is specifically denied that any of the Plaintiffs' claims have merit or that this Defendant (or any of the Defendants) are liable to Plaintiffs under any theory. Any remaining allegations in this paragraph are also denied.

10-18. The allegations in these paragraphs are denied for lack of information or knowledge sufficient to form a belief.

19. Upon information and belief, it is admitted that Emancipate NC is a North Carolina nonprofit organization. Except as expressly admitted, any remaining allegations are denied.

20. In response to the allegations in paragraph 20, it is admitted only that the City of Raleigh is a municipal corporation organized pursuant to Chapter 160A of the N.C. General Statutes, that the City of Raleigh has a police department that employs a number of individuals, including Sgt. Rolfe. Except as expressly admitted, the remaining allegations contained in this paragraph

are legal conclusions to which no response is required, but to the extent a response may be deemed required, they are denied.

21. Upon information and belief, denied.

22. This answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

23. Admitted.

24. It is admitted that Sgt. Rolfe is a sworn officer employed by the RPD, and that Plaintiffs purport to sue him in his individual capacity. Except as expressly admitted, any remaining allegations are denied.

25-27. Upon information and belief, it is admitted that Officers Monroe, Rattelade and Gay are sworn officers of the RPD, and that Plaintiffs purport to sue them in their individual capacities. Except as expressly admitted, any remaining allegations are denied.

28. The allegations in the first sentence of this paragraph are denied for lack of information and belief. The allegations in the second sentence are denied as stated.

29-30. The allegations in these paragraphs are admitted, upon information and belief.

31-32. The allegations in these paragraphs are legal conclusions to which no response is required, but to the extent a response may be deemed required, it is admitted that the Court has subject matter jurisdiction of certain of the individual-Plaintiffs' claims, but it is denied that there is any subject matter jurisdiction of any of the claims asserted by Plaintiff Emancipate, or for the declaratory and injunctive relief sought.

33. Admitted.

34. It is admitted that Plaintiffs seek a jury trial as to certain issues, but any remaining allegations contained in this paragraph are denied.

35. In response to the allegations in paragraph 35, it is admitted that Abdullah, Gay, Monroe

and Rattelade were all officers working the RPD VICE unit on and before May 21, 2020. Except as expressly admitted, any remaining allegations are denied.

36. Admitted.

37. Admitted.

38-40. In response to the allegations in paragraphs 38 through 40, it is admitted that on and prior to May 21, 2020, the RPD VICE unit periodically developed confidential informants to assist with or develop investigations, and that the confidential informants were sometimes developed after an arrest, with the promise of leniency on a charge or payment as consideration for their assistance with investigations. It is further admitted that confidential informants were sometimes tasked with finding individuals from whom to purchase narcotics. Except as expressly admitted, any remaining allegations in these paragraphs are denied.

41-42. In response to the allegations in paragraphs 41 and 42, it is admitted upon information and belief that on and prior to May 21, confidential informants were given pre-recorded by money for purposes of making a controlled drug buy, and that the procedure for approval, distribution and release of informant funds was substantially similar to the procedure described in paragraph 42. Except as expressly admitted, denied for lack of information and belief.

43. With respect to the allegations in paragraph 43, it is admitted that the RPD directives in effect at the time of the incidents at issue in this matter are in writing and speak for themselves. Except as expressly admitted, denied for lack of information and belief.

44. Upon information and belief, admitted.

45. In response to the allegations in paragraph 45, it is admitted that, after a controlled buy, assuming that probable cause existed, the seller of narcotics could be arrested with or without a warrant. Except as expressly admitted, denied for lack of information or knowledge sufficient to form a belief.

46. Denied for lack of information or knowledge sufficient to form a belief.

47. Admitted, upon information and belief.

48. Denied.

49. With respect to the allegations in this paragraph, it is admitted that Willaims was arrested for selling counterfeit drugs. Except as expressly admitted, denied.

50. Upon information and belief, admitted.

51. Upon information and belief, admitted that Williams worked as a confidential informant upon Abdullah's supervision. Except as expressly admitted, any remaining allegations are denied for lack of information or belief.

52. In response to the allegations in paragraph 52 and footnote 2, it is admitted that Williams was nicknamed "Aspirin" and that he is being criminally prosecuted by the Wake County District Attorney's Office. Except as expressly admitted, denied.

53. Admitted that Williams had a criminal record and prior arrests. Except as expressly admitted, any remaining allegations are denied.

54. In response to the allegations in this paragraph, it is admitted that an Assistant District Attorney approved Williams to work as a confidential informant. Except as expressly admitted, any remaining allegations are denied.

55. In response to the allegations in this paragraph, it is admitted only that Williams agreed to work as a confidential informant. Except as expressly admitted, denied.

56. In response to the allegations in this paragraph, it is admitted only that Williams reported to Abdullah and completed controlled drug buys. Except as expressly admitted, any remaining allegations are denied.

57. With respect to the allegations in this paragraph, it is admitted that Williams was provided money from the RPD Confidential Informant funds for controlled buys. Otherwise,

denied.

58-63. The allegations in these paragraphs are denied for lack of information or knowledge sufficient to form a belief.

64-67. Denied. It is specifically denied that any "conspiracy" existed as alleged.

68-69. In response to the allegations in paragraphs 68 and 69, it is admitted only that RPD officers worked as a team when making controlled buys and arrests, and that the RPD VICE officers generally met for a briefing prior to each controlled buy. Except as expressly admitted, any remaining allegations are denied.

70. Upon information and belief, it is admitted that Williams was provided with electronic surveillance devices mento to allow officers to observe and overhear the transactions. Except as expressly admitted, any remaining allegations are denied.

71. In response to the allegations in paragraph 71, upon information and belief it is admitted only that Monroe, Rattelade and/or Gay had variously observed certain controlled buys conducted by Williams, but these allegations are denied as to Sgt. Rolfe. Except as expressly admitted, any remaining allegations are denied.

72. Admitted.

73. In response to the allegations in paragraph 73, it is admitted, upon information and belief, that on Williams' final two controlled buys, he shielded his undercover camera such that the officers attempting to watch were unable to observe the buys. Except as expressly admitted, any remaining allegations are denied.

74. In response to the allegations in paragraph 74, it is admitted only that, unbeknownst to the RPD officers, Willaims returned from certain controlled buys with a substance that subsequently lab-tested negative for heroin. It is specifically denied that any of the RPD officers "produced fake heroin" as alleged, and any remaining allegations are also denied.

75. Admitted.

76. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, so those allegations are denied.

77. Upon information and belief, denied.

78-79. Denied.

80-83. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in these paragraphs, so those allegations are denied.

84. The allegations in this paragraph are denied as to Sgt. Rolfe. Otherwise, this Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, so those allegations are denied.

85. In response to the allegations in paragraph 85, upon information and belief, it is admitted only that Williams returned from some controlled buys with a substance that subsequently lab-tested negative for heroin. Except as expressly admitted, any remaining allegations are denied.

86. Denied.

87. Denied as to this Defendant. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph dealing with other Defendants, so those allegations are denied.

88. Denied.

89. In response to the allegations in paragraph 89, it is admitted only that, upon information and belief, Abdullah had previously claimed to be a victim of discrimination on account of being a Muslim. Except as expressly admitted, any remaining allegations are denied.

90. Denied.

91. Denied.

92. Upon information and belief, admitted.

93. In response to the allegations in paragraph 93, it is admitted only that *a supervisor* (but not necessarily Sgt. Rolfe) was required to review search warrant applications by RPD VICE officers. Except as expressly admitted, any remaining allegations are denied.

94-95. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in these paragraphs, so those allegations are denied.

96-97. Denied.

98. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, so those allegations are denied.

99. Denied.

100-104. Denied.

105-116. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in these paragraphs, so those allegations are denied.

117. Upon information and belief, denied.

118-140. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in these paragraphs, so those allegations are denied.

141. In response to the allegations in paragraph 141, it is admitted, upon information and belief, that there appears to be a tree shown in the front of the residence depicted on the face of the document reproduced at paragraph 141 of the Amended Complaint, but this answering Defendant lacks sufficient knowledge of information to form a belief as to the remaining allegations in this paragraph, so those allegations are denied.

142. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, so those allegations are denied.

143. Upon information and belief, it is admitted that on or about May 22, 2020, Williams was suspended as a confidential informant.

144. In response to the allegations contained in paragraph 144, it is admitted that Officer Abdullah was placed on administrative leave pending the results of an investigation by the SBI, but this answering Defendant is not sure of the exact date of the suspension, so that allegation is denied. Except as expressly admitted, any remaining allegations are also denied.

145. Upon information and belief, admitted.

146-148. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in these paragraphs, so those allegations are denied.

149. With respect to the allegations contained in paragraph 149, it is admitted only that the U.S. Supreme Court decision cited addressed certain aspects of the execution of warrants. Except as expressly admitted, any remaining allegations are denied.

150. The allegations in paragraph 150 are legal conclusions to which no response is required.

151. Denied.

152. Denied.

153. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, so those allegations are denied.

154. Denied.

155-158. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in these paragraphs, so those allegations are denied.

159. Denied.

160. Denied for lack of knowledge or information sufficient to form a belief.

161-168. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in these paragraphs, so those allegations are denied.

169-180. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in these paragraphs, so those allegations are denied.

181-186. In response to the allegations in paragraphs 181 through 186, it is admitted only that RPD Policy 1110-08 is a publicly-available document that addresses warrant execution. Insofar as Plaintiffs' allegations vary from (or fail to comprehensively recite) the contents of that document, those allegations are denied. Except as expressly admitted, any remaining allegations are denied.

187-192. In response to the allegations contained in paragraphs 187 through 192, it is admitted only that Emancipate NC is, upon information and belief, a nonprofit. This answering Defendant lacks sufficient knowledge or information to form a belief as to what programs or functions it performs. Except as expressly admitted, any remaining allegations are denied. It is specifically denied that this putative Plaintiff has standing to participate in this lawsuit.

193-195. Denied.

196. Defendant realleges and incorporates by reference his responses to the allegations contained in the preceding paragraphs.

197. Denied.

198. In response to the allegations in this paragraph, it is admitted only that a supervisor was required to review the warrant application, but it is denied that Sgt. Rolfe specifically was required to do so. Except as expressly admitted, any remaining allegations are denied.

199. Upon information and belief, admitted.

200. Upon information and belief, admitted.

201. In response to the allegations contained in paragraph 201, it is admitted only that Abdullah applied for the warrant. Except as expressly admitted, any remaining allegations are denied.

202. In response to the allegations in paragraph 202, this answering Defendant lacks sufficient knowledge or information to form a belief as to whether the other RPD officers met

prior to, or subsequent to, the issuance of the warrant at issue, so the allegations in this paragraph are denied.

203. Denied.

204. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, so those allegations are denied.

205. In response to the allegations in paragraph 205, it is admitted only that Abdullah asserted that his own belief was that Williams had proven to be truthful and reliable, or words to that effect. Except as expressly admitted, any remaining allegations (including those allegations about the subjective beliefs of the "other RPD VICE officers") are denied.

206. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, so those allegations are denied.

207. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, so those allegations are denied.

208. Denied as to Sgt. Rolfe. This answering Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph, so those allegations are also denied.

209. Upon information and belief, it is admitted only that certain RPD officers conducted a search of the subject property pursuant to a warrant. It is specifically denied that these officers "fabricated" any evidence as alleged. Any remaining allegations in this paragraph are also denied.

210. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, so those allegations are denied.

211. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, so those allegations are denied.

212. Denied.

213. Defendant realleges and incorporates by reference his responses to the allegations contained in the preceding paragraphs.

214-217. The allegations contained in these paragraphs do not appear to pertain to this answering Defendant, but to the extent that a response may be deemed required, those allegations are denied for lack of information or belief.

218. Defendant realleges and incorporates by reference his responses to the allegations contained in the preceding paragraphs.

219-221. Denied.

222. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph, so those allegations are denied.

223-224. Denied.

225. Defendant realleges and incorporates by reference his responses to the allegations contained in the preceding paragraphs.

226. The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response may be deemed required, it is specifically denied that Plaintiffs' rights were in any way violated as alleged. Otherwise, denied.

227. Denied.

228. Denied.

229. Denied.

230. Denied.

231-236. Denied.

237. Defendant realleges and incorporates by reference his responses to the allegations contained in the preceding paragraphs.

238-245. Denied.

246. Defendant realleges and incorporates by reference his responses to the allegations in the preceding paragraphs.

247-252. The allegations in these paragraphs, including any subparagraphs, are denied.

253. Defendant realleges and incorporates by reference his responses to the allegations in the preceding paragraphs.

254-255. Denied.

256. In response to the allegations contained in paragraph 256, it is admitted that Sgt. Rolfe did not review all of the videos of Abdullah's arrests. Except as expressly admitted, any remaining allegations are denied.

257. The allegations in this paragraph are denied as stated.

258-259. In response to the allegations contained in paragraphs 258 and 259, it is admitted only that Sgt. Rolfe's duties included the general supervision of Officer Abdullah and other RPD officers, but it is denied that Sgt. Rolfe acted as any sort of guarantor of the accuracy or completeness of Abdullah's work. Except as expressly admitted, any remaining allegations are denied.

260. Denied.

261. Denied.

262. Denied.

263. Denied.

264. Defendant realleges and incorporates by reference his responses to the allegations contained in the preceding paragraphs.

265-267. This answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in these paragraphs, so those allegations are denied.

268. Denied.

269. Defendant realleges and incorporates by reference his responses to the allegations contained in the preceding paragraphs.

270-272. Denied.

273. Defendant realleges and incorporates by reference his responses to the allegations contained in the preceding paragraphs.

274. Denied.

275-287. The allegations contained in these paragraphs do not appear to pertain to this answering Defendant, but to the extent a response may be deemed required, this answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations in these paragraphs, so those allegations are denied.

288. Defendant realleges and incorporates by reference his responses to the allegations contained in the preceding paragraphs.

289. The allegations contained in this paragraph do not appear to pertain to this answering Defendant, and those allegations also appear to be conclusions of law to which no response is required. However, to the extent a response may be deemed required, those allegations are denied.

290-297. The allegations in these paragraphs do not appear to pertain to this defendant, but to the extent that a response may be deemed required, they are denied.

298. Defendant realleges and incorporates by reference his responses to the allegations contained in the preceding paragraphs.

299-302. The allegations in these paragraphs do not appear to pertain to this defendant, but to the extent that a response may be deemed required, they are denied.

303. Except as expressly admitted, any remaining allegations (including those contained in

Plaintiffs' prayer for relief) are denied. It is expressly denied that Plaintiffs, or any of them, are entitled to a recovery or relief of any sort from any of these Defendants.

## FIRST AFFIRMATIVE DEFENSE

The Defendant pleads the defenses of qualified immunity (as to the Plaintiffs' federal claims) and public officer/official immunity (as to Plaintiffs' state law claims) as a defense to the claims against him in his individual capacity.

## SECOND AFFIRMATIVE DEFENSE

The Defendant pleads all other applicable immunities to which he is entitled by operation of law in bar of Plaintiffs' rights to recover herein.

## THIRD AFFIRMATIVE DEFENSE

Defendant pleads the defenses of legal justification, privilege and probable cause in bar of Plaintiffs' claims.

## FOURTH AFFIRMATIVE DEFENSE

At all relevant times, Responding Defendant acted in compliance with and pursuant to N.C.G.S. § 15A-401, and any search or use of force was therefore privileged. Responding Defendant's compliance therewith is hereby pled as an affirmative defense to all applicable claims herein.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are barred by N.C.G.S. §1D *et seq.* and by the constitutions of the United States and North Carolina. Plaintiffs' claims for punitive damages are in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States in that they would deprive the Responding Defendant of property without due process of law;

further, the claims for punitive damages are violative of the Fourteenth Amendment of the Constitution of the United States concerning equal protection; and the punitive damages claims are further in violation of the Eighth Amendment of the Constitution of the United States prohibiting imposition of excessive fines.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted, and it should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SEVENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over certain of Plaintiffs' claims, so those claims (or claimants, as the case may be) should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

THIS ANSWERING DEFENDANT RESERVES THE RIGHT TO AMEND HIS ANSWER AND TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES AS THE CLAIMS OF PLAINTIFF ARE MORE FULLY DISCLOSED DURING THE COURSE OF THIS LITIGATION.

WHEREFORE, having fully answered each and every allegation contained in Plaintiffs' Amended Complaint, the Defendant prays the Court as follows:

1. That Plaintiffs have and recover nothing of this Defendant by way of this action;

2. For the costs of this action, including reasonable attorneys' fees;

3. For a trial by jury of all matters properly and customarily tried to a jury, and that the Court hear and determine those issues (including any issue related to immunity) properly and customarily determined by the Court; and

4. For such other and further relief as the Court may deem just and proper.

This the 30th day of June, 2022.

**Crossley McIntosh Collier Hanley & Edes, PLLC**

*/s/ Norwood P. Blanchard III*
Norwood P. Blanchard III
N.C. State Bar No. 26470
5002 Randall Parkway
Wilmington NC 28403
Email: norwood@cmclawfirm.com
Telephone: (910) 762-9711
Facsimile: (910) 256-0310
Attorney for Sgt. William Rolfe

# CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2022, I electronically filed the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system, which will electronically serve counsel for the following parties:

Robin L. Tatum, City Attorney
Dorothy V. Kibler, Deputy City Attorney
N.C. Bar No. 13571
P.O. Box 1949
Raleigh, NC 27602
Tel: (919) 996-6560
Fax: (919) 996-7021
Dorothy.Kibler@raleighnc.gov
ATTORNEYS FOR DEFENDANT CITY
OF RALEIGH

Micheal L. Littlejohn, Jr.
Littlejohn Law, PLLC
227 W. 4th Street, Ste B-113
Charlotte, NC 28202
Email: mll@littlejohnlaw.com
*Attorneys for Plaintiffs*

Abraham Rubert-Schewel, Esq.
Emily Gladden, Esq.
Tin Fulton Walker & Owen, PLLC
204 N. Person Street
Raleigh, NC 27601
Email: schewel@tinfulton.com
Email: egladded@tinfulton.com
*Attorneys for Plaintiffs*

RODNEY E. PETTEY
N.C. State Bar No.: 17715
rpetty@ymwlaw.com
SAMUEL G. THOMPSON, JR.
N.C. State Bar No.: 32960
bthompson@ymwlaw.com
Yates, McLamb & Weyher, LLP
Post Office Box 2889
Raleigh, North Carolina 27602
*Counsel for Officer Rishar Pierre Monroe,*
*Officer Julien David Rattelade and*
*Officer Meghan Caroline Gay*

Ian A. Mance
Elizabeth G. Simpson
Emancipate NC
P.O. Box 309
Durham, NC 27702
Email: ian@emancipatenc.com
Email: elizabeth@emancipatenc.com

Jason R. Benton, Esq.
NC State Bar No.: 27710
Parker Poe Adams & Bernstein, LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202
jasonbenton@parkerpoe.com

CROSSLEY MCINTOSH COLLIER HANLEY & EDES, PLLC

/s/ Norwood P. Blanchard, III
Norwood P. Blanchard, III