IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00068-BO

**Yolanda Irving, et al.,**

         Plaintiffs,

v.

**City of Raleigh, et al.,**

         Defendants.

**Scheduling Order**

After considering pleadings and the Rule 26(f) Report submitted by the parties (D.E. 49), the Court enters the following scheduling order:

**1. Scope of Discovery**[1]

The scope of discovery for Phase I in this matter is limited to the issues identified in Paragraph 3(b) (1) of the Rule 26(f) Report.

**2. Initial Disclosures**

If the parties have not already done so, they will make the initial disclosures required by Rule 26(a)(1) by Friday, July 08, 2022.

**3. Discovery Plan**

    a. All Phase I discovery (Individual Defendants) shall be initiated in time to be completed by Tuesday, December 20, 2022.

    b. Plaintiffs and Defendants may serve up to 50 interrogatories, including all discrete subparts.

    c. Plaintiffs and Defendants may serve up to 50 Requests for Production pursuant to Rule 34.

---

[1] The parties propose bifurcation of discovery into two phase: Phase One (Individual Defendants) and Phase II (*Monell* claims - Counts Ten, Eleven, and Twelve of the Amended Complaint). The parties will propose a discovery plan for Phase II within 14 days of a court order denying Defendants' dispositive motions.

d. Any objection to Interrogatories or Requests for Production shall be stated with particularity. Boilerplate objections (e.g. objections without a particularized basis, such as "overbroad, irrelevant, burdensome, not reasonably calculated to identify admissible evidence") may be treated as a failure to answer pursuant to Rule 37(a)(4).

e. Plaintiffs and Defendants may serve up to 25 Requests for Admission pursuant to Rule 36.

f. Plaintiffs and Defendants may each take up to 15 depositions, excluding expert witnesses and depositions pursuant to Rule 30(b)(6). Absent a court order or stipulation by the parties, the length of each deposition shall be limited to seven hours on one day. Time taken for breaks and recesses shall not count towards the hour limit.

g. Supplementation required under Rule 26(e) shall occur no later than 20 days of learning of the need to supplement.

**4.     Expert Reports**

a. The parties shall make the disclosures required by Rule 26(a)(2) on the following schedule:

  i. Plaintiffs' Phase I disclosures shall be made no later than Tuesday, November 01, 2022.

  ii. Defendants' Phase I disclosures shall be made no later than Thursday, December 01, 2022.

**5.     Amendment of Pleadings and Addition of Parties**

a. Except as provided by Rule 15(a), the parties must obtain leave of court to amend the pleadings or add parties.

b. For Phase I, the Plaintiffs and Individual Defendants shall file a motion to amend the pleadings or join additional parties no later than Monday, August 22, 2022.

c. For Phase II, the parties will establish a deadline for the City of Raleigh to amend its answer or join additional parties as past pf the Phase II discovery plan, if needed.

**6.     Protective Orders**

Any proposed protective orders that discuss filing materials under seal must comply with Local Civil Rule 79.2 and the presiding judge's practice preferences. Failure to include the necessary language will result in the court denying the motion without prejudice.

Within 30 days, the parties shall meet and confer and submit a proposed protective order governing any materials that would require a court order for release.

7. **Dispositive Motion Deadline**

The parties shall file any dispositive motions by Monday, January 30, 2023.

8. **Alternative Dispute Resolution**

   a. The parties shall participate in a mediated settlement conference prior to the end of the discovery period. The parties have identified Asa Bell as their agreed-upon mediator.

   b. If a party or parties believe that this case should be exempted from the requirement to mediate, they may file a motion requesting an exemption. The motion should reflect the position of any party that has not joined in the motion. The court will consider the motion and determine, in its discretion, whether to grant the motion.

   c. If a party or parties believes that a form of alternative dispute resolution other than mediation, such as a summary trial or court-hosted settlement conference, would be beneficial, they may file a motion requesting to proceed in that manner.

9. **Trial Date and Related Deadlines**

The trial date and related deadlines will be set by separate order at a later date. However, the court reserves the right to schedule the case for trial as soon as 30 days after the dispositive motion deadline.

10. **Discovery of Electronically Stored Information**

    a. Form of production/preservation: Counsel for the parties shall inform one another of any ESI that should be specifically preserved at the earliest possible time. The parties agree that discoverable ESI will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable.

    b. The parties further agree that after they are served with a request for production that seeks ESI, they will undertake a good faith effort to identify relevant ESI and will preserve any such information identified, but the parties agree that the parties are not required to deviate from their normal records retention policies with respect to ESI or other records which have not been previously identified by the parties as relevant to this action. Plaintiffs identify Defendants' emails and phone records, including text messages, as some of the items relevant to this action.

Defendants identify Plaintiffs' cell phone videos, text messages, phone records, emails, and social media accounts as some of the items relevant to this action.

c. Security Measures: The parties do not anticipate the need for any security measures associated with the production of electronic documents beyond those to be contained in any protective order.

d. Cost allocation: If the ESI sought is not readily obtainable or its production would be unduly burdensome or result in significant expense, the parties agree that the party seeking discovery of the information may request that the Court enter an order allowing discovery of such information at the expense of the party seeking the discovery.

e. The parties also report that they intend to explore all other reasonable technological innovations designed to render document discovery more manageable and less costly.

**11. Extensions of Time to Respond to Discovery Requests**

Under Rule 29(b) of the Federal Rules of Civil Procedure the parties may stipulate to extensions of time to respond to discovery and do not need to seek court approval unless the proposed extension would interfere with the time set for completing discovery, for hearing a motion, or for trial. Motions for extensions of time to respond to discovery that could be addressed through a stipulation will be viewed with disfavor by the court.

**12. Consent to Magistrate Judge Jurisdiction**

A United States magistrate judge is available to conduct all proceedings in this action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent and the district judge agrees that referral would be appropriate. The consent form is available on the court's website.

The remaining portions of the Rule 26(f) Report that are not inconsistent with this Scheduling Order are approved and adopted by the court.

Dated: July 5, 2022

_____
Robert T. Numbers, II
United States Magistrate Judge