IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:22-cv-00068-BO

YOLANDA IRVING, et al.,

Plaintiffs,

vs.

THE CITY OF RALEIGH, et al.,

Defendants.

**ANSWER OF OFFICIAL CAPACITY DEFENDANTS AND THE CITY OF RALEIGH**

Defendants Chief of Police Estella Patterson in her official capacity, City Manager Marchell Adams-David in her official capacity, and the City of Raleigh (collectively called "the City") respond to Plaintiffs' amended complaint as follows:

**<u>FIRST DEFENSE</u>**
**(Specifically Responding to the Numbered Paragraphs of the Amended Complaint)**

**INTRODUCTION**

1.      The City admits, based upon information and belief, that the individual Plaintiffs are Black.  Except as admitted, the allegations contained in paragraph 1 are denied.

2.      The allegations of paragraph 2 are denied.

3.      The allegations of paragraph 3 are denied.

4.      In response to paragraph 4, it is admitted that the cited U.S. Supreme Court decision is a document in writing that speaks for itself, that the Raleigh Police Department does not use "No Knock" warrants, and that there are risks that accompany the carrying out of search warrants. The remaining allegations in paragraph 4 are denied for lack of knowledge or information sufficient to form a belief.

5.      The allegations of paragraph 5 are denied.

6.      It is admitted that the individual Plaintiffs were not charged with a crime as a result of the events of May 21, 2020.  Except as admitted, the allegations of paragraph 6 are denied.

7.      The allegations of paragraph 7 are denied.

8.      The allegations of paragraph 8 are denied.

9.      The allegations of paragraph 9 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 9 is denied.

## PARTIES

10.      The allegations of paragraph 10 are denied for lack of knowledge and information sufficient to form a belief.

11.      The allegations of paragraph 11 are denied for lack of knowledge and information sufficient to form a belief.

12.      The allegations of paragraph 12 are denied for lack of knowledge and information sufficient to form a belief.

13.      The allegations of paragraph 13 are denied for lack of knowledge and information sufficient to form a belief.

14.      The allegations of paragraph 14 are denied for lack of knowledge and information sufficient to form a belief.

15.      The allegations of paragraph 15 are denied for lack of knowledge and information sufficient to form a belief.

16.      The allegations of paragraph 16 are denied for lack of knowledge and information sufficient to form a belief.

17.     The allegations of paragraph 17 are denied for lack of knowledge and information sufficient to form a belief.

18.     The allegations of paragraph 18 are denied for lack of knowledge and information sufficient to form a belief.

19.     The allegations of paragraph 19 are denied for lack of knowledge and information sufficient to form a belief.

20.     The City admits that it is a municipal corporation organized under the laws of the State of North Carolina and that the Raleigh Police Department ("RPD") is, and was at all times relevant to the amended complaint, a component part of the City of Raleigh. The remaining allegations of paragraph 20 state legal conclusions and arguments to which no response is required. To the extent a response is deemed necessary, the remaining allegations in paragraph 20 are denied.

21.     The allegations of paragraph 21 are denied.

22.     The allegations of paragraph 22 state legal conclusions to which no response is required. To the extent a response is deemed necessary, based on the allegations contained in the amended complaint, paragraph 22 is denied.

23.     The City admits that Omar Abdullah was formerly a police detective with the Raleigh Police Department and that Plaintiffs have sued him only in his individual capacity. Except as admitted, paragraph 23 is denied.

24.     The City admits that William Rolfe is a sworn officer with the Raleigh Police Department and that Plaintiffs have sued him only in his individual capacity. Except as admitted, paragraph 24 is denied.

25.     The City admits that Rishar Pierre Monroe is a sworn officer with the Raleigh Police Department and that Plaintiffs have sued him only in his individual capacity. Except as admitted, paragraph 25 is denied.

26.     The City admits that Julien David Rattelade is a sworn officer with the Raleigh Police Department and that Plaintiffs have sued him only in his individual capacity. Except as admitted, paragraph 26 is denied.

27.     The City admits that Meghan Gay is a sworn officer with the Raleigh Police Department and that Plaintiffs have sued her only in her individual capacity. Except as admitted, paragraph 27 is denied.

28.     The City admits that the Selective Enforcement Unit ("SEU") is a specialized unit within the Raleigh Police Department. Except as admitted, the allegations of paragraph 28 are denied for lack of knowledge or information upon which to base a belief.

29.     The City admits that an action against a municipal employee in their official capacity is simply another way of bringing suit against a municipal employer. Except as admitted, paragraph 29 is denied.

30.     The City admits that an action against a municipal employee in their official capacity is simply another way of bringing suit against a municipal employer. Except as admitted, paragraph 30 is denied.

## JURISDICTION

31.     Paragraph 31 contains legal conclusions and arguments to which no response is required. To the extent a response is deemed necessary, paragraph 31 is denied.

32.     Paragraph 32 contains legal conclusions and arguments to which no response is required. To the extent a response is deemed necessary, paragraph 32 is denied.

## VENUE

33.     Paragraph 33 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, the City admits that the Western District is the proper division for an action against the City that is properly before the United States District Court for the Eastern District of North Carolina.  Except as admitted, paragraph 33 is denied.

## JURY DEMAND

34.     Paragraph 34 does not contain allegations directed at the City and, therefore, no response is required.  To the extend a response is deemed necessary, paragraph 34 is denied.

## PLAINTIFFS' ALLEGED FACTS

35.     In response to paragraph 35, the City admits that Omar Abdullah, Meghan Gay, Rishar Monroe and David Rattelade were members of the RPD Drugs and Vice unit ("Drugs & Vice") on May 21, 2020.   Except as admitted, paragraph 35 is denied.

36.     The City admits that William Rolfe was a Police Sergeant employed by the City and assigned to a Drugs & Vice team as of May 21, 2020.  Except as admitted, paragraph 36 is denied.

37.     The City admits that the Drugs & Vice unit investigates potential violations of and enforces laws related to the sale, distribution, manufacturing, and possession of purported drugs, among other tasks.  Except as admitted, paragraph 37 is denied.

38.     The City admits that detectives within Drugs & Vice utilize confidential informants.  Except as admitted, paragraph 38 is denied.

39.     The City admits that some confidential informants utilized by Drugs & Vice are developed after an arrest, that a district attorney may allow leniency on a charge, and that some

confidential informants receive payment for their work.  Except as admitted, paragraph 39 is denied.

40.     The City admits that some confidential informants utilized by Drugs & Vice are asked to provide information to develop criminal suspects and that some confidential informants utilized by Drugs & Vice are asked to make purchases of substances from a criminal suspect. Except as admitted, paragraph 40 is denied.

41.     The City admits that a confidential informant utilized by Drugs & Vice could be provided pre-recorded money to purchase substances from a criminal suspect.  Except as admitted, paragraph 41 is denied.

42.     The City admits that RPD possesses funds used to compensate some confidential informants for their work.  Except as admitted, paragraph 42 is denied.

43.     The City admits that the Raleigh Police Department policy 1110-04, Management of Informants and Informant Funds, is a writing that is the best evidence of its requirements concerning payments to a confidential informant utilized by Drugs & Vice.  Except as admitted, paragraph 43 is denied.

44.     The City admits that members of Drugs & Vice attempt to monitor purchases made by a confidential informant in a controlled buy and that monitoring can include using video and audio surveillance.  Except as admitted, paragraph 44 is denied.

45.     The City admits a controlled buy can be a part of a criminal investigation and that a criminal investigation can lead to an arrest or to a request for a search warrant.  Except as admitted, paragraph 45 is denied.

46. The City admits that on August 15, 2018, Mr. Abdullah arrested Dennis Leon Williams for violations of N.C. Gen. Stat. § 90-95(A)(2). Except as admitted, paragraph 46 is denied.

47. Paragraph 47 is denied for lack of knowledge or information to form a belief.

48. Paragraph 48 is denied for lack of knowledge or information to form a belief.

49. The City admits that on August 15, 2018, Mr. Abdullah arrested Dennis Leon Williams for violations of N.C. Gen. Stat. § 90-95(A)(2). Except as admitted, paragraph 49 is denied.

50. The City admits that Dennis Leon Williams ("Williams") worked as a confidential informant under Mr. Abdullah's supervision. Except as admitted, paragraph 50 is denied.

51. Paragraph 51 is denied.

52. The City admits that Williams had the code name "Aspirin" or "Asprin" and that Williams is being criminally prosecuted by the Wake County District Attorney's Office. Except as admitted, paragraph 52 is denied.

53. The City admits that Williams has a criminal record and prior arrests. Except as admitted, paragraph 53 is denied.

54. The City admits that an Assistant District Attorney approved Williams to work as a confidential information. Except as admitted, paragraph 54 is denied.

55. The City admits that Williams agreed to work as a confidential informant and that an Assistant District Attorney approved Williams to work as a confidential informant. Except as admitted, paragraph 55 is denied.

56. The City admits that Williams reported to Mr. Abdullah and that he completed controlled buys. Except as admitted, paragraph 56 is denied.

57. Paragraph 57 is denied.

58. The City admits that Laboratory Reports from the City County Bureau of Investigation ("CCBI") are the best evidence of the types of substances purchased by Williams in 2018. Except as admitted, paragraph 58 is denied.

59. The City admits that Detective Nance transferred to a different unit. Except as admitted, paragraph 59 is denied.

60. The City admits that in early 2019 Williams was incarcerated in Nash County on a felony larceny charge. Except as admitted, paragraph 60 is denied.

61. Paragraph 61 is denied.

62. Paragraph 62 is denied for lack of knowledge and information sufficient to form a belief.

63. The City admits that the "Continuation Sheet – Informant Fund Turn-In Report" contained in Drugs & Vice records reflect payments to Williams of $3,545.00. Except as admitted, paragraph 63 is denied.

64. Paragraph 64 is denied.

65. Paragraph 65 is denied.

66. Paragraph 66 is denied.

67. The City admits that Williams was suspended as a confidential informant on May 22, 2020. Except as admitted, paragraph 67 is denied.

68. Paragraph 68 is denied.

69. Paragraph 69 is denied.

70. Paragraph 70 is denied for lack of knowledge and information sufficient to form a belief.

71.     Paragraph 71 is denied.

72.     The City admits that Mr. Abdullah stated that he searched Williams before each controlled buy and did not locate any contraband on Williams' person.  Except as admitted, Paragraph 72 is denied.

73.     The City is informed and believes, and therefore admits, that shortly before Williams was suspended as a confidential informant, Drugs & Vice detectives discovered that Williams shielded the surveillance camera on his person in violation of Drugs & Vice procedures and in violation of directions provided to Williams.  Except as admitted, paragraph 73 is denied.

74.     The City is informed and believes, and therefore admits, that in certain controlled buys Williams made in 2019 and 2020, instead of producing the substance actually purchased from the suspect, Williams produced a counterfeit substance and represented that the counterfeit substance was heroin.  Except as admitted on information and belief, paragraph 74 is denied.

75.     The City admits that Mr. Abdullah stated that he searched Williams after each controlled buy and did not locate any contraband on Williams' person.  Except as admitted, Paragraph 75 is denied.

76.     The City admits that Mr. Abdullah violated certain Raleigh Police Department policies and is informed and believes, and therefore admits, that at times during 2019 and 2020 Mr. Abdullah met with Williams alone before or after controlled buys.  Except as admitted, paragraph 76 is denied.

77.     Paragraph 77 is denied.

78.     Paragraph 78 is denied.

79.     Paragraph 79 is denied.

80.     The City is informed and believes, and therefore admits, that Detective Monroe or Detective Rattelade told Mr. Abdullah on two occasions that the substance produced by Williams did not appear to be heroin and that the creation, possession with the intent to sell or deliver, and the sale or delivery of a counterfeit controlled substance is illegal pursuant to N.C. Gen. Stat. § 90-95(a)(2).  Except as admitted, the City lacks sufficient knowledge or information to base a belief as to the remaining allegations in paragraph 80 and therefore denies them.

81.     The City is informed and believes, and therefore admits, that Detective Monroe or Detective Rattelade told Mr. Abdullah on two occasions that the substance produced by Williams did not appear to be heroin and that the creation, possession with the intent to sell or deliver, and the sale or delivery of a counterfeit controlled substance is illegal pursuant to N.C. Gen. Stat. § 90-95(a)(2).  Except as admitted, the City lacks sufficient knowledge or information to base a belief as to the remaining allegations in paragraph 81 and therefore denies them.

82.     The City is informed and believes, and therefore admits, that in 2020, Detective Monroe field tested the substance produced by Williams and the substance returned a negative field test result for heroin.  Except as admitted, paragraph 82 is denied.

83.     The City admits that Mr. Abdullah did not include information in his case report about the negative field test result for heroin reported by Detective Monroe.  Except as admitted, paragraph 83 is denied.

84.     Paragraph 84 is denied.

85.     The City admits that CCBI Laboratory Reports are the best evidence of the results of CCBI drug testing.  Except as admitted, paragraph 85 is denied.

86.     Paragraph 86 is denied.

87.     The City admits that Mr. Abdullah utilized Williams until RPD suspended Williams as a confidential informant on May 22, 2020.  Except as admitted, paragraph 87 is denied.

88.     The City admits that Mr. Abdullah's coworkers in Drugs & Vice spoke with Sergeant Rolfe.  Except as admitted, paragraph 88 is denied.

89.     The City lacks sufficient knowledge or information to base a belief as to the allegations of paragraph 89 and therefore denies them.

90.     Paragraph 90 is denied.

91.     Paragraph 91 is denied.

92.     The City admits that Mr. Abdullah applied to the Wake County Magistrate to issue the search warrant attached as Exhibit 1 to the Declaration of Sergeant D.L. Davis and appearing as docket entry 32-2 in this action ("the Search Warrant").  Except as admitted, paragraph 92 is denied.

93.     The City admits that Mr. Abdullah was required to have the Search Warrant reviewed by his supervisor.  Except as admitted, paragraph 93 is denied.

94.     The City admits that the contents of the Search Warrant are the best evidence of its terms, including the probable cause affidavit provided by Mr. Abdullah.  Except as admitted, paragraph 94 is denied.

95.     The City admits Drugs & Vice records include Receipt of Informant Funds forms dated May 21, 2020 and that the forms are the best evidence of their contents.  Except as admitted, paragraph 95 is denied.

96.     Paragraph 96 is denied.

97.     Paragraph 97 is denied.

98.     The City is informed and believes, and therefore admits, that Detective Monroe or Detective Rattelade told Mr. Abdullah on two occasions that the substance produced by Williams did not appear to be heroin.  Except as admitted, paragraph 98 is denied.

99.     The City admits that Mr. Abdullah provided the probable cause affidavit contained in the Search Warrant.  Except as admitted, paragraph 99 is denied.

100.    The City admits that Mr. Abdullah provided the probable cause affidavit contained in the Search Warrant.  Except as admitted, paragraph 100 is denied.

101.    The City admits that Mr. Abdullah provided the probable cause affidavit contained in the Search Warrant.  Except as admitted, paragraph 101 is denied.

102.    The City admits that Mr. Abdullah provided the probable cause affidavit contained in the Search Warrant.  Except as admitted, paragraph 102 is denied.

103.    Paragraph 103 is denied.

104.    The City admits that Mr. Abdullah provided the probable cause affidavit contained in the Search Warrant.  Except as admitted, paragraph 104 is denied.

105.    The City is informed and believes, and therefore admits, that Drugs & Vice detectives learned on May 21, 2020 that Yolanda Irving lived at 1628 Burgundy Street, Apartment B, Raleigh, North Carolina ("1628-B").  Except as admitted, paragraph 105 is denied.

106.    The City lacks knowledge or sufficient information to form a belief as to the allegations in paragraph 106 and therefore denies them.

107.    The City is informed and believes, and therefore admits, that Drugs & Vice detectives learned on May 21, 2020 that Kenya Walton lived at 1628 Burgundy Street, Apartment A, Raleigh, North Carolina ("1628-A").  Except as admitted, paragraph 107 is denied.

108.    The City lacks knowledge or sufficient information to form a belief as to the allegations in paragraph 108 and therefore denies them.

109.    The City lacks knowledge or sufficient information to form a belief as to the allegations in paragraph 109 and therefore denies them.

110.    The City lacks knowledge or sufficient information to form a belief as to the allegations in paragraph 110 and therefore denies them.

111.    The City lacks knowledge or sufficient information to form a belief as to the allegations in paragraph 111 and therefore denies them

112.    The City lacks knowledge or sufficient information to form a belief as to the allegations in paragraph 112 and therefore denies them.

113.    The City lacks knowledge or sufficient information to form a belief as to the allegations in paragraph 113 and therefore denies them.

114.    The City lacks knowledge or sufficient information to form a belief as to the allegations in paragraph 114 and therefore denies them.

115.    The City lacks knowledge or sufficient information to form a belief as to the allegations in paragraph 115 and therefore denies them.

116.    The City lacks knowledge or sufficient information to form a belief as to the allegations in paragraph 116 and therefore denies them.

117.    Paragraph 117 is denied.

118.    The City admits that 1628-A is not listed on the Search Warrant.  Except as admitted, paragraph 118 is denied.

119.    Paragraph 119 is denied.

120. The City admits that officers initially addressing individuals inside 1628-A wore bodyworn cameras and that the recordings reflect the encounter at 1628-A. Except as admitted, paragraph 120 is denied.

121. The City admits that officers initially addressing individuals inside 1628-A wore bodyworn cameras and that the recordings reflect the encounter at 1628-A. Except as admitted, paragraph 121 is denied.

122. The City admits that officers initially addressing individuals inside 1628-B wore bodyworn cameras, that the recordings reflect the encounter at 1628-B, that individuals who spotted officers approaching immediately ran into 1628-B, and that an individual attempted to close the door to 1628-B on the officer who was immediately behind him. Except as admitted, paragraph 122 is denied.

123. The City admits that individuals who ran into 1628-B immediately announced police presence. Except as admitted, the City lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 123 and therefore denies them.

124. The City admits that officers initially addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B. Except as admitted, paragraph 124 is denied.

125. Paragraph 125 is denied.

126. The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B. Except as admitted, paragraph 126 is denied.

127. The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B. Except as admitted, paragraph 127 is denied.

128. The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B. Except as admitted, paragraph 128 is denied.

129. The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B. Except as admitted, paragraph 129 is denied.

130. The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B. Except as admitted, paragraph 130 is denied.

131. The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B. Except as admitted, paragraph 131 is denied.

132. The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B. Except as admitted, paragraph 132 is denied.

133. The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B. Except as admitted, paragraph 133 is denied.

134.     The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B.  Except as admitted, paragraph 134 is denied.

135.     The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B.  Except as admitted, paragraph 135 is denied.

136.     The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B.  Except as admitted, paragraph 136 is denied.

137.     Paragraph 137 is admitted.

138.     The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B.  Except as admitted, paragraph 138 is denied.

139.     The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B.  Except as admitted, paragraph 139 is denied.

140.     The City lacks sufficient knowledge or information to form a belief and therefore denies paragraph 140.

141.     The City admits that the photograph included in paragraph 141 is an excerpt from the Search Warrant.  Except as admitted, the City lacks sufficient knowledge or information to form a belief and therefore denies paragraph 141.

142.     The City lacks sufficient knowledge or information to form a belief and therefore denies paragraph 142.

143.     The City admits that Williams was suspended as a confidential informant on May 22, 2020.  Except as admitted, paragraph 143 is denied.

144.     The City admits that Mr. Abdullah was placed on administrative duty and on administrative leave.  Except as admitted, paragraph 144 is denied.

145.     Paragraph 145 is admitted.

146.     The City denies that paragraph 146 accurately describes activities relevant to this action and therefore denies paragraph 146 in its entirety.

147.     The City denies that paragraph 147 accurately describes activities relevant to this action and therefore denies paragraph 147 in its entirety.

148.     The City denies that paragraph 148 accurately describes activities relevant to this action and therefore denies paragraph 148 in its entirety.

149.     In response to paragraph 149, the City admits that the one U.S. Supreme Court decision cited is a document in writing that speaks for itself.  Except as admitted, paragraph 149 is denied.

150.     In response to paragraph 150, the City admits that N.C. Gen. Stat. §§ 15A-249 and 15A-251 are documents in writing that speak for themselves.  Except as admitted, paragraph 150 is denied.

151.     Paragraph 151 is denied.

152.     Paragraph 152 is denied.

153.     Paragraph 153 is denied.

154.     Paragraph 154 is denied.

155.     Paragraph 155 is denied.

156. The City admits that officers addressing individuals inside 3867 Pin Oak Road wore bodyworn cameras and that the recordings reflect the encounter at 3867 Pin Oak Road. Except as admitted, paragraph 156 is denied.

157. Paragraph 157 is denied.

158. The City admits that agents from the North Carolina State Bureau of Investigation ("SBI") obtained search warrants for 3863 and 3867 Pin Oak Road and that drugs, a firearm, and $20,000.00 were recovered from within 3863 Pin Oak Road. Except as admitted, the City lacks sufficient knowledge or information to base a belief as to the remaining allegations in paragraph 158 and therefore denies them.

159. Paragraph 159 is denied.

160. Paragraph 160 is denied.

161. The City admits that a search warrant was served on February 12, 2020 at 3810 Grey Harbor Drive, Apartment 102 ("Apartment 102") and that an African American woman was within Apartment 102. Except as admitted, the City lacks sufficient knowledge or information to base a belief as to the remaining allegations in paragraph 161 and therefore denies them.

162. The City lacks sufficient knowledge or information to base a belief as to the allegations in paragraph 162 and therefore denies them.

163. The City lacks sufficient knowledge or information to base a belief as to the allegations in paragraph 163 and therefore denies them

164. The City admits that it has provided law enforcement recordings to Abraham Schewel in accordance with and under the terms contained in certain orders issued by Wake County Superior Court Judges. Except as admitted, paragraph 164 is denied

165.     The City admits that officers serving the search warrant at Apartment 102 wore bodyworn cameras and that the recordings reflect the encounter at Apartment 102.  Except as admitted, paragraph 165 is denied.

166.     The City admits that officers serving the search warrant at Apartment 102 wore bodyworn cameras and that the recordings reflect the encounter at Apartment 102.  Except as admitted, paragraph 166 is denied.

167.     The City admits that officers serving the search warrant at Apartment 102 wore bodyworn cameras and that the recordings reflect the encounter at Apartment 102.  Except as admitted, paragraph 167 is denied.

168.     Paragraph 168 is denied.

169.     Paragraph 169 is denied.

170.     Paragraph 170 is denied.

171.     Paragraph 171 is denied.

172.     Paragraph 172 is denied.

173.     Paragraph 173 is denied.

174.     Paragraph 174 is denied.

175.     Paragraph 175 is denied.

176.     Paragraph 176 is denied.

177.     Paragraph 177 is denied.

178.     The City admits that officers carrying out a search warrant at 5009 Royal Acres Road wore bodyworn cameras and that the recordings reflect the encounter.  Except as admitted, paragraph 178 is denied.

179.    The City admits that officers carrying out a search warrant at 5009 Royal Acres Road wore bodyworn cameras and that the recordings reflect the encounter.  Except as admitted, paragraph 179 is denied.

180.    Paragraph 180 is denied.

181.    Paragraph 181 is denied

182.    The City admits that the Raleigh Police Department policy 1110-08, Searches and Seizures: Investigative Stops and Frisks, is a writing that is the best evidence of its contents. Except as admitted, paragraph 182 is denied.

183.    The City admits that the Raleigh Police Department policy 1110-08, Searches and Seizures: Investigative Stops and Frisks, is a writing that is the best evidence of its contents. Except as admitted, paragraph 183 is denied.

184.    The City admits that the Raleigh Police Department policy 1110-08, Searches and Seizures: Investigative Stops and Frisks, is a writing that is the best evidence of its contents. Except as admitted, paragraph 184 is denied.

185.    The City admits that the Raleigh Police Department policy 1110-08, Searches and Seizures: Investigative Stops and Frisks, is a writing that is the best evidence of its contents. Except as admitted, paragraph 185 is denied.

186.    The City admits that the Raleigh Police Department policy 1110-08, Searches and Seizures: Investigative Stops and Frisks, is a writing that is the best evidence of its contents. Except as admitted, paragraph 186 is denied.

187.    The City lacks sufficient knowledge or information to form a belief and therefore denies paragraph 187.

188.    Paragraph 188 is denied.

189.     The City lacks sufficient knowledge or information to form a belief and therefore denies paragraph 189.

190.     The City lacks sufficient knowledge or information to form a belief and therefore denies paragraph 190.

191.     The City lacks sufficient knowledge or information to form a belief and therefore denies paragraph 191.

192.     The City lacks sufficient knowledge or information to form a belief and therefore denies paragraph 192.

## PLAINTIFFS' ALLEGED INJURIES AND DAMAGES

193.     The allegations of paragraph 193 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 193 is denied.

194.     The City lacks knowledge or sufficient information to form a belief and therefore denies paragraph 194.

195.     Paragraph 195 is denied.

## FIRST CLAIM
**(Alleged Fourth Amendment claim: Unlawful Entry and Search of Plaintiffs' Homes Against "RPD VICE Defendants," 42 U.S.C. § 1983)**

196.     The City incorporates by reference its responses to paragraphs 1 through 195 of the amended complaint as if fully set forth herein.  The City also acknowledges that this First Claim applies by its terms only to the "RPD VICE Defendants:" Mr. Abdullah, Det. Monroe, Det. Rattelade, Det. Gwinn, and Sgt. Rolfe.

197.     Paragraph 197 is denied.

198.     The City admits that a supervisor is required to review a search warrant.  Except as admitted, paragraph 198 is denied.

199. The City admits that the contents of the Search Warrant are the best evidence of its terms, including the probable cause affidavit provided by Mr. Abdullah. Except as admitted, paragraph 199 is denied.

200. The City admits that Drugs & Vice records include Receipt of Informant Funds forms dated May 20, 2020 and that the forms are the best evidence of their contents. Except as admitted, paragraph 200 is denied.

201. The City admits that Mr. Abdullah applied for the Search Warrant. Except as admitted, paragraph 201 is denied.

202. The City admits that certain RPD officers met on May 21, 2020 before carrying out the search warrant for 1628-B. Except as admitted, paragraph 202 is denied.

203. Except as previously admitted herein, paragraph 203 is denied.

204. The City is informed and believes, and therefore admits, that Detective Monroe or Detective Rattelade told Mr. Abdullah on two occasions that the substance produced by Williams did not appear to be heroin and that the creation, possession with the intent to sell or deliver, and the sale or delivery of a counterfeit controlled substance is illegal pursuant to N.C. Gen. Stat. § 90-95(a)(2). Except as admitted, paragraph 204 is denied.

205. The City is informed and believes, and therefore admits, that Detective Monroe or Detective Rattelade told Mr. Abdullah on two occasions that the substance produced by Williams did not appear to be heroin, that the creation, possession with the intent to sell or deliver, and the sale or delivery of a counterfeit controlled substance is illegal pursuant to N.C. Gen. Stat. § 90-95(a)(2), and that the Search Warrant is the best evidence of its contents. Except as admitted, paragraph 205 is denied.

206. The City lacks sufficient knowledge or information to form a belief and therefore denies paragraph 206.

207. The City admits that the Search Warrant is the best evidence of its contents. Except as admitted, paragraph 207 is denied.

208. Paragraph 208 is denied.

209. The City admits that certain RPD officers entered 1628-B on May 21, 2020 pursuant to the Search Warrant. Except as admitted, the City lacks sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 209 and therefore denies them.

210. Paragraph 210 is denied.

211. The City admits that 1628-A was not listed on the Search Warrant. Except as admitted, paragraph 211 is denied.

212. The allegations of paragraph 212 state legal conclusions and arguments to which no response is required. To the extent a response is deemed necessary, paragraph 212 is denied.

## SECOND CLAIM

**(Alleged Fourth Amendment claim: Injunctive and Declaratory Relief Against the City: Unlawful "No Knock" or "Quick Knock" Entry of Plaintiffs' Homes, 42 U.S.C. § 1983)**

213. The City incorporates by reference its responses to paragraphs 1 through 212 of the amended complaint as if fully set forth herein.

214. The City admits that on May 21, 2020, individuals were outside 1628-B when SEU officers approached. Except as admitted, paragraph 214 is denied.

215. The City admits that officers approaching 1628-B wore bodyworn cameras and that the recordings reflect the encounter. Except as admitted, paragraph 215 is denied.

216. Paragraph 216 is denied.

217.    The allegations of paragraph 217 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 217 is denied.

## THIRD CLAIM

**(Alleged Fourth Amendment: Unlawful Arrest and Seizure of Plaintiffs Against RPD VICE Defendants, 42 U.S.C. § 1983)**

218.    The City incorporates by reference its responses to paragraphs 1 through 217 of the amended complaint as if fully set forth fully herein.

219.    Paragraph 219 is denied.

220.    Paragraph 220 is denied.

221.    The City admits that Mr. Abdullah relied on information and his beliefs as set out in the probable cause affidavit included in the Search Warrant to obtain the Search Warrant. Except as admitted herein, paragraph 221 is denied.

222.    The City admits that an individual was handcuffed on May 21, 2020 and that officers wore bodyworn cameras that were recording during the encounter.  Except as admitted, paragraph 222 is denied.

223.    Paragraph 223 is denied.

224.    The allegations of paragraph 224 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 224 is denied.

## FOURTH CLAIM

**(Alleged Fourth and Fourteenth Amendment claims: Fabrication of Evidence in Violation of Due Process of Law Against RPD VICE Defendants, 42 U.S.C. § 1983)**

225.    The City incorporates by reference its responses to paragraphs 1 through 224 of the amended complaint as if set forth fully herein.

226.    Paragraph 226 states legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, the City admits that the legal authorities

cited in footnote 8 are documents in writing that speak for themselves.  Except as admitted, paragraph 226 is denied.

227.    The City admits that Williams has been indicted on multiple felony charges of obstructing justice.  Except as admitted, paragraph 227 is denied.

228.    The City is informed and believes, and therefore admits, that Detective Monroe or Detective Rattelade told Mr. Abdullah on two occasions that the substance produced by Williams did not appear to be heroin and that the creation, possession with the intent to sell or deliver, and the sale or delivery of a counterfeit controlled substance is illegal pursuant to N.C. Gen. Stat. § 90-95(a)(2).  Except as admitted, paragraph 228 is denied.

229.    Paragraph 229 is denied.

230.    The City admits that Williams was suspended as a confidential informant on May 22, 2020.  Except as admitted, paragraph 230 is denied.

231.    Paragraph 231 is denied.

232.    The City lacks sufficient knowledge or belief as to the truth of the allegations contained in paragraph 232 and therefore denies them.

233.    The City lacks sufficient knowledge or belief as to the truth of the allegations contained in paragraph 233 and therefore denies them.

234.    Paragraph 234 is denied.

235.    The City admits that the Search Warrant was carried out on May 21, 2020.  Except as admitted, the City lacks sufficient knowledge or information to base a belief as to the remaining allegations of paragraph 235 and therefore denies them.

236.    The allegations of paragraph 236 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 236 is denied.

## FIFTH CLAIM

### (Alleged Fourth and Fourteenth Amendments: Failure to Intervene Against RPD VICE Defendants, 42 U.S.C. § 1983)

237. The City incorporates by reference its responses to paragraphs 1 through 236 of the amended complaint as if fully set forth herein.

238. The allegations of paragraph 238 state legal conclusions and arguments to which no response is required. To the extent a response is deemed necessary, paragraph 238 is denied.

239. Paragraph 239 is denied.

240. The City is informed and believes, and therefore admits, that Detective Monroe or Detective Rattelade told Mr. Abdullah on two occasions that the substance produced by Williams did not appear to be heroin and that the creation, possession with the intent to sell or deliver, and the sale or delivery of a counterfeit controlled substance is illegal pursuant to N.C. Gen. Stat. § 90-95(a)(2). Except as admitted, paragraph 240 is denied.

241. Paragraph 241 is denied.

242. Paragraph 242 is denied.

243. Paragraph 243 is denied.

244. The City admits that Mr. Abdullah obtained the Search Warrant. Except as admitted, paragraph 244 is denied.

245. The allegations of paragraph 245 state legal conclusions and arguments to which no response is required. To the extent a response is deemed necessary, paragraph 245 is denied.

## SIXTH CLAIM
### (Alleged Civil Conspiracy claim Against RPD Vice Defendants, 42 U.S.C. § 1983)

246. The City incorporates by reference its responses to paragraphs 1 through 246 of the amended complaint as if set forth fully herein.

247.    Paragraph 247 is denied.

248.    The City admits that Williams periodically worked as a confidential informant until May 22, 2020.  Except as admitted, paragraph 248 is denied.

249.    Paragraph 249 is denied.

250.    Paragraph 250 is denied.

251.    Paragraph 251 is denied.

252.    The allegations of paragraph 252 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 252 is denied.

## SEVENTH CLAIM

**(Alleged Failure to Train and or Supervise claim Against Sergeant Rolfe, 42 U.S.C. § 1983)**

253.    The City incorporates by reference its responses to the allegations of paragraphs 1 through 252 of the amended complaint as if set forth fully herein.

254.    As alleged, paragraph 254 is denied.

255.    The City is informed and believes that Detective Monroe and Detective Rattelade raised certain concerns to Sgt. Rolfe.  Except as indicated, paragraph 255 is denied.

256.    Paragraph 256 provides insufficient information to allow the City to admit or deny statements by Sgt. Rolfe.  For this reason, the City lacks sufficient knowledge or information upon which to base a belief and therefore denies paragraph 256.

257.    Paragraph 257 provides insufficient information to allow the City to admit or deny statements by Sgt. Rolfe.  For this reason, the City lacks sufficient knowledge or information upon which to base a belief and therefore denies paragraph 257.

258.     The City admits that Sgt. Rolfe was Mr. Abdullah's supervisor and that on May 21, 2020 a supervisor was expected to review a proposed search warrant.  Except as admitted, paragraph 258 is denied.

259.     The City admits that Sgt. Rolfe was expected to supervise Mr. Abdullah in accordance with City and RPD policies and procedures.  Except as admitted herein, paragraph 259 is denied.

260.     The City admits that Sgt. Rolfe was expected to supervise Mr. Abdullah in accordance with City and RPD policies and procedures.  Except as admitted herein, paragraph 260 is denied.

261.     Paragraph 261 is denied.

262.     Paragraph 262 is denied.

263.     The allegations of paragraph 263 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 263 is denied.

## EIGHTH CLAIM

### (Alleged Fourth Amendment claim: Excess Force by RPD SEU Defendants, 42 U.S.C. § 1983)

264.     The City incorporates by reference its responses to paragraphs 1 through 263 of the amended complaint as if fully set forth herein.

265.     Paragraph 265 is denied.

266.     The City admits that officers making the initial entry into 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B.  Except as admitted, paragraph 266 is denied.

267.     The City admits that certain officers entering 1628-B while carrying out the Search Warrant wore bodyworn cameras and that the recordings reflect the encounter at 1628-B. Except as admitted, paragraph 267 is denied.

268.     The allegations of paragraph 268 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 268 is denied.

### NINTH CLAIM

**(Alleged False Imprisonment claim Under North Carolina State Law Against RPD Individual Defendants)**

269.     The City incorporates by reference its responses to paragraphs 1 through 268 of the amended complaint as if fully set forth herein.

270.     The City lacks sufficient knowledge or information to form a belief and therefore denies paragraph 270.

271.     The City admits that certain officers carrying out the Search Warrant for 1628-B wore bodyworn cameras and that the recordings reflect their encounter.  Except as admitted, paragraph 271 is denied.

272.     The allegations of paragraph 272 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 272 is denied.

### TENTH CLAIM

**(Alleged Monell Liability Against the City: Failure to Supervise and Monitor the Confidential Informant Program, 42 U.S.C. § 1983)**

273.     The City incorporates by reference its responses to the allegations contained in paragraphs 1 through 272 of the amended complaint as if fully set forth herein.

274.     Paragraph 274 is denied.

275.     Paragraph 275 is denied.

276.     Paragraph 276 is denied.

277.     The City admits that it has provided law enforcement recordings to Abraham Schewel pursuant to certain orders issued by Wake County Superior Court Judges.  Except as admitted, paragraph 277 is denied.

278.     The City admits that N.C. Gen. Stat. § 132-1.4A applies to law enforcement recordings.  Except as admitted herein, paragraph 278 is denied.

279.     The City lacks sufficient knowledge or information to form a belief and therefore denies paragraph 279.

280.     Paragraph 280 is denied.

281.     Paragraph 281 is denied.

282.     Paragraph 282 is denied.

283.     Paragraph 283 is denied.

284.     Paragraph 284 is denied.

285.     The allegations of paragraph 285 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 285 is denied.

286.     Paragraph 286 is denied.

287.     The allegations of paragraph 278 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 287 is denied.

## ELEVENTH CLAIM

**(Alleged Fourth Amendment: Monell Liability and Injunctive and Declaratory Relief, Against the City: "No Knock" or "Quick Knock" Raids, 42 U.S.C. § 1893)**

288.     The City incorporates by reference its responses to paragraphs 1 through 287 of the amended complaint as if fully set forth herein.

289.     The City admits that it operates under a Council-Manager form of municipal government, that Ruffin Hall has served as the City's City Manager, that Marchell Adams-David presently serves as the City's City Manager, that Cassandra Deck-Brown has served as the City's Police Chief, and that Estella Patterson presently serves as the City's Police Chief.  Except as admitted, paragraph 289 is denied.

290.     Paragraph 290 is denied.

291.     Paragraph 291 is denied.

292.     Paragraph 292 is denied.

293.     The City admits that as a part of its settlement in *Washington, et al. v. City of Raleigh, et al.*, the City required the settling plaintiffs to provide it with a complete copy of the report prepared by their expert retained for litigation, that the report was prepared prior to discovery, and that the report is a writing that speaks for itself.  Except as admitted, paragraph 293 is denied.

294.     Paragraph 294 is denied.

295.     The allegations of paragraph 295 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 295 is denied.

296.     Paragraph 296 is denied.

297.     The allegations of paragraph 297 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 297 is denied.

## TWELFTH CLAIM

**(Alleged Fourth Amendment: Monell Liability and Injunctive and Declaratory Relief, Against the City: "No Knock" or "Quick Knock" Raids, 42 U.S.C. § 1893)**

298.     The City incorporates by reference its responses to paragraphs 1 through 297 of the amended complaint as if fully set forth herein.

299.     Paragraph 299 is denied.

300.     Paragraph 300 is denied.

301.     Paragraph 301 is denied.

302.     The allegations of paragraph 302 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 302 is denied.

303.     In addition, any allegation of the amended complaint that has not previously been specifically admitted is denied.

## SECOND DEFENSE

EmancipateNC, any Plaintiffs seeking injunctive relief, Plaintiffs who provided consent to actions they now claim are unconstitutional, and any Plaintiff determined not to be a resident of a property described in the amended complaint all lack standing to bring this action.

## THIRD DEFENSE

Plaintiffs cannot establish that constitutional harm or violation of federal rights was inflicted upon them by the RPD officers identified in the amended complaint.  For this reason, Plaintiffs have no viable *Monell* claim.  *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam).

## FOURTH DEFENSE

Legal justification is pled as an affirmative defense in bar of Plaintiffs' claims and recovery in this action, specifically including lawful conduct, consent, exigent circumstances, futility, reasonable suspicion, and probable cause.

## FIFTH DEFENSE

Plaintiffs' amended complaint alleges that their claims are the result of a conspiracy and of illegal misconduct by a small group of individuals over a limited period of time. The conduct alleged in the amended complaint is so egregious and improper that any reasonable officer would know of its unlawfulness. The amended complaint alleges that the City acted when it discovered the issues involving Williams. Thus, Plaintiffs' claims arise from the misconduct they allege, and not from any alleged omission by the City.

## SIXTH DEFENSE

Plaintiffs' claims against the City are barred by the isolated incident rule.

## SEVENTH DEFENSE

As an affirmative defense, the City alleges that no act or actionable omission by the City was an affirmative causal link to any of injury for which Plaintiffs seek to recover.

## EIGHTH DEFENSE

The City incorporates herein by reference affirmative defenses raised by the individual defendants other than qualified immunity.

## NINTH DEFENSE

According to the amended complaint, once on notice of matters involving Williams, the City did not tolerate the misconduct and acted. The City did not violate any of Plaintiffs' established federal statutory or Constitutional rights. The City's actions after receiving notice of Williams' misconduct bar Plaintiffs' claims.

## TENTH DEFENSE

Plaintiffs' claims for damages are barred, reduced, and/or limited pursuant to applicable statutory provisions and common law doctrines regarding limitations on costs and awards, mitigation of damages, failure to plead special damages, and setoffs.

## ELEVENTH DEFENSE

Plaintiff EmancipateNC has been in existence as a corporate entity since 1975. Plaintiff EmancipateNC has failed to timely raise issues that it now asserts in the amended complaint. Plaintiff EmancipateNC's claims are barred by statutes of limitation and repose.

## TWELFTH DEFENSE

Plaintiff EmancipateNC has been in existence as a corporate entity since 1975. Plaintiff EmancipateNC has failed to timely raise issues that it now asserts in the amended complaint. Plaintiff EmancipateNC's claims are barred by laches.

## THIRTEENTH DEFENSE

Plaintiff EmancipateNC fails to meet the case or controversy requirement of Article III of the United States Constitution.

## FOURTEENTH DEFENSE

An adequate remedy at law bars any claim for injunctive relief.

## FIFTEENTH DEFENSE

Claims against City officials in their official capacity are duplicative of the claim against the City of Raleigh and, therefore, should be dismissed.

## SIXTEENTH DEFENSE

The City is a municipal corporation which was, at all times relevant herein, performing law enforcement services, a governmental function. The City and its law enforcement officers in their

official capacities are protected by governmental immunity in the performance of governmental functions, and this immunity has not been waived. Therefore, to the extent that Plaintiffs attempt to assert any State law claim against the City, governmental immunity is pled in bar of any right to recovery.

## RESERVATION OF RIGHTS

The City reserves the right to plead additional affirmative defenses as the claims of the Plaintiffs are more fully disclosed during the course of this litigation.

## JURY DEMAND

Pursuant to N.C. Gen. Stat. § 160A-485, the City does not request a trial by jury on issues related to insurance or immunity should those issues arise. The City does, however, request a jury trial on all other issues so triable.

**WHEREFORE,** having fully answered the amended complaint of the Plaintiffs, the City respectfully requests that the Court:

1. Dismiss this action;

2. Deny Plaintiffs' prayer for relief in its entirety;

3. Order that Plaintiffs have and recover nothing from the Defendants;

4. Tax the costs of this action against the Plaintiffs, including reasonable attorneys' fees for the defense of this action by the City and the individual defendants; and,

5. Grant such other and further relief in favor of the Defendants as the Court deems just and proper.

Respectfully submitted, this the 14th day of July, 2022.

CITY OF RALEIGH
**Robin L. Tatum, City Attorney**

By:    /s/ Dorothy V. Kibler
           DOROTHY V. KIBLER
           Deputy City Attorney
           N.C. Bar No. 13751
           PO Box 590
           Raleigh, NC 27602
           Tel:  (919) 996-6560
           Fax:  (919) 996-7021
           Dorothy.Kibler@raleighnc.gov

*Counsel for City of Raleigh, Police Chief Police Estella Patterson in her official capacity, and City Manager Marchell Adams-David in her official capacity*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:22-cv-68-BO

YOLANDA IRVING, et al., )
)
Plaintiffs, )
)
v. )                    **CERTIFICATE OF SERVICE**
)
THE CITY OF RALEIGH, et al. )
)
Defendants. )

I hereby certify that on July 14, 2022, I electronically filed the foregoing **ANSWER** with

the Clerk of Court using the CM/ECF system, which sends notification of such filling to all counsel

of record as follows:


Abraham Rubert-Schewel
Tin Fulton Walker & Owen, PLLC
119 E. Main Street
Durham, NC 27701
schewel@tinfulton.com
*Counsel for Plaintiffs*

Emily Gladden
Tin Fulton Walker & Owen, PLLC
204 N. Person Street
Raleigh, NC 27601
egladden@tinfulton.com
*Counsel for Plaintiffs*


Michael Littlejohn, Jr.
Littlejohn Law, PLLC
PO Box 16661
Charlotte, NC 28297
mll@littlejohn-law.com
*Counsel for Plaintiffs*

Jason Benton
Parker Poe Adams & Bernstein, LLP
620 South Tyson Street, Suite 800
Charlotte, NC 28202
jasonbenton@parkerpoe.com
*Counsel for Defendant Abdullah*

Rodney Pettey
Samuel Thompson, Jr.
Yates McLamb & Weyher, LLP
PO Box 2889
Raleigh, NC 27602
*Counsel for Defendants Monroe, Rattelade,
and Gay*

Norwood Blanchard, III
Crossley McIntosh Collier, & Edes, PLLC
5002 Randall Parkway
Wilmington, NC 28403
norwood@cmclawfirm.com
*Counsel for Defendant Rolfe*

Ian Mance
Elizabeth Simpson
Emancipate NC, Inc.
ian@emancipatenc.org
elizabeth@emancipatenc.org
*Counsel for Plaintiffs*

**CITY OF RALEIGH**
**Robin L. Tatum, City Attorney**

By:    /s/ Dorothy V. Kibler
       DOROTHY V. KIBLER
       Deputy City Attorney
       N.C. Bar No. 13751
       PO Box 590
       Raleigh, NC 27602
       Tel:  (919) 996-6560
       Fax:  (919) 996-7021
       Dorothy.Kibler@raleighnc.gov

*Counsel for City of Raleigh, Police Chief Estella Patterson in her official capacity, and City Manager Marchell Adams-David in her official capacity*