IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-cv-00068-BO

| | |
|---|---|
| YOLANDA IRVING, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF RALEIGH, et al., <br><br> Defendants. | **CONSENT PROTECTIVE ORDER FOR HIGHLY CONFIDENTIAL MATERIALS** |

The parties have jointly moved the Court pursuant to Local Civil Rule 7.1 and Rule 26(c) of the Federal Rules of Civil Procedure for entry of a Consent Protective Order to allow access to certain materials that, if released, could pose a security risk to sworn officers within the Raleigh Police Department and to members of cooperating local, State, and federal law enforcement agencies. In addition, general release of these materials or information contained in them could interfere with law enforcement investigations.

Given the nature of Plaintiffs' allegation in this action, the parties anticipate that providing these materials to counsel appearing of record in this action could assist in alternate dispute resolution efforts, expedite the flow of discovery materials if discovery is needed, facilitate the prompt resolution of discovery disputes, as well as disputes concerning confidentiality, protect those materials designated by a law enforcement agency or law enforcement officer as highly confidential ("Highly Confidential Materials"), and ensure that protection is afforded only to materials so designated.

IT IS HEREBY ORDERED THAT:

1

1. **General Scope of the Order.** This Consent Protective Order shall govern the provision of Highly Confidential Materials:

   a) provided to counsel in advance of the August 15, 2022, Court-hosted settlement conference; and

   b) produced in response to any discovery request or other request for information by the parties in this action, specifically including, but not limited to, answers to requests for admissions; answers to interrogatories; responses to requests for production of documents and documents produced in accordance therewith; documents subpoenaed in connection with depositions; deposition testimony; and any deposition transcript or portion thereof as to which protection is sought in accordance with this Order.

Notwithstanding the foregoing, this Order shall not prejudice the right of any party to object to discovery or admissibility on other grounds.

2. The following documents and/or information may be designated as "Highly Confidential Materials" pursuant to this Order:

   a) information and/or documents containing Sensitive Public Security Information as defined by N.C.G.S. § 132-1.7, specifically including RPD Departmental Operating Instructions that are confidential and not released by RPD to the public; or

   b) information and/or documents that disclose law enforcement techniques, guidelines, and/or procedures if disclosure of such information and/or documents could reasonably be expected to risk circumvention of the law,

2

endanger witness and law enforcement personnel, or hinder law enforcement's ability to conduct ongoing or future investigations.

3. **Redaction of Certain Information.** The parties shall be allowed to redact the following information if it appears in any document provided pursuant to this Order: (a) Social Security numbers and (b) financial account numbers. The enumeration of categories for redaction in this section is not intended to preclude the parties from redaction of other information as the parties deem necessary or appropriate under a good-faith interpretation of applicable law. The producing party, however, must provide a "Redaction Log," which identifies what information, other than Social Security or financial account numbers, was redacted and cites the good-faith legal basis for withholding such information.

4. **Designation as Confidential: Good Faith Requirement.** Any party producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation may designate qualifying documents or information as "Highly Confidential Materials," in accordance with the procedures set forth herein. Such information could include a document or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such information, or other materials as set forth in Paragraph 2 of this Order. If only portions of a document contain Highly Confidential Material, the party providing the document shall designated only such portion. Designation as Highly Confidential Material shall be made at the time the information is produced or furnished, or at a later time as provided herein.

No party may designate information as "Highly Confidential Materials" without first determining in good faith that the information may be so designated as provided in this Order and as contemplated by Rule 26(c) of the Federal Rules of Civil Procedure.

3

5. **Procedure for Designating Information as Highly Confidential.** Parties may designate "Highly Confidential Materials" in the following manner:

   a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the phrase "Highly Confidential – Attorneys' Eyes Only" by stamp or other method which will make the phrase conspicuous;

   b) In the case of answers to interrogatories, designation shall be made by placing the phrase "Highly Confidential – Attorneys' Eyes Only" adjacent to or at the end of any answer deemed to contain confidential information. Alternatively, answers deemed to contain confidential information may be bound separately and marked with the phrase "Highly Confidential – Attorneys' Eyes Only"; and

   c) In the case of depositions or other pretrial testimony in this action by parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that Highly Confidential Materials are about to be or have been disclosed. Alternatively, a party may designate information disclosed at such deposition as Highly Confidential Materials by informing all parties in writing, within thirty (30) days of receipt of the transcript or other date as agreed upon by the parties, of the specific pages and lines of the deposition transcript which are deemed Highly Confidential. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. All depositions shall be treated as Highly Confidential for a period of thirty (30) days after a full and complete transcript of the deposition is available or other date as agreed upon by the parties. Unless the parties intend to

4

designate all of the information contained within a particular document or deposition testimony as Highly Confidential Materials, counsel for that party should indicate in a clear fashion the specific portion of the document or testimony which is intended to be designated as Highly Confidential.

6. **Restricted Use of Confidential Information.** The use of information designated as "Highly Confidential Materials" will be restricted as specifically indicated below:

   a) "Highly Confidential Material" may be used solely in this action and not in other litigation; and

   b) Documents/information designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order shall not be disclosed to any person except the following individuals:

      (i) The court and its personnel;

      (ii) Counsel for the parties to this action and employees of said counsel as well as insurers of the parties;

      (iii) Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of the Confidentiality Agreement attached as Exhibit A;

      (iv) Court reporters or videographers engaged to record depositions, hearings, or the trial in this action where documents or information

5

designated as "Highly Confidential – Attorneys' Eyes Only" is discussed; and,

(v) Parties or witnesses at a deposition, hearing, or trial in this action where documents or information designated as "Highly Confidential – Attorneys' Eyes Only" is discussed.

(vi) Defendants, in preparation for deposition, hearing, and trial testimony.

(vii) Any mediator engaged by the named parties in connection with this action.

(viii) In the event that counsel for any party withdraws from representation during the pendency of this litigation and the party proceeds *pro se*, any "Highly Confidential – Attorneys' Eyes Only" information or documents disclosed to withdrawing counsel may thereafter be disclosed to the *pro se* party only after the *pro se* party signs a copy of the form attached hereto as Exhibit A and accordingly agrees to abide by the terms of Exhibit A and this Order.

c) Counsel shall maintain in a secure manner all Highly Confidential Material received pursuant to this Order.

d) Documents produced pursuant to this Order and the contents of those documents shall not be used for any purpose other than evidence in this litigation and may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, counsel, consultant, staff person or Court personnel.

6

e) Nothing in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent.

7. **Acknowledgment of Order**. All persons to whom Highly Confidential Materials are disclosed pursuant to this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to insure that persons authorized to receive Highly Confidential Materials pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them. Any person other than employees or officials of the City of Raleigh, the City's excess insurer, counsel of record, employees of counsel of record, the Court and its personnel, and Court reporters and their staff must execute the form attached hereto as Exhibit A prior to the disclosure of Highly Confidential Materials, which shall be maintained in confidence by the counsel disclosing such information. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

8. **Inadvertent Disclosure.** In the event a party inadvertently produces materials which should have been, but were not, marked with the phrase "Highly Confidential – Attorneys' Eyes Only" the party may designate such materials as "Highly Confidential – Attorneys' Eyes Only" by notifying counsel of the error and producing the documents again, with the "Highly Confidential – Attorneys' Eyes Only" designation, within twenty (20) days of discovery of the inadvertent production. The parties will then treat these documents as if they had been marked with the phrase "Highly Confidential – Attorneys' Eyes Only" when they were first produced, destroy any documents and copies not so marked, and certify as to such destruction to all counsel.

9. **Use of Highly Confidential Materials in this Case.** Parties shall seek to file Highly Confidential Materials under seal and shall file appropriate motions in accordance with

Fed. R. Civ. P. 79.2, the Court's Electronic Case Filing Administrative Policies and Procedures Manual, and other applicable law. Nothing in this Order shall prevent or impair the use by a party of Highly Confidential Materials as described in Order in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court at any deposition, hearing, conference, or other proceeding prior to trial so long as confidentiality of such information is protected as provided herein. Nothing in this Order shall prevent or impair the use by a party of Highly Confidential Materials as set forth in this Order at trial in accordance with any rules established by the Court.

10. **Restricted Access Documents.**

   a) **Sealed Documents:** Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying: (1) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (2) where it is necessary for the Court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption of access; (3) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (4) the reasons why alternatives to sealing are inadequate; and (5) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court.

11. **Challenging Confidentiality.** Acceptance by a party of any information, document, or thing identified as "Highly Confidential" pursuant to this Order shall not constitute a concession that the information, documents, or things are Highly Confidential Materials. In the event of a dispute, objecting counsel shall detail in writing the reasons why the materials do not constitute Highly Confidential Materials in accordance with this Order. Counsel shall first attempt to resolve such disputes of confidentiality between themselves. If Counsel are unable to agree on any such issue, counsel seeking protection of a document must bring the issue before the Court within a reasonable time after the parties determine that they cannot resolve the dispute and shall bear the burden of demonstrating that such information constitutes "Highly Confidential Materials" in accordance with this Order. No disclosure of such information shall occur pending resolution of any dispute under this paragraph.

12. **Right to Object.** Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All parties retain the right to apply to the Court for an order affording additional protection to Highly Confidential Materials as the circumstances may warrant. Nothing contained herein shall prevent a party, or the parties jointly, from seeking modifications to this Order.

13. **Disclosure.** Nothing contained herein shall prevent a party from disclosing, revealing or using any documents, materials or other information which is already lawfully in the possession of that party, is a matter of public record, or which that party lawfully obtains from any source other than a party to this litigation, and this Order shall not otherwise apply to such documents, materials or other information.

9

14. **Return of Confidential Information.** Highly Confidential Materials and copies shall be returned to the producing party within ninety (90) days of the conclusion of this litigation (and any appeals). At the option of the producing party, destruction of such Highly Confidential Materials and copies may be authorized instead. The party returning or destroying such document shall provide attestation as to such return or destruction. Provided, however, that counsel for either party may retain one copy of all documents marked Confidential for retention in their files only pursuant to any statutory records retention requirements including, but not limited to N.C.G.S. § 132-3, and applicable Bar rules and regulations.

15. **Modification of this Order.** In the event of further proceedings in this action, if any of the parties hereto believe that this Order unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation, or provides insufficient protection regarding discovery materials produced by a party, such party may serve notice upon the parties and request the that Court modify this Order.

16. **Protection of Copies.** All copies, extracts or summaries prepared from Highly Confidential Materials produced hereunder, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be subject to the same terms of this Order as the Highly Confidential Materials from which such copies, extracts, or summaries were prepared, if properly designated. "Summaries," as used herein, shall refer to synopses of the "Highly Confidential Materials" such that the confidential information contained therein is readily apparent from review of such synopses.

17. **Notices.** Notice required under this Order shall be in writing and provided to the attorneys of record in this action. Notice to the parties shall be adequate if given solely to the parties' counsel of record.

10

18. **Effective Date and Survival.** This Order shall be effective immediately. The treatment accorded under this Order shall survive the termination of this lawsuit and the dismissal of any party to this lawsuit.

**IT IS SO ORDERED.**

This the 9 day of August, 2022.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

11

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:22-cv-00068-BO

| | |
|---|---|
| YOLANDA IRVING, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE CITY OF RALEIGH, et al., )<br>)<br>Defendants. )<br>_____ ) | **ACKNOWLEDGMENT OF CONSENT PROTECTIVE ORDER** |

I, _____, declare as follows:

I acknowledge receipt of a copy of the Consent Protective Order for Highly Confidential Materials dated _____, in <u>Yolanda Irving, et al., Plaintiffs, v. The City of Raleigh, North Carolina, et al., Defendants</u>, which is pending in the United States District Court for the Eastern District of North Carolina Western Division, Case No. 5:22-cv-00068-BO, and agree that I:

(1) understand the terms thereof, and agree to comply with and be bound by its provisions with respect to any information provided to me under the terms of this Consent Protective Order for Highly Confidential Materials;

(2) will hold in confidence and will not reveal any information provided to me under the terms of this Consent Protective Order for Highly Confidential Materials to anyone other than such persons designated in Paragraph 6 of this Order; and

(3) will utilize such confidential information solely for the purposes of this litigation.

12

(4) will, at the conclusion of the litigation, return all confidential information to the party or attorney from whom I received it.

I further understand that if I fail to comply with the terms of the Consent Protective Order for Highly Confidential Materials, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: _____, 2022.

_____
SIGNATURE

_____
PRINTED NAME