IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-cv-00068-BO

| | |
|---|---|
| YOLANDA IRVING, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF RALEIGH, et al.,<br><br>Defendants. | **ANSWER OF OFFICIAL CAPACITY DEFENDANTS AND THE CITY OF RALEIGH TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendants Chief of Police Estella Patterson in her official capacity, City Manager Marchell Adams-David in her official capacity, and the City of Raleigh (collectively the "City") respond to Plaintiffs' Second Amended Complaint as follows:

**FIRST DEFENSE**
**(Specifically Responding to the Numbered Paragraphs of the Second Amended Complaint)**

**INTRODUCTION**

1.     The City admits, based upon information and belief, that the individual Plaintiffs are Black.  Except as admitted, the allegations contained in paragraph 1 are denied.

2.     The allegations of paragraph 2 are denied.

3.     The allegations of paragraph 3 are denied.

4.     In response to paragraph 4, it is admitted that the cited U.S. Supreme Court decision is a document in writing that speaks for itself, that the Raleigh Police Department ("RPD") does not use "No Knock" warrants, and that there are risks that accompany the carrying out of search warrants.  The remaining allegations in paragraph 4 are denied for lack of knowledge and information sufficient to form a belief.

5. The allegations of paragraph 5 are denied.

6. It is admitted that the individual Plaintiffs were not charged with a crime as a result of the events of May 21, 2020. Except as admitted, the allegations of paragraph 6 are denied.

7. The allegations of paragraph 7 are denied.

8. The allegations of paragraph 8 are denied.

9. The allegations of paragraph 9 state legal conclusions and arguments to which no response is required. To the extent a response is deemed necessary, paragraph 9 is denied.

## PARTIES

10. The allegations of paragraph 10 are denied for lack of knowledge and information sufficient to form a belief.

11. The allegations of paragraph 11 are denied for lack of knowledge and information sufficient to form a belief.

12. The allegations of paragraph 12 are denied for lack of knowledge and information sufficient to form a belief.

13. The allegations of paragraph 13 are denied for lack of knowledge and information sufficient to form a belief.

14. The allegations of paragraph 14 are denied for lack of knowledge and information sufficient to form a belief.

15. The allegations of paragraph 15 are denied for lack of knowledge and information sufficient to form a belief.

16. The allegations of paragraph 16 are denied for lack of knowledge and information sufficient to form a belief.

2

17.     The allegations of paragraph 17 are denied for lack of knowledge and information sufficient to form a belief.

18.     The allegations of paragraph 18 are denied for lack of knowledge and information sufficient to form a belief.

19.     The allegations of paragraph 19 are denied for lack of knowledge and information sufficient to form a belief.

20.     The City admits that it is a municipal corporation organized under the laws of the State of North Carolina and that the RPD is, and was at all times relevant to the Second Amended Complaint, a component part of the City of Raleigh.  The remaining allegations of paragraph 20 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, the remaining allegations in paragraph 20 are denied.

21.     The allegations of paragraph 21 are denied.

22.     The allegations of paragraph 22 state legal conclusions to which no response is required.  To the extent a response is deemed necessary, based on the allegations contained in the Second Amended Complaint, paragraph 22 is denied.

23.     The City admits that Omar Abdullah was formerly a police detective with the RPD and that Plaintiffs have sued him only in his individual capacity.   Except as admitted, paragraph 23 is denied.

24.     The City admits that William Rolfe is a sworn officer with the RPD and that Plaintiffs have sued him only in his individual capacity.  Except as admitted, paragraph 24 is denied.

3

25.     The City admits that Rishar Pierre Monroe is a sworn officer with the RPD and that Plaintiffs have sued him only in his individual capacity.  Except as admitted, paragraph 25 is denied.

26.     The City admits that Julien David Rattelade is a sworn officer with the RPD and that Plaintiffs have sued him only in his individual capacity.  Except as admitted, paragraph 26 is denied.

27.     The City admits that Meghan Gay is a sworn officer with the RPD and that Plaintiffs have sued her only in her individual capacity.  Except as admitted, paragraph 27 is denied.

28.     The City admits that David Mead is a sworn officer with the RPD and that Plaintiffs have sued him only in his individual capacity. Except as admitted, paragraph 28 is denied.

29.     The City admits that Jesus Ortiz is a sworn officer with the RPD and that Plaintiffs have sued him only in his individual capacity. Except as admitted, paragraph 29 is denied.

30.     The City admits that Kyle Perrin is a sworn officer with the RPD and that Plaintiffs have sued him only in his individual capacity. Except as admitted, paragraph 30 is denied.

31.     The City admits that Michael Mollere is a sworn officer with the RPD and that Plaintiffs have sued him only in his individual capacity. Except as admitted, paragraph 31 is denied.

32.     The City admits that Kyle Thompson is a sworn officer with the RPD and that Plaintiffs have sued him only in his individual capacity. Except as admitted, paragraph 32 is denied.

33.     The City admits that Vincent Debonis is a sworn officer with the RPD and that Plaintiffs have sued him only in his individual capacity. Except as admitted, paragraph 33 is denied.

34.     The City admits that Daniel Twiddy is a sworn officer with the RPD and that Plaintiffs have sued him only in his individual capacity. Except as admitted, paragraph 34 is denied.

35.     The City admits that Thomas Webb is a sworn officer with the RPD and that Plaintiffs have sued him only in his individual capacity. Except as admitted, paragraph 35 is denied.

36.     The City admits that David McDonald is a sworn officer with the RPD and that Plaintiffs have sued him only in his individual capacity. Except as admitted, paragraph 36 is denied.

37.     The City admits that David Garner is a sworn officer with the RPD and that Plaintiffs have sued him only in his individual capacity. Except as admitted, paragraph 37 is denied.

38.     The City admits that an action against a municipal employee in their official capacity is simply another way of bringing suit against a municipal employer.  Except as admitted, paragraph 38 is denied.

39.     The City admits that an action against a municipal employee in their official capacity is simply another way of bringing suit against a municipal employer.  Except as admitted, paragraph 39 is denied.

## JURISDICTION

40.     Paragraph 40 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 40 is denied.

41.     Paragraph 41 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 41 is denied.

## VENUE

42.     Paragraph 42 contains legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, the City admits that the Western District is the proper division for an action against the City that is properly before the United States District Court for the Eastern District of North Carolina.  Except as admitted, paragraph 42 is denied.

## JURY DEMAND

43.     Paragraph 43 does not contain allegations directed at the City and, therefore, no response is required.  To the extend a response is deemed necessary, paragraph 43 is denied.

## PLAINTIFFS' ALLEGED FACTS

44.     In response to paragraph 44, the City admits that Omar Abdullah, Meghan Gay, Rishar Monroe and David Rattelade were members of the RPD Drugs and Vice unit ("Drugs & Vice") on May 21, 2020.   Except as admitted, paragraph 44 is denied.

45.     The City admits that William Rolfe was a Police Sergeant employed by the City and assigned to a Drugs & Vice team as of May 21, 2020.  Except as admitted, paragraph 45 is denied.

46.     The City admits that Drugs & Vice investigates potential violations of and enforces laws related to the sale, distribution, manufacturing, and possession of purported drugs, among other tasks.  Except as admitted, paragraph 46 is denied.

47.     The City admits that detectives within Drugs & Vice utilize confidential informants.  Except as admitted, paragraph 47 is denied.

48.     The City admits that some confidential informants utilized by Drugs & Vice are developed after an arrest, that a district attorney may allow leniency on a charge, and that some

6

confidential informants receive payment for their work.  Except as admitted, paragraph 48 is denied.

49.     The City admits that some confidential informants utilized by Drugs & Vice are asked to provide information to develop criminal suspects and that some confidential informants utilized by Drugs & Vice are asked to make purchases of substances from a criminal suspect. Except as admitted, paragraph 49 is denied.

50.     The City admits that a confidential informant utilized by Drugs & Vice could be provided pre-recorded money to purchase substances from a criminal suspect.  Except as admitted, paragraph 50 is denied.

51.     The City admits that RPD possesses funds used to compensate some confidential informants for their work.  Except as admitted, paragraph 51 is denied.

52.     The City admits that the RPD policy 1110-04, Management of Informants and Informant Funds, is a writing that is the best evidence of its requirements concerning payments to a confidential informant utilized by Drugs & Vice.  Except as admitted, paragraph 52 is denied.

53.     The City admits that members of Drugs & Vice attempt to monitor purchases made by a confidential informant in a controlled buy and that monitoring can include using video and audio surveillance.  Except as admitted, paragraph 53 is denied.

54.     The City admits a controlled buy can be a part of a criminal investigation and that a criminal investigation can lead to an arrest or to a request for a search warrant.  Except as admitted, paragraph 54 is denied.

55.     The City admits that on August 15, 2018, Mr. Abdullah arrested Dennis Leon Williams ("Williams") for violations of N.C. Gen. Stat. § 90-95(a)(2).  Except as admitted, paragraph 55 is denied.

56.     Paragraph 56 is denied for lack of knowledge and information sufficient to form a belief.

57.     Paragraph 57 is denied for lack of knowledge or information sufficient to form a belief.

58.     The City admits that on August 15, 2018, Mr. Abdullah arrested Williams for violations of N.C. Gen. Stat. § 90-95(a)(2).  Except as admitted, paragraph 58 is denied.

59.     The City admits that Williams worked as a confidential informant under Mr. Abdullah's supervision.  Except as admitted, paragraph 59 is denied.

60.     Paragraph 60 is denied.

61.     The City admits that Williams had the code name "Aspirin" or "Asprin" and that Williams is being criminally prosecuted by the Wake County District Attorney's Office.  Except as admitted, paragraph 61 is denied.

62.     The City admits that Williams has a criminal record and prior arrests.  Except as admitted, paragraph 62 is denied.

63.     The City admits that an Assistant District Attorney approved Williams to work as a confidential information.  Except as admitted, paragraph 63 is denied.

64.     The City admits that Williams agreed to work as a confidential informant and that an Assistant District Attorney approved Williams to work as a confidential informant.  Except as admitted, paragraph 64 is denied.

65.     The City admits that Williams reported to Mr. Abdullah and that he completed controlled buys.  Except as admitted, paragraph 65 is denied.

66.     Paragraph 66 is denied.

8

67.     The City admits that Laboratory Reports from the City County Bureau of Investigation ("CCBI") are the best evidence of the types of substances purchased by Williams in 2018.  Except as admitted, paragraph 67 is denied.

68.     The City admits that Detective Nance transferred to a different unit.  Except as admitted, paragraph 68 is denied.

69.     The City admits that in early 2019 Williams was incarcerated in Nash County on a felony larceny charge.  Except as admitted, paragraph 69 is denied.

70.     Paragraph 70 is denied.

71.     Paragraph 71 is denied for lack of knowledge and information sufficient to form a belief.

72.     The City admits that the "Continuation Sheet – Informant Fund Turn-In Report" contained in Drugs & Vice records reflect payments to Williams of $3,545.00.  Except as admitted, paragraph 72 is denied.

73.     Paragraph 73 is denied.

74.     Paragraph 74 is denied.

75.     Paragraph 75 is denied.

76.     The City admits that Williams was suspended as a confidential informant on May 22, 2020.  Except as admitted, paragraph 76 is denied.

77.     Paragraph 77 is denied.

78.     Paragraph 78 is denied.

79.     Paragraph 79 is denied for lack of knowledge and information sufficient to form a belief.

80.     Paragraph 80 is denied.

9

81.     The City admits that Mr. Abdullah stated that he searched Williams before each controlled buy and did not locate any contraband on Williams' person.  Except as admitted, Paragraph 81 is denied.

82.     The City is informed and believes, and therefore admits, that shortly before Williams was suspended as a confidential informant, Drugs & Vice detectives discovered that Williams shielded the surveillance camera on his person in violation of Drugs & Vice procedures and in violation of directions provided to Williams.  Except as admitted, paragraph 82 is denied.

83.     The City is informed and believes, and therefore admits, that in certain controlled buys Williams made in 2019 and 2020, instead of producing the substance actually purchased from the suspect, Williams produced a counterfeit substance and represented that the counterfeit substance was heroin.  Except as admitted on information and belief, paragraph 83 is denied.

84.     The City admits that Mr. Abdullah stated that he searched Williams after each controlled buy and did not locate any contraband on Williams' person.  Except as admitted, Paragraph 84 is denied.

85.     The City admits that Mr. Abdullah violated certain RPD policies and is informed and believes, and therefore admits, that at times during 2019 and 2020 Mr. Abdullah met with Williams alone before or after controlled buys.  Except as admitted, paragraph 85 is denied.

86.     Paragraph 86 is denied.

87.     Paragraph 87 is denied.

88.     Paragraph 88 is denied.

89.     The City is informed and believes, and therefore admits, that Detective Monroe or Detective Rattelade told Mr. Abdullah on two occasions that the substance produced by Williams did not appear to be heroin and that the creation, possession with the intent to sell or deliver, and

10

the sale or delivery of a counterfeit controlled substance is illegal pursuant to N.C. Gen. Stat. § 90-95(a)(2). Except as admitted, the City lacks knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 89 and therefore denies them.

90.     The City is informed and believes, and therefore admits, that Detective Monroe or Detective Rattelade told Mr. Abdullah on two occasions that the substance produced by Williams did not appear to be heroin and that the creation, possession with the intent to sell or deliver, and the sale or delivery of a counterfeit controlled substance is illegal pursuant to N.C. Gen. Stat. § 90-95(a)(2). Except as admitted, the City lacks knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 90 and therefore denies them.

91.     The City is informed and believes, and therefore admits, that in 2020, Detective Monroe field tested the substance produced by Williams and the substance returned a negative field test result for heroin. Except as admitted, paragraph 91 is denied.

92.     The City admits that Mr. Abdullah did not include information in his case report about the negative field test result for heroin reported by Detective Monroe. Except as admitted, paragraph 92 is denied.

93.     Paragraph 93 is denied.

94.     The City admits that CCBI Laboratory Reports are the best evidence of the results of CCBI drug testing. Except as admitted, paragraph 94 is denied.

95.     Paragraph 95 is denied.

96.     The City admits that Mr. Abdullah utilized Williams until RPD suspended Williams as a confidential informant on May 22, 2020. Except as admitted, paragraph 96 is denied.

97.     The City admits that Mr. Abdullah's coworkers in Drugs & Vice spoke with Sergeant Rolfe. Except as admitted, paragraph 97 is denied.

11

98. The City lacks knowledge and information sufficient to form a belief as to the allegations of paragraph 98 and therefore denies them.

99. Paragraph 99 is denied.

100. Paragraph 100 is denied.

101. The City admits that Mr. Abdullah applied to the Wake County Magistrate to issue the search warrant attached as Exhibit 1 to the Declaration of Sergeant D.L. Davis and appearing as docket entry 32-2 in this action ("the Search Warrant"). Except as admitted, paragraph 101 is denied.

102. The City admits that Mr. Abdullah was required to have the Search Warrant reviewed by his supervisor. Except as admitted, paragraph 102 is denied.

103. The City admits that the contents of the Search Warrant are the best evidence of its terms, including the probable cause affidavit provided by Mr. Abdullah. Except as admitted, paragraph 103 is denied.

104. The City admits Drugs & Vice records include Receipt of Informant Funds forms dated May 21, 2020 and that the forms are the best evidence of their contents. Except as admitted, paragraph 104 is denied.

105. Paragraph 105 is denied.

106. Paragraph 106 is denied.

107. The City is informed and believes, and therefore admits, that Detective Monroe or Detective Rattelade told Mr. Abdullah on two occasions that the substance produced by Williams did not appear to be heroin. Except as admitted, paragraph 107 is denied.

108. The City admits that Mr. Abdullah provided the probable cause affidavit contained in the Search Warrant. Except as admitted, paragraph 108 is denied.

12

109.    The City admits that Mr. Abdullah provided the probable cause affidavit contained in the Search Warrant.  Except as admitted, paragraph 109 is denied.

110.    The City admits that Mr. Abdullah provided the probable cause affidavit contained in the Search Warrant.  Except as admitted, paragraph 110 is denied.

111.    The City admits that Mr. Abdullah provided the probable cause affidavit contained in the Search Warrant.  Except as admitted, paragraph 111 is denied.

112.    Paragraph 112 is denied.

113.    The City admits that Mr. Abdullah provided the probable cause affidavit contained in the Search Warrant.  Except as admitted, paragraph 113 is denied.

114.    The City is informed and believes, and therefore admits, that Drugs & Vice detectives learned on May 21, 2020 that Yolanda Irving lived at 1628 Burgundy Street, Apartment B, Raleigh, North Carolina ("1628-B").  Except as admitted, paragraph 114 is denied.

115.    The City lacks knowledge or sufficient information to form a belief as to the allegations in paragraph 115 and therefore denies them.

116.    The City is informed and believes, and therefore admits, that Drugs & Vice detectives learned on May 21, 2020 that Kenya Walton lived at 1628 Burgundy Street, Apartment A, Raleigh, North Carolina ("1628-A").  Except as admitted, paragraph 116 is denied.

117.    The City lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 117 and therefore denies them.

118.    The City lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 118 and therefore denies them.

119.    The City lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 119 and therefore denies them.

13

120.    The City lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 120 and therefore denies them

121.    The City lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 121 and therefore denies them.

122.    The City lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 122 and therefore denies them.

123.    The City lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 123 and therefore denies them.

124.    The City lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 124 and therefore denies them.

125.    The City lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 125 and therefore denies them.

126.    Paragraph 126 is denied.

127.    The City admits that 1628-A is not listed on the Search Warrant.  Except as admitted, paragraph 127 is denied.

128.    Paragraph 128 is denied.

129.    The City admits that officers initially addressing individuals inside 1628-A wore bodyworn cameras and that the recordings reflect the encounter at 1628-A.  Except as admitted, paragraph 129 is denied.

130.    The City admits that officers initially addressing individuals inside 1628-A wore bodyworn cameras and that the recordings reflect the encounter at 1628-A.  Except as admitted, paragraph 130 is denied.

14

131.     The City admits that officers initially addressing individuals inside 1628-B wore bodyworn cameras, that the recordings reflect the encounter at 1628-B, that individuals who spotted officers approaching immediately ran into 1628-B, and that an individual attempted to close the door to 1628-B on the officer who was immediately behind him.  Except as admitted, paragraph 131 is denied.

132.     The City admits that individuals who ran into 1628-B immediately announced police presence.  Except as admitted, the City lacks knowledge and information sufficient to form a belief as to the allegations of paragraph 132 and therefore denies them.

133.     The City admits that officers initially addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B.  Except as admitted, paragraph 133 is denied.

134.     Paragraph 134 is denied.

135.     The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B.  Except as admitted, paragraph 135 is denied.

136.     The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B.  Except as admitted, paragraph 136 is denied.

137.     The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B.  Except as admitted, paragraph 137 is denied.

138.     The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B.  Except as admitted, paragraph 138 is denied.

139.     The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B.  Except as admitted, paragraph 139 is denied.

140.     The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B.  Except as admitted, paragraph 140 is denied.

141.     The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B.  Except as admitted, paragraph 141 is denied.

142.     The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B.  Except as admitted, paragraph 142 is denied.

143.     The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B.  Except as admitted, paragraph 143 is denied.

144.     The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B.  Except as admitted, paragraph 144 is denied.

145.     The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B.  Except as admitted, paragraph 145 is denied.

146.     Paragraph 146 is admitted.

147.     The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B.  Except as admitted, paragraph 147 is denied.

148.     The City admits that officers addressing individuals inside 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B.  Except as admitted, paragraph 148 is denied.

149.     The City lacks knowledge and information sufficient to form a belief and therefore denies paragraph 149.

150.     The City admits that the photograph included in paragraph 150 is an excerpt from the Search Warrant.  Except as admitted, the City lacks knowledge and information sufficient to form a belief and therefore denies paragraph 150.

151.     The City lacks knowledge and information sufficient to form a belief and therefore denies paragraph 151.

152.     The City admits that Williams was suspended as a confidential informant on May 22, 2020.  Except as admitted, paragraph 152 is denied.

153.     The City admits that Mr. Abdullah was placed on administrative duty and on administrative leave.  Except as admitted, paragraph 153 is denied.

154.     Paragraph 154 is admitted.

155. The City denies that paragraph 155 accurately describes activities relevant to this action and therefore denies paragraph 155 in its entirety.

156. The City denies that paragraph 156 accurately describes activities relevant to this action and therefore denies paragraph 156 in its entirety.

157. The City denies that paragraph 157 accurately describes activities relevant to this action and therefore denies paragraph 157 in its entirety.

158. In response to paragraph 158, the City admits that the one U.S. Supreme Court decision cited is a document in writing that speaks for itself. Except as admitted, paragraph 158 is denied.

159. In response to paragraph 159, the City admits that N.C. Gen. Stat. §§ 15A-249 and 15A-251 are documents in writing that speak for themselves. Except as admitted, paragraph 159 is denied.

160. Paragraph 160 is denied.

161. Paragraph 161 is denied.

162. Paragraph 162 is denied.

163. Paragraph 163 is denied.

164. Paragraph 164 is denied.

165. The City admits that officers addressing individuals inside 3867 Pin Oak Road wore bodyworn cameras and that the recordings reflect the encounter at 3867 Pin Oak Road. Except as admitted, paragraph 165 is denied.

166. Paragraph 166 is denied.

167. The City admits that agents from the North Carolina State Bureau of Investigation ("SBI") obtained search warrants for 3863 and 3867 Pin Oak Road and that drugs, a firearm, and

18

$20,000.00 were recovered from within 3863 Pin Oak Road. Except as admitted, the City lacks knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 167 and therefore denies them.

168. Paragraph 168 is denied.

169. Paragraph 169 is denied.

170. The City admits that a search warrant was served on February 12, 2020 at 3810 Grey Harbor Drive, Apartment 102 ("Apartment 102") and that an African American woman was within Apartment 102. Except as admitted, the City lacks knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 170 and therefore denies them.

171. The City lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 171 and therefore denies them.

172. The City lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 172 and therefore denies them

173. The City admits that it has provided law enforcement recordings to Abraham Schewel in accordance with and under the terms contained in certain orders issued by Wake County Superior Court Judges. Except as admitted, paragraph 173 is denied

174. The City admits that officers serving the search warrant at Apartment 102 wore bodyworn cameras and that the recordings reflect the encounter at Apartment 102. Except as admitted, paragraph 174 is denied.

175. The City admits that officers serving the search warrant at Apartment 102 wore bodyworn cameras and that the recordings reflect the encounter at Apartment 102. Except as admitted, paragraph 175 is denied.

19

176.     The City admits that officers serving the search warrant at Apartment 102 wore bodyworn cameras and that the recordings reflect the encounter at Apartment 102.  Except as admitted, paragraph 176 is denied.

177.     Paragraph 177 is denied.

178.     Paragraph 178 is denied.

179.     Paragraph 179 is denied.

180.     Paragraph 180 is denied.

181.     Paragraph 181 is denied.

182.     Paragraph 182 is denied.

183.     Paragraph 183 is denied.

184.     Paragraph 184 is denied.

185.     Paragraph 185 is denied.

186.     Paragraph 186 is denied.

187.     The City admits that officers carrying out a search warrant at 5009 Royal Acres Road wore bodyworn cameras and that the recordings reflect the encounter.  Except as admitted, paragraph 187 is denied.

188.     The City admits that officers carrying out a search warrant at 5009 Royal Acres Road wore bodyworn cameras and that the recordings reflect the encounter.  Except as admitted, paragraph 188 is denied.

189.     Paragraph 189 is denied.

190.     Paragraph 190 is denied

191.     The City admits that the RPD policy 1110-08, Searches and Seizures: Investigative Stops and Frisks, is a writing that is the best evidence of its contents.  Except as admitted, paragraph 191 is denied.

192.     The City admits that the RPD policy 1110-08, Searches and Seizures: Investigative Stops and Frisks, is a writing that is the best evidence of its contents.  Except as admitted, paragraph 192 is denied.

193.     The City admits that the RPD policy 1110-08, Searches and Seizures: Investigative Stops and Frisks, is a writing that is the best evidence of its contents.  Except as admitted, paragraph 193 is denied.

194.     The City admits that the RPD policy 1110-08, Searches and Seizures: Investigative Stops and Frisks, is a writing that is the best evidence of its contents.  Except as admitted, paragraph 194 is denied.

195.     The City admits that the RPD policy 1110-08, Searches and Seizures: Investigative Stops and Frisks, is a writing that is the best evidence of its contents.  Except as admitted, paragraph 195 is denied.

196.     The City lacks sufficient knowledge or information to form a belief and therefore denies paragraph 196.

197.     Paragraph 197 is denied.

198.     The City lacks knowledge and information sufficient to form a belief and therefore denies paragraph 198.

199.     The City lacks knowledge and information sufficient to form a belief and therefore denies paragraph 199.

200.     The City lacks knowledge and information sufficient to form a belief and therefore denies paragraph 200.

201.     The City lacks knowledge and information sufficient to form a belief and therefore denies paragraph 201.

## PLAINTIFFS' ALLEGED INJURIES AND DAMAGES

202.     The allegations of paragraph 202 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 202 is denied.

203.     The City lacks knowledge and sufficient information sufficient to form a belief and therefore denies paragraph 203.

204.     Paragraph 204 is denied.

## FIRST CLAIM
### (Alleged Fourth Amendment claim: Unlawful Entry and Search of Plaintiffs' Homes Against "RPD VICE Defendants," 42 U.S.C. § 1983)

205.     The City incorporates by reference its responses to paragraphs 1 through 204 of the Second Amended Complaint as if fully set forth herein.  The City also acknowledges that this First Claim applies by its terms only to persons other than the City.

206.     Paragraph 206 is denied.

207.     The City admits that a supervisor is required to review a search warrant.  Except as admitted, paragraph 207 is denied.

208.     The City admits that the contents of the Search Warrant are the best evidence of its terms, including the probable cause affidavit provided by Mr. Abdullah.  Except as admitted, paragraph 208 is denied.

22

209.  The City admits that Drugs & Vice records include Receipt of Informant Funds forms dated May 20, 2020 and that the forms are the best evidence of their contents.  Except as admitted, paragraph 209 is denied.

210.  The City admits that Mr. Abdullah applied for the Search Warrant.  Except as admitted, paragraph 210 is denied.

211.  The City admits that certain RPD officers met on May 21, 2020 before carrying out the search warrant for 1628-B.  Except as admitted, paragraph 211 is denied.

212.  Except as previously admitted herein, paragraph 212 is denied.

213.  The City is informed and believes, and therefore admits, that Detective Monroe or Detective Rattelade told Mr. Abdullah on two occasions that the substance produced by Williams did not appear to be heroin and that the creation, possession with the intent to sell or deliver, and the sale or delivery of a counterfeit controlled substance is illegal pursuant to N.C. Gen. Stat. § 90-95(a)(2).  Except as admitted, paragraph 213 is denied.

214.  The City is informed and believes, and therefore admits, that Detective Monroe or Detective Rattelade told Mr. Abdullah on two occasions that the substance produced by Williams did not appear to be heroin, that the creation, possession with the intent to sell or deliver, and the sale or delivery of a counterfeit controlled substance is illegal pursuant to N.C. Gen. Stat. § 90-95(a)(2), and that the Search Warrant is the best evidence of its contents.  Except as admitted, paragraph 214 is denied.

215.  The City lacks sufficient knowledge or information to form a belief and therefore denies paragraph 215.

216.  The City admits that the Search Warrant is the best evidence of its contents.  Except as admitted, paragraph 216 is denied.

217. Paragraph 217 is denied.

218. The City admits that certain RPD officers entered 1628-B on May 21, 2020 pursuant to the Search Warrant. Except as admitted, the City lacks sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 218 and therefore denies them.

219. Paragraph 219 is denied.

220. The City admits that 1628-A was not listed on the Search Warrant. Except as admitted, paragraph 220 is denied.

221. The allegations of paragraph 221 state legal conclusions and arguments to which no response is required. To the extent a response is deemed necessary, paragraph 221 is denied.

## SECOND CLAIM

**(Alleged Fourth Amendment claim: Injunctive and Declaratory Relief Against the City: Unlawful "No Knock" or "Quick Knock" Entry of Plaintiffs' Homes, 42 U.S.C. § 1983)**

222. The City incorporates by reference its responses to paragraphs 1 through 221 of the Second Amended Complaint as if fully set forth herein.

223. The City admits that on May 21, 2020, individuals were outside 1628-B when SEU officers approached. Except as admitted, paragraph 223 is denied.

224. The City admits that officers approaching 1628-B wore bodyworn cameras and that the recordings reflect the encounter. Except as admitted, paragraph 224 is denied.

225. Paragraph 225 is denied.

226. The allegations of paragraph 226 state legal conclusions and arguments to which no response is required. To the extent a response is deemed necessary, paragraph 226 is denied.

## THIRD CLAIM

**(Alleged Fourth Amendment: Unlawful Arrest and Seizure of Plaintiffs Against RPD VICE Defendants, 42 U.S.C. § 1983)**

24

227. The City incorporates by reference its responses to paragraphs 1 through 226 of the Second Amended Complaint as if fully set forth fully herein. The City also acknowledges that this Third Claim applies by its terms only to persons other than the City.

228. Paragraph 228 is denied.

229. Paragraph 229 is denied.

230. The City admits that Mr. Abdullah relied on information and his beliefs as set out in the probable cause affidavit included in the Search Warrant to obtain the Search Warrant. Except as admitted herein, paragraph 230 is denied.

231. The City admits that an individual was handcuffed on May 21, 2020 and that officers wore bodyworn cameras that were recording during the encounter. Except as admitted, paragraph 231 is denied.

232. Paragraph 232 is denied.

233. The allegations of paragraph 233 state legal conclusions and arguments to which no response is required. To the extent a response is deemed necessary, paragraph 233 is denied.

## FOURTH CLAIM

### (Alleged Fourth and Fourteenth Amendment claims: Fabrication of Evidence in Violation of Due Process of Law Against RPD VICE Defendants, 42 U.S.C. § 1983)

234. The City incorporates by reference its responses to paragraphs 1 through 233 of the Second Amended Complaint as if set forth fully herein. The City also acknowledges that this Fourth Claim applies by its terms only to persons other than the City.

235. Paragraph 235 states legal conclusions and arguments to which no response is required. To the extent a response is deemed necessary, the City admits that the legal authorities cited in footnote 8 are documents in writing that speak for themselves. Except as admitted, paragraph 235 is denied.

236. The City admits that Williams has been indicted on multiple felony charges of obstructing justice. Except as admitted, paragraph 236 is denied.

237. The City is informed and believes, and therefore admits, that Detective Monroe or Detective Rattelade told Mr. Abdullah on two occasions that the substance produced by Williams did not appear to be heroin and that the creation, possession with the intent to sell or deliver, and the sale or delivery of a counterfeit controlled substance is illegal pursuant to N.C. Gen. Stat. § 90-95(a)(2). Except as admitted, paragraph 237 is denied.

238. Paragraph 238 is denied.

239. The City admits that Williams was suspended as a confidential informant on May 22, 2020. Except as admitted, paragraph 239 is denied.

240. Paragraph 240 is denied.

241. The City lacks sufficient knowledge or belief as to the truth of the allegations contained in paragraph 241 and therefore denies them.

242. The City lacks sufficient knowledge or belief as to the truth of the allegations contained in paragraph 242 and therefore denies them.

243. Paragraph 243 is denied.

244. The City admits that the Search Warrant was carried out on May 21, 2020. Except as admitted, the City lacks sufficient knowledge or information to base a belief as to the remaining allegations of paragraph 244 and therefore denies them.

245. The allegations of paragraph 245 state legal conclusions and arguments to which no response is required. To the extent a response is deemed necessary, paragraph 245 is denied.

**FIFTH CLAIM**

**(Alleged Fourth and Fourteenth Amendments: Failure to Intervene Against RPD VICE Defendants, 42 U.S.C. § 1983)**

246. The City incorporates by reference its responses to paragraphs 1 through 245 of the Second Amended Complaint as if fully set forth herein. The City also acknowledges that this Fifth Claim applies by its terms only to persons other than the City.

247. The allegations of paragraph 247 state legal conclusions and arguments to which no response is required. To the extent a response is deemed necessary, paragraph 247 is denied.

248. Paragraph 248 is denied.

249. The City is informed and believes, and therefore admits, that Detective Monroe or Detective Rattelade told Mr. Abdullah on two occasions that the substance produced by Williams did not appear to be heroin and that the creation, possession with the intent to sell or deliver, and the sale or delivery of a counterfeit controlled substance is illegal pursuant to N.C. Gen. Stat. § 90-95(a)(2). Except as admitted, paragraph 249 is denied.

250. Paragraph 250 is denied.

251. Paragraph 251 is denied.

252. Paragraph 252 is denied.

253. The City admits that Mr. Abdullah obtained the Search Warrant. Except as admitted, paragraph 253 is denied.

254. The allegations of paragraph 254 state legal conclusions and arguments to which no response is required. To the extent a response is deemed necessary, paragraph 254 is denied.

## SIXTH CLAIM
### (Alleged Civil Conspiracy claim Against RPD Vice Defendants, 42 U.S.C. § 1983)

255. The City incorporates by reference its responses to paragraphs 1 through 254 of the Second Amended Complaint as if set forth fully herein. The City also acknowledges that this Sixth Claim applies by its terms only to persons other than the City.

27

256. Paragraph 256 is denied.

257. The City admits that Williams periodically worked as a confidential informant until May 22, 2020. Except as admitted, paragraph 257 is denied.

258. Paragraph 258 is denied.

259. Paragraph 259 is denied.

260. Paragraph 260 is denied.

261. The allegations of paragraph 261 state legal conclusions and arguments to which no response is required. To the extent a response is deemed necessary, paragraph 261 is denied.

## SEVENTH CLAIM
### (Alleged Failure to Train and or Supervise claim Against Sergeant Rolfe, 42 U.S.C. § 1983)

262. The City incorporates by reference its responses to the allegations of paragraphs 1 through 261 of the Second Amended Complaint as if set forth fully herein. The City also acknowledges that this Seventh Claim applies by its terms only to Sgt. Rolfe.

263. As alleged, paragraph 263 is denied.

264. The City is informed and believes that Detective Monroe and Detective Rattelade raised certain concerns to Sgt. Rolfe. Except as indicated, paragraph 264 is denied.

265. Paragraph 265 provides insufficient information to allow the City to admit or deny statements by Sgt. Rolfe. For this reason, the City lacks sufficient knowledge or information upon which to base a belief and therefore denies paragraph 265.

266. Paragraph 266 provides insufficient information to allow the City to admit or deny statements by Sgt. Rolfe. For this reason, the City lacks sufficient knowledge or information upon which to base a belief and therefore denies paragraph 266.

267. The City admits that Sgt. Rolfe was Mr. Abdullah's supervisor and that on May 21, 2020 a supervisor was expected to review a proposed search warrant. Except as admitted, paragraph 267 is denied.

268. The City admits that Sgt. Rolfe was expected to supervise Mr. Abdullah in accordance with City and RPD policies and procedures. Except as admitted herein, paragraph 268 is denied.

269. The City admits that Sgt. Rolfe was expected to supervise Mr. Abdullah in accordance with City and RPD policies and procedures. Except as admitted herein, paragraph 269 is denied.

270. Paragraph 270 is denied.

271. Paragraph 271 is denied.

272. The allegations of paragraph 272 state legal conclusions and arguments to which no response is required. To the extent a response is deemed necessary, paragraph 272 is denied.

## EIGHTH CLAIM
### (Alleged Fourth Amendment claim: Excess Force by RPD SEU Defendants, 42 U.S.C. § 1983)

273. The City incorporates by reference its responses to paragraphs 1 through 272 of the Second Amended Complaint as if fully set forth herein. The City also acknowledges that this Eighth Claim applies by its terms only to persons other than the City.

274. Paragraph 274 is denied.

275. The City admits that officers making the initial entry into 1628-B wore bodyworn cameras and that the recordings reflect the encounter at 1628-B. Except as admitted, paragraph 275 is denied.

276.     The City admits that certain officers entering 1628-B while carrying out the Search Warrant wore bodyworn cameras and that the recordings reflect the encounter at 1628-B. Except as admitted, paragraph 276 is denied.

277.     The City admits that certain officers standing outside 1628-A wore bodyworn cameras and that the recordings reflect their request and permission to enter 1628-A. Except as admitted, paragraph 277 is denied.

278.     The allegations of paragraph 278 state legal conclusions and arguments to which no response is required. To the extent a response is deemed necessary, paragraph 278 is denied.

## NINTH CLAIM

### (Alleged False Imprisonment claim Under North Carolina State Law Against RPD Individual Defendants)

279.     The City incorporates by reference its responses to paragraphs 1 through 278 of the Second Amended Complaint as if fully set forth herein. The City also acknowledges that this Ninth Claim applies by its terms only to persons other than the City.

280.     The City lacks sufficient knowledge or information to form a belief and therefore denies paragraph 280.

281.     The City admits that certain officers carrying out the Search Warrant for 1628-B wore bodyworn cameras and that the recordings reflect their encounter. Except as admitted, paragraph 281 is denied.

282.     The allegations of paragraph 282 state legal conclusions and arguments to which no response is required. To the extent a response is deemed necessary, paragraph 282 is denied.

## TENTH CLAIM

### (Alleged Monell Liability Against the City: Failure to Supervise and Monitor the Confidential Informant Program, 42 U.S.C. § 1983)

30

283.    The City incorporates by reference its responses to the allegations contained in paragraphs 1 through 282 of the Second Amended Complaint as if fully set forth herein.

284.    Paragraph 284 is denied.

285.    Paragraph 285 is denied.

286.    Paragraph 286 is denied.

287.    The City admits that it has provided law enforcement recordings to Abraham Schewel pursuant to certain orders issued by Wake County Superior Court Judges.  Except as admitted, paragraph 287 is denied.

288.    The City admits that N.C. Gen. Stat. § 132-1.4A applies to law enforcement recordings.  Except as admitted herein, paragraph 288 is denied.

289.    The City lacks sufficient knowledge or information to form a belief and therefore denies paragraph 289.

290.    Paragraph 290 is denied.

291.    Paragraph 291 is denied.

292.    Paragraph 292 is denied.

293.    Paragraph 293 is denied.

294.    Paragraph 294 is denied.

295.    The allegations of paragraph 295 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 295 is denied.

296.    Paragraph 296 is denied.

297.    The allegations of paragraph 297 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 297 is denied.

**ELEVENTH CLAIM**

31

**(Alleged Fourth Amendment: Monell Liability and Injunctive and Declaratory Relief, Against the City: "No Knock" or "Quick Knock" Raids, 42 U.S.C. § 1893)**

298.     The City incorporates by reference its responses to paragraphs 1 through 297 of the Second Amended Complaint as if fully set forth herein.

299.     The City admits that it operates under a Council-Manager form of municipal government, that Ruffin Hall has served as the City's City Manager, that Marchell Adams-David presently serves as the City's City Manager, that Cassandra Deck-Brown has served as the City's Police Chief, and that Estella Patterson presently serves as the City's Police Chief.  Except as admitted, paragraph 299 is denied.

300.     Paragraph 300 is denied.

301.     Paragraph 301 is denied.

302.     Paragraph 302 is denied.

303.     The City admits that as a part of its settlement in *Washington, et al. v. City of Raleigh, et al.*, the City required the settling plaintiffs to provide it with a complete copy of the report prepared by their expert retained for litigation, that the report was prepared prior to discovery, and that the report is a writing that speaks for itself.  Except as admitted, paragraph 303 is denied.

304.     Paragraph 304 is denied.

305.     The allegations of paragraph 305 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 305 is denied.

306.     Paragraph 306 is denied.

307.     The allegations of paragraph 307 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 307 is denied.

## TWELFTH CLAIM

**(Alleged Fourth Amendment: Monell Liability and Injunctive and Declaratory Relief, Against the City: "No Knock" or "Quick Knock" Raids, 42 U.S.C. § 1893)**

308.  The City incorporates by reference its responses to paragraphs 1 through 307 of the Second Amended Complaint as if fully set forth herein.

309.  Paragraph 309 is denied.

310.  Paragraph 310 is denied.

311.  Paragraph 311 is denied.

312.  The allegations of paragraph 312 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed necessary, paragraph 312 is denied.

313.  In addition, any allegation of the Second Amended Complaint that has not previously been specifically admitted is denied.

## SECOND DEFENSE

EmancipateNC, any Plaintiffs seeking injunctive relief, Plaintiffs who provided consent to actions they now claim are unconstitutional, and any Plaintiff determined not to be a resident of a property described in the Second Amended Complaint all lack standing to bring this action.

## THIRD DEFENSE

Plaintiffs cannot establish that constitutional harm or violation of federal rights was inflicted upon them by the RPD officers identified in the Second Amended Complaint.  For this reason, Plaintiffs have no viable *Monell* claim.  *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam).

## FOURTH DEFENSE

Legal justification is pled as an affirmative defense in bar of Plaintiffs' claims and recovery in this action, specifically including lawful conduct, consent, exigent circumstances, futility, reasonable suspicion, and probable cause.

## FIFTH DEFENSE

Plaintiffs' Second Amended Complaint alleges that their claims are the result of a conspiracy and of illegal misconduct by a small group of individuals over a limited period of time. The conduct alleged in the Second Amended Complaint is so egregious and improper that any reasonable officer would know of its unlawfulness. The Second Amended Complaint alleges that the City acted when it discovered the issues involving Williams. Thus, Plaintiffs' claims arise from the misconduct they allege, and not from any alleged omission by the City.

## SIXTH DEFENSE

Plaintiffs' claims against the City are barred by the isolated incident rule.

## SEVENTH DEFENSE

As an affirmative defense, the City alleges that no act or actionable omission by the City was an affirmative causal link to any of injury for which Plaintiffs seek to recover.

## EIGHTH DEFENSE

The City incorporates herein by reference affirmative defenses raised by the individual defendants other than qualified immunity.

## NINTH DEFENSE

According to the Second Amended Complaint, once on notice of matters involving Williams, the City did not tolerate the misconduct and acted. The City did not violate any of Plaintiffs' established federal statutory or Constitutional rights. The City's actions after receiving notice of Williams' misconduct bar Plaintiffs' claims.

34

**TENTH DEFENSE**

Plaintiffs' claims for damages are barred, reduced, and/or limited pursuant to applicable statutory provisions and common law doctrines regarding limitations on costs and awards, mitigation of damages, failure to plead special damages, and setoffs.

**ELEVENTH DEFENSE**

Plaintiff EmancipateNC has been in existence as a corporate entity since 1975. Plaintiff EmancipateNC has failed to timely raise issues that it now asserts in the Second Amended Complaint. Plaintiff EmancipateNC's claims are barred by statutes of limitation and repose.

**TWELFTH DEFENSE**

Plaintiff EmancipateNC has been in existence as a corporate entity since 1975. Plaintiff EmancipateNC has failed to timely raise issues that it now asserts in the Second Amended Complaint. Plaintiff EmancipateNC's claims are barred by laches.

**THIRTEENTH DEFENSE**

Plaintiff EmancipateNC fails to meet the case or controversy requirement of Article III of the United States Constitution for the reasons set forth in the City's Renewed Motion to Dismiss filed contemporaneously herewith.

**FOURTEENTH DEFENSE**

An adequate remedy at law bars any claim for injunctive relief.

**FIFTEENTH DEFENSE**

Claims against City officials in their official capacity are duplicative of the claims against the City of Raleigh and, therefore, should be dismissed.

**SIXTEENTH DEFENSE**

35

The City is a municipal corporation which was, at all times relevant herein, performing law enforcement services, a governmental function. The City and its law enforcement officers in their official capacities are protected by governmental immunity in the performance of governmental functions, and this immunity has not been waived. Therefore, to the extent that Plaintiffs attempt to assert any State law claim against the City, governmental immunity is pled in bar of any right to recovery.

## <u>RESERVATION OF RIGHTS</u>

The City reserves the right to plead additional affirmative defenses as the claims of the Plaintiffs are more fully disclosed during the course of this litigation.

## <u>JURY DEMAND</u>

Pursuant to N.C. Gen. Stat. § 160A-485, the City does not request a trial by jury on issues related to insurance or immunity should those issues arise. The City does, however, request a jury trial on all other issues so triable.

**WHEREFORE,** having fully answered the Second Amended Complaint of the Plaintiffs, the City respectfully requests that the Court:

1. Dismiss this action;

2. Deny Plaintiffs' prayer for relief in its entirety;

3. Order that Plaintiffs have and recover nothing from the Defendants;

4. Tax the costs of this action against the Plaintiffs, including reasonable attorneys' fees for the defense of this action by the City and the individual defendants; and,

5. Grant such other and further relief in favor of the Defendants as the Court deems just and proper.

Respectfully submitted, this the 14th day of September 2022.

36

**CITY OF RALEIGH**
**Robin L. Tatum, City Attorney**

By:    /s/ Dorothy V. Kibler
        DOROTHY V. KIBLER
        Deputy City Attorney
        N.C. Bar No. 13751

By:    /s/ Amy C. Petty
        AMY C. PETTY
        Senior Associate City Attorney
        N.C. Bar No. 20894
        PO Box 590
        Raleigh, NC 27602
        Tel:  (919) 996-6560
        Fax:  (919) 996-7021
        Dorothy.Kibler@raleighnc.gov
        Amy.Petty@raleighnc.gov
        *Counsel for City of Raleigh, Police Chief Police Estella Patterson in her official capacity, and City Manager Marchell Adams-David in her official capacity*

37

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-cv-00068-BO

YOLANDA IRVING, et al.,           )
                                  )
              Plaintiffs,         )
                                  )
       v.                         )          **CERTIFICATE OF SERVICE**
                                  )
THE CITY OF RALEIGH, et al.       )
                                  )
              Defendants.         )

I hereby certify that on September 14, 2022, I electronically filed the foregoing **ANSWER OF OFFICIAL CAPACITY DEFENDANTS AND THE CITY OF RALEIGH TO PLAINTIFFS' SECOND AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which sends notification of such filing to all counsel of record as follows:

Abraham Rubert-Schewel
Tin Fulton Walker & Owen, PLLC
119 E. Main Street
Durham, NC 27701
schewel@tinfulton.com
*Counsel for Plaintiffs*

Jason Benton
Daniel Peterson
Parker Poe Adams & Bernstein, LLP
620 South Tyson Street, Suite 800
Charlotte, NC 28202
jasonbenton@parkerpoe.com
danielpeterson@parkerpoe.com
*Counsel for Defendant Abdullah*

Emily Gladden
Tin Fulton Walker & Owen, PLLC
204 N. Person Street
Raleigh, NC 27601
egladden@tinfulton.com
*Counsel for Plaintiffs*

Rodney Pettey
Samuel Thompson, Jr.
Yates McLamb & Weyher, LLP
PO Box 2889
Raleigh, NC 27602
*Counsel for Defendants Monroe, Rattelade, and Gay*

Michael Littlejohn, Jr.
Littlejohn Law, PLLC
PO Box 16661
Charlotte, NC 28297
mll@littlejohn-law.com
*Counsel for Plaintiffs*

Norwood Blanchard, III
Crossley McIntosh Collier, & Edes, PLLC
5002 Randall Parkway
Wilmington, NC 28403
norwood@cmclawfirm.com
*Counsel for Defendant Rolfe*

38

Ian Mance
Elizabeth Simpson
Emancipate NC, Inc.
ian@emancipatenc.org
elizabeth@emancipatenc.org
*Counsel for Plaintiffs*

**CITY OF RALEIGH**
**Robin L. Tatum, City Attorney**

By:     /s/ Amy C. Petty
        DOROTHY V. KIBLER
        Deputy City Attorney
        N.C. Bar No. 13751
        AMY C. PETTY
        Senior Associate City Attorney
        N.C. Bar No. 20894
        PO Box 590
        Raleigh, NC 27602
        Tel:  (919) 996-6560
        Fax:  (919) 996-7021
        Dorothy.Kibler@raleighnc.gov
        Amy.Petty@raleighnc.gov
        *Counsel for City of Raleigh, Police*
        *Chief Estella Patterson in her*
        *official capacity, and City Manager*
        *Marchell Adams-David in her*
        *official capacity*

39