# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

### Case No. 5:22-CV-00068-BO

| | |
|---|---|
| YOLANDA IRVING, et al., | |
| Plaintiffs, | |
| v. | **DEFENDANT OMAR I. ABDULLAH'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| THE CITY OF RALEIGH, et al., | |
| Defendants. | |

NOW COMES Defendant Omar I. Abdullah ("Abdullah" or "this Defendant"), by and through counsel, and hereby responds to the Plaintiffs' Amended Complaint ("Complaint") (Doc. 93) by stating as follows:

### FIRST DEFENSE
**(Specifically Responding to the Numbered Paragraphs of the Complaint)**

### INTRODUCTION

1. With respect to the allegations of Paragraph 1, it is admitted, upon information and belief, that Plaintiffs are Black. Except as admitted, denied.

2. The allegations of Paragraph 2 are denied.

3. The allegations of Paragraph 3 are denied.

4. With respect to the allegations of Paragraph 4, it is admitted that the cited U.S. Supreme Court decision is a document in writing that speaks for itself. The remaining allegations of Paragraph 4 are denied for lack of information or knowledge sufficient to form a belief.

5. With respect to the allegations of Paragraph 5, it is expressly denied that RPD officers raided or ransacked Plaintiffs' homes or executed what Plaintiffs describe as a "No Knock"

warrant.  It is further denied that RPD officers entered Plaintiff Walton's home without consent. The remaining allegations of Paragraph 5 are denied for lack of information or knowledge sufficient to form a belief.

6.      With respect to the allegations of Paragraph 6, it is admitted that Plaintiffs were not charged with a crime as a result of the events of May 21, 2020.  Except as admitted, denied.

7.      The allegations of Paragraph 7 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 7 are denied.

8.      The allegations of Paragraph 8 state legal conclusions and arguments to which no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 8 are denied.

9.      Paragraph 9 does not contain any allegations directed against this Defendant, and therefore, no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 9 are denied.

## PARTIES

10.      The allegations of Paragraph 10 are denied for lack of information or knowledge sufficient to form a belief.

11.      The allegations of Paragraph 11 are denied for lack of information or knowledge sufficient to form a belief.

12.      The allegations of Paragraph 12 are denied for lack of information or knowledge sufficient to form a belief.

13.      The allegations of Paragraph 13 are denied for lack of information or knowledge sufficient to form a belief.

14.     The allegations of Paragraph 14 are denied for lack of information or knowledge sufficient to form a belief.

15.     The allegations of Paragraph 15 are denied for lack of information or knowledge sufficient to form a belief.

16.     The allegations of Paragraph 16 are denied for lack of information or knowledge sufficient to form a belief.

17.     The allegations of Paragraph 17 are denied for lack of information or knowledge sufficient to form a belief.

18.     The allegations of Paragraph 18 are denied for lack of information or knowledge sufficient to form a belief.

19.     The allegations of Paragraph 19 are denied for lack of information or knowledge sufficient to form a belief.

20.     The allegations of Paragraph 20 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, it is admitted, upon information and belief, that the City maintains and operates the RPD and that employees of the RPD are employees of the City.  The remaining allegations of Paragraph 20 are denied for lack of information or knowledge sufficient to form a belief.

21.     The allegations of Paragraph 21 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 21 are denied for lack of information or knowledge sufficient to form a belief.

22.     The allegations of Paragraph 22 contain legal conclusions to which no response is required.  To the extent a response is deemed to be required, the allegations of Paragraph 22 are

admitted upon information and belief.

23. With respect to the allegations of Paragraph 23, it is admitted that Abdullah is a former police officer who was employed by the RPD. Except as admitted, denied.

24. With respect to the allegations of Paragraph 24, it is admitted that Rolfe was a police officer employed by the RPD on and before May 21, 2020. The remaining allegations of Paragraph 24 are denied for lack of information or knowledge sufficient to form a belief.

25. With respect to the allegations of Paragraph 25, it is admitted that Monroe was a police officer employed by the RPD on and before May 21, 2020. The remaining allegations of Paragraph 25 are denied for lack of information or knowledge sufficient to form a belief.

26. With respect to the allegations of Paragraph 26, it is admitted that Rattelade was a police officer employed by the RPD on and before May 21, 2020. The remaining allegations of Paragraph 26 are denied for lack of information or knowledge sufficient to form a belief.

27. With respect to the allegations of Paragraph 27, it is admitted that Gay was a police officer employed by the RPD on and before May 21, 2020. The remaining allegations of Paragraph 27 are denied for lack of information or knowledge sufficient to form a belief.

28. With respect to the allegations of Paragraph 28, it is admitted upon information and belief that Mead was a police officer employed by the RPD on and before May 21, 2020. The remaining allegations of Paragraph 28 are denied for lack of information or knowledge sufficient to form a belief.

29. With respect to the allegations of Paragraph 29, it is admitted upon information and belief that Ortiz was a police officer employed by the RPD on and before May 21, 2020. The remaining allegations of Paragraph 29 are denied for lack of information or knowledge sufficient to form a belief.

30.     The allegations of Paragraph 30 are denied for lack of information or knowledge sufficient to form a belief.

31.     With respect to the allegations of Paragraph 31, it is admitted upon information and belief that Mollere was a police officer employed by the RPD on and before May 21, 2020.  The remaining allegations of Paragraph 31 are denied for lack of information or knowledge sufficient to form a belief.

32.     The allegations of Paragraph 32 are denied for lack of information or knowledge sufficient to form a belief.

33.     The allegations of Paragraph 33 are denied for lack of information or knowledge sufficient to form a belief.

34.     With respect to the allegations of Paragraph 34, it is admitted upon information and belief that Twiddy was a police officer employed by the RPD on and before May 21, 2020.  The remaining allegations of Paragraph 34 are denied for lack of information or knowledge sufficient to form a belief.

35.     With respect to the allegations of Paragraph 35, it is admitted upon information and belief that Webb was a police officer employed by the RPD on and before May 21, 2020.  The remaining allegations of Paragraph 35 are denied for lack of information or knowledge sufficient to form a belief.

36.     With respect to the allegations of Paragraph 36, it is admitted upon information and belief that McDonald was a police officer employed by the RPD on and before May 21, 2020.  The remaining allegations of Paragraph 36 are denied for lack of information or knowledge sufficient to form a belief.

37.     With respect to the allegations of Paragraph 37, it is admitted upon information and

belief that Garner was a police officer employed by the RPD on and before May 21, 2020. The remaining allegations of Paragraph 37 are denied for lack of information or knowledge sufficient to form a belief.

38. With respect to the allegations of Paragraph 38, it is admitted upon information and belief that Estella Patterson is the current Chief of Police of the Raleigh Police Department. The remaining allegations of Paragraph 38 are denied for lack of information or knowledge sufficient to form a belief.

39. With respect to the allegations of Paragraph 39, it is admitted upon information and belief that Marchell Adams-David is the current City Manager for the City of Raleigh. The remaining allegations of Paragraph 39 are denied for lack of information or knowledge sufficient to form a belief.

## JURISDICTION

40. The allegations of Paragraph 40 contain legal conclusions to which no response is required. To the extent a response is deemed to be required, Abdullah responds that he does not, at this time, challenge this Court's jurisdiction over this matter. Abdullah expressly denies any allegation that he violated Plaintiffs' constitutional rights. Except as admitted, denied.

41. The allegations of Paragraph 41 contain legal conclusions to which no response is required. To the extent a response is deemed to be required, Abdullah responds that he does not, at this time, challenge this Court's jurisdiction over this matter. Except as admitted, denied.

## VENUE

42. The allegations of Paragraph 42 contain legal conclusions to which no response is required. To the extent a response is deemed to be required, Abdullah responds that he does not challenge venue in this U.S. District Court. Except as admitted, denied.

**JURY DEMAND**

43.     Paragraph 43 does not contain any allegations directed at Abdullah and, as such, no response is required.  To the extent a response is deemed to be required, denied.

**FACTS**

44.     With respect to the allegations of Paragraph 44, it is admitted that Abdullah, Gay, Monroe and Rattelade were all officers employed in the RPD VICE unit on and before May 21, 2020.  Except as admitted, denied.

45.     With respect to the allegations of Paragraph 45, it is admitted that Rolfe was a supervisor employed in the RPD VICE unit on and before May 21, 2020.  Except as admitted, denied.

46.     The allegations of Paragraph 46 are admitted.

47.     With respect to the allegations of Paragraph 47, it is admitted that, when Abdullah was employed in the RPD VICE unit, it developed confidential informants to assist with or develop investigations.  Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

48.     With respect to the allegations of Paragraph 48, it is admitted that, when Abdullah was employed in the RPD VICE unit, confidential informants were sometimes developed after an arrest, with leniency on that charge or payment as consideration for their work.  Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

49.     With respect to the allegations of Paragraph 49, it is admitted that, when Abdullah was employed in the RPD VICE unit, confidential informants were tasked with finding individuals from whom to purchase narcotics.  Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

50.     With respect to the allegations of Paragraph 50, it is admitted that, when Abdullah was employed in the RPD VICE unit, confidential informants were given pre-recorded buy money for purposes of making a controlled drug buy.  Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

51.     It is admitted, upon information and belief, that the allegations of Paragraph 51 accurately describe the approval, distribution and release of informant funds when Abdullah was employed in the RPD VICE unit.  Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

52.     With respect to the allegations of Paragraph 52, it is admitted that the RPD directives in effect when Abdullah was employed in the RPD VICE unit are in writing and speak for themselves.  Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

53.     It is admitted that the allegations of Paragraph 53 accurately describe the monitoring of controlled drug buys by the RPD VICE unit when Abdullah was employed in the RPD VICE unit.  Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

54.     With respect to the allegations of Paragraph 54, it is admitted that, when Abdullah was employed in the RPD VICE unit, after a controlled buy, and assuming probable cause existed, the seller of narcotics could be arrested with or without a warrant.  Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

55.     The allegations of Paragraph 55 are denied.

56.     The allegations of Paragraph 56 are admitted.

57.     The allegations of Paragraph 57 are denied.

58.     With respect to the allegations of Paragraph 58, it is admitted that Williams was arrested for selling counterfeit illicit drugs.  Except as admitted, denied.

59.     The allegations of Paragraph 59 are admitted.

60.     With respect to the allegations of Paragraph 60, it is admitted that Williams worked as a confidential informant with the RPD under Abdullah's supervision.  Except as admitted, denied.

61.     With respect to the allegations of Paragraph 61 and Footnote 2, it is admitted that Williams was nicknamed Aspirin and that he is being criminally prosecuted by the Wake County District Attorney's Office.  Except as admitted, denied.

62.     With respect to the allegations of Paragraph 62, it is admitted that Williams has a criminal record and prior arrests.  Except as admitted, denied.

63.     With respect to the allegations of Paragraph 63 it is admitted that an Assistant District Attorney approved Williams to work as a confidential informant for the RPD.  Except as admitted, denied.

64.     With respect to the allegations of Paragraph 64, it is admitted that Williams agreed to work as a confidential informant.  Except as admitted, denied.

65.     With respect to the allegations of Paragraph 65, it is admitted that Williams reported to Abdullah and completed controlled drug buys.  Except as admitted, denied.

66.     With respect to the allegations of Paragraph 66, it is admitted that Williams was provided money from the RPD Confidential Informant funds for controlled buys.  Except as admitted, denied.

67.     The allegations of Paragraph 67 are denied for lack of information or knowledge sufficient to form a belief.

68.     With respect to the allegations of Paragraph 68, it is admitted that Officer Nance was transferred to a different unit within the RPD.  It is denied that Officer Nance ever supervised Williams.  Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

69.     With respect to the allegations contained in Paragraph 69, it is admitted that Williams was incarcerated in early 2019 in Nash County on a felony larceny charge.  Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

70.     With respect to the allegations contained in Paragraph 70, it is admitted that, after his Nash County incarceration, Williams worked as a confidential informant with Abdullah.  Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

71.     With respect to the allegations of Paragraph 71, it is admitted that Williams complained about his pay as a Confidential Informant.  It is further admitted that Abdullah informed Williams that more trafficking cases could result in more pay.  Except as admitted, denied.

72.     The allegations of Paragraph 72 are denied for lack of information or knowledge sufficient to form a belief.

73.     The allegations of Paragraph 73 are denied.

74.     The allegations of Paragraph 74 are denied.

75.     The allegations of Paragraph 75 are denied.

76.     The allegations of Paragraph 76 are denied.

77.     With respect to the allegations contained in Paragraph 77, it is admitted that the RPD VICE officers worked as a team when making controlled buys and arrests.  Except as admitted, denied.

78. With respect to the allegations contained in Paragraph 78, it is admitted that RPD VICE officers generally met for a briefing prior to each controlled buy. Except as admitted, denied.

79. With respect to the allegations contained in Paragraph 79, it is admitted that, for purposes of the controlled buys, Williams was provided with electronic surveillance devices meant to allow officers to observe and listen to the transactions. Except as admitted denied.

80. With respect to the allegations contained in Paragraph 80, it is admitted that, for purposes of the controlled buys, Williams was provided with electronic surveillance devices meant to allow officers to observe and listen to the transactions. Except as admitted denied.

81. With respect to the allegations contained in Paragraph 81, it is admitted that Abdullah searched Williams before each controlled buy and never located any contraband on his person. Except as admitted, denied.

82. With respect to the allegations contained in Paragraph 82, it is admitted, upon information and belief, that, on his final two controlled buys, Williams shielded his undercover camera such that officers were unable to observe such buys. Except as admitted, denied.

83. With respect to the allegations contained in Paragraph 83, it is admitted, upon information and belief, that, unbeknownst to Abdullah, Williams returned from certain controlled buys with a substance that subsequently lab-tested negative for heroin. Except as admitted, denied.

84. With respect to the allegations contained in Paragraph 84, it is admitted that Abdullah searched Williams after each controlled buy and that Abdullah never located anything that he understood to be contraband on Williams' person. Except as admitted, denied.

85. With respect to the allegations contained in Paragraph 85, it is admitted that Abdullah, on occasion, met with Williams alone before or after controlled buys. Except as

admitted, denied.

86. The allegations of Paragraph 86 are denied.

87. With respect to the allegations contained in Paragraph 87, it is admitted that, in addition to Abdullah, other RPD VICE officers, including at least Rolfe and Rattelade, signed receipt of informant funds sheets related to Williams' controlled buys. Except as admitted, denied.

88. With respect to the allegations contained in Paragraph 88, it is admitted that, after Williams' controlled buys, RPD VICE officers other than Abdullah processed evidence recovered from the buys, including the substances turned over by Williams. Except as admitted, denied.

89. With respect to the allegations contained in Paragraph 89, it is admitted that Monroe and Rattelade informed Abdullah after some, but not all, controlled buys involving Williams that the substances he brought back from such buys field-tested negative for heroin. Except as admitted, denied.

90. The allegations of Paragraph 90 are denied.

91. With respect to the allegations contained in Paragraph 91, it is admitted that Monroe and Rattelade informed Abdullah after some, but not all, controlled buys involving Williams that the substances he brought back from such buys field-tested negative for heroin. Except as admitted, denied.

92. The allegations of Paragraph 92 are denied for lack of information or knowledge sufficient to form a belief.

93. Insofar as they are directed at Abdullah, the allegations of Paragraph 93 are denied.

94. With respect to the allegations contained in Paragraph 94, it is admitted, upon information and belief, that, unbeknownst to Abdullah, Williams returned from certain controlled buys with a substance that subsequently lab-tested negative for heroin. Except as admitted, denied.

95.     With respect to the allegations contained in Paragraph 95, Abdullah expressly denies that he was made aware of negative CCBI lab tests before the Wake County District Attorney became aware such that he had a duty to inform the DA of same.  Except as admitted, denied.

96.     With respect to the allegations contained in Paragraph 96, it is admitted that Williams was used by RPD VICE as a confidential informant until his suspension as such on or about May 22, 2020.  Except as admitted, denied.

97.     The allegations of Paragraph 97 are denied.

98.     The allegations of Paragraph 98 are denied for lack of information or knowledge sufficient to form a belief.

99.     With respect to the allegations contained in Paragraph 99, it is admitted that RPD VICE Officers Rolfe, Monroe, Rattelade, and Gay worked on controlled buys involving Williams. Except as admitted, denied.

100.    The allegations of Paragraph 100 are denied.

101.    The allegations of Paragraph 101 are admitted.

102.    With respect to the allegations contained in Paragraph 102, it is admitted that supervisors were required to review RPD VICE officers' search warrants.  Except as admitted, denied.

103.    The allegations of Paragraph 103 are admitted.

104.    The allegations of Paragraph 104 are admitted.

105.    The allegations of Paragraph 105 are denied.

106.    The allegations of Paragraph 106 are denied.

107.    With respect to the allegations contained in Paragraph 107, it is admitted that

Monroe and Rattelade informed Abdullah after some, but not all, controlled buys involving Williams that the substances he brought back from such buys field-tested negative for heroin. Except as admitted, denied.

108. The allegations of Paragraph 108 are denied.

109. The allegations of Paragraph 109 are denied.

110. The allegations of Paragraph 110 are denied.

111. The allegations of Paragraph 111 are denied.

112. The allegations of Paragraph 112 are denied.

113. The allegations of Paragraph 113 are denied.

114. With respect to the allegations contained in Paragraph 114, it is admitted, upon information and belief, that Yolanda Irving lived at 1628 Burgundy St., Apt B, Raleigh, NC on May 21, 2020 but it is expressly denied that Abdullah knew that on that date. Except as admitted, denied.

115. The allegations of Paragraph 115 are denied for lack of information or knowledge sufficient to form a belief.

116. With respect to the allegations contained in Paragraph 116, it is admitted, upon information and belief, that Kenya Walton lived at 1628 Burgundy St., Apt A, Raleigh, NC on May 21, 2020 but it is expressly denied that Abdullah knew that on that date. Except as admitted, denied.

117. The allegations of Paragraph 117 are denied for lack of information or knowledge sufficient to form a belief.

118. The allegations of Paragraph 118 are denied for lack of information or knowledge sufficient to form a belief.

119.    The allegations of Paragraph 119 are denied for lack of information or knowledge sufficient to form a belief.

120.    The allegations of Paragraph 120 are denied for lack of information or knowledge sufficient to form a belief.

121.    The allegations of Paragraph 121 are denied for lack of information or knowledge sufficient to form a belief.

122.    The allegations of Paragraph 122 are denied for lack of information or knowledge sufficient to form a belief.

123.    The allegations of Paragraph 123 are denied for lack of information or knowledge sufficient to form a belief.

124.    The allegations of Paragraph 124 are denied for lack of information or knowledge sufficient to form a belief.

125.    The allegations of Paragraph 125 are denied for lack of information or knowledge sufficient to form a belief.

126.    The allegations of Paragraph 126 are denied.

127.    With respect to the allegations contained in Paragraph 127, it is admitted that 1628 Burgundy St., Apt A, Raleigh, NC was not listed on the subject search warrant.  It is further admitted that the occupant of that residence gave verbal consent for RPD to enter and search on May 21, 2020.  Except as admitted, denied.

128.    The allegations of Paragraph 128 are denied for lack of information or knowledge sufficient to form a belief.

129.    The allegations of Paragraph 129 are denied for lack of information or knowledge sufficient to form a belief.

130.     The allegations of Paragraph 130 are denied for lack of information or knowledge sufficient to form a belief.

131.     The allegations of Paragraph 131 are denied for lack of information or knowledge sufficient to form a belief.

132.     The allegations of Paragraph 132 are denied for lack of information or knowledge sufficient to form a belief.

133.     The allegations of Paragraph 133 are denied for lack of information or knowledge sufficient to form a belief.

134.     The allegations of Paragraph 134 are denied.

135.     The allegations of Paragraph 135 are denied for lack of information or knowledge sufficient to form a belief.

136.     The allegations of Paragraph 136 are denied for lack of information or knowledge sufficient to form a belief.

137.     The allegations of Paragraph 137 are denied for lack of information or knowledge sufficient to form a belief.

138.     The allegations of Paragraph 138 are denied for lack of information or knowledge sufficient to form a belief.

139.     The allegations of Paragraph 139 are denied for lack of information or knowledge sufficient to form a belief.

140.     The allegations of Paragraph 140 are denied for lack of information or knowledge sufficient to form a belief.

141.     The allegations of Paragraph 141 are denied for lack of information or knowledge sufficient to form a belief.

142.    The allegations of Paragraph 142 are denied for lack of information or knowledge sufficient to form a belief.

143.    The allegations of Paragraph 143 are denied for lack of information or knowledge sufficient to form a belief.

144.    The allegations of Paragraph 144 are denied for lack of information or knowledge sufficient to form a belief.

145.    With respect to the allegations contained in Paragraph 145, it is admitted that the occupant of 1628 Burgundy St., Apt A, Raleigh, NC gave verbal consent for RPD to enter and search on May 21, 2020.  Except as admitted, denied.

146.    The allegations of Paragraph 146 are admitted.

147.    The allegations of Paragraph 147 are denied for lack of information or knowledge sufficient to form a belief.

148.    The allegations of Paragraph 148 are denied.

149.    With respect to the allegations contained in Paragraph 149, it is admitted that Abdullah provided Irving with a copy of the search warrant.  Except as admitted, denied.

150.    With respect to the allegations contained in Paragraph 150, it is admitted that the search warrant is a document in writing that speaks for itself and is the best evidence of its contents.  Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

151.    With respect to the allegations contained in Paragraph 151, it is admitted that Abdullah provided Irving with a copy of the search warrant and did not apologize to her.  Except as admitted, denied.

152.    With respect to the allegations of Paragraph 152, it is admitted that Williams was suspended as a confidential informant on May 22, 2020, one day after execution of the subject

search warrant.  Except as admitted, denied.

153.    The allegations of Paragraph 153 are denied.

154.    The allegations of Paragraph 154 are admitted.

155.    With respect to the allegations contained in Paragraph 155, it is admitted, upon information and belief, that the sources cited in Paragraph 155 are documents in writing that speak for themselves.  Except as admitted, the allegations of Paragraph 155 are denied for lack of information or knowledge sufficient to form a belief.

156.    The allegations of Paragraph 156 are denied for lack of information or knowledge sufficient to form a belief.

157.    The allegations of Paragraph 157 are denied for lack of information or knowledge sufficient to form a belief.  Moreover, such allegations are immaterial and impertinent and should be stricken from the Complaint pursuant to F.R.C.P. 12(f).

158.    With respect to the allegations contained in Paragraph 158, it is admitted that the referenced U.S. Supreme Court decision is a document in writing that speaks for itself.  Except as admitted, denied.

159.    With respect to the allegations contained in Paragraph 159, it is admitted that the North Carolina General Statutes are documents in writing that speak for themselves.  Except as admitted, denied.

160.    The allegations of Paragraph 160 are denied.

161.    The allegations of Paragraph 161 are denied.

162.    The allegations of Paragraph 162 are denied for lack of information or knowledge sufficient to form a belief.

163.    The allegations of Paragraph 163 are denied.

164. The allegations of Paragraph 164 are denied for lack of information or knowledge sufficient to form a belief. Moreover, such allegations are immaterial and impertinent and should be stricken from the Complaint pursuant to F.R.C.P. 12(f).

165. The allegations of Paragraph 165 are denied for lack of information or knowledge sufficient to form a belief. Moreover, such allegations are immaterial and impertinent and should be stricken from the Complaint pursuant to F.R.C.P. 12(f).

166. The allegations of Paragraph 166 are denied for lack of information or knowledge sufficient to form a belief. Moreover, such allegations are immaterial and impertinent and should be stricken from the Complaint pursuant to F.R.C.P. 12(f).

167. The allegations of Paragraph 167 are denied for lack of information or knowledge sufficient to form a belief. Moreover, such allegations are immaterial and impertinent and should be stricken from the Complaint pursuant to F.R.C.P. 12(f).

168. The allegations of Paragraph 168 are denied.

169. The allegations of Paragraph 169 are denied.

170. The allegations of Paragraph 170 are denied for lack of information or knowledge sufficient to form a belief.

171. The allegations of Paragraph 171 are denied for lack of information or knowledge sufficient to form a belief.

172. The allegations of Paragraph 172 are denied for lack of information or knowledge sufficient to form a belief.

173. The allegations of Paragraph 173 are denied for lack of information or knowledge sufficient to form a belief.

174. The allegations of Paragraph 174 are denied for lack of information or knowledge

sufficient to form a belief.

175.    The allegations of Paragraph 175 are denied for lack of information or knowledge sufficient to form a belief.

176.    The allegations of Paragraph 176 are denied for lack of information or knowledge sufficient to form a belief.

177.    The allegations of Paragraph 177 are denied for lack of information or knowledge sufficient to form a belief.

178.    The allegations of Paragraph 178 are denied for lack of information or knowledge sufficient to form a belief.

179.    The allegations of Paragraph 179 are denied for lack of information or knowledge sufficient to form a belief.

180.    The allegations of Paragraph 180 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, denied.

181.    The allegations of Paragraph 181 are denied for lack of information or knowledge sufficient to form a belief.

182.    The allegations of Paragraph 182 are denied for lack of information or knowledge sufficient to form a belief.

183.    The allegations of Paragraph 183 are denied for lack of information or knowledge sufficient to form a belief.

184.    The allegations of Paragraph 184 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, denied.

185.     The allegations of Paragraph 185 are denied for lack of information or knowledge sufficient to form a belief.

186.     With respect to the allegations contained in Paragraph 186, it is admitted that a search warrant was executed by RPD SEU officers on or about March 19, 2020 at a residence in which Keith Green was located.  Except as admitted, denied.

187.     The allegations of Paragraph 187 are denied for lack of information or knowledge sufficient to form a belief.

188.     With respect to the allegations contained in Paragraph 188, it is admitted, upon information and belief, that, during execution of a search warrant, a flash bang deployed in the backyard of the residence at which Keith Green was located.  Except as admitted, denied.

189.     The allegations of Paragraph 189 state legal conclusions that do not pertain to this answering Defendant and, therefore, no response is required.  To the extent a response is deemed to be required, denied.

190.     With respect to the allegations contained in Paragraph 190, it is admitted that RPD Policy 1110-08 is a publicly available document in writing that speaks for itself and is the best evidence of its contents.  Except as admitted, denied.

191.     With respect to the allegations contained in Paragraph 191, it is admitted that RPD Policy 1110-08 is a publicly available document in writing that speaks for itself and is the best evidence of its contents.  Except as admitted, denied.

192.     With respect to the allegations contained in Paragraph 192, it is admitted that RPD Policy 1110-08 is a publicly available document in writing that speaks for itself and is the best evidence of its contents.  Except as admitted, denied.

193.     With respect to the allegations contained in Paragraph 193, it is admitted that

RPD Policy 1110-08 is a publicly available document in writing that speaks for itself and is the best evidence of its contents. Except as admitted, denied.

194. With respect to the allegations contained in Paragraph 194, it is admitted that RPD Policy 1110-08 is a publicly available document in writing that speaks for itself and is the best evidence of its contents. Except as admitted, denied.

195. With respect to the allegations contained in Paragraph 195, it is admitted that RPD Policy 1110-08 is a publicly available document in writing that speaks for itself and is the best evidence of its contents. Except as admitted, denied.

196. The allegations of Paragraph 196 and Footnote 3 are denied for lack of information or knowledge sufficient to form a belief.

197. The allegations of Paragraph 197and Footnote 4 are denied.

198. The allegations of Paragraph 198 are denied for lack of information or knowledge sufficient to form a belief.

199. The allegations of Paragraph 199 are denied for lack of information or knowledge sufficient to form a belief.

200. The allegations of Paragraph 200 are denied for lack of information or knowledge sufficient to form a belief.

201. The allegations of Paragraph 201 and Footnote 5 are denied for lack of information or knowledge sufficient to form a belief.

**INJURIES AND DAMAGES**

202. The allegations of Paragraph 202 are denied.

203. The allegations of Paragraph 203 are denied.

204. The allegations of Paragraph 204 are denied.

## FIRST CLAIM

205.    Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

206.    The allegations of Paragraph 206 are denied.

207.    With respect to the allegations contained in Paragraph 207, it is admitted that supervisors were required to review RPD VICE officers' search warrants.  Except as admitted, denied.

208.    With respect to the allegations contained in Paragraph 208, it is admitted that the warrant application for the May 21, 2020 search was based on Williams' controlled buy on the previous day, May 20, 2020.  Except as admitted, denied.

209.    The allegations of Paragraph 209 are admitted.

210.    With respect to the allegations contained in Paragraph 210, it is admitted that Abdullah applied for a warrant for the search of 1628 Burgundy St., Apt B, Raleigh, NC on May 21, 2020.  Except as admitted, denied.

211.    With respect to the allegations contained in Paragraph 211, it is admitted that RPD VICE officers met prior to execution of the search warrant for 1628 Burgundy St., Apt B, Raleigh, NC on May 21, 2020 to discuss such execution.  Except as admitted, denied.

212.    The allegations of Paragraph 212 are denied.

213.    With respect to the allegations contained in Paragraph 213, it is admitted that Monroe and Rattelade informed Abdullah after some, but not all, controlled buys involving Williams that the substances he brought back from such buys field-tested negative for heroin. Except as admitted, denied.

214.    With respect to the allegations contained in Paragraph 214, it is admitted that the

subject warrant is a document in writing that speaks for itself. Except as admitted, denied.

215. With respect to the allegations contained in Paragraph 215, it is admitted that the subject warrant is a document in writing that speaks for itself. Except as admitted, denied.

216. With respect to the allegations contained in Paragraph 216, it is admitted that the subject warrant is a document in writing that speaks for itself. Except as admitted, denied.

217. The allegations of Paragraph 217 are denied.

218. With respect to the allegations contained in Paragraph 218, it is admitted that certain RPD officers searched 1628 Burgundy St., Apt B, Raleigh, NC on May 21, 2020 pursuant to a warrant. Except as admitted, denied.

219. With respect to the allegations contained in Paragraph 219, it is admitted that 1628 Burgundy St., Apt A, Raleigh, NC was not listed on the subject search warrant. It is further admitted that the occupant of that residence gave verbal consent for RPD to enter and search on May 21, 2020. Except as admitted, denied.

220. With respect to the allegations contained in Paragraph 220, it is admitted that 1628 Burgundy St., Apt A, Raleigh, NC was not listed on the subject search warrant. It is further admitted that the occupant of that residence gave verbal consent for RPD to enter and search on May 21, 2020. Except as admitted, denied.

221. The allegations of Paragraph 221 are denied.

**SECOND CLAIM**

222. Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

223. The allegations of Paragraph 223 are denied for lack of information or knowledge sufficient to form a belief.

224.    With respect to the allegations contained in Paragraph 224, it is admitted that individuals ran away from RPD SEU officers and into apartments 1628-A and 1628-B. Except as admitted, denied for lack of information or knowledge sufficient to form a belief.

225.    The allegations of Paragraph 225 and Footnote 6 are denied.

226.    The allegations of Paragraph 226 are denied for lack of information or knowledge sufficient to form a belief.

## THIRD CLAIM

227.    Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

228.    The allegations of Paragraph 228 are denied.

229.    The allegations of Paragraph 229 are denied.

230.    The allegations of Paragraph 230 are denied.

231.    The allegations of Paragraph 231 are denied for lack of information or knowledge sufficient to form a belief.

232.    The allegations of Paragraph 232 are denied.

233.    The allegations of Paragraph 233 are denied.

## FOURTH CLAIM

234.    Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

235.    The allegations of Paragraph 235 and Footnote 8 state legal conclusions and arguments to which no response is required. To the extent a response is deemed to be required, it is admitted that the legal authority purported to support Plaintiffs' legal conclusions are documents in writing that speak for themselves. Except as admitted, denied.

236. With respect to the allegations contained in Paragraph 236, it is expressly denied that Abdullah conspired to fabricate any buys and charges. The remaining allegations of Paragraph 236 are denied for lack of information or knowledge sufficient to form a belief.

237. The allegations of Paragraph 237 are denied.

238. The allegations of Paragraph 238 are denied.

239. The allegations of Paragraph 239 are denied.

240. The allegations of Paragraph 240 are denied.

241. The allegations of Paragraph 241 are denied.

242. With respect to the allegations contained in Paragraph 242, it is admitted that the subject warrant application is a document in writing that speaks for itself. Except as admitted, denied.

243. The allegations of Paragraph 243 are denied.

244. With respect to the allegations contained in Paragraph 244, it is admitted that certain RPD officers searched 1628 Burgundy St., Apt B, Raleigh, NC on May 21, 2020 pursuant to a warrant and that certain RPD officers searched 1628 Burgundy St., Apt A, Raleigh, NC on May 21, 2020 pursuant to consent from the occupant thereof. Except as admitted, denied.

245. The allegations of Paragraph 245 are denied.

## FIFTH CLAIM

246. Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

247. The allegations of Paragraph 247 are denied.

248. The allegations of Paragraph 248 are denied.

249. The allegations of Paragraph 249 are denied.

250. The allegations of Paragraph 250 are denied.

251. The allegations of Paragraph 251 are denied.

252. The allegations of Paragraph 252 are denied.

253. The allegations of Paragraph 253 are denied.

254. The allegations of Paragraph 254 are denied.

## SIXTH CLAIM

255. Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

256. The allegations of Paragraph 256 are denied.

257. The allegations of Paragraph 257 are denied.

258. The allegations of Paragraph 258 are denied.

259. The allegations of Paragraph 259, and each and every subparagraph thereof, are denied.

260. The allegations of Paragraph 260 are denied.

261. The allegations of Paragraph 261 are denied.

## SEVENTH CLAIM

262. Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

263. The allegations of Paragraph 263 pertain to a defendant other than Abdullah and, as such, no response is required. To the extent that a response is deemed to be required, the allegations of Paragraph 263 are denied for lack of information or knowledge sufficient to form a belief.

264. With respect to the allegations contained in Paragraph 264, it is expressly denied

that Abdullah fabricated any charges. The remaining allegations of Paragraph 264 are denied for lack of information or knowledge sufficient to form a belief.

265. The allegations of Paragraph 265 pertain to a defendant other than Abdullah and, as such, no response is required. To the extent that a response is deemed to be required, the allegations of Paragraph 265 are denied for lack of information or knowledge sufficient to form a belief.

266. The allegations of Paragraph 266 pertain to a defendant other than Abdullah and, as such, no response is required. To the extent that a response is deemed to be required, it is admitted that Abdullah, on occasion, met with Williams alone before or after controlled buys. Except as admitted, denied.

267. The allegations of Paragraph 267 pertain to a defendant other than Abdullah and, as such, no response is required. To the extent that a response is deemed to be required, it is admitted that supervisors were required to review RPD VICE officers' search warrants. Except as admitted, denied.

268. The allegations of Paragraph 268 pertain to a defendant other than Abdullah and, as such, no response is required. To the extent that a response is deemed to be required, the allegations of Paragraph 268 are denied for lack of information or knowledge sufficient to form a belief.

269. The allegations of Paragraph 269 pertain to a defendant other than Abdullah and, as such, no response is required. To the extent that a response is deemed to be required, the allegations of Paragraph 269 are denied for lack of information or knowledge sufficient to form a belief.

270. The allegations of Paragraph 270 pertain to a defendant other than Abdullah and,

as such, no response is required. To the extent that a response is deemed to be required, it is expressly denied that Abdullah performed or committed any "unconstitutional activity." The remaining allegations of Paragraph 270 are denied for lack of information or knowledge sufficient to form a belief.

271.    The allegations of Paragraph 271 pertain to a defendant other than Abdullah and, as such, no response is required. To the extent that a response is deemed to be required, the allegations of Paragraph 271 are denied.

272.    The allegations of Paragraph 272 pertain to a defendant other than Abdullah and, as such, no response is required. To the extent that a response is deemed to be required, the allegations of Paragraph 272 are denied.

**EIGHTH CLAIM**

273.    Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

274.    The allegations of Paragraph 274 pertain to defendants other than Abdullah and, as such, no response is required. To the extent that a response is deemed to be required, the allegations of Paragraph 274 are denied for lack of information or knowledge sufficient to form a belief.

275.    The allegations of Paragraph 275 pertain to defendants other than Abdullah and, as such, no response is required. To the extent that a response is deemed to be required, the allegations of Paragraph 275 are denied for lack of information or knowledge sufficient to form a belief.

276.    The allegations of Paragraph 276 pertain to defendants other than Abdullah and, as such, no response is required. To the extent that a response is deemed to be required, the

allegations of Paragraph 276 are denied for lack of information or knowledge sufficient to form a belief.

277. The allegations of Paragraph 277 pertain to defendants other than Abdullah and, as such, no response is required. To the extent that a response is deemed to be required, the allegations of Paragraph 277 are denied.

278. The allegations of Paragraph 278 are denied.

## NINTH CLAIM

279. Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

280. The allegations of Paragraph 280 are denied.

281. The allegations of Paragraph 281 are denied for lack of information or knowledge sufficient to form a belief.

282. The allegations of Paragraph 282 are denied.

## TENTH CLAIM

283. Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

284. The allegations of Paragraph 284 pertain to a defendant other than Abdullah and, as such, no response is required. To the extent that a response is deemed to be required, denied.

285. The allegations of Paragraph 285 pertain to a defendant other than Abdullah and, as such, no response is required. To the extent that a response is deemed to be required, denied.

286. The allegations of Paragraph 286 pertain to a defendant other than Abdullah and, as such, no response is required. To the extent that a response is deemed to be required, the allegations of Paragraph 286 are denied for lack of information or knowledge sufficient to form a

belief.

287.    The allegations of Paragraph 287 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 287 are denied for lack of information or knowledge sufficient to form a belief.

288.    The allegations of Paragraph 288 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 288 are denied for lack of information or knowledge sufficient to form a belief.

289.    The allegations of Paragraph 289 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 289 are denied for lack of information or knowledge sufficient to form a belief.

290.    The allegations of Paragraph 290 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, denied.

291.    The allegations of Paragraph 291 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 291 are denied for lack of information or knowledge sufficient to form a belief.

292.    The allegations of Paragraph 292 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, it is admitted that the referenced U.S. Supreme Court decision is a document in writing that speaks for itself and is the best evidence of its contents.  Except as admitted, denied.

293.    The allegations of Paragraph 293 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, denied.

294.    The allegations of Paragraph 294 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, denied.

295.    The allegations of Paragraph 295 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 295 are denied for lack of information or knowledge sufficient to form a belief.

296.    The allegations of Paragraph 296 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 296 are denied for lack of information or knowledge sufficient to form a belief.

297.    The allegations of Paragraph 297 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 297 are denied for lack of information or knowledge sufficient to form a belief.

## ELEVENTH CLAIM

298.    Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

299.    The allegations of Paragraph 299 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 299 are denied for lack of information or knowledge sufficient to form a belief.

300.    The allegations of Paragraph 300 are denied.

301.    With respect to the allegations contained in Paragraph 301, and each and every subparagraph thereof, it is admitted that the RPD, during the relevant time period, maintained a policy of not field-testing substances believed to be heroin.  Except as admitted, denied.

302.    The allegations of Paragraph 302 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, denied.

303.    The allegations of Paragraph 303 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 303 are denied for lack of information or knowledge sufficient to form a belief.

304.    The allegations of Paragraph 304 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, denied.

305.    The allegations of Paragraph 305 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 305 are denied for lack of information or knowledge sufficient to form a belief.

306.    The allegations of Paragraph 306 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, denied.

307.    The allegations of Paragraph 307 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 307 are denied for lack of information or knowledge sufficient to form a belief.

## TWELFTH CLAIM

308.    Abdullah incorporates by reference, as if fully set forth herein, his preceding responses to the Complaint.

309.    The allegations of Paragraph 309 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, denied.

310.    The allegations of Paragraph 310 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, it is admitted that the publicly-available RPD policies are documents in writing that speak for themselves and are the best evidence of their contents.  Except as admitted, denied.

311.    The allegations of Paragraph 311 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, it is admitted that the publicly-available RPD policies are documents in writing that speak for themselves and are the best evidence of their contents.  Except as admitted, denied.

312.    The allegations of Paragraph 312 pertain to a defendant other than Abdullah and, as such, no response is required.  To the extent that a response is deemed to be required, the allegations of Paragraph 312 are denied for lack of information or knowledge sufficient to form a belief.

IN ADDITION TO THE FOREGOING, ALL HEADINGS CONTAINED IN PLAINTIFFS' COMPLAINT ARE DENIED, AS ARE ANY REMAINING ALLEGATIONS IN THE COMPLAINT.

## SECOND DEFENSE
### (Failure to State a Claim)

Abdullah preserves his defense under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as the Complaint fails, in whole or in part, to state a claim upon which relief can be

granted.

## THIRD DEFENSE
### (Objectively Reasonable)

At all times relevant to Plaintiffs' Complaint, the conduct of Abdullah was objectively reasonable and did not violate any clearly established constitutional rights of Plaintiffs. Conduct which is objectively reasonable cannot be negligent, nor can conduct which did not violate clearly established constitutional rights. Accordingly, Abdullah did not breach any legal duty owed to the Plaintiff.

## FOURTH DEFENSE
### (Qualified Immunity)

Abdullah is entitled to qualified immunity from the individual-capacity federal constitutional claims asserted against him.

## FIFTH DEFENSE
### (Public Official Immunity)

At all times relevant to this action, Abdullah was a sworn public officer, acting in his official capacity, and is entitled to public officer or public official immunity, which is pleaded in bar of Plaintiffs' claims.

## SIXTH DEFENSE
### (Probable Cause)

The searches, detentions, and/or arrests that are the subject of Plaintiffs' claims were supported by probable cause.

## SEVENTH DEFENSE
### (Lack of Proximate Cause)

Any alleged misconduct on the part of Abdullah, which has been and is again denied, did not proximately cause any damages to Plaintiffs.

### EIGHTH DEFENSE
**(Legal Justification)**

Legal justification is pled as an affirmative defense in bar of Plaintiffs' right to recover in this action.

### NINTH DEFENSE
**(Compliance)**

Abdullah should incur no liability in this action because at the time of the acts alleged in the Complaint, he acted in good faith, in conformance with RPD policies and procedures, without any wrongful intent, and with a reasonable belief that his conduct was in conformance with North Carolina state and federal laws, as well as consistent with the U.S. Constitution.

### TENTH DEFENSE
**(No Grounds for Punitive Damages)**

The allegations contained in Plaintiffs' Complaint fail to establish by clear and convincing evidence that Abdullah acted with malice or undertook willful or wanton conduct with regard to the matters at issue in this action, and Abdullah asserts the Plaintiffs' failure to allege or prove the factual elements necessary to recover punitive damages as required by N.C. Gen. Stat. §1D-15 in bar of Plaintiffs' claim for punitive damages against him in this action. Further, Plaintiffs know or should know that the claim for punitive damages against Abdullah is frivolous or malicious. Therefore, in accordance with N.C. Gen. Stat. § 1D-45, the court should award attorneys' fees to Abdullah. Finally, Abdullah specifically pleads that the imposition of punitive damages in this matter against him would be unconstitutional.

### ELEVENTH DEFENSE
**(Limitations)**

Plaintiffs' claims for damages are barred, reduced, and/or limited pursuant to applicable statutory provisions and common law doctrines regarding limitations on awards, caps on damages,

laches and setoffs.

## TWELFTH DEFENSE
### (Notice of Additional Defenses)

Abdullah reserves the right to plead additional affirmative defenses as may be revealed during disclosure and/or discovery proceedings in this matter and likewise plead all defenses pled by all co-defendants in this action.

**WHEREFORE**, having fully answered the Second Amended Complaint (Doc. 93) of the Plaintiffs, Abdullah respectfully requests the following:

1.    That the Court dismiss this action as to Abdullah;

2.    That the Plaintiff have and recover nothing from Abdullah;

3.    That the Court award Abdullah his reasonable attorneys' fees and costs for the defense of this action; and

4.    Any other such relief in favor of Abdullah as the Court may deem just and proper.

Respectfully submitted, this the 15th day of September, 2022.

/s/ Jason R. Benton
Jason R. Benton
N.C. State Bar No. 27710
Daniel E. Peterson
N.C. State Bar No. 41251
**PARKER POE ADAMS & BERNSTEIN LLP**
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Telephone: (704) 372.9000
Facsimile:  (704) 334.4706
Email: jasonbenton@parkerpoe.com
          danielpeterson@parkerpoe.com

*Attorneys for Defendant Omar I. Abdullah*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, the foregoing **Defendant Omar I. Abdullah's Answer to Plaintiffs' Second Amended Complaint** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification and serve same upon counsel of record via the Court's electronic case filing system.

This the 15th day of September, 2022.

/s/ Jason R. Benton
Jason R. Benton
N.C. State Bar No. 27710
Daniel E. Peterson
N.C. State Bar No. 41251
**PARKER POE ADAMS & BERNSTEIN LLP**
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Telephone: (704) 372.9000
Facsimile: (704) 334.4706
Email: jasonbenton@parkerpoe.com
danielpeterson@parkerpoe.com

*Attorneys for Defendant Omar I. Abdullah*