UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

YOLANDA IRVING, individually and as the natural parent and guardian of J.I., JUWAN HARRINGTON, CYDNEEA HARRINGTON, KENYA WALTON individually and as the natural parent and guardian of R.W., ZIYEL WHITLEY, DYAMOND WHITLEY, KAMISHA WHITLEY, NANETTA GRANT as the natural parent and guardian of Z.G., and EMANCIPATE NC, INC.,

Plaintiffs,

v.

THE CITY OF RALEIGH, Officer OMAR I. ABDULLAH, Sergeant WILLIAM ROLFE, Officer RISHAR PIERRE MONROE, Officer JULIEN DAVID RATTELADE, Officer MEGHAN CAROLINE GAY, Officer DAVID MEAD, Officer JESUS ORTIZ, Officer KYLE PERRIN, Officer MICHEAL MOLLERE, Officer KYLE THOMPSON, Officer VINCENT DEBONIS, Officer DANIEL TWIDDY, Officer THOMAS WEBB, Officer DAVID MCDONALD, Officer DAVID GARNER, Chief of Police ESTELLA PATTERSON and City Manager MARCHELL ADAMS-DAVID, in their official capacities,

Defendants.

5:22:CV-0068-BO

**CONSENT PROTECTIVE ORDER REGARDING
STATE BUREAU OF INVESTIGATION FILE**

The Plaintiffs, the City of Raleigh, Chief of Police Estella Patterson, City Manager Marchell Adams-David, and individually named officers along with the North Carolina State Bureau of Investigation (hereinafter "SBI"), through counsel, stipulate to the entry of this Protective Order allowing release of SBI Investigative File No. 2020-2929, regarding the SBI

investigation into the conduct of Officer Omar I. Abdullah and Dennis Leon Williams that is the subject of this lawsuit.

Counsel for Plaintiffs, the City of Raleigh and individually named officers and the SBI stipulate and agree to the following statements of facts which authorize the Court's entry of the Protective Order:

1. Plaintiffs' counsel reviewed the file at the SBI office in Raleigh prior to filing suit and has referred to its content in the pleading.

2. Responsive pleadings have been filed by Defendants William Rolfe, Meghan Gay, Rishar Monroe, Julien Rattelade, Omar Abdullah, the City of Raleigh, Marchell Adams-David, and Estella Patterson.

3. The SBI report referred to in the pleadings appears material and relevant to the subject matter involved in this matter.

4. The parties seek the release of the SBI investigation report in this matter for the parties use in the lawsuit and at mediation.

5. This order governs the handling and disclosure of all materials from the SBI Report, once produced, that are used in the litigation or filed with the Court by any party to this action, and that are not available from any other non-confidential source.

6. Definitions.

   a. "SBI Report" refers to the documents and other materials contained in SBI File No. 2020-2929, including any related laboratory reports, physical evidence, phone

extractions, and findings and any photographs or videos related to the investigation into officer Omar I. Abdullah and Dennis Leon Williams.[1]

       b.      "Document" means any writing, drawing, graph, chart, recording, and any other document as defined in Rule 34 of the North Carolina Rules of Civil Procedure.

       c.      Parties mean the Plaintiffs and any Defendant in this action.

7.      Counsel for the SBI, after reviewing this file and related documents, has determined that the SBI has no objection to producing the SBI Report to the parties in response to the Parties' request for the following reasons:

       a.      No policy reason exists for denial of the request of the Parties for production of these materials.

       b.      There is no prejudice to the SBI by releasing this material.

       c.      There are no identities of persons contained in the materials which need to be protected; and

       d.      Wake County District Attorney Lorrin Freeman consents to the release of the SBI Report pursuant to this protective order.

8.      Except as may be otherwise provided by further order of the Court, documents contained within the SBI Report shall be used ***for no purpose other than prosecuting or defending this action, including any and all motions such as motions for summary judgment, and shall be disclosed only to the persons identified below.***

9.      Access to and the use of the SBI Report and any part of it shall be limited to the following qualified persons/entities:

---

[1] Officer Abdullah and Mr. Williams are currently being prosecuted by the Wake County District Attorney's Office. Wake County District Attorney Lorrin Freeman consents to the release of the SBI file pursuant to this protective order.

a.  The Parties and attorneys of record for the Parties, and their legal assistants, other staff members, and law student clerks; insurers, their agents and employees; persons with the City of Raleigh serving in decision-making roles; outside companies engaged by attorneys for the Parties to photocopy such documents; officers, managers, owners or employees of the Parties who provide material assistance in the legal representation of the Parties;

b.  A deponent in the action (during a deposition or in preparation therefore) when the confidential materials are materially related to the questions asked to or testimony of such deponent;

c.  Mediators;

d.  Consultants and technical experts involved in the preparation of this action;

e.  Court reporters, their transcribers, assistants and employees;

f.  Any potential or actual deposition or trial witness to the extent that it is necessary to tender to such witness as an exhibit a confidential document in order to elicit testimony relevant to the matters at issue in this case; and

g.  Any presiding judge at any court proceeding and any jurors sworn as the triers of fact.

10. In addition, the above individuals and entities that are permitted access to the SBI Report materials and information are hereby ordered not to show, convey or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order, except to the qualified persons listed above.

11.     Counsel may make copies of material contained within the SBI Report for Plaintiffs' or Defendants' experts upon receiving from said experts *a written agreement* that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of Plaintiffs' or Defendants' experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiffs' and/or Defendants' counsel. By signing the declaration agreeing to be bound by this Protective Order, each of Plaintiffs' or Defendants' experts submits himself or herself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

12.     The production or disclosure of documents and materials in the SBI Report, pursuant to the terms of this Order, shall not waive or prejudice the right of any party to object to the production or admissibility of documents or information on grounds other than confidentiality in this action or on grounds in any other action.

13.     All information and materials derived from the SBI Report shall be used solely in the prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose, except as provided herein.

14.     Counsel for the parties are responsible for notifying any person who is provided information or material from the SBI Report of the terms of this Protective Order. Counsel shall keep a record of all persons to whom disclosures are made.

15.     Any material and documents contained within the SBI Report that are deemed to be confidential, pursuant to North Carolina General Statutes, Federal Statutes, or case law, may be released to the persons and Court as listed herein, only if the material and information is filed in sealed containers, containing a general description of the contents, and a statement that states the

5

contents hereof are confidential and may be revealed only by the Court or upon prior written consent of counsel for the party or witness designating the material CONFIDENTIAL INFORMATION. In the interest of clarity, should the Parties rely on such materials and documents in support of, or in response to, any motion before the Court, such materials and documents shall be filed under seal.

16. The administrative staff of the Court shall maintain such sealed containers intact and unopened except as otherwise directed by the Court. However, such information shall continue to be available to the Court and to those persons listed in this Protective Order.

17. After the final disposition of this action, including the conclusion of any and all appeals, all SBI Report materials and information that were maintained in sealed files of the Court, shall be returned to the counsel who filed such information with the Court, or returned to counsel for the SBI.

18. Each person who receives material and information described herein submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

19. It is specifically agreed that making the materials or documents available for inspection and the production of the materials or documents shall not constitute a waiver by the parties or SBI of any claim of confidentiality, and the production of such materials or documents may or may not be admissible into evidence at the trial of this action The parties reserve all rights to object to the admissibility of such materials and information as provided by the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

20. Nothing in this Protective Order shall require disclosure of material or information which the conveying party contends is protected from disclosure by the attorney-client privilege or as attorney work product materials.

21. If some of the information released pursuant to this Protective Order contains confidential personnel information under state law, the affected party shall notify all other parties and such information shall be treated as confidential by the receiving party and be subject to the terms of this Order.

22. This Protective Order shall not prevent any party, or the SBI, from applying to the Court for relief from this Protective Order or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, with the concurrence of the SBI and subject to the approval of the Court.

Ordered this _4_ day of _Oct. 2022_

Hon. _Terrence W. Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

**CONSENTED TO BY:**

*Counsel for North Carolina State Bureau of Investigation*,

/s/ Angel E. Gray
Angel E. Gray
N.C. Bar No. 24257
NORTH CAROLINA STATE BUREAU OF INVESTIGATION
Post Office Box 2950
Raleigh, North Carolina 27626
Email: agray@ncsbi.gov
*Counsel for North Carolina State Bureau of Investigation*

*Counsel for Plaintiffs,*

*/s/ Abraham Rubert-Schewel*
Abraham Rubert-Schewel
N.C. Bar No. 56863
TIN FULTON WALKER & OWEN, PLLC
119 E. Main St.
Durham, North Carolina 27701
Tel: (919) 451-9216
Email: schewel@tinfulton.com
*Counsel for Plaintiffs*

*/s/ Ian Mance*
Ian A. Mance
N.C. Bar No. 46589
EMANCIPATE NC
Post Office Box 309
Durham, NC 27702
Tel: (828) 719-5755
Email: ian@emancipatenc.org
*Counsel for Plaintiffs*

*/s/ Micheal L. Littlejohn Jr.*
Micheal L. Littlejohn Jr.
N.C. Bar No. 49353
LITTLEJOHN LAW PLLC
PO Box 16661
Charlotte, NC 28297
Tel: (704) 322-4581
Fax: (704) 625-9396
Email: mll@littlejohn-law.com
*Counsel for Plaintiffs*

*/s/ Emily Gladden*
Emily D. Gladden
N.C. Bar No. 49224
TIN FULTON WALKER & OWEN, PLLC
204 N. Person Street
Raleigh, NC 27601
Tel: (919) 720-4201
Fax: (919) 400-4516
Email: Egladden@tinfulton.com
*Counsel for Plaintiffs*

*/s/ Elizabeth Simpson*
Elizabeth G. Simpson
N.C. Bar No. 41596
EMANCIPATE NC
Post Office Box 309
Durham, NC 27702
Tel: (919) 682-1149
Email: elizabeth@emancipatenc.org
*Counsel for Plaintiffs*

8

Case 5:22-cv-00068-BO   Document 125   Filed 10/05/22   Page 8 of 9

*Counsel for Defendants*

/s/ **Dorothy V. Kibler**
**Dorothy V. Kibler**
N.C. Bar No. 13571
Deputy City Attorney
CITY OF RALEIGH ATTORNEY'S OFFICE
P.O. Box 590
Raleigh, NC 27602
Tel: (919) 996-6560
Fax: (919) 996-7021
Email: Dorothy.Kibler@raleighnc.gov
*Counsel for City of Raleigh, Police Chief Patterson in her official capacity, and City Manager Adams-David in her official capacity*

/s/ **Rodney E. Pettey**
**Rodney E. Pettey**
N.C. Bar No. 17715
**Samuel G. Thompson, Jr.**
N.C. Bar No. 32960
YATES, MCLAMB & WEYHER, LLP
P.O. Box 2889
Raleigh, NC 27602-2889
Tel: (919) 835-0900
Email: rpettey@ymwlaw.com
bthompson@ymwlaw.com
*Counsel for Rishar Monroe, Julien Rattelade, and Meghan Gay in their individual capacities*

/s/ Leslie C. Packer
Leslie C. Packer
N.C. Bar No. 13640
Ellis & Winters LLP
P.O. Box 33550
Raleigh, NC 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
leslie.packer@elliswinters.com
*Counsel for all SEU Defendants*

/s/ **Jason R. Benton**
**Jason R. Benton**
N.C. Bar No. 27710
**Daniel E. Peterson**
N.C. Bar No. 41251
PARKER POE ADAMS & BERNSTEIN, LLP
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Tel: (704) 372-9000
Fax: (704) 334-4706
Email: jasonbenton@parkerpoe.com
danielpeterson@parkerpose.com
*Counsel for Omar Abdullah in his individual capacity*

/s/ **Norwood P. Blanchard, III**
**Norwood P. Blanchard, III**
N.C. Bar No. 26470
CROSSLEY MCINTOSH COLLIER HANLEY & EDES, PLLC
5002 Randall Parkway
Wilmington, NC 28403
Tel: (910) 762-9711
Fax: (910) 256-0310
Email: Norwood@cmclawfirm.com
*Counsel for William Rolfe in his individual capacity*