IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-cv-00068-BO

YOLANDA IRVING, et al., )
)
Plaintiffs, )
)
v. ) **CONSENT PROTECTIVE ORDER**
)
THE CITY OF RALEIGH, et al., )
)
Defendants. )
)

    The Parties have jointly moved the Court pursuant to Local Civil Rule 7.1 and Rule 26(c) of the Federal Rules of Civil Procedure for entry of a Consent Protective Order to expedite the flow of discovery materials; facilitate the prompt resolution of discovery disputes, as well as disputes concerning confidentiality; protect certain materials designated as confidential ("Confidential Materials"); and ensure that protection is afforded only to materials so designated. A separate order applying to "Highly Confidential Materials" [DE 84] remains in effect and nothing in this Consent Protective Order applies to material designated as Highly Confidential Materials.

    IT IS HEREBY ORDERED THAT:

    1.    **General Scope of the Agreement.** This Consent Protective Order shall govern certain documents and other materials produced in response to any discovery request or other request for information by the Parties in this action, specifically including, but not limited to, answers to requests for admissions; answers to interrogatories; responses to requests for production of documents and documents produced in accordance therewith; documents subpoenaed from persons or entities not parties to this litigation; documents subpoenaed in connection with depositions; deposition testimony; and any deposition transcript or portion thereof as to which protection is sought in accordance with this Agreement.

The following documents and/or information may be designated as "Confidential Materials" pursuant to this Order:

    a. any party's personal financial data;
    b. any party's medical or pharmacy records, and other documents including health-related information;
    c. records relating to any criminal offenses or infractions committed while any party was a minor or for which any party has obtained an expungement order under North Carolina law;

d. juvenile justice records relating to any minor plaintiff, specifically including probation records;
e. education records for any minor plaintiff, including disciplinary records;
f. personal information of the City's employees or former employees, including, but not limited to: Social Security numbers, tax information, and health insurance/health-related information;
g. portions of personal or personnel information and records of the City's current and/or former employees that are subject to § 160A-168, but not to the extent that these statutes provide such information in personnel files to be matters of public record;
h. information and/or documents that constitute or contain records of criminal investigations or records of criminal intelligence information as defined by N.C.G.S. § 132-1.4;
i. information and/or documents containing Sensitive Public Security Information as defined by N.C.G.S. § 132-1.7; or
j. information and/or documents that disclose law enforcement techniques, guidelines, and/or procedures if disclosure of such information and/or documents could reasonably be expected to risk circumvention of the law, endanger witness and law enforcement personnel, or hinder law enforcement's ability to conduct ongoing or future investigations.

2. **Authorization to Disclose/Release Information**. Among the "Confidential Materials" contemplated by this Agreement are personnel records protected from disclosure by N.C.G.S. § 160A-168 and records of criminal investigations or records of criminal intelligence information protected from disclosure by N.C.G.S. § 132-1.4 and other North Carolina laws, including juvenile justice records, records relating to criminal offenses or infractions committed while any party was a minor, and information obtained through DCI. Subject to the terms, conditions, and procedures set forth herein, the City of Raleigh is hereby authorized to release and disclose (a) information and documents contained in the personnel files of employees, former employees, or applicants for employment; (b) records of criminal investigations concerning any party to this litigation, including records subject to a State Court expungement order, juvenile justice records, records relating to criminal offenses or infractions committed while any party was a minor, and information obtained through DCI; or (c) records of criminal investigations concerning persons who are not parties to this action that is not subject to an expungement order, including information obtained through DCI; and (d) records of criminal intelligence information, in order to provide documents or information that the City of Raleigh determines is necessary to comply with formal or informal discovery requests in this litigation. Notwithstanding the foregoing, this Order shall not prejudice the right of the City or any party to object to discovery or admissibility on any grounds other than the lack of a Court order authorizing disclosure.

3. **Redaction of Certain Information.** The Parties shall be allowed to redact the following information from any documents provided pursuant to this Order: (a) Social Security numbers, (b) financial account numbers, (c) dates of birth, and (d) license numbers. The enumeration of categories for redaction in this section is not intended to preclude the Parties from redaction of other information as the Parties deem necessary or appropriate under a good-faith interpretation of applicable law. When relying on this "good-faith" provision, the producing Party, however, must provide a "Redaction Log," which identifies what information was redacted and cites the good-faith legal basis for withholding such information.

4. **Designation as Confidential: Good Faith Requirement.** Any party obtaining information through a subpoena or producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation may designate qualifying documents or information as "Confidential Materials," in accordance with the procedures set forth herein. Such information could include a document or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such information, or other materials as set forth in Paragraph 1 of this Order. Such designation shall be made at the time the information is produced or furnished, or at a later time as provided herein.

No party may designate information as "Confidential Materials" without first determining in good faith that the information may be so designated as provided in this Order and as contemplated by Rule 26(c) of the Federal Rules of Civil Procedure.

5. **Procedure for Designating Information as Confidential.** Parties may designate "Confidential Materials" in the following manner:

   a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method which will make the word conspicuous;

   b) In the case of answers to interrogatories, designation shall be made by placing the word "Confidential" adjacent to or at the end of any answer deemed to contain confidential information. Alternatively, answers deemed to contain confidential information may be bound separately and marked with the word "Confidential"; and,

   c) In the case of depositions or other pretrial testimony in this action by parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that Confidential Materials are about to be or have been disclosed. Alternatively, a party may designate information disclosed at such deposition as Confidential Materials by informing all parties in writing, within thirty (30) days of receipt of the transcript or other date as agreed upon by the parties, of the specific pages and lines of the deposition transcript which are deemed Confidential. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. All

depositions shall be treated as Confidential for a period of thirty (30) days after a full and complete transcript of the deposition is available or other date as agreed upon by the parties. Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as Confidential Materials, counsel for that party should indicate in a clear fashion the portion of the document or testimony which is intended to be designated as "Confidential."

6. **Restricted Use of Confidential Information.** The use of information designated as "Confidential Materials" will be restricted as specifically indicated below:

   a) Documents/information designated as "Confidential" pursuant to Paragraphs 1 through 5 of this Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

      i. the Court (including the Clerk's office, stenographic reporters and videographers, and any special master or mediator appointed by the Court, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

      ii. counsel for the parties, their staff members, their professional and para-professional employees, or other agents or other representatives of either party, as necessary to prepare this case for litigation, including insurers of the parties;

      iii. any experts or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action;

      iv. the parties to this litigation, including employees and officials of the City of Raleigh, and the City's excess insurers;

      v. deponents, who may be shown Confidential Materials in preparation for their deposition and during their deposition, but shall not be permitted to keep copies of said Confidential Materials nor any portion of the deposition transcript reflecting the Confidential Materials;

      vi. any potential witness as necessary to prepare this case for litigation; provided, that no such person shall be permitted to maintain a copy of any document designated as Confidential Materials;

      vii. any other person or entity to whom the Court orders or allows disclosure after notice and opportunity for hearing; or,

      viii. by mutual consent of the parties.

4

b) Documents produced pursuant to this Order shall not be used for any purpose other than evidence in this litigation and may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, counsel, consultant, staff person or Court personnel.

7. **Acknowledgment of Order**. All persons to whom Confidential Materials are disclosed pursuant to Paragraph 6 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to insure that persons authorized to receive Confidential Materials pursuant to Paragraph 6 of this Order have knowledge of the terms of this Order and agree to be bound by them. Any person other than Plaintiffs and Defendants, employees and officials of the City of Raleigh and the City's excess carriers, counsel of record, employees of counsel of record, the Court and its personnel, and Court reporters and their staff must execute the form attached hereto as Exhibit A prior to the disclosure of Confidential Materials, which shall be maintained in confidence by the counsel disclosing such information. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

8. **Inadvertent Disclosure**. In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential" the party may designate such materials as "Confidential" by notifying counsel of the error and producing the documents again, with the "Confidential" designation, within twenty (20) days of discovery of the inadvertent production. The parties will then treat these documents as if they had been marked "Confidential" when they were first produced, destroy any documents and copies not so marked, and certify as to such destruction to all counsel.

9. **Use of Confidential Materials in this Case**. Nothing in this Order shall prevent or impair the use by a party of Confidential Materials as set forth in this Order in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court at any deposition, hearing, conference, or other proceeding prior to trial so long as confidentiality of such information is protected as provided herein. Nothing in this Agreement shall prevent or impair the use by a party of Confidential Materials as set forth in this Order at trial in accordance with any rules established by the Court.

10. **Restricted Access Documents**. Parties shall seek to file Confidential Materials under seal and shall file the appropriate motions in accordance with Fed. R. Civ. P. 79.2 and the Court's Electronic Case Filing Administrative Policies and Procedures Manual. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying: (1) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (2) where it is necessary for the Court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption of access; (3) the specific qualities of the material at issue which justify sealing such material, taking into account the balance

5

of competing interests in access; (4) the reasons why alternatives to sealing are inadequate; and (5) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court.

11. **Challenging Confidentiality.** Acceptance by a party of any information, document, or thing identified as "Confidential" pursuant to this Order shall not constitute a concession that the information, documents, or things are Confidential Materials. In the event of a dispute, Counsel shall first attempt to resolve such disputes of confidentiality between themselves. If Counsel are unable to agree on any such issue, counsel seeking protection of a document must bring the issue before the Court within a reasonable time after the parties determine that they cannot resolve the dispute and shall bear the burden of demonstrating that such information constitutes "Confidential Materials" in accordance with this Order. No disclosure of such information shall occur pending resolution of any dispute under this paragraph.

12. **Right to Object.** Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All parties retain the right to apply to the Court for an order affording additional protection to Confidential Materials as the circumstances may warrant. Nothing contained herein shall prevent a party, or the parties jointly, from seeking modification to this Order.

13. **Disclosure.**
   a) Nothing contained herein shall prevent a party from disclosing, revealing, or using any documents, materials or other information which is already lawfully in the possession of that party, is a matter of public record, or which that party lawfully obtains from any source other than the opposing party, and this Order shall not otherwise apply to such documents, materials, or other information.
   b) Nothing in this document shall prevent any party from producing any document or information in his, her, or its possession in response to a lawful subpoena or other compulsory process, provided that notice shall be given to the other party prior to the date that the party subpoenaed is required to respond to the subpoena or other compulsory process in which Confidential Materials are sought.

14. **Return of Confidential Information.** Confidential Materials and copies shall be returned to the producing party within ninety (90) days of the conclusion of this litigation (and any appeals). At the option of the producing party, destruction of such confidential materials and copies may be authorized instead. The party returning or destroying such document shall provide attestation as to such return or destruction. Provided, however, that counsel for either party may retain one copy of all documents marked Confidential for retention in their files only pursuant to

any statutory records retention requirements including, but not limited to N.C.G.S. § 132-3, and applicable Bar rules and regulations.

15. **Modification of this Order.** In the event of further proceedings in this action, if any of the parties hereto believe that this Order unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation or provides insufficient protection regarding discovery materials produced by a party, such party may serve notice upon the parties and request that the Court modify this Order.

16. **Protection of Copies.** All copies, extracts or summaries prepared from Confidential Materials produced hereunder, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be subject to the same terms of this Order as the Confidential Materials from which such copies, extracts, or summaries were prepared, if properly designated. "Summaries," as used herein, shall refer to synopses of the "Confidential Materials" such that the confidential information contained therein is readily apparent from review of such synopses.

17. **Notices.** Notice required under this Order shall be in writing and provided to the attorneys for the parties listed below. Notice to the parties shall be adequate if given solely to the parties' counsel of record.

18. **Effective Date.** This Agreement shall be effective immediately and shall survive the conclusion of this lawsuit.

**IT IS SO ORDERED.**

This the 4 day of October, 2022.

_____
UNITED STATES DISTRICT COURT JUDGE

7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-cv-00068-BO

| | |
|---|---|
| YOLANDA IRVING, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE CITY OF RALEIGH, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **ACKNOWLEDGMENT OF CONSENT PROTECTIVE ORDER** |

I, _____, declare as follows:

I acknowledge receipt of a copy of the Consent Protective Order dated _____, in <u>Yolanda Irving, et al., Plaintiffs, v. The City of Raleigh, et al., Defendants</u>, which is pending in the United States District Court for the Eastern District of North Carolina Western Division, Case No. 5:22-cv-00068-BO, and agree that I:

(1) understand the terms thereof, and agree to comply with and be bound by its provisions with respect to any information provided to me under the terms of this Consent Protective Order;

(2) will not reveal any information provided to me under the terms of this Consent Protective Order to anyone other than such persons designated in Paragraph 6 of this Order;

(3) will utilize such confidential information solely for the purposes of this litigation; and

(4) will, at the conclusion of this litigation, return all confidential information to the party or attorney from whom I received it.

I further understand that if I fail to comply with the terms of the Consent Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: _____, 202_.

_____
SIGNATURE

_____
PRINTED NAME