# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

Case No. 5:22-CV-00068-BO

| | |
|---|---|
| YOLANDA IRVING, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CITY OF RALEIGH, et al.,<br><br>    Defendants. | **DECLARATION OF CHRISTIAN DYSART** |

  Pursuant to 28 U.S.C. § 1746, I, Christian E. Dysart, hereby state and declare under penalty of perjury as follows:

  1. I am over the age of eighteen and am under no disability which would render me incompetent to make this declaration. I have personal knowledge of all the matters stated in this declaration, and all statements made are true and correct.

  2. I am a licensed attorney in good-standing with the North Carolina State Bar and am admitted to practice in this Court, as well as in the U.S. District Court Western District of North Carolina, the U.S. District Court Middle District of North Carolina, the U.S. Bankruptcy Court Western District of North Carolina, and the U.S. Court of Appeals Fourth Circuit.

  3. My law partner, Geoffrey Ryan Willis, and I represent Omar I. Abdullah in connection with a criminal case currently pending in Wake County Superior Court, entitled *State of North Carolina v. Omar Ibn Abdullah*, Case No. 22-CRS-000188 (the "Criminal Action").

  4. On or about July 26, 2022, a Wake County grand jury returned a true bill of indictment against Mr. Abdullah for unlawfully, willfully, and feloniously obstructing justice by providing false statements to a judicial official pertaining to a fake and counterfeit substance represented by Mr. Abdullah to be heroin. The bill of indictment asserted that Mr. Abdullah made these false statements on May 21, 2020 while pursuing heroin trafficking charges against Marcus Vanirvin.

  5. On July 29, 2022, Mr. Abdullah self-surrendered to the Wake County Detention Center where he was arrested and charged with one count of felony obstruction of justice.

  6. Mr. Abdullah is currently awaiting trial in the Criminal Action.

  7. I am aware of a federal civil lawsuit that has been filed in the United States District

*Yolanda Irving, et al. v. The City of Raleigh, et al.*, Case No. 5:22-CV-00068, and have reviewed the Complaint and the Amended Complaint filed in that lawsuit. The allegations contained in the Complaint and Amended Complaint appear to concern the same subject matter as that in the Criminal Action. Specifically, the Complaint and the Amended Complaint pertain to allegedly false statements made by Mr. Abdullah on a search warrant application dated May 21, 2020 – the same date that Mr. Abdullah has been criminally charged for allegedly making false statements to a judicial officer.

8. If Mr. Abdullah were forced to participate in the civil lawsuit through discovery and deposition, while simultaneously facing criminal prosecution, it would be unduly prejudicial to Mr. Abdullah's defense in the Criminal Action.

9. Because depositions of defendants and witnesses are not typically taken in criminal cases, any deposition testimony taken in this civil action would give prosecutors an unfair advantage in the Criminal Action.

10. Further, any incriminating statements or admissions made by Mr. Abdullah in written discovery or at a deposition in the civil action can and would be used by the prosecution in the Criminal Action, which would jeopardize Mr. Abdullah's defenses. I therefore plan to instruct Mr. Abdullah to invoke his Fifth Amendment privilege when asked any question at deposition concerning the allegations made by the plaintiffs in the civil action. I similarly plan to advise Mr. Abdullah to assert his Fifth Amendment privilege if and when asked to respond to any written interrogatories and requests for admission propounded upon him in the civil action concerning the plaintiffs' allegations.

Executed this 15th day of September, 2022.

Christian E. Dysart

2