IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:22-cv-68-BO

| | |
|---|---|
| YOLANDA IRVING, individually and as the natural parent and guardian of J.I, JUWAN HARRINGTON, CYDNEEA HARRINGTON, KENYA WALTON, individually and as the natural parent and guardian of R.W., ZIYEL WHITLEY, DYAMOND WHITLEY, KAMISHA WHITLEY, NANETTA GRANT as the natural parent and guardian of Z.G., and EMANCIPATE NC, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> THE CITY OF RALEIGH, Officer OMAR I. ABDULLAH, Sergeant WILLIAM ROLFE, Officer RISHAR PIERRE MONROE, Officer MEGHAN CAROLINE GAY, Officer DAVID MEAD, Officer JESUS ORTIZ, Officer, KYLE PERRIN, Officer MICHAEL MOLLERE, Officer KYLE THOMPSON, Officer VINCENT DEBONIS, Officer DANIEL TWIDDY, Officer THOMAS WEBB, Officer DAVID MCDONALD, Officer DAVID GARNER, Chief of Police ESTELLA PATTERSON, and City Manager MARCHELL ADAMS-DAVID, in their individual capacities, <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) **SEU DEFENDANTS' MOTION TO DISMISS UNDER RULES 12(B)(6) AND 12(B)(1)** ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Defendant Officers David Mead, Jesus Ortiz, Kyle Perrin, Michael Mollere, Kyle Thompson, Vincent Debonis, Daniel Twiddy, Thomas Webb, David McDonald, and David Garner, who are members of the Raleigh Police Department's Selective Enforcement Unit (collectively the "SEU Defendants"), through counsel, respectfully move the Court (1) to dismiss Claim Eight, which is the only claim asserted against the SEU defendants, for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and (2) to dismiss

Emancipate NC, Inc. as a Plaintiff under Rule 12(b)(1), because Emancipate NC lacks standing to pursue any claims based on the warrant execution at issue in this case. In support of this motion the SEU Defendants show the following:

**Motion to Dismiss Under Rule 12(b)(6)**

1. Plaintiffs' Second Amended Complaint asserts one claim against the SEU Defendants: Claim Eight – Excessive Force. DE 93 pp. 35-36.

2. The excessive force claim focuses on the allegation that the SEU Defendants "pointed their firearms at Plaintiffs" when they first encountered each of the Plaintiffs. Id. ¶ 274.

3. As police officers, the SEU Defendants are entitled to qualified immunity for the Plaintiffs' excessive force claim, which is asserted under section 1983. See City of Tahlequah, Oklahoma v. Bond, 142 S. Ct. 9, 11 (2021); DE 93 p. 35.

4. To escape dismissal of a complaint on qualified immunity grounds, a plaintiff must (1) allege a violation of a right (2) that is clearly established at the time of the violation." Evans v. Chalmers, 703 F.3d 636, 646 (4th Cir. 2012) (quoting Pearson v. Callahan, 555 U.S. 223, 231 (2009)).

5. Fourth Circuit case law holds that it is reasonable for officers to point their firearms at unknown occupants of a residence when entering the residence to execute a search warrant. See, e.g., Unus v. Kane, 565 F.3d 103, 110–11, 118 (4th Cir. 2009); Bellotte v. Edwards, 629 F.3d 415, 425-26 (4th Cir. 2011); see also United States v. Sinclair, 983 F.2d 598, 602-03 (4th Cir. 1993).

6. Accordingly, Plaintiffs cannot demonstrate that, in pointing their firearms at the Plaintiffs during the warrant execution, the SEU Defendants' conduct violated clearly established

law. Claim Eight should thus be dismissed, and the SEU Defendants should be dismissed as defendants from this action.

**Motion to Dismiss Under Rule 12(b)(1)**

7. To satisfy Article III standing, a plaintiff must show that it suffered (1) an injury in fact, (2) that is fairly traceable to the defendant's alleged misconduct, and (3) is likely to be redressed by a favorable decision. Lane v. Holder, 703 F.3d 668, 671 (4th Cir. 2012). An organization suing on its own behalf must have suffered an injury in fact that impeded its purpose with an associated drain on its resources. Id. at 674.

8. "[A]n organization's abstract concern with a subject that could be affected by an adjudication" is not sufficient to demonstrate injury for standing purposes. Simon v. E. Kentucky Welfare Rights Org., 426 U.S. 26, 40 (1976).

9. Plaintiff Emancipate NC, Inc.'s stated mission is to end mass incarceration and structural racism in the legal system. DE 93 ¶ 196. One way Emancipate NC carries out that mission is by serving as a resource for individuals who have been subject to alleged police misconduct, and filing lawsuits to redress alleged misconduct. See id. ¶¶ 196, 198-200.

10. This case involves the execution of a warrant on May 21, 2020, in Raleigh, North Carolina. See DE 93 ¶ 118. There are no allegations in the Second Amended Complaint that demonstrate that this warrant execution impeded Emancipate NC from carrying out its mission to end mass incarceration and structural racism, nor that this warrant execution drained Emancipate NC's resources, independently of Emancipate NC's decision to focus on this lawsuit, after it was filed. See id. ¶¶ 196-201; DE 2.

3

11. For this reason, and those explained more fully in the City Defendants' motion to dismiss, memorandum in support, and reply brief, see DE 59, 60, 102, & 124, which the SEU Defendants adopt, Emancipate NC should be dismissed as a plaintiff in this action.

WHEREFORE, the SEU Defendants respectfully request that the Court (1) dismiss Claim Eight for failure to state a claim and accordingly dismiss the SEU Defendants as party defendants in this action, and (2) dismiss Emancipate NC as a party plaintiff for lack of standing.

Respectfully submitted,

This the 18th day of October 2022.

/s/ Leslie C. Packer
Leslie C. Packer
N.C. State Bar No. 13640
Michelle A. Liguori
N.C. State Bar No. 52505
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
leslie.packer@elliswinters.com
michelle.liguori@elliswinters.com

*Counsel for SEU Officer Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sends notification of such filling to all counsel of record as follows:

| | |
|---|---|
| Abraham Rubert-Schewel<br>Tin Fulton Walker & Owen, PLLC<br>119 E. Main Street<br>Durham, NC 27701<br>schewel@tinfulton.com<br>*Counsel for Plaintiffs* | Jason Benton<br>Parker Poe Admads & Bernstein, LLP<br>620 South Tyson Street, Suite 800<br>Charlotte, NC 28202<br>jasonbenton@parkerpoe.com<br>*Counsel for Defendant Abdullah* |
| Emily Gladden<br>Tin Fulton Walker & Owen, PLLC<br>204 N. Person Street<br>Raleigh, NC 27601<br>egladden@tinfulton.com<br>*Counsel for Plaintiffs* | Rodney Pettey<br>Samuel Thompson, Jr.<br>Yates McLamb & Weyher, LLP<br>PO Box 2889<br>Raleigh, NC 27602<br><br>*Counsel for Defendants Monroe, Rattelade, and Gay* |
| Michael Littlejohn, Jr.<br>Littlejohn Law, PLLC<br>PO Box 16661<br>Charlotte, NC 28297<br>mll@littlejohn-law.com<br>*Counsel for Plaintiffs* | Norwood Blanchard, III<br>Crossley McIntosh Collier, & Edes, PLLC<br>5002 Randall Parkway<br>Wilmington, NC 28403<br>norwood@cmclawfirm.com<br>*Counsel for Defendant Rolfe* |
| Ian Mance<br>Elizabeth Simpson<br>Emancipate NC, Inc.<br>ian@emancipatenc.org<br>elizabeth@emancipatenc.org<br>*Counsel for Plaintiffs* | Dorothy V. Kibler<br>City of Raleigh<br>PO Box 590<br>Raleigh, NC 27602<br>Dorothy.kibler@raleighnc.gov<br>*Counsel for Defendants City of Raleigh, Chief of Police Estella Patterson, and City Manager Marchell Adams-David* |

/s/ Leslie C. Packer
Leslie C. Packer
Michelle A. Liguori

*Counsel for SEU Officer Defendants*