# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NORTH CAROLINA

YOLANDA IRVING, et al.,

                Plaintiffs,

v.

THE CITY OF RALEIGH, et al.,

                Defendants.

**5:22:CV-0068-BO**

---

## MEMORANDUM IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER RELATED TO DEPOSITION OF DEFENDANT CHIEF OF POLICE ESTELLA PATTERSON

The City of Raleigh and Official Capacity Defendants have moved for a protective order (D.E. 132) forbidding the deposition of Defendant Chief of Police Estella Patterson. For the reasons set forth below, Plaintiffs respectfully oppose the Motion.

Chief Patterson has unique personal knowledge of relevant facts and her media interview on WRAL about "No Knock" warrants and how she interprets the "Knock and Announce" warrant execution policy have made her interpretation of these subjects central to the claims and defenses in this case. Plaintiffs do not seek the deposition of Defendant Patterson for purposes of burden, harassment, or

embarrassment, but rather to obtain necessary and highly relevant information that no other defendant or deponent can provide.

## RELEVANT FACTS

Plaintiffs are ten private individuals and an organizational plaintiff challenging, among other things, the Raleigh Police Department's policy and practice of entering private homes on a search warrant without providing constitutionally required notice, what the Complaint refers to as "No Knock" or "Quick Knock" warrant executions (Claim 2).

The complaint alleges that when Raleigh Police execute a search warrant, police generally enter a private home almost-simultaneously with knocking and announcing their presence, within 1 to 2 seconds of the announcement, rendering "Knock and Announce" warrants effectively into "Quick Knock" warrants. The "announcement" that police provide does not permit adequate opportunity for any resident to comply by answering the door and permitting entry voluntarily, nor enough time for surprised and shocked residents to realize what is happening and make a rational decision on how to react to a surprising and upsetting incident. This warrant execution practice is unconstitutional and dangerous. It is associated with the loss of life – both law enforcement and civilians – because the element of surprise causes people to react out of fear and shock, rather than rational decision-making. For this reason, many departments, including the Federal Bureau of Investigation, Charlotte-Mecklenburg Police, and Buncombe County Sheriff, have banned "No Knock" warrants explicitly and publicly and they specify that "Knock and Announce"

warrants *should be executed in a manner consistent with giving actual notice to the occupants.*

## AREAS OF THE CHIEF'S UNIQUE FIRST-HAND KNOWLEDGE

Plaintiffs seek to depose Defendant Chief of Police Estella Patterson on an area of unique first-hand knowledge because Plaintiffs seek to understand the following questions, which are highly relevant to the facts at issue in Claim 2 of this litigation:

1. **What exactly *is* Raleigh Police's warrant execution policy? Does its policy forbid "No Knock" warrant executions?**

Defendant Patterson has stated to the news media that Raleigh Police does not engage in "No Knock" warrants. *See* Maggie Brown, "Lawsuit accuses Raleigh police of illegally raiding two families' homes using no-knock warrant," WRAL (Feb. 22, 2022) (available online). Depositions of Defendant Officers Mead and Ortiz also reveal that Raleigh has a practice, if not a written policy, of avoiding "No Knock" warrants, i.e., warrants executed without any knock or announcement – although both noted the existence of exigency exceptions to that general practice. Notwithstanding the Chief's claim in the media, however, Plaintiffs are unaware of any publicly available document commemorating an official policy forbidding "No Knock" warrants, or the exigency exceptions. Meanwhile, video footage of officers entering the individual plaintiffs' homes demonstrates that they *did not knock* prior to entering. Chief Patterson stated to WRAL: "It is very clear that we won't serve no-knock warrants. Officers must knock and announce when executing a warrant. I personally believe

that it is the best route to take. It's the safest for favorable outcomes for our employees as well as those where we are serving warrants." *Id.*

Other North Carolina agencies, including the Charlotte-Mecklenburg Police Department and the Buncombe Sheriff's Office have promulgated official policies banning "No Knock" warrants, unless there are individualized circumstances posing a risk to life. These policies are available on their websites for the public to peruse. On information and belief, Raleigh has no such policy publicly available. Buncombe and Charlotte-Mecklenburg also explicitly describe the purpose of the "Knock and Announce" warrant execution style, which is to give actual notice to occupants sufficient for them to be able to comply and give admittance.

Buncombe County issued a press release and a 21-page policy on warrants on April 26, 2022. The policy states that "Before entering, deputies must knock and give appropriate notice of their identity and purpose to the person in apparent control of the premises to be entered. After announcing their identity and purpose, and *if the deputies believe that admittance is being denied or unreasonably delayed*, the force necessary to complete the entry may be used." *See* Ex. A, Buncombe County Policy.

Charlotte-Mecklenburg Police Department amended its policy on September 30, 2020. It states: "CMPD will not seek or serve "No-Knock" search warrants. An officer engaged in the execution of a search warrant must give notice to those within the premises of the officer's presence by knocking and announcing his/her authority and the purpose of his/her presence before making entry. If the officer executing a search warrant *believes that he/she is being denied entry* after giving due notice of

his/her authority and purpose, the officer may use reasonable force to gain entry." *See* Ex. B, Charlotte-Mecklenburg Policy.

Why did Defendant Patterson tell the media that Raleigh Police has banned "No Knock" warrants when there is no public evidence of written policy? If it has done so, why does she speak about it publicly, yet Raleigh Police has not promulgated a policy available to the public to review? These are questions that only Defendant Patterson can answer.

2. **What does "Knock and Announce" mean as a matter of practice? Does it mean enough time for a resident to answer the door and permit entry to the home, or does it mean less notice than that? Does it mean "knock, announce, and enter a home by force within a mere second?"**

An additional area of unique knowledge for the Chief is what is meant by "Knock and Announce" warrant execution. Other jurisdictions specify that an officer executing a warrant in this manner must believe that he/she "is being denied entry" before using force to gain entry. But in an recorded interview with WRAL on February 22, 2022, Chief Patterson expressed adherence to a quicker timeline for entry. Chief Patterson stated:

> It just states you knock and announce your presence. I have always been taught that you clearly knock on the door and then you clearly announce and then you enter at that time.

Joe Fisher, "Raleigh police chief says her department doesn't use no-knock warrants," WRAL (Feb. 22, 2022) (available online).

Chief Patterson additionally stated in the recorded interview:

It's reasonable to make sure that you knock, that you announce, and some sense that it is clear, that you have announced yourself. And that you have given an opportunity to at least be alerted. And that doesn't mean for them to get up and put their clothes on and come to the door but they have been alerted.

*Id.*

These descriptions of what is meant by a "Knock and Announce" warrant – i.e., what is the purpose of the policy and how long is the duration of the pause between the Knock/Announcement and the Forced Entry -- are confusing and non-specific. Depositions of Defendants Mead and Ortiz on November 1, 2022, did not substantially clarify the scope of time required between the Knock/Announce and the Forced Entry, as neither deponent could identify a written policy that describes the required duration or the purpose of a pause between the Knock/Announce and the Forced Entry, and testimony varied from stating that the announcement must be completed three times (i.e., Raleigh Police, Raleigh Police, Raleigh Police), to the concession that the three repetitions could be dispensed with in officer discretion, as it was evidently dispensed with in every body camera video mentioned in the Amended Complaint.

Without written policy delineating the meaning and duration of the "pause-time" in Knock and Announce warrants, Raleigh police officers may take the cue from the Chief that the meaning of "Knock and Announce" is vague and undefined. In all the incidents recounted in the complaint, officers either did not knock prior to entering, or forcibly entered a home within 1 to 2 seconds of the simultaneous knock and announcement – not enough time for the occupant to comply and allow entry. To understand what Defendant Patterson meant when she stated on WRAL "an

opportunity to at least be alerted" is one subject the plaintiffs seek to explore in deposition. Only Defendant Chief Patterson can clarify what she meant by that in this news interview.

For this reason, plaintiffs seek to depose Chief Patterson about this subject and the meaning of "Knock and Announce," and how much time should pass between the announcement and the forced entry.

## ARGUMENT

As Defendants state in their memorandum, to justify taking a high-ranking government official's deposition, a party may demonstrate that "the official has unique first-hand knowledge related to the litigated claims." D.E. 132 at 4 (citing *Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013) (citing cases); *see also Smithfield Bus. Park, LLC v. SLR Int'l Corp.*, No. 5:12-cv-282-F, 2014 WL 547078, at *2 (E.D.N.C. Feb. 10, 2014) ("[B]efore a plaintiff may depose a corporate defendant's high ranking officer, the plaintiff must show '(1) the executive has unique or special knowledge of the facts at issue and (2) other less burdensome avenues for obtaining the information sought have been exhausted.'" (quoting *Performance Sales & Mktg.*, LLC, No. 5:07-cv-00140-RLV, 2012 WL 4061680, at *3-4 (W.D.N.C. Sept. 14, 2012)).

Here, Chief Patterson's public comments in the media alleging that Raleigh Police "won't serve "No Knock" warrants" and her confusing explanation of what duration of "alert" or notice is required by "Knock and Announce" warrants, make her a crucial deponent for Claim 2 of the litigation. Plaintiffs aver that the deposition of

Chief Patterson is not intended for any improper purpose, such as harassment or embarrassment. Rather, the purpose of the deposition is to understand what the Chief of Police believes Raleigh's warrant execution policy actually is and what it actually means since she has gone to the public to describe warrant execution.

There are no other deponents who can describe what she meant on her behalf, so there is no less burdensome alternative to simply asking Chief Patterson what duration of "alert" is required for a Knock and Announce warrant. The apex doctrine shielding high-level executives does not apply to depositions of executives that have "unique or personal" knowledge, and the "wait and see" approach is only intended for high level executives who lack unique knowledge. *See Minter v. Wells Fargo Bank, N.A.* 258 F.R.D. 118 (D. MD 2009). That is not the case here.

Certainly, plaintiffs are willing to accommodate Chief Patterson's schedule, as they have done with depositions of all other defendants they have noticed for deposition to date.

Respectfully submitted, this the 2nd day of November, 2022,


/s/ Abraham Rubert-Schewel
Abraham Rubert-Schewel
(N.C. Bar # 56863)
TIN FULTON WALKER & OWEN, PLLC
119 E. Main Street
Durham, NC 27701
Tel: (919) 451-9216
schewel@tinfulton.com

/s/ *Emily Gladden*
Emily D. Gladden
TIN FULTON WALKER & OWEN, PLLC
State Bar No.:  49224

204 N. Person Street Raleigh, NC 27601
Telephone:    (919) 720-4201
Facsimile:     (919) 400-4516 Egladden@tinfulton.com

*/s/ Micheal L. Littlejohn Jr.*
Micheal L. Littlejohn Jr.
N.C. Bar No. 49353
Littlejohn Law PLLC
PO Box 16661
Charlotte, NC 28297
Telephone: (704) 322-4581
Fax: (704) 625-9396
mll@littlejohn-law.com

*/s/ Ian Mance*
Ian A. Mance
N.C. Bar No. 46589
EMANCIPATE NC
Post Office Box 309 Durham, NC 27702
Tel: (828) 719-5755
ian@emancipatenc.org

*/s/ Elizabeth Simpson*
Elizabeth G. Simpson
N.C. Bar No. 41596
EMANCIPATE NC
Post Office Box 309
Durham, NC 27702
Tel: (919) 682-1149
elizabeth@emancipatenc.org

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2022, I electronically filed the foregoing **OPPOSITION TO MOTION FOR PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Dorothy Kibler
Amy C. Petty
P.O. Box 590
Raleigh, NC  27602
Dorothy.Kibler@raleighnc.gov
Amy.Petty@raleighnc.gov
*Counsel for Defendant The City of Raleigh*

Jason R. Benton
Daniel Edward Peterson
Jessica C. Dixon
Parker Poe Adams & Bernstein, LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202
jasonbenton@parkerpoe.com
danielpeterson@parkerpoe.com
jessicadixon@parkerpoe.com
*Counsel for Defendant Omar Abdullah*

Norwood P. Blanchard, III
Crossley McIntosh Collier Hanley & Edes, PLLC
5002 Randall Parkway
Wilmington, NC 28403
Email: norwood@cmclawfirm.com
*Counsel for Defendant William Rolfe*

Rodney E. Petty
rpetty@ymwlaw.com
Samuel G. Thompson, Jr.
bthompson@ymwlaw.com
Yates, McLamb & Weyher, LLP

Post Office Box 2889
Raleigh, North Carolina 27602
*Counsel for Officer R.P. Monroe, J.D. Rattelade, and M.C. Gay in their individual capacities*

Leslie C. Packer
Michelle A. Liguori
Ellis & Winters LLP
4131 Parklake Avenue Suite 400
Raleigh NC 27612
Leslie.packer@elliswinters.com
Michelle.liguori@elliswinters.com
*Counsel for Officers Mead, Ortiz, Perrin, Mollere, Thompson, Debonis, Twiddy, Webb, McDonald, and Garner in their individual capacities*

*/s/ Elizabeth Simpson*
Elizabeth Simpson
EMANCIPATE NC