# Exhibit B



| Charlotte-Mecklenburg Police Department | 500-004-D |
|---|---|
| *Interactive Directives Guide* — Search Warrants | |
| *Effective Date: 9/30/2020* | **2 of 6** |

      a.    CMPD will not seek or serve 'No-Knock' search warrants.

      b.    An officer engaged in the execution of a search warrant must give notice to those within the premises of the officer's presence by knocking and announcing his/her authority and the purpose of his/her presence before making entry.

      c.    If the officer executing a search warrant believes that he/she is being denied entry after giving due notice of his/her authority and purpose, the officer may use reasonable force to gain entry.

      d.    Nothing in this subsection prohibits officers from entering under the exigency exception to the search warrant requirement if officers observe an intervening exigent circumstance that would endanger the life or safety of any person.

D.    Preparation of the Plan for Execution of the Search

    1.    Responsibilities of the Division Captain, Lieutenant, or Operations Commander

      a.    The Division Lieutenant, Captain, or Operations Commander will review the search warrant application prior to presentation to the judicial official.

      b.    The Division Lieutenant, Captain, or Operations Commander will designate the police supervisor to be present at the scene and in charge of the search.

      c.    The Division Lieutenant, Captain, Operations Commander, or police supervisor may request assistance from the SWAT Team if he or she determines the warrant to be high risk.

    2.    In the event a Division Lieutenant, Captain or Operations Commander is not available, a Vice and Narcotics supervisor or a Homicide supervisor of the rank of Sergeant or above may assume the responsibilities of the Division Lieutenant, Captain or Operations Commander.

    3.    When a search warrant is initiated by an officer assigned to the Vice and Narcotics Division, his or her supervisor of the rank of Sergeant or above may assume the responsibilities of the Division or Operations Commander as outlined above.

    4.    The supervisor in charge of the search will notify:

      a.    The supervisor in the division where a search is being conducted;

      b.    The Vice and Narcotics Division Captain or supervisor (If crimes within the Vice and Narcotics Division primary responsibilities may be involved);

          If the Vice and Narcotics Division Captain or supervisor cannot be contacted, the supervisor in charge of the search will notify his/her


      Division Captain or the Operations Commander that contact was not made. The contact can be simultaneous with the search if needed.

5. At times when the Operations Commander is in charge of CMPD operations the supervisor directing the search will notify the Operations Commander of the intent to serve the warrant.

6. The supervisor directing the search will:

    a. Review the affidavit and search warrant for accuracy and validity. (The reviewer should not sign, initial or mark the affidavit or search warrant.)

    b. Identify any existing hazards.

    c. Determine the personnel needed, giving consideration to utilizing on-duty officers with special training.

        1) The supervisor may request the assistance of SWAT.

        2) If it is determined to be a warrant service not needing the assistance of SWAT, officers making entry will have successfully completed the CMPD Basic Dynamic Entry School.

    d. Determine the equipment needed, (e.g., camera, extra handcuffs, and weapons).

    e. Notify an on-duty supervisor of that agency when the warrant is to be executed outside of CMPD jurisdiction.

    f. Ensure all officers involved in the search have participated in the pre-search briefing. Instruct participating officers of the plan for the search and of their job assignments; ensure that each individual understands his/her role and if necessary reduce each assignment to writing. All officers involved in the search must participate in the pre-search briefing.

    g. Call additional personnel if exigent circumstances develop during the search that requires additional personnel.

    h. Be present at the scene of the search.

    i. Ensure that the first officer to enter the premises is a uniformed officer.

    j. Ensure that all non-uniformed personnel are wearing proper CMPD search attire.

    k. Ensure that a sketch is made of the premises to be searched.

    l. Make every reasonable effort to ensure that the correct premises are being entered by verifying the address and by verifying the house or structure description.



| Charlotte-Mecklenburg Police Department | 500-004-D |
|---|---|
| *Interactive Directives Guide* | Search Warrants |
| *Effective Date: 9/30/2020* | **4 of 6** |

  m. Ensure compliance by all personnel issued a BWC with Directive 400-006 during the search.

E. Conducting the Search

 1. Entry into the premises

  a. If it is unclear whether anyone is present at the premises to be searched, notice must be given in a manner likely to be heard by anyone who is present.

  b. The first person(s) to enter the premises must be in police uniform. Non-uniformed officers will wear proper CMPD search attire.

  c. A supervisor will be on scene at the time when a search warrant for a commercial or residential structure or a buccal swab for DNA search warrant is executed.

 2. When entry is made, officers will assist in securing the premises and its occupants, guarding exits, and providing communications support to the officers conducting the search.

 3. After the occupants are secure, the officer in charge of the search, or his/her designee, must read the warrant (excluding application) and give a copy of the warrant application and affidavit to the person in charge of the premises. If the premises are unoccupied, a copy of the warrant must be left at the premises in a conspicuous location and the warrant does not need to be read aloud to an empty structure.

 4. Securing the Occupants of the Premises

  a. Prior to beginning the search, any person present can be patted down (frisk only) if the officer reasonably suspects that the person is armed.

  b. Persons present at a search of a private premise may be detained by the search party. If the search fails to produce the items named in the warrant, and those items may be concealed upon a person, then those persons present may then be searched for the same type of items which, if found, may be seized and used as evidence. (All controlled substances are considered the same type of property if any controlled substances are listed in the warrant). Any other type of property found during a search of persons under such circumstances may not be used for prosecution, but may be seized if it is contraband or stolen property.

 5. Photographs of the premises will be taken before and after the search.

 6. The supervisor will designate the primary Impounding Officer. This officer is responsible for collecting and submitting evidence.


7. Evidence discovered in different locations on the premises will be placed in separate envelopes or containers by the officer responsible for collecting evidence, and marked to indicate where it was found and by whom.

8. Notes will be taken describing the location of evidence.

9. The officer who obtains the search warrant will make every reasonable effort to determine the identity of the owner or occupant of record for the premises where the search was conducted.

F. Raid and Search Report

At the completion of the search, the supervisor in charge will initiate a Raid and Search Supervisor Report in IACMS prior to the supervisor completing his/her shift.

G. Return of Search Warrant

A search warrant must be executed within 48 hours of issuance. After service, the officer responsible for drawing the search warrant will return the warrant, with a written inventory of the seized items, to the Magistrate's Office without unreasonable delay. The officer will obtain a signed copy of the returned warrant to put in the officer's own court file. The inventory must be signed and sworn to by the officer who obtained the warrant.

H. Receipt after Seizure of Property

If property is seized during the course of a search, even if by consent, the officer in charge will deliver a copy of the CMPD Inventory, listing the property taken, to the party from whom the property was taken, or to the party in charge of the premises from which the property was taken. If no one is present to accept a copy of the form, the officer will leave the copy in a conspicuous location in the premises or vehicle that was searched.

I. Impounded Coin and Currency

Impounded coin and currency will be submitted on separate Property Report Forms, not combined with other property (wallets, checkbooks, etc.) and in compliance with CMPD Directive 700-008 Currency and Asset Forfeiture Procedures.

J. Federal Search Warrants

Task Force Officers (TFO's) or other CMPD officers working in conjunction with federal law enforcement agencies will follow the listed guidelines when assisting with federal search warrants.

1. Must be supported by probable cause. May be issued for evidence of a crime, contraband, fruits of crime, or other items illegally possessed; property designed for, intended for use, or used in committing a crime; or a person to be arrested or person who is unlawfully restrained.

2. Federal search warrants must be executed within the specified time that cannot exceed 14 days from being issued.


3. Must be executed during daytime (between the hours of 0600 and 2200), unless expressly stated.

4. Must return the warrant to the magistrate judge designated in the warrant. Must be returned promptly with a copy of the inventory to the designated magistrate judge. The warrant may be returned by reliable electronic means.

5. Warrant seeking electronically stored information, unless expressly stated, allows copying of data which may be reviewed later in a manner consistent with the search warrant.

6. The period of tracking for tracking devices cannot exceed 45 days from the date the warrant was issued. The court may grant extensions.

    a. Must be installed no later than 10 days from warrant being issued

    b. Be installed within daytime hours unless expressly authorized.

    c. After the use of the tracking device has ended, the warrant must be returned within 10 days.

    d. Person or owner of the property that was tracked, must be notified within 10 days after the use has ended. This may be delayed by the judge in the warrant.

7. An officer present during the execution of the warrant must prepare and verify an inventory of any property seized.

    a. Must do so in the presence of another officer and the person from whom, or from whose premises, the property was taken.

    b. If either one is not present; the officer must prepare and verify the inventory in the presence of at least one other credible person.

8. Officers executing the warrant must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken or leave a copy of the warrant and receipt at the place where the officer took the property.

V. REFERENCES

400-001 Uniforms and Grooming Standards
400-006 Body Worn Cameras
700-001 Submitting Impounded Property to Property and Evidence
700-002 Evidence Management
700-008 Currency and Asset Forfeiture Procedures
800-005 Deconfliction Policy
N.C.G.S. 15A-221 -257
CALEA
Federal Rules of Criminal Procedure, Rule 41