IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:22-cv-68-BO

| | | |
|---|---|---|
| YOLANDA IRVING, individually and as the natural parent and guardian of J.I., JUWAN HARRINGTON, CYDNEEA HARRINGTON, KENYA WALTON, individually and as the natural parent and guardian of R.W., ZIYEL WHITLEY, DYAMOND WHITLEY, KAMISHA WHITLEY, NANETTA GRANT as the natural parent and guardian of Z.G., and EMANCIPATE NC, INC., | ) ) ) ) ) ) ) ) | **ANSWER OF** **Officer DAVID MEAD, Officer** **JESUS ORTIZ, Officer, KYLE** **PERRIN, Officer MICHAEL** **MOLLERE, Officer KYLE** |
| Plaintiffs, | ) ) | **THOMPSON,** |
| v. | ) ) ) | **Officer VINCENT DEBONIS,** **Officer DANIEL TWIDDY, Officer** **THOMAS WEBB,** |
| THE CITY OF RALEIGH, Officer OMAR I. ABDULLAH, Sergeant WILLIAM ROLFE, Officer RISHAR PIERRE MONROE, Officer MEGHAN CAROLINE GAY, Officer DAVID MEAD, Officer JESUS ORTIZ, Officer KYLE PERRIN, Officer MICHAEL MOLLERE, Officer KYLE THOMPSON, Officer VINCENT DEBONIS, Officer DANIEL TWIDDY, Officer THOMAS WEBB, Officer DAVID MCDONALD, Officer DAVID GARNER, Chief of Police ESTELLA PATTERSON, and City Manager MARCHELL ADAMS-DAVID, in their individual capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **Sergeant DAVID MCDONALD, and** **Officer DAVID GARNER** |
| Defendants. | ) ) | |

Defendants Officer David Mead ("Officer Mead"), Officer Jesus Ortiz ("Officer Ortiz"),

Officer Kyle Perrin ("Officer Perrin"), Officer Michael Mollere ("Officer Mollere"), Officer

Kyle Thompson ("Officer Thompson"), Officer Vincent Debonis ("Officer Debonis"), Officer

Daniel Twiddy ("Officer Twiddy"), Officer Thomas Webb ("Officer Webb"), Sergeant David

McDonald ("Sergeant McDonald"), Officer David Garner ("Officer Garner") (collectively the

"SEU Officers"), through counsel, answer Plaintiffs' Second Amended Complaint as follows:

## INTRODUCTION

1.      Upon information and belief, it is admitted that some of Plaintiffs are Black women and adolescent children. It is further admitted that a search warrant was executed at Plaintiff Yolanda Irving's apartment and that Plaintiff Kenya Walton's apartment was entered during the execution of the search warrant and the apartment was secured.  Except as admitted, the allegations contained in Paragraph 1 of Plaintiffs' Second Amended Complaint are denied.

2.      It is denied that there was a "No Knock" raid of the individual Plaintiffs' homes. Except as expressly denied, the allegations of Paragraph 2 are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

3.      Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Second Amended Complaint.

4.      The Supreme Court's decision in *Hudson v. Michigan*, 547 U.S. 586 (2006) speaks for itself.  The remaining allegations of Paragraph 4 of Plaintiff's Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

5.      It is admitted that the SEU Officers executed a search warrant at Ms. Irving's apartment and entered both her apartment and Ms. Walton's apartment, that the officers had firearms, that the SEU Officers secured both apartments, that the SEU Officers performed some searches of the persons of some of the occupants, and instructed the occupants of Ms. Irving's apartment to sit on the floor while her apartment was searched.  It is specifically denied that the SEU Officers conducted a "No Knock" raid, pointed assault rifles at Plaintiffs, or ransacked Plaintiffs' homes.  Except as admitted, the allegations contained in Paragraph 5 of Plaintiffs' Second Amended Complaint are denied.

6. It is admitted that no Plaintiff was charged with a crime as a result of the events of May 21, 2020. Except as admitted, the allegations contained in Paragraph 6 of Plaintiffs' Second Amended Complaint are denied.

7. The allegations contained in Paragraph 7 of Plaintiffs' Second Amended Complaint and footnote 1 are denied.

8. The allegations contained in Paragraph 8 of Plaintiffs' Second Amended Complaint are denied.

9. Upon information and belief, Plaintiffs filed this suit seeking recovery for alleged constitutional violations; their entitlement to that relief is denied. The remaining allegations contained in Paragraph 9 of Plaintiffs' Second Amended Complaint are denied.

## PARTIES

10. Admitted on information and belief.

11. It is admitted on information and belief that Ms. Irving is the mother of Cydneea Harrington and Juwan Harrington. The remaining allegations in Paragraph 11 are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

12. It is admitted on information and belief that Cydneea Harrington is a resident of Wake County, North Carolina. The remaining allegations in Paragraph 12 are denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations thereof.

13. It is admitted on information and belief that Juwan Harrington is a resident of Wake County, North Carolina, and that he is disabled. The remaining allegations contained in Paragraph 13 are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

14.     It is admitted on information and belief that Ms. Walton is a resident of Wake County, North Carolina, and that R.W. is her child.  The remaining allegations in Paragraph 14 are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

15.     It is admitted on information and belief that Ziyel Whitley is a resident of Wake County, North Carolina.  The remaining allegations of Paragraph 15 are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

16.     It is admitted on information and belief that Dyamond Whitley is a resident of Wake County, North Carolina.  The remaining allegations in Paragraph 16 are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

17.     It is admitted on information and belief that Kamisha Whitley is a resident of Wake County, North Carolina.  The remaining allegations in Paragraph 17 are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

18.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiffs' Second Amended Complaint.

19.      Admitted on information and belief.

20.     It is admitted that the SEU Officers are employed by the City of Raleigh.  Except as admitted, the allegations contained in Paragraph 20 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

21.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' Second Amended Complaint.

22.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Second Amended Complaint.

23.      Admitted on information and belief.

24.     Admitted on information and belief.

25.     Admitted on information and belief.

26.     Admitted on information and belief.

27.     Admitted on information and belief.

28.     It is admitted that David Mead was, at all relevant times, an officer of the Raleigh Police Department.  Upon information and belief, it is admitted that Plaintiffs bring this suit against Officer Mead in his individual capacity.  Except as admitted, the allegations contained in Paragraph 28 of Plaintiffs' Second Amended Complaint are denied.

29.     It is admitted that Jesus Ortiz was, at all relevant times, an officer of the Raleigh Police Department.  Upon information and belief, it is admitted that Plaintiffs bring this suit against Officer Ortiz in his individual capacity.  Except as admitted, the allegations contained in Paragraph 29 of Plaintiffs' Second Amended Complaint are denied.

30.     It is admitted that Kyle Perrin was, at all relevant times, an officer of the Raleigh Police Department.  Upon information and belief, it is admitted that Plaintiffs bring this suit against Officer Perrin in his individual capacity.  Except as admitted, the allegations contained in Paragraph 30 of Plaintiffs' Second Amended Complaint are denied.

31.     It is admitted that Michael Mollere was, at all relevant times, an officer of the Raleigh Police Department.  Upon information and belief, it is admitted that Plaintiffs bring this suit against Officer Mollere in his individual capacity.  Except as admitted, the allegations contained in Paragraph 31 of Plaintiffs' Second Amended Complaint are denied.

32.     It is admitted that Kyle Thompson was, at all relevant times, an officer of the Raleigh Police Department.  Upon information and belief, it is admitted that Plaintiffs bring this

5

suit against Officer Thompson in his individual capacity. Except as admitted, the allegations contained in Paragraph 32 of Plaintiffs' Second Amended Complaint are denied.

33. It is admitted that Vincent Debonis was, at all relevant times, an officer of the Raleigh Police Department. Upon information and belief, it is admitted that Plaintiffs bring this suit against Officer Debonis in his individual capacity. Except as admitted, the allegations contained in Paragraph 33 of Plaintiffs' Second Amended Complaint are denied.

34. It is admitted that Daniel Twiddy was, at all relevant times, an officer of the Raleigh Police Department. Upon information and belief, it is admitted that Plaintiffs bring this suit against Officer Twiddy in his individual capacity. Except as admitted, the allegations contained in Paragraph 34 of Plaintiffs' Second Amended Complaint are denied.

35. It is admitted that Thomas Webb was, at all relevant times, an officer of the Raleigh Police Department. Upon information and belief, it is admitted that Plaintiffs bring this suit against Officer Webb in his individual capacity. Except as admitted, the allegations contained in Paragraph 35 of Plaintiffs' Second Amended Complaint are denied.

36. It is admitted that David McDonald was, at all relevant times, an officer of the Raleigh Police Department. Upon information and belief, it is admitted that Plaintiffs bring this suit against Sergeant McDonald in his individual capacity. Except as admitted, the allegations contained in Paragraph 36 of Plaintiffs' Second Amended Complaint are denied.

37. It is admitted that David Garner was, at all relevant times, an officer of the Raleigh Police Department. Upon information and belief, it is admitted that Plaintiffs bring this suit against Officer Garner in his individual capacity. Except as admitted, the allegations contained in Paragraph 37 of Plaintiffs' Second Amended Complaint are denied.

38. Admitted on information and belief.

39.     Admitted on information and belief.

## JURISDICTION

40.     Denied as stated, but the SEU Officers do not contest this Court's jurisdiction.

41.     Denied as stated, but the SEU Officers do not contest this Court's jurisdiction over the claims asserted in the Second Amended Complaint.

## VENUE

42.      Denied as stated, but the SEU Officers do not contest venue in the Eastern District of North Carolina.

## JURY DEMAND

43.     There are no factual allegations contained in Paragraph 43 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the SEU Officers also respectfully demand a trial by jury.

## FACTS

**The RPD VICE Unit and the use of Confidential Informants[1]**

44.     It is admitted on information and belief that Omar Abdullah, Megan Gay, Rishar Monroe, and David Rattelade were members of the RPD Vice unit at the time that the warrant to search Ms. Irving's apartment was executed.  Except as admitted, the allegations contained in Paragraph 44 of Plaintiffs' Second Amended Complaint are denied.

45.      It is admitted on information and belief that Sergeant Rolfe was a supervisor in the VICE unit at the time of the warrant execution.  Except as admitted, the allegations contained in Paragraph 45 of Plaintiffs' Second Amended Complaint are denied.

---

[1] The headings in Plaintiffs Second Amended Complaint are reproduced in this Answer only for the Court's reading convenience.  The extent they constitute factual allegations, the headings are denied.

7

46.     Admitted on information and belief.

47.     It is admitted on information and belief that the RPD VICE unit uses confidential informants.  Except as admitted, the allegations contained in Paragraph 47 of Plaintiffs' Second Amended Complaint are denied.

48.     It is admitted on information and belief that confidential informants are sometimes recruited after being arrested and charged, that they sometimes receive leniency on pending charges, and that they sometimes receive payment for their work.  Except as admitted, the allegations contained in Paragraph 48 of Plaintiffs' Second Amended Complaint are denied.

49.     It is admitted that confidential informants sometimes assist with narcotics investigations.  Except as admitted, the allegations contained in Paragraph 49 of Plaintiffs' Second Amended Complaint are denied.

50.      It is admitted that confidential informants are sometimes given buy money before controlled transactions.  Except as admitted, the allegations contained in Paragraph 50 of Plaintiffs' Second Amended Complaint are denied.

51.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiffs' Second Amended Complaint.

52.      Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiffs' Second Amended Complaint.

53.      Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiffs' Second Amended Complaint.

54.      Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiffs' Second Amended Complaint.

**RPD VICE Recruits an Unreliable Confidential Informant**

55.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiffs' Second Amended Complaint.

56.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiffs' Second Amended Complaint.

57.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiffs' Second Amended Complaint.

58.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiffs' Second Amended Complaint.

59.     It is admitted on information and belief that Dennis Williams was a confidential informant for the RPD's VICE unit.  Except as admitted, the allegations contained in Paragraph 59 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations thereof.

60.     It is admitted on information and belief that Dennis Williams was a confidential informant for the RPD's VICE unit.  Except as admitted, the allegations contained in Paragraph 60 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

61.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiffs' Second Amended Complaint.

62.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiffs' Second Amended Complaint.

63.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiffs' Second Amended Complaint.

**Dennis Williams Starts out Making a few Small Level Crack Buys**

64.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiffs' Second Amended Complaint.

65.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 65 of Plaintiffs' Second Amended Complaint.

66.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiffs' Second Amended Complaint.

67.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 67 of Plaintiffs' Second Amended Complaint.

68.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiffs' Second Amended Complaint.

69.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiffs' Second Amended Complaint.

70.     It is admitted on information and belief that Dennis Williams was a confidential informant for the RPD's VICE unit, and that Omar Abdullah worked with Mr. Williams.  Except as admitted, the allegations contained in Paragraph 70 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

71.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiffs' Second Amended Complaint.

72.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 72 of Plaintiffs' Second Amended Complaint.

10

**Officer Abdullah, RPD VICE Officers, and Aspirin Conspire to Fabricate Heroin Trafficking Offenses**

73.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 73 of Plaintiffs' Second Amended Complaint.

74.     It is denied that the SEU Officers illegally raided the homes of Plaintiffs Irving and Walton, or anyone else, and denied that the SEU Officers wrongfully seized individuals. The remaining allegations contained in Paragraph 74 of Plaintiffs' Second Amended Complaint are denied for lack of knowledge or information to form a belief as to the truth thereof.

75.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 75 of Plaintiffs' Second Amended Complaint.

76.     It is admitted on information and belief that the last transaction involving Williams occurred on May 21, 2020.  It is specifically denied that the SEU Officers illegally raided the homes of Ms. Irving and Ms. Walton.  The remaining allegations in Paragraph 76 are denied.

**The RPD VICE Officers' Conspiracy**

77.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 77 of Plaintiffs' Second Amended Complaint.

78.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 78 of Plaintiffs' Second Amended Complaint.

79.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 79 of Plaintiffs' Second Amended Complaint.

80.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 80 of Plaintiffs' Second Amended Complaint.

81. Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 81 of Plaintiffs' Second Amended Complaint.

82. Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 82 of Plaintiffs' Second Amended Complaint.

83. Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiffs' Second Amended Complaint.

84. Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 84 of Plaintiffs' Second Amended Complaint.

85. Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 85 of Plaintiffs' Second Amended Complaint.

86. Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 86 of Plaintiffs' Second Amended Complaint.

87. Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 87 of Plaintiffs' Second Amended Complaint.

88. Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 88 of Plaintiffs' Second Amended Complaint.

89. Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 89 of Plaintiffs' Second Amended Complaint.

90. Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 90 of Plaintiffs' Second Amended Complaint.

91. Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 91 of Plaintiffs' Second Amended Complaint.

92.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 92 of Plaintiffs' Second Amended Complaint.

93.     Denied as to the SEU Officers.  Except as expressly denied, the allegations contained in Paragraph 93 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations thereof.

94.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 94 of Plaintiffs' Second Amended Complaint.

95.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 95 of Plaintiffs' Second Amended Complaint.

96.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 96 of Plaintiffs' Second Amended Complaint.

97.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 97 of Plaintiffs' Second Amended Complaint.

98.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 98 of Plaintiffs' Second Amended Complaint.

99.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 99 of Plaintiffs' Second Amended Complaint.

100.    It is denied that the execution of the search warrant at Ms. Irving's home was a "No Knock" warrant execution.  The remaining allegations in Paragraph 100 are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

**RPD VICE Officers Fabricate Evidence to Procure a Warrant to Search the Home of Yolanda Irving and her Family**

101.    Admitted on information and belief.

13

102.    Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 102 of Plaintiffs' Second Amended Complaint.

103.    It is admitted that the warrant application is a document that speaks for itself and is the best evidence of its contents.

104.    Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 104 of Plaintiffs' Second Amended Complaint.

105.    Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 105 of Plaintiffs' Second Amended Complaint.

106.    Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 106 of Plaintiffs' Second Amended Complaint.

107.    Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 107 of Plaintiffs' Second Amended Complaint.

108.    It is admitted that the search warrant application is a document that speaks for itself and is the best evidence of its contents.  Except as admitted, the allegations contained in Paragraph 108 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

109.    It is admitted that the search warrant is a document that speaks for itself and is the best evidence of its contents.  Except as admitted, the allegations contained in Paragraph 109 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

110.    It is admitted that the search warrant is a document that speaks for itself and is the best evidence of its contents.  Except as admitted, the allegations contained in Paragraph 110 of

14

Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

111.    Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 111 of Plaintiffs' Second Amended Complaint.

112.    Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 112 of Plaintiffs' Second Amended Complaint.

113.    It is admitted that a warrant was issued to search Ms. Irving's home.  Except as admitted, the allegations in Paragraph 113 are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

**RPD SEU and VICE Officers Raid the Home of Yolanda Irving and her Family and Kenya Walton and Her Family**

114.    Admitted on information and belief.

115.    Admitted on information and belief.

116.    Admitted on information and belief.

117.    It is admitted on information and belief that Ms. Walton lived with several of her children.  Except as admitted, the allegations contained in Paragraph 117 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations thereof.

118.    Upon information and belief, admitted.

119.    Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 119 of Plaintiffs' Second Amended Complaint.

120.    Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 120 of Plaintiffs' Second Amended Complaint.

15

121.     It is admitted that the SEU Officers approached 1628 Burgundy to execute a search warrant and observed four adolescent males on the stoop.  It is further admitted Officer Perrin carried a shield and that the SEU Officers carried firearms.  It is specifically denied that the SEU Officers pointed assault rifles at any individuals.  Except as admitted, the remaining allegations contained in Paragraph 121 of Plaintiffs' Second Amended Complaint are denied.

122.     It is admitted that the SEU Officers had not received a description of the four adolescent males on the stoop.  Except as admitted, the allegations contained in Paragraph 122 of Plaintiffs' Second Amended Complaint are denied.

123.     It is admitted that one of the males ran into Apartment 1628 A as the SEU Officers approached.  Except as admitted, the remaining allegations contained in Paragraph 123 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

124.     It is admitted that two of the males entered Apartment 1628 A and ran upstairs and announced the SEU Officers' presence.  Except as admitted, the remaining allegations contained in Paragraph 124 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

125.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 125 of Plaintiffs' Second Amended Complaint

126.     It is admitted that Officers Thompson and Debonis entered Apartment 1628 A. Except as admitted, the allegations contained in Paragraph 126 of Plaintiffs' Second Amended Complaint are denied.

127.     Admitted.

128.     It is admitted that the males from the stoop were directed to come downstairs by the SEU Officers, including Officer Debonis.   Except as admitted, the remaining allegations contained in Paragraph 128 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

129.     It is admitted that the individuals in Apartment 1628 A were compliant with the SEU Officers.  Except as admitted, the remaining allegations contained in Paragraph 129 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

130.      It is admitted that the SEU Officers approached 1628 Burgundy carrying firearms.  It is specifically denied that the SEU Officers pointed their firearms at any individuals.  Except as admitted, the remaining allegations contained in Paragraph 130 of Plaintiffs' Second Amended Complaint are denied.

131.     It is admitted that two of the males on the stoop ran into Apartment 1628 B upon observing the SEU Officers approaching.  Except as admitted, the allegations of Paragraph 131 of Plaintiffs' Second Amended Complaint are denied.

132.     It is admitted that one of the individuals who ran into the apartment yelling and announcing the presence of police officers.  Except as admitted, the allegations in Paragraph 132 are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

133.     It is admitted that one of the males tripped in Apartment 1628 B.   Except as admitted, the remaining allegations contained in Paragraph 133 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

17

134.     It is admitted that the SEU Officers entered Apartment 1628 B.  Except as admitted, the allegations contained in Paragraph 134 of Plaintiffs' Second Amended Complaint are denied.

135.     Denied.

136.     It is admitted that Officers Ortiz, Perrin, Mollere, Twiddy, Webb, and Sergeant McDonald went upstairs in Apartment 1628 B and that Cydneea Harrington was upstairs.  It is specifically denied that the SEU Officers pointed assault rifles at Cydneea.  Except as admitted, the remaining allegations contained in Paragraph 136 of Plaintiffs' Second Amended Complaint are denied.

137.     Denied.

138.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 138 of Plaintiffs' Second Amended Complaint.

139.     Denied.

140.     It is admitted that the SEU Officers learned Juwan was disabled and unable to get on the floor as directed.  Except as admitted, the remaining allegations contained in Paragraph 140 of Plaintiffs' Second Amended Complaint are denied.

141.     It is admitted that Ms. Irving repeated that Juwan was unable to get on the floor as directed.  Except as admitted, the remaining allegations contained in Paragraph 141 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

142.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 142 of Plaintiffs' Second Amended Complaint.

143.     It is admitted that Ms. Irving, J.I., and Cydneea were directed to go downstairs and sit securely in a common area for approximately one hour and that the VICE officers searched the apartment.  Except as expressly admitted, the allegations contained in Paragraph 143 of Plaintiffs' Second Amended Complaint are denied.

144.     It is admitted that Juwan was assisted down the stairs and secured in his wheelchair in the common area.  Except as admitted, the allegations contained in Paragraph 144 of Plaintiffs' Amended Complaint are denied.

145.     It is admitted that the SEU Officers secured Ms. Walton's apartment to ensure that no persons were present in the apartment that should not have been there.  Except as admitted, the remaining allegations in Paragraph 145 are denied for lack of knowledge or information to form a belief as to the truth thereof.

146.     Admitted.

147.     It is admitted that the SEU Officers left both apartments after about an hour. Except as admitted, the allegations contained in Paragraph 147 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

148.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 148 of Plaintiffs' Second Amended Complaint.

149.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 149 of Plaintiffs' Second Amended Complaint.

150.     It is admitted that the search warrant is a document that speaks for itself and is the best evidence of its contents.  It is admitted on information and belief that there is not a tree in front of Ms. Irving's home.  Except as expressly admitted, the allegations contained in Paragraph

19

150 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

151. Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 151 of Plaintiffs' Second Amended Complaint.

**Dennis Williams is Suspended as a CI and Officer Abdullah is Suspended and Terminated from RPD**

152. It is admitted on information and belief that the VICE unit stopped using Williams as an informant after May 21, 2021. Except as admitted, the allegations contained in Paragraph 152 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

153. It is admitted on information and belief that Officer Abdullah was placed on administrative leave. Except as admitted, the allegations contained in Paragraph 153 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

154. It is admitted on information and belief that Officer Abdullah was terminated. Except as admitted, the allegations contained in Paragraph 154 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

**The Known Dangers Posed By "No Knock" Warrants**

155. Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 155 of Plaintiffs' Second Amended Complaint.

156. Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 156 of Plaintiffs' Second Amended Complaint.

157.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 157 of Plaintiffs' Second Amended Complaint.

**Federal and State Law Related to "Quick Knock" and "No Knock" Warrant Execution**

158.     The allegations in Paragraph 158 call for legal conclusions; therefore, no response is required.  To the extent a response is required, it is admitted that the Supreme Court's decision in *United States v. Banks*, 540 U.S. 31, 36 (2003), speaks for itself.  Except as admitted, the allegations in Paragraph 158 are denied.

159.     The allegations contained in Paragraph 159 of Plaintiffs' Second Amended Complaint call for legal a conclusion; therefore, no response is required.

160.     Denied.

**The RPD SEU Unit's Pattern and Practice of Executing Quick Know and No-Knock Warrants**

161.     Denied.

162.     Denied for lack of information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 of Plaintiffs' Second Amended Complaint.

163.     Denied.

164.     It is denied that the photograph contained in Paragraph 164 of Plaintiffs' Second Amended Complaint involves the SEU Officer defendants.  It is admitted that the photograph speaks for itself as to what is depicted.  Except as denied or expressly admitted, the allegations contained in Paragraph 164 of Plaintiffs' Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

165.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 165 of Plaintiffs' Second Amended Complaint.

166.     The allegations regarding what is required under *United States v. Banks* are legal conclusions to which no response is required; to the extent a response is deemed required, the allegations are denied.  The other allegations contained in Paragraph 166 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

167.     Denied

168.     Denied.

169.     It is admitted that the Raleigh Police Department executed warrants at the homes of Ms. Knight and Mr. Abboud.  Except as admitted, the allegations contained in Paragraph 169 of Plaintiffs' Second Amended Complaint are denied.

**RPD SEU Officers Raid Kesha Knight's Home**

170.     It is admitted on information and belief that Ms. Knight's home was subject to a search warrant by the Raleigh Police Department.  Except as admitted, the allegations in paragraph 170 are denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations thereof.

171.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 171 of Plaintiffs' Second Amended Complaint.

172.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 172 of Plaintiffs' Second Amended Complaint.

173.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 173 of Plaintiffs' Second Amended Complaint.

174.     Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 174 of Plaintiffs' Second Amended Complaint.

175. Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 175 of Plaintiffs' Second Amended Complaint.

176. Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 176 of Plaintiffs' Second Amended Complaint.

177. Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 177 of Plaintiffs' Second Amended Complaint.

**RPD SEU Officers Raid Blake Banks' Home**

178. Denied.

179. Denied.

180. Denied.

181. It is denied that RPD raided Mr. Banks's home. Except as expressly denied, the allegations contained in Paragraph 181 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof Amended Complaint.

**RPD SEU Officers Raid a Home Gregory Washington's Home**

182. Denied.

183. Denied.

184. Denied.

185. It is denied that the RPD raided Mr. Washington's home. Except as expressly denied, the allegations contained in Paragraph 185 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

23

**RPD SEU Officers Raid a Home Keith Green is Visiting**

186.    Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 186 of Plaintiffs' Second Amended Complaint.

187.    Denied.

188.    It is admitted that a flash diversion device was deployed during the execution of a search warrant during which Mr. Green was detained.  Except as admitted, the allegations contained in Paragraph 188 of Plaintiffs' Second Amended Complaint are denied.

189.    Denied.

**Deficient Warrant Execution Policies**

190.     Upon information and belief, it is admitted that RPD Policy 1110-08 is publicly available.  Except as admitted, the remaining allegations contained in Paragraph 190 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

191.    It is admitted that RPD Policy 1110-08 is a document that speaks for itself and is the best evidence of its contents.

192.    It is admitted that RPD Policy 1110-08 is a document that speaks for itself and is the best evidence of its contents.

193.    It is admitted that RPD Policy 1110-08 is a document that speaks for itself and is the best evidence of its contents.

194.    It is admitted that RPD Policy 1110-08 is a document that speaks for itself and is the best evidence of its contents.

195.    It is admitted that RPD Policy 1110-08 is a document that speaks for itself and is the best evidence of its contents.

24

**Emancipate NC is Forced to Divert Its Resources to Respond to the Raleigh Police Department's Misconduct**

196.    Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 196 of Plaintiffs' Second Amended Complaint.

197.    It is denied that the SEU Officers engaged in wrongful conduct.  The remaining allegations contained in Paragraph 197 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

198.    Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 198 of Plaintiffs' Second Amended Complaint.

199.    Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 199 of Plaintiffs' Second Amended Complaint.

200.    Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 200 of Plaintiffs' Second Amended Complaint.

201.    Denied.

## INJURIES AND DAMAGES

202.    Upon information and belief, Plaintiffs are seeking damages for the claims asserted in this case.  Except as expressly admitted, the allegations in Paragraph 202 are denied.

203.    Denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 203 of Plaintiffs' Second Amended Complaint.

204.    Denied.

## FIRST CLAIM
**Fourth Amendment: Unlawful Entry and Search of Plaintiffs' Homes Against RPD VICE Defendants, 42 U.S.C. § 1983**

205.    The SEU Officers adopt and incorporate their responses to Paragraphs 1–204 as if set forth fully herein.

206.    There are no allegations pertaining to the SEU Officers contained in Paragraph 206 of Plaintiffs' Second Amended Complaint; therefore, no response is required. To the extent a response is deemed required, the allegations contained in Paragraph 206 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

207.    There are no allegations pertaining to the SEU Officers contained in Paragraph 207 of Plaintiffs' Second Amended Complaint; therefore, no response is required. To the extent a response is deemed required, the allegations contained in Paragraph 207 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

208.    There are no allegations pertaining to the SEU Officers contained in Paragraph 208 of Plaintiffs' Second Amended Complaint; therefore, no response is required. To the extent a response is deemed required, the SEU Officers admit that the warrant application is a document that speaks for itself and is the best evidence of its contents.

209.    There are no allegations pertaining to the SEU Officers contained in Paragraph 209 of Plaintiffs' Second Amended Complaint; therefore, no response is required. To the extent a response is deemed required, the allegations contained in Paragraph 209 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

210.    There are no allegations pertaining to the SEU Officers contained in Paragraph 210 of Plaintiffs' Second Amended Complaint; therefore, no response is required. To the extent a response is deemed required, it is admitted on information and belief that Officer Abdullah applied for a search warrant on May 21, 2020. Except as expressly admitted, the allegations

26

contained in Paragraph 210 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

211.    There are no allegations pertaining to the SEU Officers contained in Paragraph 211 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 211 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

212.    There are no allegations pertaining to the SEU Officers contained in Paragraph 212 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 212 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

213.    There are no allegations pertaining to the SEU Officers contained in Paragraph 213 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 213 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

214.    There are no allegations pertaining to the SEU Officers contained in Paragraph 214 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, it is admitted that the warrant is a document that speaks for itself and is the best evidence of its contents.  Except as expressly admitted, the allegations contained in Paragraph 214 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

215.    There are no allegations pertaining to the SEU Officers contained in Paragraph 215 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, it is admitted that the warrant is a document that speaks for itself and is the best evidence of its contents.  Except as expressly admitted, the allegations contained in Paragraph 215 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

216.    There are no allegations pertaining to the SEU Officers contained in Paragraph 216 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, it is admitted that the warrant is a document that speaks for itself and is the best evidence of its contents.  Except as expressly admitted, the allegations contained in Paragraph 216 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

217.    There are no allegations pertaining to the SEU Officers contained in Paragraph 217 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 217 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

218.    There are no allegations pertaining to the SEU Officers contained in Paragraph 218 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, it is admitted that RPD VICE Officers were involved in the execution of the search warrant at Ms. Irving's home.  Except as expressly admitted, the allegations contained in Paragraph 218 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

219.     It is admitted that, when executing the search warrant on Ms. Irving's home, several the SEU officers entered Ms. Walton's home and that Ms. Walton's address was not included in the search warrant.  It is specifically denied that the SEU Officers illegally entered Ms. Walton's home.  Except as expressly admitted, the allegations, as directed to the SEU Officers are denied.  The SEU Officers lack sufficient information or knowledge to form a belief as to the truth of the allegations asserted against the VICE officers.

220.     Denied.

221.     Denied.

### SECOND CLAIM

**Fourth Amendment: Injunctive and Declaratory Relief Against the City of Raleigh, Chief Patterson and City Manager Marchell Adams-David: Unlawful "No Knock" or "Quick Knock" Entry of Plaintiffs' Homes, 42 U.S.C. § 1983**

222.     The SEU Officers adopt and incorporate their responses to Paragraphs 1–221 as if set forth fully herein.

223.     It is admitted that the SEU Officers ran toward Ms. Irving's apartment equipped with protective gear.  It is further admitted that four adolescent males were on the stoop in front of Ms. Irving's and Ms. Walton's apartments when the SEU Officers approached.  Except as expressly admitted, the remaining allegations contained in Paragraph 223 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

224.     It is admitted that adolescent boys who were on the stoop of the apartment ran into the two apartments.  Except as expressly admitted, the allegations in Paragraph 224 are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

225.     Denied.

226.     It is admitted that Plaintiff Emancipate NC and the Plaintiffs are seeking relief, as alleged in the Second Amended Complaint; their entitlement to relief is denied.  Denied.

## THIRD CLAIM

**Fourth Amendment: Unlawful Arrest and Seizure of Plaintiffs Against RPD VICE Defendants, 42 U.S.C. § 1983**

227.     The SEU Officers adopt and incorporate their responses to Paragraphs 1–226 as if set forth fully herein.

228.     There are no allegations pertaining to the SEU Officers contained in Paragraph 228 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 228 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

229.     There are no allegations pertaining to the SEU Officers contained in Paragraph 229 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 229 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

230.     There are no allegations pertaining to the SEU Officers contained in Paragraph 230 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 230 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

231.     Denied.

232.    There are no allegations pertaining to the SEU Officers contained in Paragraph 232 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 232 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

233.    There are no allegations pertaining to the SEU Officers contained in Paragraph 233 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, it is specifically denied that the SEU Officers engaged in any unlawful conduct.  Except as expressly denied, the allegations contained in Paragraph 233 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

## FOURTH CLAIM

### Fourth and Fourteenth Amendment: Fabrication of Evidence in Violation of Due Process of Law Against RPD VICE Defendants, 42 U.S.C. § 1983

234.    The SEU Officers adopt and incorporate their responses to Paragraphs 1–233 as if set forth fully herein.

235.    There are no allegations pertaining to the SEU Officers contained in Paragraph 235 of Plaintiffs' Second Amended Complaint, and are legal conclusions; therefore, no response is required.

236.    There are no allegations pertaining to the SEU Officers contained in Paragraph 236 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 236 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

31

237.     There are no allegations pertaining to the SEU Officers contained in Paragraph 237 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 237 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

238.     There are no allegations pertaining to the SEU Officers contained in Paragraph 238 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 238 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

239.     There are no allegations pertaining to the SEU Officers contained in Paragraph 239 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 239 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

240.     There are no allegations pertaining to the SEU Officers contained in Paragraph 240 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 240 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

241.     There are no allegations pertaining to the SEU Officers contained in Paragraph 241 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, it is admitted that the warrant application is a document that

speaks for itself and is the best evidence of its contents. Except as admitted, the allegations contained in Paragraph 241 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

242.     There are no allegations pertaining to the SEU Officers contained in Paragraph 242 of Plaintiffs' Second Amended Complaint; therefore, no response is required. To the extent a response is deemed required, it is admitted that the warrant application is a document that speaks for itself and is the best evidence of its contents. Except as expressly admitted, the allegations contained in Paragraph 242 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

243.     There are no allegations pertaining to the SEU Officers contained in Paragraph 243 of Plaintiffs' Second Amended Complaint; therefore, no response is required. To the extent a response is deemed required, the allegations contained in Paragraph 243 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

244.     There are no allegations pertaining to the SEU Officers contained in Paragraph 244 of Plaintiffs' Second Amended Complaint; therefore, no response is required. To the extent a response is deemed required, the allegations contained in Paragraph 244 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

245.     There are no allegations pertaining to the SEU Officers contained in Paragraph 245 of Plaintiffs' Second Amended Complaint; therefore, no response is required. To the extent a response is deemed required, the allegations contained in Paragraph 245 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief

33

as to the truth thereof. It is denied that Plaintiffs are entitled to any relief against the SEU Officers.

## FIFTH CLAIM

### Fourth and Fourteenth Amendment: Failure to Intervene Against RPD VICE Defendants, 42 U.S.C. § 1983

246.     The SEU Officers adopt and incorporate their responses to Paragraphs 1–245 as if set forth fully herein.

247.     There are no allegations pertaining to the SEU Officers contained in Paragraph 244 of Plaintiffs' Second Amended Complaint, and the allegations are legal conclusions; therefore, no response is required.  To the extent a response is deemed required, the allegations are denied,

248.     There are no allegations pertaining to the SEU Officers contained in Paragraph 244 of Plaintiffs' Second Amended Complaint, and the allegations are legal conclusions; therefore, no response is required.  To the extent a response is deemed required, the allegations are denied.

249.     There are no allegations pertaining to the SEU Officers contained in Paragraph 249 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 249 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

250.     There are no allegations pertaining to the SEU Officers contained in Paragraph 250 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 250 of Plaintiffs' Second

Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

251.    There are no allegations pertaining to the SEU Officers contained in Paragraph 251 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 251 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

252.    There are no allegations pertaining to SEU Officers contained in Paragraph 252 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 252 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

253.    There are no allegations pertaining to the SEU Officers contained in Paragraph 253 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 253 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

254.    There are no allegations pertaining to the SEU Officers contained in Paragraph 254 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, it is admitted that the plaintiffs seek compensatory and punitive damages; their entitlement to such relief is denied.

## SIXTH CLAIM

## Civil Conspiracy Against RPD VICE Defendants, 42 U.S.C. § 1983

255.    The SEU Officers adopt and incorporate their responses to Paragraphs 1–254 as if set forth fully herein.

256.    There are no allegations pertaining to the SEU Officers contained in Paragraph 256 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 256 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

257.    There are no allegations pertaining to the SEU Officers contained in Paragraph 257 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 257 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

258.    There are no allegations pertaining to the SEU Officers contained in Paragraph 258 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 258 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

259.    There are no allegations pertaining to the SEU Officers contained in Paragraph 259 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 259 of Plaintiffs' Second

36

Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

260.    There are no allegations pertaining to the SEU Officers contained in Paragraph 260 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 260 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

261.    There are no allegations pertaining to the SEU Officers contained in Paragraph 254 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, it is admitted that the plaintiffs seek compensatory and punitive damages; their entitlement to such relief is denied.

## SEVENTH CLAIM

### Failure to Train and or Supervise Against Sergeant Rolfe, 42 U.S.C. § 1983

262.    The SEU Officers adopt and incorporate their responses to Paragraphs 1–261 as if set forth fully herein.

263.    There are no allegations pertaining to SEU Officers contained in Paragraph 263 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 263 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

264.    There are no allegations pertaining to the SEU Officers contained in Paragraph 264 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 264 of Plaintiffs' Second

37

Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

265.    There are no allegations pertaining to the SEU Officers contained in Paragraph 265 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 265 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

266.    There are no allegations pertaining to the SEU Officers contained in Paragraph 266 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 266 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

267.    There are no allegations pertaining to the SEU Officers contained in Paragraph 267 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 267 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

268.    There are no allegations pertaining to the SEU Officers contained in Paragraph 268 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 268 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

269.    There are no allegations pertaining to the SEU Officers contained in Paragraph 269 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 269 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

270.    There are no allegations pertaining to the SEU Officers contained in Paragraph 270 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 270 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

271.    There are no allegations pertaining to the SEU Officers contained in Paragraph 271 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 271 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

272.    There are no allegations pertaining to the SEU Officers contained in Paragraph 272 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, it is admitted that the individual plaintiff seek compensatory and punitive damages; their entitlement to those damages is denied.

### EIGHTH CLAIM

**Fourth Amendment: Excessive Force by RPD SEU Defendants,**
**42 U.S.C. § 1983**

273.     The SEU Officers adopt and incorporate their responses to Paragraphs 1–272 as if set forth fully herein.

39

274.  Denied.

275.  It is admitted that four adolescent males were on the front stoop as the SEU Officers approached Apartment 1628.  It is further admitted that the SEU officers were wearing tactical gear and carrying firearms.  It is specifically denied that the SEU Officers pointed assault rifles at the males.  Except as admitted, the remaining allegations contained in Paragraph 275 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

276.  It is admitted that the SEU Officers entered Apartment 1628 B.  Except as expressly admitted, the allegations contained in Paragraph 276 of Plaintiffs' Second Amended Complaint are denied.

277.  It is admitted that Officers Debonis and Thompson entered Apartment 1628 A.  It is further admitted that the occupants were compliant.  Except as expressly admitted, the allegations contained in Paragraph 277 of Plaintiffs' Second Amended Complaint are denied.

278.  Denied.

## NINTH CLAIM

### False Imprisonment Under North Carolina State Law
### Against RPD Individual Defendants

279.  The SEU Officers adopt and incorporate their responses to Paragraphs 1–278 as if set forth fully herein.

280.  There are no allegations pertaining to the SEU Officers contained in Paragraph 280 of Plaintiffs' Second Amended Complaint and are legal conclusions; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 280 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

40

281.    There are no allegations pertaining to the SEU Officers contained in Paragraph 281 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, it is admitted that the individual Plaintiffs were detained in their homes for about an hour.  Except as expressly admitted, the allegations contained in Paragraph 281 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

282.    There are no allegations pertaining to the SEU Officers contained in Paragraph 282 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, it is admitted that the individual Plaintiffs seek compensatory and punitive damages; their entitlement to such relief is denied.

### TENTH CLAIM

**Fourth Amendment: Monell Liability and Injunctive and Declaratory Relief Against the City of Raleigh, Chief Patterson and City Manager Marchell Adams-David: "No-Knock" or "Quick Knock" Raids, 42 U.S.C. § 1983**

283.    The SEU Officers adopt and incorporate their responses to Paragraphs 1–282 as if set forth fully herein.

284.    There are no allegations pertaining to the SEU Officers contained in Paragraph 284 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 284 of Plaintiffs' Second Amended Complaint are denied.

285.    There are no allegations pertaining to the SEU Officers contained in Paragraph 285 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 285 of Plaintiffs' Second Amended Complaint are denied.

41

286.    There are no allegations pertaining to the SEU Officers contained in Paragraph 286 of Plaintiffs' Second Amended Complaint; therefore, no response is required. To the extent a response is deemed required, the allegations contained in Paragraph 286 of Plaintiffs' Second Amended Complaint are denied.

287.    There are no allegations pertaining to the SEU Officers contained in Paragraph 287 of Plaintiffs' Second Amended Complaint; therefore, no response is required. To the extent a response is deemed required, the allegations contained in Paragraph 287 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 287 of Plaintiffs' Second Amended Complaint.

288.    There are no allegations pertaining to the SEU Officers contained in Paragraph 288 of Plaintiffs' Second Amended Complaint; therefore, no response is required. To the extent a response is deemed required, the allegations contained in Paragraph 288 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

289.    There are no allegations pertaining to the SEU Officers contained in Paragraph 289 of Plaintiffs' Second Amended Complaint; therefore, no response is required. To the extent a response is deemed required, the allegations contained in Paragraph 289 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

290.    There are no allegations pertaining to the SEU Officers contained in Paragraph 290 of Plaintiffs' Second Amended Complaint; therefore, no response is required. To the extent

42

a response is deemed required, the allegations contained in Paragraph 290 of Plaintiffs' Second Amended Complaint are denied.

291.    There are no allegations pertaining to the SEU Officers contained in Paragraph 291 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 291 of Plaintiffs' Second Amended Complaint are denied.

292.    There are no allegations pertaining to the SEU Officers contained in Paragraph 292 of Plaintiffs' Second Amended Complaint, and the allegations are legal conclusions; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 292 of Plaintiffs' Second Amended Complaint are denied.

293.    Denied.

294.    Denied.

295.    There are no allegations pertaining to the SEU Officers contained in Paragraph 296 of Plaintiffs' Second Amended Complaint and the allegations are legal conclusions; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 295 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

296.    There are no allegations pertaining to the SEU Officers contained in Paragraph 296 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 296 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

297.     There are no allegations pertaining to the SEU Officers contained in Paragraph 297 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, it is admitted that the plaintiffs seek the relief stated; their entitlement to such relief is denied

## ELEVENTH CLAIM

**Fourth Amendment: Monell Liability and Injunctive and Declaratory Relief Against the City of Raleigh, Chief Patterson and City Manager Marchell Adams-David: Unconstitutional RPD Policies and Omissions of RPD VICE, 42 U.S.C. § 1983**

298.     The SEU Officers adopt and incorporate their responses to Paragraphs 1–297 as if set forth fully herein.

299.     There are no allegations pertaining to the SEU Officers contained in Paragraph 299 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 299 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

300.     There are no allegations pertaining to the SEU Officers contained in Paragraph 300 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 300 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

301.     There are no allegations pertaining to the SEU Officers contained in Paragraph 301 of Plaintiffs' Second Amended Complaint, including all subparts; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph

44

301 of Plaintiffs' Second Amended Complaint, including all subparts, are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

302.    There are no allegations pertaining to the SEU Officers contained in Paragraph 302 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 302 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

303.    There are no allegations pertaining to the SEU Officers contained in Paragraph 303 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, it is admitted that in the *Washington* case different plaintiffs submitted a purported expert report by Howard Jordan and that the report is a written document that is the best evidence of its contents.  Except as admitted, the allegations contained in Paragraph 303 of Plaintiffs' Second Amended Complaint are denied.

304.    There are no allegations pertaining to the SEU Officers contained in Paragraph 304 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 304 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

305.     There are no allegations pertaining to the SEU Officers contained in Paragraph 305 of Plaintiffs' Second Amended Complaint and the allegations call for legal conclusions; therefore, no response is required.  To the extent a response is deemed required, any allegations pertaining to the SEU Officers contained in Paragraph 305 of Plaintiffs' Second Amended Complaint are denied.  The remaining allegations contained in Paragraph 305 of Plaintiffs'

45

Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

306.    There are no allegations pertaining to the SEU Officers contained in Paragraph 306 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, any allegations pertaining to the SEU Officers contained in Paragraph 306 of Plaintiffs' Second Amended Complaint are denied.  The remaining allegations contained in Paragraph 306 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

307.    There are no allegations pertaining to the SEU Officers contained in Paragraph 307 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, it is admitted that the Plaintiffs seek the relief stated; their entitlement to that relief is denied.

**TWELFTH CLAIM**

**Fourth Amendment: Monell Liability and Injunctive and Declaratory Relief, Against the City of Raleigh, Chief Patterson and City Manager Marchell Adams-David: Deliberate Indifference in Warrant Execution Policies and Training, 42 U.S.C. § 1983**

308.    The SEU Officers adopt and incorporate their responses to Paragraphs 1–307 as if set forth fully herein.

309.    There are no allegations pertaining to the SEU Officers contained in Paragraph 309 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, it is denied that the SEU Officers illegally entered the individual Plaintiffs' homes.  The remaining allegations contained in Paragraph 309 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

46

310.     There are no allegations pertaining to the SEU Officers contained in Paragraph 310 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 310 of Plaintiffs' Second Amended Complaint are denied for lack of sufficient knowledge or information to form a belief as to the truth thereof.

311.     There are no allegations pertaining to the SEU Officers contained in Paragraph 311 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, the allegations contained in Paragraph 311 of Plaintiffs' Second Amended Complaint are denied.

312.      There are no allegations pertaining to the SEU Officers contained in Paragraph 312 of Plaintiffs' Second Amended Complaint; therefore, no response is required.  To the extent a response is deemed required, it is admitted that the Plaintiffs seek the relief stated; their entitlement to that relief is denied.

## RESIDUAL DENIAL

All allegations not expressly admitted are denied.

## FIRST AFFIRMATIVE DEFENSE

The SEU Officers plead qualified immunity in defense to Plaintiffs' federal claims.

## SECOND AFFIRMATIVE DEFENSE

The SEU Officers plead public official immunity in defense to Plaintiffs' state-law claims.

## THIRD AFFIRMATIVE DEFENSE

The SEU Officers plead, in bar to Plaintiffs' right to recover, all other applicable immunities that they are entitled to by operation of law.

## FOURTH AFFIRMATIVE DEFENSE

The SEU Officers plead in defense to Plaintiffs' claims against them that superseding bad acts of others brought about Plaintiffs' alleged injuries.

## FIFTH AFFIRMATIVE DEFENSE

The SEU Officers plead all defenses, rights, remedies, immunities, and limits on punitive damages under section 1D of the North Carolina General Statutes and the state and federal Constitutions, including the Fifth, Fourteenth, and Eighth Amendments.

## SIXTH AFFIRMATIVE DEFENSE

The SEU Officers reserve the right to add such other and further defenses as may be supported by the facts in this action.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the Second Amended Complaint in this action, the SEU Officers pray:

1.  That Plaintiffs have and recover nothing from them;

2.  That Plaintiffs' Second Amended Complaint be dismissed with prejudice; and

3.  That the costs of this action, including reasonable attorney's fees for the defense thereof, be taxed to the Plaintiffs; and

4.  That there be a trial by jury of all issues of fact so triable; and

5.  That the issues of liability be bifurcated from the issues of damages; and

6.  That the same jury that tries issues relating to liability be empaneled to try any issues relating to damages; and

7.  For such other and further relief as the Court may deem just and proper.

48

This the 4th day of November 2022.

/s/ Leslie C. Packer
Leslie C. Packer
N.C. State Bar No. 13640
Michelle A. Liguori
N.C. State Bar No. 52505
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
leslie.packer@elliswinters.com
michelle.liguori@elliswinters.com

*Counsel for SEU Officer Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 4th, 2022, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which sends notification of such filing to all counsel

of record as follows:

Abraham Rubert-Schewel
Tin Fulton Walker & Owen, PLLC
119 E. Main Street
Durham, NC 27701
schewel@tinfulton.com
*Counsel for Plaintiffs*

Emily Gladden
Tin Fulton Walker & Owen, PLLC
204 N. Person Street
Raleigh, NC 27601
egladden@tinfulton.com
*Counsel for Plaintiffs*

Michael Littlejohn, Jr.
Littlejohn Law, PLLC
PO Box 16661
Charlotte, NC 28297
mll@littlejohn-law.com
*Counsel for Plaintiffs*

Ian Mance
Elizabeth Simpson
Emancipate NC, Inc.
ian@emancipatenc.org
elizabeth@emancipatenc.org
*Counsel for Plaintiffs*

Jason Benton
Parker Poe Admads & Bernstein, LLP
620 South Tyson Street, Suite 800
Charlotte, NC 28202
jasonbenton@parkerpoe.com
*Counsel for Defendant Abdullah*

Rodney Pettey
Yates McLamb & Weyher, LLP
PO Box 2889
Raleigh, NC 27602
rpettey@ymwlaw.com
*Counsel for Defendants Monroe, Rattelade, and Gay*

Norwood Blanchard, III
Crossley McIntosh Collier, & Edes, PLLC
5002 Randall Parkway
Wilmington, NC 28403
norwood@cmclawfirm.com
*Counsel for Defendant Rolfe*

Dorothy V. Kibler
City of Raleigh
PO Box 590
Raleigh, NC 27602
Dorothy.kibler@raleighnc.gov
*Counsel for Defendants City of Raleigh, Chief of Police Estella Patterson, and City Manager Marchell Adams-David*

/s/ Leslie C. Packer
Leslie C. Packer
Michelle A. Liguori

*Counsel for SEU Officer Defendants*

50