IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-68-BO

| | |
|---|---|
| YOLANDA IRVING, et al., ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| THE CITY OF RALEIGH, et al., ) | |
| Defendants. ) | |

This cause comes before the Court on a renewed motion by defendants City of Raleigh, Marchell Adams-David, and Estella Patterson to dismiss Emancipate NC as a party plaintiff in this action. Defendants R.P. Monroe, J.D. Rattelade, and M.C. Gay have also filed a renewed motion to dismiss Emancipate NC as a party plaintiff, adopting the arguments made by the City of Raleigh. Also before the Court is a motion to stay these proceedings by defendant Omar Abdullah. The appropriate responses and replies have been filed, or the time for doing so has expired, and a hearing was held before the undersigned on October 20, 2022, at Raleigh, North Carolina. In this posture, the motions are ripe for ruling. For the reasons that follow, the motions to dismiss Emancipate NC are denied without prejudice and the motion to stay is granted in part.

## BACKGROUND

On February 21, 2022, plaintiffs Yolanda Irving, Juwan Harrington, Cydneea Harrington, Kenya Walton, Ziyel Whitley, Dyamond Whitley, and Kamisha Whitley instituted this action by filing a complaint on behalf of themselves, and, as to Yolanda Irving, Kenya Walton, and Nanetta Grant, their minor children, against the City of Raleigh and several members of its Police Department. [DE 2]. On May 16, 2022, a first amended complaint was filed, adding as a plaintiff Emancipate NC. [DE 41]. On August 31, 2022, with leave of Court, a second amended complaint,

now the operative complaint, was filed, which identified defendants previously identified in the complaint as Doe defendants. [DE 93].

Plaintiffs' allegations against the City of Raleigh and its police force arise from allegedly illegal raids of plaintiffs' homes and the resulting wrongful detention of plaintiffs due to evidence which had been fabricated by the Raleigh Police Department and an unreliable confidential informant. The raid of plaintiffs' homes was in conjunction with a "no knock" raid or "no knock" warrant, whereby a search warrant is executed by law enforcement by entering a premises without warning and without allowing the occupants to voluntarily open the door. Plaintiffs allege that the use of no knock warrants has been banned by Oregon, Florida, and Virginia due to concerns about safety and the constitutional rights of the subjects of no knock warrants.

Additionally, plaintiffs allege that the information which resulted in the search warrant executed through the no knock raid at issue in this case was based on information provided by a confidential informant known to be unreliable. Plaintiffs further allege a conspiracy between Raleigh Police Officers to fabricate heroin trafficking offenses resulting in the wrongful arrest and seizure of more than fifteen persons. Plaintiffs allege that as a result of these fabricated charges, many people, including the families of plaintiffs Irving and Walton, had their homes illegally raided or were wrongfully seized.

Defendants City of Raleigh, Adams-David, and Patterson (hereinafter City of Raleigh defendants) have moved to dismiss plaintiff Emancipate NC for lack of standing pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1] Defendant Abdullah has moved to stay this case, or the claims against him, pending the resolution of criminal proceedings against him in the Superior Court for Wake County, North Carolina.

---

[1] Because defendants Monroe, Rattelade, and Gay have adopted the arguments of the City of Raleigh defendants, the Court does not discuss separately their motion.

2

## DISCUSSION

I. Motions to dismiss.

At the outset, because a second amended complaint has been filed, the motions to dismiss the original complaint [DE 30, 32, 34] are denied as moot. *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (properly filed amended complaint supersedes original, rendering original complaint "of no effect.") (citation omitted). The City of Raleigh defendants and defendants Monroe, Rattelade, and Gay have renewed their Rule 12(b)(1) motion following the filing of the second amended complaint, and their motions lodged as against the first amended complaint [DE 59 & 62] are also denied as moot.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Under Article III of the U.S. Constitution, federal courts may consider only cases or controversies, and "the doctrine of standing has always been an essential component" of the case or controversy requirement. *Marshall v. Meadows*, 105 F.3d 904, 906 (4th Cir. 1997) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Standing is the determination of whether a plaintiff is the proper party to assert a claim in federal court; it "is founded in concern about the proper– and properly limited role–of the courts in a democratic society." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

3

Because only Emancipate NC asserts claims for declaratory and injunctive relief in counts two and ten through twelve of the second amended complaint, the Court must determine whether it has standing to assert those claims. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264 n.9 (1977); *Kenny v. Wilson*, 885 F.3d 280, 287 (4th Cir. 2018). An equitable remedy under § 1983 is available only to a plaintiff who has made "a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a 'likelihood of substantial and immediate irreparable injury.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (citation omitted); *see also Jones v. Murphy*, 470 F. Supp. 2d 537, 550 (D. Md. 2007).

An organization may demonstrate two types of standing: *associational* standing, where the organization represents the interests of constituents who would otherwise have standing, and *organizational* standing, where the organization itself has interests relating to the alleged wrong. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343–47 (1977). Emancipate NC proceeds only under a theory of organizational standing. Where an organization seeks to establish organizational standing, it must demonstrate the same "irreducible constitutional minimum" requirements as an individual:

> First, the plaintiff must have suffered an "injury in fact"-an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not "conjectural" or "hypothetical." Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision.

*Lujan*, 504 U.S. at 560-61 (internal citations and alterations omitted); *see also People for Ethical Treatment of Animals, Inc. v. Tri-State Zoological Park of W. Maryland, Inc.*, 843 F. App'x 493, 495 (4th Cir. 2021). "[T]he standing inquiry [is] focused on whether the party invoking jurisdiction

4

had the requisite stake in the outcome when the suit was filed." *Davis v. FEC*, 554 U.S. 724, 734 (2008). And "[a] plaintiff has standing to sue for injunctive relief when there is 'real or immediate threat' that the party will suffer an injury in the future." *Griffin v. Dep't of Lab. Fed. Credit Union*, 912 F.3d 649, 655 (4th Cir. 2019).

The City of Raleigh defendants argue primarily that Emancipate NC has failed to sufficiently demonstrate that it has suffered an injury in fact, and thus cannot have standing to pursue its claims.

Although standing is typically considered as of the outset of the litigation, a court may properly consider an amended complaint when determining standing. *See Stone v. Trump*, 400 F. Supp. 3d 317, 339 (D. Md. 2019). Because plaintiffs did not attach any affidavit or declaration in support of the second amended complaint, the Court considers only the pleading, and construes the motion to dismiss as a facial, rather than a factual, challenge to standing. *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017).

The second amended complaint alleges that Emancipate NC "is a North Carolina nonprofit organization dedicated to ending mass incarceration and structural racism in the legal system." [DE 93] Sec. Amd. Compl. ¶ 20. Plaintiffs further allege that defendants' wrongful actions have "sewn significant distrust in the Raleigh community and ha[ve] perceptibly impaired Emancipate NC's mission of ending structural racism in the legal system." *Id.* ¶ 197. Emancipate NC seeks to achieve its mission through community education, narrative shift, and litigation. *Id.* ¶ 196.

To that end, Emancipate NC utilizes a "rapid response" initiative; community members contact Emancipate NC to report incidents of police misconduct and receive advice from an Emancipate NC staff member. That staff member is deployed to respond and determine what response, if any, the organization will take. *Id.* ¶¶ 198-99. Plaintiffs allege that Emancipate NC

5

has had to divert resources from other aspects of its work and work in other parts of the state in order to attend to the problems arising from no knock and quick knock warrants executed by the Raleigh Police Department. *Id.* ¶ 201. Emancipate NC has further had to "attend to problems attributable to generalized poor training and supervision of RPD officers". *Id.*

Standing is not conferred to "organizations or individuals who seek to do no more than vindicate their own value preferences through the judicial process." *Sierra Club v. Morton*, 405 U.S. 727, 740 (1972). However, "[a]n organization may suffer an injury in fact when a defendant's actions impede its efforts to carry out its mission." *Lane v. Holder*, 703 F.3d 668, 674 (4th Cir. 2012). The Court determines that the facts alleged in the second amended complaint are sufficient, at the pleadings stage, to establish standing. *Lujan*, 504 U.S. at 561. Emancipate NC has alleged that the practices and customs of the Raleigh Police Department, in particular with regard to no knock and quick knock warrants, have "perceptibly impaired" its ability to engage in other endeavors to carry out is broad mission, and further that there has been a "consequent drain on the organization's resources." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982). Although the allegations regarding what activities Emancipate NC has been prevented by the actions of the Raleigh Police Department from undertaking in furtherance of its mission are thin at best, the Court, taking the allegations in the complaint as true as it must at this stage, determines that dismissal for lack of standing is not appropriate at this time.

The City of Raleigh defendants also argue that Emancipate NC has failed to demonstrate the third element of the standing inquiry, whether the injury is redressable. Emancipate NC argues that the moving defendants misapprehend the gravamen of their complaint. Emancipate NC seeks an injunction which would require the Raleigh Police Department to amend its warrant execution policy to end the use of no knock warrants and to require police officers to both knock and

6

announce, with sufficient time for a person to respond to the door, unless particularized extenuating circumstances are present. Emancipate NC also seeks to require the Raleigh Police Department to adopt policies to ensure sufficient supervision and oversight of officers and confidential informants.

The Court determines again that the allegations are sufficient at this stage to show that Emancipate NC's alleged injury can be redressed by a favorable decision in this Court. Whether Emancipate NC can establish irreparable injury sufficient to permit a finding of injury-in-fact and redressability to confer standing to pursue its injunctive relief claims is a matter which may be revisited by a renewed challenge by defendants to Emancipate NC's standing in this case. *See Havens*, 455 U.S. at 379 n.21. Accordingly, the Court will deny the Rule 12(b)(1) motions without prejudice, expressly reserving a determination as to Emancipate NC's standing to a later stage in the proceedings.

II.     Motion to stay.

Defendant Abdullah seeks a stay of these proceedings pending resolution of a parallel criminal action pending against him in Wake County Superior Court. Abdullah's motion is based upon the Fifth Amendment's privilege against self-incrimination. A court has discretion to stay a civil proceeding pending resolution of a parallel criminal action. *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *In re Phillips, Beckwith & Hall*, 896 F. Supp. 553, 558 (E.D. Va. 1995). Moreover, a district court has inherent authority to manage its docket to promote "economy of time and effort for itself, counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

7

The Court concludes that a partial stay of this matter is appropriate. While Abdullah's Fifth Amendment right against self-incrimination weighs heavily on the scale, it does not tip the balance in his favor when weighed against the prejudice to plaintiffs in being prevented from prosecuting their claims. Of particular importance to the Court's consideration is the unknown amount of time Abdullah's criminal case will remain pending; in North Carolina, there is no longer a statutory right to a speedy trial. *See State v. Howell*, 211 N.C. App. 613, 617 (2011). Plaintiffs face the real prejudice of the deterioration of witness memories and misplaced or lost documentary evidence should the criminal matter take an undue length of time to resolve. *See Avalonbay Communities, Inc. v. San Jose Water Conservation Corp.*, No. CIV A 07-306, 2007 WL 2481291, at *4 (E.D. Va. Aug. 27, 2007). And indeed, as plaintiffs point out, a different civil action remains pending against Abdullah in this district and it has not been stayed. *Weaver v. City of Raleigh*, No. 5:22-CV-241-M.

In sum, Abdullah has not demonstrated that Court should stay this matter in its entirety. However, the Court will enter a limited stay as to defendant Abdullah. While Abdullah shall remain available to call as a deponent or a witness at trial, all other discovery and motions practice deadlines are stayed as to defendant Abdullah only. The stay is imposed for a period of 120 days and will terminate without further order of the Court unless a motion to extend the stay has been filed prior to its expiration.

## CONCLUSION

Accordingly, for the foregoing reasons, the motions to dismiss the original complaint [DE 30, 32, 34] and first amended complaint [DE 59 & 62] are DENIED AS MOOT. The motions to dismiss Emancipate NC from the second amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) [DE 96 & 101] are DENIED WITHOUT PREJUDICE.

The motion to stay by defendant Abdullah [DE 118] is GRANTED IN PART and DENIED IN PART consistent with the foregoing.

SO ORDERED, this 21 day of November 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE