IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.   22-CV-68-BO

YOLANDA IRVING, individually and as the natural parent and guardian of JALEN IRVING, JUWAN HARRINGTON, CYDNEEA HARRINGTON, KENYA WALTON individually and as the natural parent and guardian of ROBERT WHITLEY, ZIYEL WHITLEY, DYAMOND WHITLEY, KAMISHA WHITLEY, and NANETTA GRANT as the natural parent and guardian of ZIQUIS GRANT, and EMANCIPATE NC, INC.

Plaintiffs,

vs.

THE CITY OF RALEIGH, Officer OMAR I. ABDULLAH, Sergeant WILLIAM ROLFE, Officer RISHAR PIERRE MONROE, Officer JULIEN DAVID RATTELADE, and Officer MEGHAN CAROLINE GAY, JOHN and JANE DOE Officers 1-10, in their individual capacities, Chief of Police ESTELLA PATTERSON and City Manager MARCHELL ADAMS-DAVID, in their official capacities.

Defendants.

**PLAINTIFFS' FIRST CONSOLIDATED SET OF DOCUMENT REQUESTS**

PLEASE TAKE NOTICE that, pursuant to Rule 26.1 of the Local Rules of the United States District Court for the Eastern District of North Carolina (the "Local Rules") and Rules 26(b) and 34 of the Federal Rules of Civil Procedure, Plaintiffs requests that Defendants produce for copying and inspection at the office of Tin Fulton Walker & Owen PLLC, 119 East Main

1

Street, Durham, North Carolina 27701, within thirty days, all documents and materials described herein.

## DEFINITIONS

1. "Incident" means the raid on Plaintiffs' homes on May 21, 2020 and all preceding investigation and controlled buys, including any controlled buys from Marcus Van Irvin, that led to the Incident.

2. "This Action" refers to this litigation and all related court proceedings, filings, appeals, or orders.

3. "City" means the City of Raleigh.

4. "Defendants" means the City, Officer Omar Abdullah, Sergeant William Rolfe, Officer Rishar Pierre Monroe, Officer Julien David Rattelade, Officer Meghan Caroline Gay, John and Jane Doe Officers 1-10, Chief of Police Estella Patterson and City Manager Marchell Adams-David.

5. "Individual Officers" means Officer Omar Abdullah, Sergeant William Rolfe, Officer Rishar Pierre Monroe, Officer Julien David Rattelade, Officer Meghan Caroline Gay, and John and Jane Doe Officers 1-10.

6. "Official Capacity Defendants" means Chief of Police Estella Patterson and City Manager Marchell Adams-David.

7. "RPD" means the Raleigh Police Department, an agency of the City of Raleigh and the direct employer of the Individual Officers and the Official Capacity Defendants.

8. "SEU" means the Selective Enforcement Unit, a SWAT type unit within the RPD.

9. "Plaintiffs" means Yolanda Irving, Jalen Irving, Juwan Harrington, Cydneea Harrington, Kenya Walton, Robert Whitley, Ziyel Whitley, Dyamond Whitley, Kamisha Whitley, Nanetta Grant, Ziquis Grant, and Emancipate NC, Inc.

10. "Complaint" means the Amended Complaint filed by Plaintiffs in this Action.

11. "Document" means, without limitation, the following items, whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand, which are in the possession, custody, or control of Defendants, their agents, representatives, or attorneys, including, but not limited to, all documents located any City or RPD Office or satellite office, RPD internal affairs; the RPD Precincts involved in the investigations; the Wake County DA's office; the personal possession of the Individual Defendants; or any storage site, electronic or physical: agreements, communications, reports, correspondence, telegrams, electronic mail, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigation or negotiation, opinions or reports of consultants, photographs, motion picture film, video recordings, audio recordings, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any documents, reports and worksheets, subject and non-subject cover sheets, arrest reports and worksheets, aided cards, incident reports and worksheets, investigators' reports, memo book entries, log book entries, complaint reports and worksheets, witness statements, cell records, property vouchers, complaint follow-up reports and worksheets, property envelope cover sheets, requests for laboratory analysis, criminal court complaints, on-line data sheets, receipts for property, field test reports, on-line booking sheets

and worksheets, daily activity reports for officers, copies of other reports (both final and scratch versions), requests for commendations, affidavits, and all other writings.

## INSTRUCTIONS

1. In responding to the Requests, you shall furnish all information that is available to you, including information in the possession, custody, or control of your attorneys, accountants, investigators, experts, representatives, or other agents.

2. If, in responding to the Requests, you are unable to respond fully, after exercising due diligence to obtain the information to do so, you shall respond to the fullest extent possible, specifying your inability to respond to the remainder, describing the efforts taken by you to obtain the information to fully respond, and stating whatever information or knowledge you have concerning the unfulfilled portion of any Request.

3. If any document responsive to the Requests has been lost, destroyed, or is otherwise unavailable, describe and identify each such document by stating in writing: (i) the name(s) of the author(s), the name(s) of the person(s) who received the original and all copies and the date and subject matter, (ii) the last known custodian of the document, (iii) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable, (iv) each person having knowledge of the circumstances of it being lost, discarded or destroyed, and (v) your efforts to locate each such document.

4. If a claim of privilege is asserted with respect to any document, or you refuse to disclose any document requested herein on any other ground, state the basis for your claim that such document need not be disclosed with such specificity as will permit the Court to determine the legal sufficiency of your objection or position, and, for each such document, identify:

    a. whether the document contains a request for legal advice and, if so, identify the person who requested the legal advice;

b.  whether the document contains advice as to the meaning or application of particular laws or rules in response to such request;

c.  any further information to explain and support the claim of privilege and to permit the adjudication of the propriety of that claim;

d.  the nature of the privilege (including work product) that is being claimed and if privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked;

e.  the type of document, e.g., letter or memorandum; the general subject matter of the document; and such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, and other recipient to each other.

5. If in responding to these Requests you claim any ambiguity in interpreting either a Request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather, you shall set forth in a part of your response to such an Interrogatory the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

6. Defendants shall respond separately and completely to each Request or subdivision thereof, setting forth the question in full followed by each answer.

7. These Requests seek production of all documents described, in their entirety, along with any attachments, drafts and non-identical copies.

8. Questions regarding the interpretation of these Requests should be resolved in favor of the broadest possible construction.

9. The documents produced in response to these requests shall be: (i) organized and designated to correspond to the categories in the requests, or (ii) produced in a form that accurately reflects how they are maintained by you in the normal course of business, including, but not limited to the following:

a. that all associated file labels, file headings and file folders be produced with the responsive documents from each file and that each file be identified as to its owner(s) or custodian(s);

b. that all pages now stapled or fastened together saved as individual documents be produced in format that allows the parties to easily determine that they were previously stapled or fastened together, by, for example, providing a field that shows when one document stops and another starts; and

c. that all documents that cannot legibly be copied be produced in their original form.

10. These Requests are to be considered as continuing and Defendants are requested to provide, by way of supplementary responses hereto, such additional information as it or any persons acting on its behalf may hereafter obtain that will augment, clarify, or otherwise modify the responses now given to these Requests. Such supplementary responses are to be served upon counsel for Plaintiffs within thirty days after receipt of such information or documents.

11. Whenever possible, Plaintiffs request that all electronic documents be produced in their native format with metadata (and all hardcopy documents in PDFs). Pursuant to the Federal Rules of Civil Procedure, Defendants may not convert the data to a form that is more burdensome or less searchable. ***Plaintiff will not accept any document production that requires specialized software to view, for example, CaseLogistix, Concordance, Relativity, or Summation.***

## REQUESTS FOR PRODUCTION

1. All audio, photographs, or video, as well as transcripts, summaries, or other documents relating to audio or video recordings, which are related in any way to the Incident, including but not limited to: All 911 calls, all cellular device reports, radio runs, all body camera footage, all dash camera footage, all security camera footage, all mug shots or other photos of Plaintiffs, all mug shots of anyone else arrested, all photographs of any evidence, all photographs

of the crime scene or area where any alleged crime took place, all recordings of any interrogation or interview of a Plaintiff or any other witness or suspect, all Closed Circuit Television Incident Reports and all Closed Circuit Television Video/Photo Receipts.

2. All Activity Logs and all memo book entries for (or any other handwritten notes by) each and every RPD officer present during, investigating, or involved with the Incident.

3. All logs of any kind relating in any way to the Incident, including but not limited to: All Command Log entries, all Surveillance Logs, all Interrupted Patrol Logs, all Roll Calls, all Telephone Dispatch Logs, and all Case Development / Detective Case Assignment Logs.

4. All documents regarding the Incident, including but not limited to: any documents related to surveillance, planning or execution of the raid on Plaintiffs' homes, or the search and seizure of Plaintiffs and their homes. This request includes any drafts or handwritten versions of the requested documents. This request also includes any files embedded electronically in any report and any metadata relating to the report, including metadata showing when the report was created, edited, or finalized and the contents of any edits or changes to the report.

5. All witness statements, affidavits, or declarations regarding the Incident, including but not limited to: All statements by the Individual Officers or confidential informants used by investigating officers. This includes depositions and Supporting Depositions, all Complaint Reports, and all handwritten and typed Complaint Report Worksheets and Supplements. This request includes any drafts or handwritten versions of the requested documents. This request also includes any files embedded electronically in any report and any metadata relating to the report, including metadata showing when the report was created, edited, or finalized and the contents of any edits or changes to the report.

6. All documents regarding any property or physical evidence relating to the Incident, as well as all documents showing chain of custody, including but not limited to: All property vouchers, Property Clerk Invoices, Property Clerk Invoice Worksheets, all Property Log entries, all Retention of Property Requests, and all Notice to Person From Whom Property Has Been Removed By The Police Department forms. This request includes any drafts or handwritten versions of the requested documents.

7. All physical evidence, including any seized drugs or alleged drugs or other evidence related to the Incident and all other controlled buys made by Dennis Williams with RPD Officers. If you are unable to produce this evidence please indicate when this evidence will be made available for inspection.

8. All documents regarding any field testing or forensic testing of any evidence, as well as all documents showing chain of custody, relating to the Incident, including but not limited to: All Request for Laboratory Examination sheets, all Evidence Transmittal Reports, all Command Evidence Transmittal Reports, all Evidence Transmittal Reports, all Evidence Collection Team Reports, all Request for Laboratory Examination Reports, all Police Laboratory Analysis Reports, All Property Transfer Reports, Property Transfer Report Acceptance Documents, all Evidence Collection/Tracking Forms, all Latent Fingerprint Reports, and all Field Test Reports. This request includes any drafts or handwritten versions of the requested documents.

9. All documents regarding any searches or search warrants related to the Incident, including but not limited to: All Consent to Search Forms, all Investigative Encounters forms, all Contact Cards issued or attempted to be issued, all warrant applications or affidavits, all Search

Warrant Plans, and all Warrant Investigation Reports. This request includes any drafts or handwritten versions of the requested documents.

10. All documents regarding any confidential informants who had any role in, or communicated any information regarding, the Incident, including but not limited to: All Confidential Informant Database inquiries and requests all Confidential Informant information or payments all Subject Checklists, and all Confidential Informant Reactivation Requests. This request includes any drafts or handwritten versions of the requested documents.

11. All documents reflecting any communication on RPD issued devices or Defendants' personal devices, such as cell phones. Specifically, all communications between Individual Defendants related to the Incident and all communications between Individual Defendants and Dennis Williams. This shall include all texts, including those sent by way of applications like Group Me, Facebook Messenger, or Signal, as well as emails, letters, or other correspondence, and the contents of the correspondence.

12. All documents reflecting any communication between Defendants or between Defendants and the Wake County District Attorney's Office related to this incident. This shall include all texts, including those sent by way of applications like Group Me, Facebook Messenger, or Signal, as well as emails, letters, or other correspondence, and the contents of the correspondence.

13. All RPD policies and procedures, in place from January 1, 2018, to the present day, concerning use of confidential informants, searches and seizures, warrant execution and planning for warrant execution.

14. The complete personnel file of all Defendants.

15. All internal affairs documents, including any review by an outside agency, related to this Incident.

16. All internal affairs documents related to Officer Omar Abdullah and Dennis Williams.

17. All documents related to Dennis Williams.

18. All communications between any Defendant, RPD Officer, or other witness and Dennis Williams.

19. All body camera and buy video from each of Dennis Williams' controlled buys with the RPD VICE unit from August 16, 2018 through May 21, 2020.

20. All documents, including case jackets and witness statements, from each of the arrests resulting from Dennis Williams' controlled buys with the RPD VICE unit from August 16, 2018 through May 21, 2020.

21. All complaints for any prior state law false arrest, state law excessive force, state law malicious prosecution, or 42 U.S.C. § 1983 lawsuits filed against and served on the Individual Officers, and all notices of claim filed, or settlements, that name or involve the Individual Officers.

22. All documents that support any of Defendants' affirmative defenses.

Dated:     July 21, 2022
           Durham, NC

_____
Abraham Rubert-Schewel (N.C. Bar # 56863)
TIN FULTON WALKER & OWEN, PLLC
119 E. Main Street
Durham, NC 27701

Tel: (919) 451-9216
schewel@tinfulton.com

/s/ *Emily Gladden*
Emily D. Gladden
TIN FULTON WALKER & OWEN, PLLC
State Bar No.:   49224
204 N. Person Street
Raleigh, NC 27601
Telephone:     (919) 720-4201
Facsimile:      (919) 400-4516
Email:             Egladden@tinfulton.com

/s/ *Micheal L. Littlejohn Jr.*
Micheal L. Littlejohn Jr.
N.C. Bar No. 49353
Littlejohn Law PLLC
PO Box 16661
Charlotte, NC 28297
Telephone: (704) 322-4581
Fax: (704) 625-9396
Email: mll@littlejohn-law.com

/s/ *Ian Mance*
Ian A. Mance
N.C. Bar No. 46589
EMANCIPATE NC
Post Office Box 309
Durham, NC 27702
Tel: (828) 719-5755
ian@emancipatenc.org

/s/ *Elizabeth Simpson*
Elizabeth G. Simpson
N.C. Bar No. 41596
EMANCIPATE NC
Post Office Box 309
Durham, NC 27702
Tel: (919) 682-1149
elizabeth@emancipatenc.org

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 22-CV-68-BO

YOLANDA IRVING, individually and as the natural parent and guardian of JALEN IRVING, JUWAN HARRINGTON, CYDNEEA HARRINGTON, KENYA WALTON individually and as the natural parent and guardian of ROBERT WHITLEY, ZIYEL WHITLEY, DYAMOND WHITLEY, KAMISHA WHITLEY, and NANETTA GRANT as the natural parent and guardian of ZIQUIS GRANT, and EMANCIPATE NC, INC.

Plaintiffs,

vs.

THE CITY OF RALEIGH, Officer OMAR I. ABDULLAH, Sergeant WILLIAM ROLFE, Officer RISHAR PIERRE MONROE, Officer JULIEN DAVID RATTELADE, and Officer MEGHAN CAROLINE GAY, JOHN and JANE DOE Officers 1-10, in their individual capacities, Chief of Police ESTELLA PATTERSON and City Manager MARCHELL ADAMS-DAVID, in their official capacities.

Defendants.

**PLAINTIFFS' NOTICE OF DEPOSITIONS**

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs will take the depositions of Defendants. These depositions will take place at the offices of Tin Fulton Walker & Owen PLLC, 119 East Main Street, Durham, North Carolina, 27701, commencing at 10:00 a.m., pursuant to the following schedule:

- Sergeant William Rolfe, on October 24, 2022;
- Officer Rishar Pierre Monroe, on October 25, 2022;

- Officer Julien Rattelade, on October 26, 2022;

- Officer Omar Abdullah, on October 27, 2022;

- Officer Meghan Caroline Gay, on October 28, 2022;

- Chief of Police Estella Patterson, on November 2, 2022.

These depositions will go forward as noticed unless the parties mutually agree to hold the depositions on different dates or times and/or at different locations. These depositions will be taken by stenographic and video means before an officer authorized to administer oaths and will continue from day to day until completed. These depositions will be taken for the purposes of discovery, for use at trial in this matter, and for any other purpose permitted under the Federal Rules of Civil Procedure.

Dated: Durham, North Carolina
July 21, 2022

Respectfully,

_____
Abraham Rubert-Schewel (N.C. Bar # 56863)
TIN FULTON WALKER & OWEN, PLLC
119 E. Main Street
Durham, NC 27701
Tel: (919) 451-9216
schewel@tinfulton.com

/s/ *Emily Gladden*
Emily D. Gladden
TIN FULTON WALKER & OWEN, PLLC
State Bar No.: 49224
204 N. Person Street
Raleigh, NC 27601
Telephone: (919) 720-4201

Facsimile: (919) 400-4516
Email: Egladden@tinfulton.com

*/s/ Micheal L. Littlejohn Jr.*
Micheal L. Littlejohn Jr.
N.C. Bar No. 49353
Littlejohn Law PLLC
PO Box 16661
Charlotte, NC 28297
Telephone: (704) 322-4581
Fax: (704) 625-9396
Email: mll@littlejohn-law.com

*/s/ Ian Mance*
Ian A. Mance
N.C. Bar No. 46589
EMANCIPATE NC
Post Office Box 309
Durham, NC 27702
Tel: (828) 719-5755
ian@emancipatenc.org

*/s/ Elizabeth Simpson*
Elizabeth G. Simpson
N.C. Bar No. 41596
EMANCIPATE NC
Post Office Box 309
Durham, NC 27702
Tel: (919) 682-1149
elizabeth@emancipatenc.org

# CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document upon Counsel for Defendants via e-mail as follows:

**Jason R. Benton**
Parker Poe Adams & Bernstein LLP
620 South Tyron Street, Suite 800
Charlotte, NC 28202
704-372-9000
Fax: 704-334-4706
Email: jasonbenton@parkerpoe.com

**Norwood P. Blanchard, III**
Crossley McIntosh Collier Hanley & Edes, PLLC
5002 Randall Parkway
Wilmington, NC 28403
910-762-9711
Fax: 910-256-0310
Email: norwood@cmclawfirm.com

**Dorothy V. Kibler**
City of Raleigh Attorney's Office
Post Office Box 590
Raleigh, NC 27602
(919) 996-6560
Fax: (919) 857-4453
Email: dorothy.kibler@raleighnc.gov

**Daniel Edward Peterson**
Parker Poe Adams & Bernstein LLP
620 South Tyron Street, Suite 800
Charlotte, NC 28202
704-335-9874
Fax: 704-334-4706
Email: danielpeterson@parkerpoe.com

**Rodney E. Pettey**
Yates, McLamb & Weyher, LLP
Post Office Box 2889
Raleigh, NC 27602-2889
919-835-0900
Fax: 835-0910
Email: rpettey@ymwlaw.com

**Samuel G. Thompson , Jr.**
Yates, McLamb & Weyher, LLP

Post Office Box 2889
Raleigh, NC 27602-2889
919-835-0900
Fax: 919-835-0910
Email: bthompson@ymwlaw.com


THIS the 21st day of July, 2022


    Respectfully,

    */s/ Abraham Rubert-Schewel*
    _____
    Abraham Rubert-Schewel (N.C. Bar # 56863)
    TIN FULTON WALKER & OWEN, PLLC
    119 E. Main Street
    Durham, NC 27701
    Tel: (919) 451-9216
    schewel@tinfulton.com