

**Raleigh**

September 19, 2022

Abraham Rubert-Schewel          Michael L. Littlejohn, Jr.
Tin Fulton Walker & Owen, PLLC   Littlejohn Law, PLLC
119 E. Main Street               P.O. Box 16661
Durham, NC 27701                 Charlotte, NC 28297

Emily D. Gladden                 Ian A. Mance
Tin Fulton Walker & Owen, PLLC   Elizabeth G. Simpson
204 N. Person Street             Emancipate NC
Raleigh, NC 27601                P.O. Box 309
                                 Durham, NC 27702

     Re: *Irving v. City;* U.S. District Court (E.D.N.C.); 22-CV-68-BO

     Official Capacity Defendants and the City of Raleigh's Responses
and Objections to Plaintiffs' First Consolidated Set of Document Requests

Dear Counsel:

     Please find enclosed Official Capacity Defendants and the City of Raleigh's Responses and Objections to Plaintiffs' First Consolidated Set of Document Requests. We look forward to further discussions among the parties to address our concerns noted and to the entry of the Consent Protective Order that we anticipate will address some of those concerns.

               Sincerely,

               Amy C. Petty
               Senior Associated City Attorney

Enclosures
cc: Counsel for Individual Named Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00068-BO

| | | |
|---|---|---|
| YOLANDA IRVING, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | **OFFICIAL CAPACITY DEFENDANTS** |
| | ) | **AND THE CITY OF RALEIGH'S** |
| v. | ) | **RESPONSES AND OBJECTIONS TO** |
| | ) | **PLAINTIFFS' FIRST CONSOLIDATED** |
| THE CITY OF RALEIGH, et al., | ) | **SET OF DOCUMENT REQUESTS** |
| | ) | |
| Defendants. | ) | |

Defendants Chief of Police Estella Patterson in her official capacity, City Manager

Marchell Adams-David in her official capacity and the City of Raleigh (collectively the "City"),

pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, serve the following

responses and objections to Plaintiffs' First Consolidated Set of Document Requests.

**GENERAL OBJECTIONS**

1.      The City objects to this Request for Production in its entirety to the extent that it,

or the definitions or instructions it contains, seeks to impose a duty or a burden upon the City to

respond or supplement its responses beyond that required by the Federal Rules of Civil

Procedure and any Court order.

2.      The City objects to this Request for Production in its entirety to the extent that it

can be construed to seek documents in the City Attorney's litigation file relating to this action on

the grounds that such documents are protected as trial-preparation material and/or by the attorney

client privilege.

3.      The City objects to the definitions of "Defendants" and "Official Capacity

Defendants" in the Definitions section as those definitions appear to attempt to classify the City

Manager and Police Chief as responsible to respond in their individual capacities while Plaintiffs have sued them solely in their official capacities. The City objects to this Request for Production in its entirety to the extent it purports to require individual responses from the official capacity defendants. An official capacity claim is simply another way to assert a claim against a municipal employer, and, therefore, the City of Raleigh objects to any attempt to compel individual responses from any party appearing solely in an official capacity.

## SPECIFIC OBJECTIONS

The City's specific objections, if any, appear immediately after each Request.

This the 19th day of September 2022.

**CITY OF RALEIGH**
**Robin L. Tatum**
**City Attorney**

By:     _/s/ Dorothy V. Kibler_____
DOROTHY V. KIBLER
Deputy City Attorney
NC State Bar No. 13571

By:     _/s/ Amy C. Petty_____
AMY C. PETTY
Senior Associate City Attorney
NC State Bar No. 20894
Post Office Box 590
Raleigh, North Carolina 27602
Telephone:  (919) 996-6560
Facsimile:  (919) 996-7021
Email: dorothy.kibler@raleighnc.gov
Email: amy.petty@raleighnc.gov
*Counsel for Defendants Estella Patterson,*
*Marchell Adams-David, and City of Raleigh*

## REQUESTS FOR PRODUCTION

1.     **All audio, photographs, or video, as well as transcripts, summaries, or other documents relating to audio or video recordings, which are related in any way to the Incident, including but not limited to: All 911 calls, all cellular device reports, radio runs, all body camera footage, all dash camera footage, all security camera footage, all mug shots or other photos of Plaintiffs, all mug shots of anyone else arrested, all photographs of any evidence, all photographs of the crime scene or area where any alleged crime took place, all recordings of any interrogation or interview of a Plaintiff or any other witness or suspect, all Closed Circuit Television Incident Reports and all Closed Circuit Television Video/Photo Receipts.**

RESPONSE: The City objects to this request in its entirety on the following grounds:

a.  it seeks criminal investigative records and criminal intelligence information protected from disclosure by N.C. Gen. Stat. § 132-1.4, law enforcement recordings protected from disclosure by N.C. Gen. Stat. § 132-1.4A, and materials subject to the privilege accorded police investigative materials and investigative techniques and appears to seek documents that would be subject to security restrictions, such as the production of material held as evidence;

b.  it can be construed to seek materials that are subject to State law limitations such as the protections afforded juvenile criminal records and records that have been expunged by Court order;

c.  it fails to provide sufficient information for the City to reasonably identify reports requested, such as its failure to explain what documents are sought as "Closed Circuit Television Incident Report," "radio runs," or "cellular device reports";

3

d.  it seeks documents not relevant to the parties' claims or defenses and disproportionate to the needs of the case. For example, the request is not limited to the timeframe of May 20 and 21, 2020, when the operative alleged events occurred; instead, the request, per Plaintiffs' definition of "Incident," includes the time of "all preceding investigation and controlled buys . . . that led to the Incident" on May 21, 2020;

e.  it appears to seek materials prepared in anticipation of litigation or for trial by the City's counsel and representatives in this action;

f.  it appears to seek documents that are not in the City's care, custody, or control such as mug shots and the contents of cell phones and records including those related to any named officer's personal cell phone communications;

g.  it seeks information about persons other than Plaintiffs in violation of the privacy rights of those who are not a party to this action; and

h.  Additionally, the City objects to this request as it seeks recordings or records that are equally available to or have already been provided to counsel for Plaintiffs. The City has already provided responsive materials to Plaintiffs' counsel. In particular,

    i.  On or about April 19, 2021, August 24, 2021, and February 18, 2022, Plaintiffs' counsel obtained responsive body worn camera, mobile video recorder, and controlled buy video recordings pursuant to petitions filed under N.C. Gen. Stat. § 132-1.4A and orders in Wake County Superior Court Case Nos. 21CVS3114, 21CVS10542, and 22CVS886.

    The City informs Plaintiffs that among the body worn camera recordings released on or about April 19, 2021 in Case No. 21CVS3114, one was produced and labeled as pertaining to Gregory Washington and another was produced and

4

labeled as pertaining to Blake Banks and Mesiah Howard. Upon further review, the City has discovered that those recordings were erroneously released as they concern the execution of search warrants at 4911-102 Hollenden Drive and 900-542 Six Forks Road, respectively, and do not involve Dennis Williams or information provided by him. Therefore, they are unrelated to the events alleged in the Second Amended Complaint and should not be deemed responsive to this request. On July 18, 2022 and by email, in Case No. 21CVS3114, the City Attorney's Office notified Plaintiffs' counsel of additional recordings subject to Plaintiffs' counsel's petition and court order, specifically those related to the arrest of Keith Green, and made those recordings available to Plaintiffs' counsel on or about July 21, 2022. To the extent Plaintiffs seek additional video recordings regarding other controlled buys involving Dennis Williams, the City withholds them from production pursuant to N.C. Gen. Stat. § 132-1.4A pending entry of an order authorizing release of those recordings.

ii. In addition, pursuant to two protective orders entered by the Wake Superior Court in Case No. 21CVS3114, the City provided investigative case files concerning:

- The investigation and arrest on or around February 28, 2020 of Gregory Washington;

- The investigation and arrest on or around December 11, 2019 of Mesiah Howard;

- The investigation and arrest on or around December 20, 2019 of Blake Banks;

- The investigation and arrest on or around May 15, 2020 of Connell

5

Wilson;

- The investigation and arrest on or around April 9, 2020 of Isaiah Walker;

- The investigation and arrest on or around January 28, 2020 of Jordan Miles;

- The investigation and arrest on or around March 19-20, 2020 of Keith Green;

- The investigation and arrest on or around March 12, 2020 of Sherrod Smith;

- The investigation and arrest on or around April 9, 2020 of Shakari Malik Ore;

- The investigation and arrest on or around May 15, 2020 of David Mitchell;

- The investigation and arrest on or around January 2, 2020 of Curtis Logan;

- The investigation and arrest on or around October 21, 2019 of Mario King; and

- The investigation and arrest on or around May 21, 2020 of Marcus VanIrvin who resided at 1620-B Burgundy Court.

Without waiving these objections and subject to them, the City informs Plaintiffs that certain radio communications between or among RPD officers over public airways are recorded and retained in accordance with the applicable retention period. In connection with this response, the City has conducted a reasonable search for recordings of radio communication from May 20 and May 21, 2020 related to the entries into 1628-A and 1628-B Burgundy Court and found none.

6

The City proposes that the parties confer to discuss production of responsive documents within the parameters of Rule 26.

    2.      **All Activity Logs and all memo book entries for (or any other handwritten notes by) each and every RPD officer present during, investigating, or involved with the Incident.**

RESPONSE: The City objects to this request as it seeks criminal investigative records and criminal intelligence information protected from disclosure by N.C. Gen. Stat. § 132-1.4 as well as materials subject to the privilege accorded police investigative materials and investigative techniques. The City further objects to this request as it seeks documents not relevant to the parties' claims or defenses and disproportionate to the needs of the case. Specifically, this request is not limited to the timeframe of May 20 and 21, 2020, when the operative alleged events occurred; instead, the request, per Plaintiffs' definition of "Incident," includes the time of "all preceding investigation and controlled buys . . . that led to the Incident" on May 21, 2020. The City also objects to the extent that this request can be construed to seek materials that are subject to State law limitations such as the protections afforded records that have been expunged by Court order. The City also objects to this request because it fails to provide sufficient information for the City to reasonably identify reports requested, such as its failure to explain what documents are sought as "memo book entries." The City also notes that it has already provided the information and recordings concerning Marcus VanIrvin described in its response to Request 1.

Without waiving these objections and subject to them, the City proposes that the parties confer to discuss production of responsive documents within the parameters of Rule 26.

    3.      **All logs of any kind relating in any way to the Incident, including but not**

**limited to: All Command Log entries, all Surveillance Logs, all Interrupted Patrol Logs, all Roll Calls, all Telephone Dispatch Logs, and all Case Development / Detective Case Assignment Logs.**

RESPONSE: The City is not familiar with documents identified in this request as "Surveillance Logs," "Interrupted Patrol Logs," Telephone Dispatch Logs," "Case Development / Detective Case Assignment Logs," and Plaintiffs have not provided sufficient information for the City to determine what documents are responsive to the request. The City therefore objects to this request on ground that it fails to provide sufficient information for the City to reasonably identify the documents requested. The City objects to this request to the extent it seeks Roll Calls because such information is a privileged personnel record protected from disclosure by N.C. Gen. Stat. § 160A-168. The City further objects to this request as it seeks criminal investigative records and criminal intelligence information protected from disclosure by N.C. Gen. Stat. § 132-1.4 as well as materials subject to the privilege accorded police investigative materials and investigative techniques. The City also objects to this request as it seeks documents not relevant to the parties' claims or defenses and disproportionate to the needs of the case. Specifically, this request is not limited to the timeframe of May 20 and 21, 2020, when the operative alleged events occurred; instead, the request, per Plaintiffs' definition of "Incident," includes the time of "all preceding investigation and controlled buys . . . that led to the Incident" on May 21, 2020. The City also objects to the extent that this request can be construed to seek materials that are subject to State law limitations such as the protections afforded records that have been expunged by Court order. Additionally, the City objects to this request because the term "logs" is vague.

Without waiving these objections and subject to them, the City proposes that the parties confer to discuss production of responsive documents within the parameters of Rule 26.

4.     **All documents regarding the Incident, including but not limited to: any documents related to surveillance, planning or execution of the raid on Plaintiffs' homes, or the search and seizure of Plaintiffs and their homes. This request includes any drafts or handwritten versions of the requested documents. This request also includes any files embedded electronically in any report and any metadata relating to the report, including metadata showing when the report was created, edited, or finalized and the contents of any edits or changes to the report.**

RESPONSE: The City objects to this request as it seeks privileged personnel records protected from disclosure by N.C. Gen. Stat. § 160A-168; criminal investigative records and criminal intelligence information protected from disclosure by N.C. Gen. Stat. § 132-1.4; law enforcement agency recordings protected from disclosure by N.C. Gen. Stat. § 132-1.4A; and sensitive public security information protected from disclosure by N.C. Gen. Stat. § 132-1.7 as well as materials subject to the privilege accorded police investigative materials and investigative techniques and the privilege applicable to self-critical analyses. The request seeks information about persons other than Plaintiffs in violation of the privacy rights of those involved and the City also objects to producing the documents on this basis. Also, the City objects to this request as it seeks documents not relevant to the parties' claims or defenses and disproportionate to the needs of the case, specifically including the request for metadata. In addition, this request is not limited to the timeframe of May 20 and 21, 2020, when the operative alleged events occurred; instead, the request, per Plaintiffs' definition of "Incident," includes the time of "all preceding investigation and controlled buys . . . that led to the Incident" on May 21, 2020. The City also objects to the extent that this request can be construed to seek materials that are subject to State law limitations such as the protections afforded records that have been expunged by Court order.

Additionally, the City objects to this request because it is duplicative of all other requests.

Without waiving these objections and subject to them, the City proposes that the parties confer to discuss production of responsive documents within the parameters of Rule 26.

5. **All witness statements, affidavits, or declarations regarding the Incident, including but not limited to: All statements by the Individual Officers or confidential informants used by investigating officers. This includes depositions and Supporting Depositions, all Complaint Reports, and all handwritten and typed Complaint Report Worksheets and Supplements. This request includes any drafts or handwritten versions of the requested documents. This request also includes any files embedded electronically in any report and any metadata relating to the report, including metadata showing when the report was created, edited, or finalized and the contents of any edits or changes to the report.**

RESPONSE: The City objects to this request as it seeks privileged personnel records protected from disclosure by N.C. Gen. Stat. § 160A-168; criminal investigative records and criminal intelligence information protected from disclosure by N.C. Gen. Stat. § 132-1.4; law enforcement agency recordings protected from disclosure by N.C. Gen. Stat. § 132-1.4A; and sensitive public security information protected from disclosure by N.C. Gen. Stat. § 132-1.7 as well as materials subject to the privilege accorded police investigative materials and investigative techniques and the privilege applicable to self-critical analyses. Also, the City objects to this request as it seeks documents not relevant to the parties' claims or defenses and disproportionate to the needs of the case, including the request for metadata. Additionally, this request is not limited to the timeframe of May 20 and 21, 2020, when the operative alleged events occurred; instead, the request, per Plaintiffs' definition of "Incident," includes the time of "all preceding

investigation and controlled buys . . . that led to the Incident" on May 21, 2020. The City also objects to the extent that this request can be construed to seek materials that are subject to State law limitations such as the protections afforded records that have been expunged by Court order.

Without waiving these objections and subject to them, the City refers Plaintiffs to, and incorporates herein, its response to Request 15 because the referenced SBI Investigative File may contain witness statements, affidavits, or declarations and its response to Request 20 because some case jackets may contain summaries of interviews with witnesses or suspects.

The City is not familiar with documents identified in this request as "Supporting Depositions," "Complaint Reports," and "Complaint Report Worksheets and Supplements," and Plaintiffs have not provided sufficient information for the City to determine what documents are responsive to this request. The City therefore objects to this request on ground that it fails to provide sufficient information for the City to reasonably identify the documents requested.

The City proposes that the parties confer to discuss production of responsive documents within the parameters of Rule 26.

6. **All documents regarding any property or physical evidence relating to the Incident, as well as all documents showing chain of custody, including but not limited to: All property vouchers, Property Clerk Invoices, Property Clerk Invoice Worksheets, all Property Log entries, all Retention of Property Requests, and all Notice to Person From Whom Property Has Been Removed By The Police Department forms. This request includes any drafts or handwritten versions of the requested documents.**

RESPONSE: The City objects to this request to the extent it seeks criminal investigative records and criminal intelligence information protected from disclosure by N.C. Gen. Stat. § 132-1.4 as well as materials subject to the privilege accorded police investigative materials and

investigative techniques. The City further objects to this request as it seeks documents not relevant to the parties' claims or defenses and disproportionate to the needs of the case, especially in light of the information detailed above that has already been provided to Plaintiffs' counsel in connection with Marcus VanIrvin. In addition, this request is not limited to the timeframe of May 20 and 21, 2020, when the operative alleged events occurred; instead, the request, per Plaintiffs' definition of "Incident," includes the time of "all preceding investigation and controlled buys . . . that led to the Incident" on May 21, 2020. The City also objects to the extent that this request can be construed to seek materials that are subject to State law limitations such as the protections afforded records that have been expunged by Court order.

The City is not familiar with documents identified in this request as "property vouchers," "Property Clerk Invoices," "Property Clerk Invoice Worksheets," "Property Log," "Retention of Property Requests," and "Notice to Person From Whom Property Has Been Removed By The Police Department forms," and Plaintiffs have not provided sufficient information for the City to determine what documents are responsive to this request. The City therefore objects to this request on ground that it fails to provide sufficient information for the City to reasonably identify the documents requested.

The City proposes that the parties confer to discuss production of responsive documents within the parameters of Rule 26.

7. **All physical evidence, including any seized drugs or alleged drugs or other evidence related to the Incident and all other controlled buys made by Dennis Williams with RPD Officers. If you are unable to produce this evidence please indicate when this evidence will be made available for inspection.**

RESPONSE: The City objects to this request on grounds that it seeks production of evidence of a

crime to a civilian unconnected with the criminal charge at issue and jeopardizes the chain of custody of criminal evidence. In addition, the City objects as the request seeks criminal investigative records and criminal intelligence information protected from disclosure by N.C. Gen. Stat. § 132-1.4, materials within the control of the criminal justice system, materials that implicate the privacy rights of persons who are not parties to this litigation, and as it seeks production/inspection of items not relevant to the parties' claims or defenses and disproportionate to the needs of the case. Furthermore, some case jackets previously produced to Plaintiffs' counsel contain laboratory results, and in some cases, photographs of physical evidence, thus obviating Plaintiffs' need to inspect the physical evidence itself. Additionally, this request is not limited to the timeframe of May 20 and 21, 2020, when the operative alleged events occurred; instead, the request, per Plaintiffs' definition of "Incident," includes the time of "all preceding investigation and controlled buys . . . that led to the Incident" on May 21, 2020. The City also objects to the extent that this request can be construed to seek materials that are subject to State law limitations such as the protections afforded records that have been expunged by Court order.

8. **All documents regarding any field testing or forensic testing of any evidence, as well as all documents showing chain of custody, relating to the Incident, including but not limited to: All Request for Laboratory Examination sheets, all Evidence Transmittal Reports, all Command Evidence Transmittal Reports, all Evidence Transmittal Reports, all Evidence Collection Team Reports, all Request for Laboratory Examination Reports, all Police Laboratory Analysis Reports, All Property Transfer Reports, Property Transfer Report Acceptance Documents, all Evidence Collection/Tracking Forms, all Latent Fingerprint Reports, and all Field Test Reports.**

**This request includes any drafts or handwritten versions of the requested documents.**

RESPONSE: The City objects to this request as it seeks criminal investigative records and criminal intelligence information protected from disclosure by N.C. Gen. Stat. § 132-1.4 as well as materials subject to the privilege accorded police investigative materials and investigative techniques. The City further objects to this request as it seeks documents not relevant to the parties' claims or defenses and disproportionate to the needs of the case. Specifically, this request is not limited to the timeframe of May 20 and 21, 2020, when the operative alleged events occurred; instead, the request, per Plaintiffs' definition of "Incident," includes the time of "all preceding investigation and controlled buys . . . that led to the Incident" on May 21, 2020. The City also objects to the extent that this request can be construed to seek materials that are subject to State law limitations such as the protections afforded records that have been expunged by Court order. Also, the City objects to this request because it does not have care, custody, or control of all documents regarding any forensic testing of evidence performed by the Raleigh/Wake City-County Bureau of Identification ("CCBI") and relating to the events alleged.

Without waiving these objections and subject to them, the City refers Plaintiffs to, and incorporates herein, its response to Request 1 because some investigative case files previously produced to Plaintiffs' counsel contain CCBI-generated documents regarding forensic testing of evidence.

The City is not familiar with documents identified in this request as "Request for Laboratory Examination sheets," "Evidence Transmittal Reports," "Command Evidence Transmittal Reports," "Evidence Transmittal Reports," "Evidence Collection Team Reports," "Request for Laboratory Examination Reports," "Police Laboratory Analysis Reports," "Property Transfer Reports," "Property Transfer Report Acceptance Documents," "Evidence

14

Collection/Tracking Forms," and "Latent Fingerprint Reports," and Plaintiffs have not provided

sufficient information for the City to determine what documents are responsive to this request.

The City therefore objects to this request on ground that it fails to provide sufficient information

for the City to reasonably identify the documents requested.

The City proposes that the parties confer to discuss production of responsive documents

within the parameters of Rule 26.

9. **All documents regarding any searches or search warrants related to the Incident, including but not limited to: All Consent to Search Forms, all Investigative Encounters forms, all Contact Cards issued or attempted to be issued, all warrant applications or affidavits, all Search Warrant Plans, and all Warrant Investigation Reports. This request includes any drafts or handwritten versions of the requested documents.**

RESPONSE: The City objects to this request as it seeks criminal investigative records and

criminal intelligence information protected from disclosure by N.C. Gen. Stat. § 132-1.4 as well

as materials subject to the privilege accorded police investigative materials and investigative

techniques. The City further objects to this request as it seeks documents not relevant to the

parties' claims or defenses and disproportionate to the needs of the case. Specifically, this

request is not limited to the timeframe of May 20 and 21, 2020, when the operative alleged

events occurred; instead, the request, per Plaintiffs' definition of "Incident," includes the time of

"all preceding investigation and controlled buys . . . that led to the Incident" on May 21, 2020.

The City also objects to the extent that this request can be construed to seek materials subject to a

Court order expunging the applicable record, document, or information. Additionally, the City

objects to this request to the extent that it seeks documents that are equally available to Plaintiffs

or have already been provided to Plaintiffs' counsel.

Without waiving these objections and subject to them, the City responds that returned

search warrants are public records and that the search warrant relating to the search at 1628-B Burgundy Court appears at docket entry 32-2 in this lawsuit. The City refers Plaintiffs to, and incorporates herein, its response to Request 1 because some investigative case files contain documents regarding searches and search warrants.

The City is not familiar with documents identified in this request as "Investigative Encounters forms," "Contact Cards," "Search Warrant Plans," and "Warrant Investigation Reports," and Plaintiffs have not provided sufficient information for the City to determine what documents are responsive to this request. The City therefore objects to this request on ground that it fails to provide sufficient information for the City to reasonably identify the documents requested.

The City proposes that the parties confer to discuss production of responsive documents within the parameters of Rule 26.

10. **All documents regarding any confidential informants who had any role in, or communicated any information regarding, the Incident, including but not limited to: All Confidential Informant Database inquiries and requests all Confidential Informant information or payments all Subject Checklists, and all Confidential Informant Reactivation Requests. This request includes any drafts or handwritten versions of the requested documents.**

RESPONSE: The City objects to this request as it seeks criminal investigative records and criminal intelligence information protected from disclosure by N.C. Gen. Stat. § 132-1.4 as well as materials subject to the privilege accorded police investigative materials and investigative techniques. The City also objects to the extent that it seeks informant records other than those relating to Dennis Williams on grounds that it implicates the privacy interests and safety of

persons who are not parties to or involved in the pending litigation. The City further objects to this request as it seeks documents not relevant to the parties' claims or defenses and disproportionate to the needs of the case. Specifically, this request is not limited to the timeframe of May 20 and 21, 2020, when the operative alleged events occurred; instead, the request, per Plaintiffs' definition of "Incident," includes the time of "all preceding investigation and controlled buys . . . that led to the Incident" on May 21, 2020, nor is it limited to the actions of Dennis Williams. The City also objects to the extent that this request can be construed to seek materials that are subject to State law limitations such as the protections afforded records that have been expunged by Court order. Additionally, the City objects to this request as it seeks documents that have already been provided to Plaintiffs' counsel.

Without waiving these objections and subject to them, the City refers Plaintiffs to, and incorporates herein, its response to Request 1 because some investigative case files contain documents regarding confidential informant Dennis Williams.

The City proposes that the parties confer to discuss production of responsive documents within the parameters of Rule 26.

11. **All documents reflecting any communication on RPD issued devices or Defendants' personal devices, such as cell phones. Specifically, all communications between Individual Defendants related to the Incident and all communications between Individual Defendants and Dennis Williams. This shall include all texts, including those sent by way of applications like Group Me, Facebook Messenger, or Signal, as well as emails, letters, or other correspondence, and the contents of the correspondence.**

RESPONSE: The City objects to this request as it seeks criminal investigative records and criminal intelligence information protected from disclosure by N.C. Gen. Stat. § 132-1.4 and

sensitive public security information protected from disclosure by N.C. Gen. Stat. § 132-1.7 as well as materials subject to the privilege accorded police investigative materials and investigative techniques. The City further objects to this request as it seeks documents not relevant to the parties' claims or defenses and disproportionate to the needs of the case. Specifically, this request is not limited to the timeframe of May 20 and 21, 2020, when the operative alleged events occurred; instead, the request, per Plaintiffs' definition of "Incident," includes the time of "all preceding investigation and controlled buys . . . that led to the Incident" on May 21, 2020. The City also objects to the extent that this request can be construed to seek materials that are subject to State law limitations such as the protections afforded records that have been expunged by Court order. Additionally, the City objects to this request to the extent it seeks documents related to any named officer's personal cell phone communications because such cell phones are not in the City's care, custody, or control.

Without waiving these objections and subject to them, the City notes that it has already provided buy video recordings concerning Marcus VanIrvin to Plaintiffs' counsel as described in the City's response to Request 1 and proposes that the parties confer to discuss the appropriate parameters of any search for responsive documents, including devices, data sources, search terms, date restrictions, duration, confidentiality, and costs.

12. **All documents reflecting any communication between Defendants or between Defendants and the Wake County District Attorney's Office related to this incident. This shall include all texts, including those sent by way of applications like Group Me, Facebook Messenger, or Signal, as well as emails, letters, or other correspondence, and the contents of the correspondence.**

RESPONSE: The City objects to this request as it seeks criminal investigative records and

criminal intelligence information protected from disclosure by N.C. Gen. Stat. § 132-1.4 and sensitive public security information protected from disclosure by N.C. Gen. Stat. § 132-1.7 as well as materials subject to the privilege accorded police investigative materials and investigative techniques. To the extent that this request seeks the production of personnel records, the City objects based on N.C. Gen. Stat. § 160A-168 and the privacy rights of those whose records are sought. The City further objects to this request as it seeks documents not relevant to the parties' claims or defenses and disproportionate to the needs of the case. Specifically, this request is not limited to the timeframe of May 20 and 21, 2020, when the operative alleged events occurred; instead, the request, per Plaintiffs' definition of "Incident," includes the time of "all preceding investigation and controlled buys . . . that led to the Incident" on May 21, 2020. The City also objects to the extent that this request can be construed to seek materials that are subject to State law limitations such as the protections afforded records that have been expunged by Court order. Additionally, the City objects to this request to the extent it seeks documents related to any named officer's personal cell phone communications because such cell phones are not in the City's care, custody, or control.

Without waiving these objections and subject to them, the City proposes that the parties confer to discuss the appropriate parameters of any search for responsive documents, including devices, data sources, search terms, date restrictions, duration, confidentiality, and cost.

13. **All RPD policies and procedures, in place from January 1, 2018, to the present day, concerning use of confidential informants, searches and seizures, warrant execution and planning for warrant execution.**

RESPONSE: The City objects to this request as it seeks documents containing sensitive public security information protected from disclosure by N.C. Gen. Stat. § 132-1.7 and the safety

19

interests supported thereby, and as it seeks documents subject to the privilege accorded police investigative techniques. The City further objects to this request as it seeks discovery on subjects beyond those permitted in Phase I discovery pursuant to the parties' Report of F.R.C.P. 26(f) Conference and Proposed Discovery Plan [DE 49] and the Court's Scheduling Order [DE 69] because the City's policies and procedures have no bearing on the individual officer defendants' liability. Also, the City objects to this request as it seeks documents not relevant to the parties' claims or defenses and disproportionate to the needs of the case because it seeks policies and procedures in place prior to May 20, 2020. Additionally, the City objects to this request as it seeks policies and procedures that are equally available to Plaintiffs.

Without waiving these objections and subject to them, the City responds that on August 10, 2022 and pursuant to the Consent Protective Order for Highly Confidential Material [DE 84], the City produced by email to Plaintiffs' counsel copies of RPD DOI 1109-06, Planned Raids and Searches (eff. 9/23/19 & 5/31/22). The City further responds that RPD DOI 1110-08, Searches and Seizures: Investigative Stops and Frisk is a publicly available document, *see* https://raleighnc.gov/safety/police-policies-and-procedures (follow link to View RPD Written Directives), a copy of which Plaintiffs apparently have, [*see* Second Am. Compl. ¶ 190].

The City refers Plaintiffs to the document attached as Exhibit A, which is being produced pursuant to the Consent Protective Order for Highly Confidential Documents [DE 84].

14. **The complete personnel file of all Defendants.**

RESPONSE: The City objects to this request as it seeks privileged personnel records protected from disclosure by N.C. Gen. Stat. § 160A-168. Also, the City objects to this request as it seeks documents not relevant to the parties' claims or defenses and disproportionate to the needs of the case. Personnel files contain a range of information wholly unrelated to the

matters at issue in a lawsuit. By way of examples, this request contains no limitation as to timeframe—some of the named officers have been employed with the City for more than 20 years—or as to the nature of the documents sought from the personnel files, which may include information pertaining to an officer's finances, benefits, and sensitive and private information about officers' family members or other individuals who are not parties to this action. Additionally, through counsel, more than one named officer has informed the City that they object to the production of their complete personnel file.

To the extent that this request can be construed to seek personnel files of Defendants Chief of Police Estella Patterson and City Manager Marchell Adams-David, each of whom is sued only in her official capacity, neither of whom is a party individually, and neither of whom was employed by the City of Raleigh in the relevant capacity at the time of the alleged events, this request also violates the privacy rights of persons who are not parties to this action individually.

Without waiving these objections and subject to them, the City responds that Plaintiffs' counsel obtained by email from the City on August 20, 2021, pursuant to a public records request, publicly available personnel information under N.C. Gen. Stat. § 160A-168(b) for Defendants Rolfe, Abdullah, Monroe, Rattelade, Gay, and Twiddy. The City refers Plaintiffs to the documents attached as Exhibit B, which is publicly available personnel information under N.C. Gen. Stat. § 160A-168(b) for Defendants Mead, Ortiz, Perrin, Mollere, Thompson, Debonis, Webb, McDonald, and Garner.

The City proposes that Plaintiffs' counsel and the attorneys for the individual defendants confer to discuss production of responsive documents within the parameters of Rule 26. The City will thereafter confer with the parties to discuss production of agreed documents. The City

21

notes that the City's Human Resources Department maintains the City's official personnel file for each employee and that the Raleigh Police Department also maintains a personnel file for each employee.

15. **All internal affairs documents, including any review by an outside agency, related to this Incident.**

RESPONSE: The City objects to this request as it seeks privileged personnel records protected from disclosure by N.C. Gen. Stat. § 160A-168 and materials subject to the privilege accorded police investigative materials and investigative techniques and the privilege applicable to self-critical analyses. The City also objects to the extent that this request can be construed to seek materials that are subject to State law limitations such as the protections afforded records that have been expunged by Court order. Also, the City objects to this request to the extent it seeks documents in the care, custody, or control of "an outside agency." Additionally, through counsel, more than one named officer has informed the City that they object to the production of their complete personnel file.

Without waiving these objections and subject to them, the City responds that it does not have in its care, custody, or control the State Bureau of Investigation's ("SBI") file regarding its investigation into the conduct of Dennis Williams, SBI Investigative File No. 2020-2929. However, the City has stipulated to the entry of a consent protective order allowing the release of that file. [DE 95-1].

The City proposes that the parties confer to discuss production of responsive documents within the parameters of Rule 26.

16. **All internal affairs documents related to Officer Omar Abdullah and Dennis Williams.**

RESPONSE: The City objects to this request as it seeks privileged personnel records protected from disclosure by N.C. Gen. Stat. § 160A-168 and materials subject to the privilege accorded police investigative materials and investigative techniques and the privilege applicable to self-critical analyses. Specifically, this request is not limited to the timeframe of May 20 and 21, 2020, when the operative alleged events occurred; instead, the request, per Plaintiffs' definition of "Incident," includes the time of "all preceding investigation and controlled buys . . . that led to the Incident" on May 21, 2020. The City also objects to the extent that this request can be construed to seek materials that are subject to State law limitations such as the protections afforded records that have been expunged by Court order. The City further objects to this request as it is duplicative of Request 15.

Without waiving these objections and subject to them, the City refers Plaintiffs to, and incorporates here, its response to Request 15.

17. **All documents related to Dennis Williams.**

RESPONSE: The City objects to this request as it seeks privileged personnel records protected from disclosure by N.C. Gen. Stat. § 160A-168; criminal investigative records and criminal intelligence information protected from disclosure by N.C. Gen. Stat. § 132-1.4; law enforcement agency recordings protected from disclosure by N.C. Gen. Stat. § 132-1.4A; and sensitive public security information protected from disclosure by N.C. Gen. Stat. § 132-1.7 as well as materials subject to the privilege accorded police investigative materials and investigative techniques and the privilege applicable to self-critical analyses. The City also objects to the extent that this request can be construed to seek materials that are subject to State law limitations such as the protections afforded records that have been expunged by Court order. Also, the City objects to this request as it seeks documents not relevant to the parties' claims or defenses and

disproportionate to the needs of the case because this request is not limited in time or the nature of the documents sought. The City further objects to this request to the extent it is duplicative of all other requests.

Without waiving these objections and subject to them, the City refers Plaintiffs to, and incorporates herein, its other responses and documents produced herewith.

18. **All communications between any Defendant, RPD Officer, or other witness and Dennis Williams.**

RESPONSE: The City objects to this request because the term "communications" is vague in that communications are not documents or tangible items or necessarily electronically stored information. To the extent Plaintiffs mean electronically stored information regarding the referenced communication, this request is cumulative of Request 11, and the City incorporates by herein its objections to Request 11. The City further objects to this request to the extent it seeks documents involving any unidentified "other witness" on ground that this request lacks sufficient specificity to allow the City to respond. The City also objects to this request as it seeks criminal investigative records and criminal intelligence information protected from disclosure by N.C. Gen. Stat. § 132-1.4 and implicates the privacy interests of a person who is not presently a party to this litigation. The City also objects to the extent that this request can be construed to seek materials that are subject to State law limitations such as the protections afforded records that have been expunged by Court order. Also, the City objects to this request as it seeks documents not relevant to the parties' claims or defenses and disproportionate to the needs of the case because this request is not limited in time or the nature of the documents sought and appears to ask the City to poll all RPD officers and to determine whether they recall any interaction with Dennis Williams.

Without waiving these objections and subject to them, the City refers Plaintiffs to, and incorporates herein, its response to Request 11.

19.     **All body camera and buy video from each of Dennis Williams' controlled buys with the RPD VICE unit from August 16, 2018 through May 21, 2020.**

RESPONSE: The City objects to this request as it seeks law enforcement agency recordings protected from disclosure by N.C. Gen. Stat. § 132-1.4A, seeks information about persons other than Plaintiffs in violation of the privacy rights of those who are not a party to this action, and may seek information subject to an order of expungement previously entered by a Court. The City further objects to this request as it is duplicative of Request 1.

Without waiving these objections and subject to them, the City refers Plaintiffs to, and incorporates herein, its response to Request 1 regarding the video recordings obtained by Plaintiffs' counsel on or about April 19, 2021, August 24, 2021, and February 18, 2022 and notified of on or about July 18, 2022. To the extent Plaintiffs seek production of currently existing video recordings regarding other controlled buys involving Dennis Williams, the City withholds them from production pursuant to N.C. Gen. Stat. § 132-1.4A pending entry of an order authorizing release of extant recordings that are not subject to an expungement order and have not previously been produced to Plaintiffs' counsel.

20.     **All documents, including case jackets and witness statements, from each of the arrests resulting from Dennis Williams' controlled buys with the RPD VICE unit from August 16, 2018 through May 21, 2020.**

RESPONSE: The City objects to this request in its entirety on the following grounds:

a.      it seeks criminal investigative records and criminal intelligence information protected from disclosure by N.C. Gen. Stat. § 132-1.4;

b.      it can be construed to seek materials that are subject to State law limitations such as the protections afforded records that have been expunged by Court order;

c.      it seeks information about persons other than Plaintiffs in violation of the privacy rights of those who are not a party to this action;

d.      Additionally, the City objects to this request as it seeks recordings or records that have already been provided to counsel for Plaintiffs; and

e.      it seeks materials prepared in anticipation of litigation or for trial by the City's counsel and representatives in this action and materials protected by the attorney client privilege.

Without waiving this objection and subject to it, the City responds that it understands "case jacket" to mean a Raleigh Police Department investigative case file. The City further responds that the City produced to Plaintiffs' counsel case jackets regarding the arrest and investigation of certain individuals and relating to controlled buys involving Dennis Williams as described in the City's response to Request 1.

To the extent that Plaintiffs seek production of case jackets regarding the arrest and investigation of other individuals and relating to controlled buys involving Dennis Williams, the City proposes the parties confer to discuss production of those documents within the parameters of Rule 26.

21.     **All complaints for any prior state law false arrest, state law excessive force, state law malicious prosecution, or 42 U.S.C. § 1983 lawsuits filed against and served on the Individual Officers, and all notices of claim filed, or settlements, that name or involve the Individual Officers.**

RESPONSE: The City objects to this request as it seeks documents not relevant to the parties'

claims or defenses and disproportionate to the needs of the case. Specifically, the request is not limited as to timeframe (other than "prior") or as to the nature of any 42 U.S.C. § 1983 complaint or any claim of alleged misconduct. The City further objects to this request to the extent that it seeks personnel records that are protected from disclosure by N.C. Gen. Stat. § 160A-168 and by the privacy rights of individual employees or former employees or other persons who are not parties to this action.

Without waiving these objections and subject to them, the City has conducted an electronic search of the City Attorney's litigation files and found no responsive prior complaints in lawsuits as a result of that search other than the complaint filed by Plaintiffs' counsel in 2021 in *Washington, et al., v. City of Raleigh, et al.*

22.    **All documents that support any of Defendants' affirmative defenses.**

RESPONSE: The City objects to this request on grounds that it seeks the disclosure of the mental impressions, conclusions, opinions or legal theories of the City's counsel; privileged personnel records protected from disclosure by N.C. Gen. Stat. § 160A-168; criminal investigative records and criminal intelligence information protected from disclosure by N.C. Gen. Stat. § 132-1.4; law enforcement agency recordings protected from disclosure by N.C. Gen. Stat. § 132-1.4A; and sensitive public security information protected from disclosure by N.C. Gen. Stat. § 132-1.7 as well as materials subject to the privilege accorded police investigative materials and investigative techniques and the privilege applicable to self-critical analyses. The City also objects to the extent that this request can be construed to seek materials that are subject to State law limitations such as the protections afforded records that have been expunged by Court order.

Without waiving these objections and subject to them, the City refers Plaintiffs to the City's pleadings and other documents filed in this action. The City further refers Plaintiffs to,

and incorporates herein, its responses to other requests and documents produced therewith.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00068-BO

YOLANDA IRVING, et al.,                    )
                                           )
                    Plaintiffs,            )
                                           )
            v.                             )          **CERTIFICATE OF SERVICE**
                                           )
THE CITY OF RALEIGH, et al.,               )
                                           )
                    Defendants.            )

I hereby certify that on the 19th day of September 2022, I served the foregoing document

by depositing a copy, postage prepaid, in the United States Mail, addressed to the attorneys for

each party as follows:

Micheal L. Littlejohn, Jr.
LITTLEJOHN LAW, PLLC
227 W. 4th Street, Ste B-113
Charlotte, NC 28202
Email: mll@littlejohn-law.com
*Attorneys for Plaintiffs*

Emily Gladden
TIN FULTON WALKER &
OWEN, PLLC
204 N. Person Street
Raleigh, NC 27601
Email:
egladden@tinfulton.com
*Attorneys for Plaintiffs*

Abraham Rubert-Schewel
TIN FULTON WALKER &
OWEN, PLLC
119 East Main Street
Durham, NC 27701
Email: schewel@tinfulton.com
*Attorneys for Plaintiffs*

Ian Mance
Elizabeth Simpson
EMANCIPATE NC
P.O. Box 309
Durham, NC 27702
(828) 719-5755 phone
Email:
ian@emancipatenc.org
elizabeth@emancipatenc.org
*Attorneys for Plaintiffs*

Norwood P. Blanchard, III
CROSSLEY MCINTOSH
COLLIER HANLEY &
EDES, PLLC
5002 Randall Parkway
Wilmington, NC 28403
Email:
norwood@cmclawfirm.com
*Attorneys for Defendant
William Rolfe*

Jason R. Benton
Daniel E. Peterson
PARKER POE ADAMS &
BERNSTEIN, LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202
Office: 704.335.9509
Fax: 704.335.9747
Email: jasonbenton@parkerpoe.com
danielpeterson@parkerpoe.com
*Attorneys for Mr. Abdullah*

29