| | |
|---|---|
| YOLANDA IRVING, individually and as the natural parent and guardian of J.I., JUWAN HARRINGTON, CYDNEEA HARRINGTON, KENYA WALTON individually and as the natural parent and guardian of R.W., ZIYEL WHITLEY, DYAMOND WHITLEY, KAMISHA WHITLEY, NANETTA GRANT as the natural parent and guardian of Z.G., and EMANCIPATE NC, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF RALEIGH, Officer OMAR I. ABDULLAH, Sergeant WILLIAM ROLFE, Officer RISHAR PIERRE MONROE, Officer JULIEN DAVID RATTELADE, and Officer MEGHAN CAROLINE GAY, JOHN and JANE DOE Officers 1-10, in their individual capacities, Chief of Police ESTELLA PATTERSON and City Manager MARCHELL ADAMS-DAVID, in their official capacities. <br><br> Defendants. | 5:22:CV-0068-BO |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANT CITY OF RALEIGH TO PRODUCE DOCUMENTS**

1

## SUMMARY OF THE FACTS OF THE CASE

Plaintiffs are ten private individuals, including minor children, and an organizational plaintiff challenging the constitutionality of one particularly egregious wrongful warrant execution on the individuals' private homes on May 21, 2020, as well as the ongoing constitutional harm of the Raleigh Police Department's policy and practice of entering private homes on search warrants on an unconstitutionally quick basis, what the Complaint refers to as "No Knock" or "Quick Knock" warrant executions. The Plaintiffs – mothers and their children – are innocent residents of Raleigh, NC. They were not the actual subjects of the warrant that was mistakenly executed upon them due to a mixture of corrupt policing and sloppiness. The corrupt policing scheme – in which former-Detective Abdullah worked with a corrupt confidential informant to frame multiple Black men for trafficking heroin – is now the subject of criminal prosecution by the Wake County District Attorney's Office. One victim of that scheme resided at 1620-B Burgundy Street. He was the actual target of the warrant executed on May 21, 2020. Due to error, however, the warrant was mistakenly executed on the individual plaintiffs' homes at 1628-B and 1628-A Burgundy Street, terrifying the individual plaintiffs who were minding their business at home at the height of the COVID-19 pandemic.

## REVIEW OF DISCOVERY HISTORY

Plaintiffs served Requests for Production on Defendants on July 21, 2022, with an initial due date of August 20, 2022. (Ex. A) Plaintiffs consented to a thirty-day extension. Defendant City of Raleigh provided some responses and objections of September 19, 2022. (Ex. B) On September 27, 2022, the parties met and discussed the City's plan to distribute personnel files and internal affairs files related to each of the individual-capacity defendants. The parties worked together on consent protective orders to protect certain confidential information and remained in regular

2

communication throughout September, October, November, and December 2022 about supplemental productions from both directions.

On November 7, 2022, Plaintiffs sent a formal discovery deficiency letter. (Ex. C). All the parties engaged in a lengthy meet-and-confer video conference on November 21, 2022, in attempt to narrow disputes on both sides. The conference did successfully narrow some disputes resulting in the following list of outstanding items:

1. All text messages involving Defendants, related to this Incident. (e.g., at her deposition, Officer Gay stated that VICE team 1 had a running group chat that the team communicated on via their work phones. She also stated that she communicated with other VICE members privately through text). *See Request No. 11.*
2. All email messages involving Defendants related to this Incident. (e.g., at her deposition, Officer Gay stated that it was regular practice to communicate certain items with the VICE team via email, and to send search warrants to the SEU team via email when preparing for warrant execution). *See Request No. 11.*
3. Officer Omar Abdullah's phone. SBI Exhibit 68 states that the RPD conducted an extraction of Officer Abdullah's phone. At her deposition, Officer Gay stated that a cellebrite report is typically created when an extraction is done. *See Request No. 11.*
4. All internal affairs records and relevant personnel records. *See Request No. 15.*
5. All case jackets of buys conducted by Dennis Williams. *See Request No. 16-20.*
6. All buy video of buys conducted by Dennis Williams. *See Request No. 16-20.*
7. All body camera footage of take downs or searches related to buys conducted by Dennis Williams. *See Request No. 16-20.*
8. A record of Officer Gay's written reports completed on behalf of Officer Abdullah. Officer Gay testified at her deposition that she regularly completed Incident Reports (FIR) and Warrants on behalf of Officer Abdullah. She stated that the computer system keeps a log of reports drafted under her account. *See Request No. 4.*
9. All CI contact logs or forms related to Dennis Williams. *See Request No. 16-20.*
10. All documents related to the SEU team, including: the scout form, pre-raid form, post-warrant form. At his deposition, Officer Mead mentioned each of these three forms. This should include all documents related to the 5/21/20 Incident as well as all other incidents involving the SEU team and Dennis Williams. *See Request No. 4.*
11. All policies and procedures related to the SEU team and warrant execution. *See Request No. 13.*
12. All communications between defendants or defendants' counsel and the Wake County District Attorney's Office. *See Request No. 12.*
13. All documents showing usage of the 10-21 software and each occasion on which it was used by the VICE officers or the SEU team. *See Request No. 4 & No. 11.*

Afterward, the City produced documents responsive to Items 4 (internal affairs and personnel records) and 5 (case jackets). Meanwhile, the plaintiffs filed petitions for law enforcement recordings to the Wake County Superior Court to comply with conditions that were set by the government to obtain Items 6 (buy videos) and 7 (body camera footage).

On December 13, counsel for plaintiffs conferred with counsel for the City of Raleigh about certain issues not subject here. At the conference, the City of Raleigh declined to discuss Item 1 (group chat/text messages) and Item 2 (the email correspondence) at stake in this motion because they said they preferred to speak to other counsel for plaintiffs, though they were assured that all plaintiffs' counsel were equally capable of speaking on behalf of plaintiffs. On December 14, 2022, plaintiffs sent a second formal discovery deficiency letter setting a deadline of December 19, 2022, for all production. (Ex. D). Later on December 14, the City of Raleigh produced a small number of emails responsive to Item 2, but did not complete the production of emails, and did not provide any documents responsive to Item 1 (group chat/text messages), Item 3 (Officer Abdullah's phone extraction), Item 8 (Officer's Gays reports completed on behalf of Abdullah), Item 9 (Confidential Informant contact logs), Item 12 (communications with the Wake DA Office), and Item 13 (10-21 software use).

**ARGUMENT**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance is "broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Benjamin v. Sparks*, No. 4:14-CV-186-D, 2017 WL 1497930, at *1 (E.D.N.C. Apr. 26, 2017) (cleaned up).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if . . . a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). For purposes of a Motion to Compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The responding party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) (citation omitted).

The City of Raleigh has agreed to produce all the documents summarized in this list. It is not a matter of whether the information is appropriate for discovery; rather, it is a matter of unreasonable delay that prejudices the plaintiffs' ability to prosecute its lawsuit. Plaintiffs have already delayed several depositions that were scheduled for the week of December 12, because of failure to produce documents in advance. Now, the holidays loom, as well as the Phase I discovery deadline on February 6, 2022, and mediation conference, also set for February 6, 2022. The City of Raleigh is attempting to run out the clock so that it does not have to turn over highly relevant and potentially-damaging information -- particularly the text messages between the officers involved in this illegal home raid and Abdullah's own cell phone records. Officer Gay testified in her deposition that the officers maintained a group chat of text messages related to their work. The officers' text messages and Officer Abdullah's phone extraction are the most crucial items of discovery which may reveal the state of mind of the officers involved in this scheme.

5

## SANCTIONS

The Court may "order sanctions" on a party that has failed "to serve its answers, objections, or written response" to interrogatories or document requests. Fed. R. Civ. P. 37(d)(1)(A)(ii). Such sanctions "must" include "reasonable expenses, including attorney's fees . . . unless the failure was substantially justified" or such an order would otherwise be unjust. Fed. R. Civ. P. 37(d)(3). Here, the failure is not justified. Plaintiff scheduled depositions and agreed to schedule extensions based on Defendants' counsel's representations that discovery would be produced and supplemented relatively timely. Months later, that time has passed.

Respectfully submitted, this the 19th day of December 2022,

/s/ Abraham Rubert-Schewel
Abraham Rubert-Schewel
(N.C. Bar # 56863)
TIN FULTON WALKER & OWEN, PLLC
119 E. Main Street
Durham, NC 27701
Tel: (919) 451-9216
schewel@tinfulton.com

/s/ *Emily Gladden*
Emily D. Gladden
TIN FULTON WALKER & OWEN, PLLC
State Bar No.: 49224
204 N. Person Street Raleigh, NC 27601
Telephone:     (919) 720-4201
Facsimile:     (919) 400-4516 Egladden@tinfulton.com

*/s/ Micheal L. Littlejohn Jr.*
Micheal L. Littlejohn Jr.
N.C. Bar No. 49353
Littlejohn Law PLLC
PO Box 16661
Charlotte, NC 28297
Telephone: (704) 322-4581
Fax: (704) 625-9396
mll@littlejohn-law.com

*/s/ Ian Mance*
Ian A. Mance
N.C. Bar No. 46589
EMANCIPATE NC
Post Office Box 309 Durham, NC 27702
Tel: (828) 719-5755
ian@emancipatenc.org

*/s/ Elizabeth Simpson*
Elizabeth G. Simpson
N.C. Bar No. 41596
EMANCIPATE NC
Post Office Box 309
Durham, NC 27702
Tel: (919) 682-1149
elizabeth@emancipatenc.org

# CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2022, I electronically filed the foregoing **Memorandum in Support of Motion to Compel** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Dorothy Kibler
Amy C. Petty
P.O. Box 590
Raleigh, NC 27602
Dorothy.Kibler@raleighnc.gov
Amy.Petty@raleighnc.gov
*Counsel for Defendant The City of Raleigh*

Jason R. Benton
Daniel Edward Peterson
Jessica C. Dixon
Parker Poe Adams & Bernstein, LLP 620
South Tryon Street, Suite 800
Charlotte, NC 28202
jasonbenton@parkerpoe.com
danielpeterson@parkerpoe.com
jessicadixon@parkerpoe.com
*Counsel for Defendant Omar Abdullah*

Norwood P. Blanchard, III
Crossley McIntosh Collier Hanley & Edes, PLLC 5002
Randall Parkway
Wilmington, NC 28403
Email: norwood@cmclawfirm.com
*Counsel for Defendant William Rolfe*

Rodney E. Petty
rpetty@ymwlaw.com Samuel
G. Thompson, Jr.
bthompson@ymwlaw.com
Yates, McLamb & Weyher, LLP Post
Office Box 2889
Raleigh, North Carolina 27602
*Counsel for Officer R.P. Monroe, J.D. Rattelade, and M.C. Gay in their individual capacities*

Leslie C. Packer
Michelle A. Liguori
Ellis & Winters LLP
4131 Parklake Avenue Suite 400
Raleigh NC 27612
Leslie.packer@elliswinters.com
Michelle.liguori@elliswinters.com
*Counsel for Officers Mead, Ortiz, Perrin, Mollere, Thompson, Debonis, Twiddy, Webb, McDonald, and Garner in their individual capacities*

          */s/ Elizabeth Simpson*
          Elizabeth Simpson
          EMANCIPATE NC

## Local Rule 7(c)(2) Certification

I hereby certify that Plaintiffs, through counsel, have made a good faith effort to secure the discovery that they request to be compelled herein, but the discovery material sought has not been provided.

Plaintiffs served Requests for Production on Defendants on July 21, 2022, with an initial due date of August 20, 2022. (Ex. A) Plaintiffs consented to a thirty-day extension. Defendant City of Raleigh provided some responses and objections of September 19, 2022. (Ex. B)

On September 27, 2022, the parties met and discussed the City's plan to distribute personnel files and internal affairs files related to each of the individual-capacity defendants. The parties worked together on consent protective orders to protect certain confidential information and remained in regular communication throughout September, October, November, and December 2022 about supplemental productions from both directions.

On November 7, 2022, Plaintiffs sent a formal discovery deficiency letter. (Ex. C). All the parties engaged in a lengthy meet-and-confer video conference on November 21, 2022, in attempt to narrow disputes on both sides. The conference did successfully narrow some disputes, resulting in an agreement to produce outstanding items within a reasonable amount of time:

1. All text messages involving Defendants, related to this Incident. (e.g., at her deposition, Officer Gay stated that VICE team 1 had a running group chat that the team communicated on via their work phones. She also stated that she communicated with other VICE members privately through text). *See Request No. 11.*
2. All email messages involving Defendants related to this Incident. (e.g., at her deposition, Officer Gay stated that it was regular practice to communicate certain items with the VICE team via email, and to send search warrants to the SEU team via email when preparing for warrant execution). *See Request No. 11.*
3. Officer Omar Abdullah's phone. SBI Exhibit 68 states that the RPD conducted an extraction of Officer Abdullah's phone. At her deposition, Officer Gay stated that a cellebrite report is typically created when an extraction is done. *See Request No. 11.*
4. All internal affairs records and relevant personnel records. *See Request No. 15.*
5. All case jackets of buys conducted by Dennis Williams. *See Request No. 16-20.*
6. All buy video of buys conducted by Dennis Williams. *See Request No. 16-20.*
7. All body camera footage of take downs or searches related to buys conducted by Dennis Williams. *See Request No. 16-20.*
8. A record of Officer Gay's written reports completed on behalf of Officer Abdullah. Officer Gay testified at her deposition that she regularly completed Incident Reports (FIR) and Warrants on behalf of Officer Abdullah. She stated that the computer system keeps a log of reports drafted under her account. *See Request No. 4.*
9. All CI contact logs or forms related to Dennis Williams. *See Request No. 16-20.*
10. All documents related to the SEU team, including: the scout form, pre-raid form, post-warrant form. At his deposition, Officer Mead mentioned each of these three forms. This should include all documents related to the 5/21/20 Incident as well as all other incidents involving the SEU team and Dennis Williams. *See Request No. 4.*

11. All policies and procedures related to the SEU team and warrant execution. *See Request No. 13.*
12. All communications between defendants or defendants' counsel and the Wake County District Attorney's Office. *See Request No. 12.*
13. All documents showing usage of the 10-21 software and each occasion on which it was used by the VICE officers or the SEU team. *See Request No. 4 & No. 11.*

    Afterward, the City produced documents responsive to Items 4 (internal affairs and personnel records) and 5 (case jackets). Meanwhile, the plaintiffs filed petitions for law enforcement recordings to the Wake County Superior Court to comply with conditions that were set by the government to obtain Items 6 (buy videos) and 7 (body camera footage).

    On December 13, counsel for plaintiffs conferred with counsel for the City of Raleigh about certain issues not subject here. At the conference, the City of Raleigh declined to discuss Item 1 (text messages) and Item 2 (the email correspondence) at stake in this motion because they said they preferred to speak to other counsel for plaintiffs, though they were assured that all plaintiffs' counsel were equally capable of speaking on behalf of plaintiffs.

    On December 14, 2022, plaintiffs sent a second formal discovery deficiency letter setting a deadline of December 19, 2022, for all production. (Ex. D). Later on December 14, the City of Raleigh produced a small number of emails responsive to Item 2, but did not complete the production of emails, and did not provide any documents responsive to Item 1 (text messages), Item 3 (Officer Abdullah's phone extraction), Item 8 (Officer's Gays reports completed on behalf of Abdullah), Item 9 (Confidential Informant contact logs), Item 12 (communications with the Wake DA Office), and Item 13 (10-21 software use).

                                                        */s/ Elizabeth Simpson*
                                                          Elizabeth Simpson
                                                          EMANCIPATE NC
                                                          December 19, 2022