

Raleigh

December 9, 2022

<u>VIA EMAIL ONLY</u>
Elizabeth G. Simpson
Ian A. Mance
Emancipate NC
P.O. Box 309
Durham, NC 27702

      Re: *Irving v. City;* U.S. District Court (E.D.N.C.); 22-CV-68-BO

Dear Elizabeth and Ian:

In anticipation of our conferring in good faith about the matters for examination, I write regarding Emancipate NC's Notice of 30(b)(6) Deposition directed to the corporate representative of the Raleigh Police Department ("RPD").

As you know, the parties agreed to, and the Court ordered, bifurcated discovery. Specifically, in our Rule 26(f) Report and Proposed Discovery Plan, we identified that Phase I discovery would be needed on "all factual allegations, claims, and alleged damages asserted . . . against the Individual Defendants and all defenses raised by the Individual Defendants." (DE 49, ¶ 3(b)(1)). In turn, the Court limited the scope of Phase I discovery to those issues, i.e., the individual defendants' liability. (DE 69, ¶ 1).

The topics Emancipate NC identified in Exhibit A to the Notice exceed the scope of what the Court ordered for Phase I discovery. For example, the topic 4 is not limited to the named SEU defendants and instead seeks disciplinary information regarding all SEU officers for a roughly eight-year period. Topic 5 seeks testimony on "RPD's policies, practices, and procedures regarding the use of 'No Knock' warrants and 'Knock and Announce' warrants from January 1, 2015, to present[.]" Applicable documents have already been provided in discovery, including relevant policies and, using the process agreed by all, relevant materials from the defendants' personnel records. Other topics, such as topic 6 seeking testimony concerning RPD Departmental Operating Instruction 1110-08 dated May 17, 2022, decisions concerning changing RPD website links, decisions about RPD's public and media communications concerning its policies, and RPD leadership's understanding of constitutional requirements, have no bearing on any individual defendant's liability arising from the May 21, 2020 event. These deposition subjects unrelated to the May 21, 2020 event are appropriate, if at all, for Phase II discovery.

EXHIBIT 2

Response to Notice of Deposition
Page 2

Further, topic 1 is duplicative of information already provided by deposition witnesses. Many topics span an eight-year period, rather than being limited to May 21, 2020. Other topics, such as topic 3 which concerns "the SEU team's operations", are broad-sweeping and not described with reasonable particularity sufficient to allow us to designate an appropriate witness.

For the reasons we describe, the testimony sought by way of this deposition is not relevant to any party's claim or defense, at this phase of the case nor is it proportional to the needs of the case. We appreciate that RPD may have information that is relevant to the individual liability claims. The parties specifically addressed this issue in their Rule 26(f) Report, and we are certainly willing to talk with you about how best to align the deposition topics as the parties previously agreed and included in the discovery plan. We can certainly address a request to provide an RPD representative to discuss policies, practices, and procedures that were in effect in May 2020 concerning the execution of search warrants on residences if you wish to cover that topic in a Phase I deposition.

I hope we can reach an agreement to appropriately align the topics for this deposition to matters within Phase I discovery. I am available Monday from 10-12 and Tuesday from 4-5. Please let me know a convenient time for conferring.

    Sincerely,

    /s/ Amy

    Amy C. Petty
    Senior Associate City Attorney

cc: All Counsel of Record (VIA EMAIL ONLY)