

December 14, 2022

Defense Counsel
*Irving et al v. City of Raleigh et al*
*Via Email*

Dear Defense Counsel:

    We are following up on the outstanding discovery items that we discussed at the "meet-and-confer" video conference on November 21, 2022, as well as Emancipate NC's conversation with Ms. Petty and Ms. Kibler yesterday. I have reproduced the numbered list of items we discussed on November 21 on the last page of this letter for your convenient reference.

    First, with regard to items that defendants have requested from plaintiffs, we have gathered the names of our clients' medical providers and obtained signed medical record authorization forms from all of them. A paralegal is submitting the last of those authorization forms to their various providers for processing today. Additionally, we have supplemented the interrogatory responses and provided those to you. We believe you have access to our clients' social media profiles to obtain the information that you seek in that regard. Mr. Rubert-Schewel provided his emails between himself and the District Attorney's office (analogue to our item 12) today. We believe this resolves the issues at stake in the November 21 conference.

    Next, with regard to other resolved items, last week, we finalized the Consent Protective Order for "expunged" records and we also received certain documents in a production on December 9, 2022 (items 4, 5, 10 & 11). Thank you. We will be re-noticing depositions of SEU officers for January. As you saw from Mr. Rubert-Schewel's ECF entry on Monday, we inadvertently failed to advise the court and parties of Mr. Van Irvin's objection to disclosure. We apologize sincerely for that oversight. Mr. Van Irvin has been advised that he may file something with the court to articulate his objections, if he chooses to do so.

    Meanwhile, we continue to seek the other categories of items delineated in our last deficiency letter, all of which were discussed at some length at the conference on November 21. In particular, at the conference, despite lengthy

1

discussion, we came to no firm agreement about the scope of appropriate search terms for emails and text messages. However, in the spirit of cooperation, we agreed to wait and see what was turned up by the search terms that we did agree upon. We have not waived any of our rights on these items and we continue to wait for a first production in categories 1 and 2 to be able to assess more fully the adequacy of the searches.

With regard to items 6 and 7, we have sent a petition for release of body-worn camera footage to Wake County Superior Court for filing. We will continue with that process and appreciate your cooperation.

In order to move forward with this litigation, we do need the outstanding items to be produced. If we do not have your production for categories 1, 2, 3, 8, 9, 12, and 13 by the end of the day on December 19 (four weeks after the conference), we plan to file a motion to compel and to avail ourselves of all remedies at our disposal.

Finally, with regard to the 30(b)(6) deposition noticed by Emancipate NC, and discussed yesterday, I do agree that we disagree, though I do not agree with the full characterization of the conversation. The Scheduling Order states that Phase II discovery is reserved for the "*Monell* claims," i.e., "Counts Ten, Eleven, and Twelve of the Amended Complaint." Emancipate NC's injunctive claim against Defendants Patterson and Adams-David are located in Claim Two. (Claim Two also contains a damages claim for the individual plaintiffs, *see* ¶ 226).

Emancipate NC's claim is for injunctive and declaratory relief related to unlawful "No Knock" and "Quick Knock" entries into homes in violation of the Fourth Amendment. I cannot provide "legal authority" for what is simply the case: it is not a "*Monell* claim" and it is not "Claim Ten, Eleven, or Twelve." Please advise whether you plan to seek a protective order or whether we will proceed. As we iterated yesterday, absent a court order, Emancipate NC will not be subjected to discovery on Claim Two if we cannot take discovery on Claim Two, as that would be inequitable.

Sincerely,

Elizabeth Simpson

On behalf of all plaintiffs

1. All text messages involving Defendants, related to this Incident. (e.g., at her deposition, Officer Gay stated that VICE team 1 had a running group chat that the team communicated on via their work phones. She also stated that she communicated with other VICE members privately through text). *See Request No. 11.*
2. All email messages involving Defendants related to this Incident. (e.g., at her deposition, Officer Gay stated that it was regular practice to communicate certain items with the VICE team via email, and to send search warrants to the SEU team via email when preparing for warrant execution). *See Request No. 11.*
3. Officer Omar Abdullah's phone. SBI Exhibit 68 states that the RPD conducted an extraction of Officer Abdullah's phone. At her deposition, Officer Gay stated that a cellebrite report is typically created when an extraction is done. *See Request No. 11.*
4. All internal affairs records and relevant personnel records. *See Request No. 15.*
5. All case jackets of buys conducted by Dennis Williams. *See Request No. 16-20.*
6. All buy video of buys conducted by Dennis Williams. *See Request No. 16-20.*
7. All body camera footage of take downs or searches related to buys conducted by Dennis Williams. *See Request No. 16-20.*
8. A record of Officer Gay's written reports completed on behalf of Officer Abdullah. Officer Gay testified at her deposition that she regularly completed Incident Reports (FIR) and Warrants on behalf of Officer Abdullah. She stated that the computer system keeps a log of reports drafted under her account. *See Request No. 4.*
9. All CI contact logs or forms related to Dennis Williams. *See Request No. 16-20.*
10. All documents related to the SEU team, including: the scout form, pre-raid form, post- warrant form. At his deposition, Officer Mead mentioned each of these three forms. This should include all documents related to the 5/21/20 Incident as well as all other incidents involving the SEU team and Dennis Williams. *See Request No. 4.*
11. All policies and procedures related to the SEU team and warrant execution. *See Request No. 13.*
12. All communications between defendants or defendants' counsel and the Wake County District Attorney's Office. *See Request No. 12.*

13. All documents showing usage of the 10-21 software and each occasion on which it was used by the VICE officers or the SEU team. *See Request No. 4 & No. 11.*