IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:22-cv-68-BO

| | |
|---|---|
| YOLANDA IRVING, individually and as the natural parent and guardian of J.I, JUWAN HARRINGTON, CYDNEEA HARRINGTON, KENYA WALTON, individually and as the natural parent and guardian of R.W., ZIYEL WHITLEY, DYAMOND WHITLEY, KAMISHA WHITLEY, NANETTA GRANT as the natural parent and guardian of Z.G., and EMANCIPATE NC, INC., <br><br>      Plaintiffs, <br><br> v. <br><br>THE CITY OF RALEIGH, Officer OMAR I. ABDULLAH, Sergeant WILLIAM ROLFE, Officer RISHAR PIERRE MONROE, Officer MEGHAN CAROLINE GAY, Officer DAVID MEAD, Officer JESUS ORTIZ, Officer, KYLE PERRIN, Officer MICHAEL MOLLERE, Officer KYLE THOMPSON, Officer VINCENT DEBONIS, Officer DANIEL TWIDDY, Officer THOMAS WEBB, Officer DAVID MCDONALD, Officer DAVID GARNER, Chief of Police ESTELLA PATTERSON, and City Manager MARCHELL ADAMS-DAVID, in their individual capacities, <br><br>      Defendants. | **SEU DEFENDANTS' REPLY TO EMANCIPATE NC, INC'S MEMORANDUM IN OPPOSITION TO CITY'S MOTION FOR PROTECTIVE ORDER** |

  Should this Court grant their motion for leave to do so, Defendants David Mead, Jesus Ortiz, Kyle Perrin, Michael Mollere, Kyle Thompson, Vincent Debonis, Daniel Twiddy, Thomas Webb, David McDonald, and David Garner, who are officers of the

Raleigh Police Department's Selective Enforcement Unit (the "SEU Defendants"), would file this reply to Emancipate NC, Inc.'s Memorandum in Opposition to the City's Motion for Protective Order (DE 158).

## NATURE OF THE CASE

The motion before the Court relates to the scope of discovery against <u>the City of Raleigh and Official Capacity Defendants</u>, pursuant to a scheduling order that bifurcates discovery in this matter into two phases.

- Phase I involves all allegations and claims against, and defenses of, the Individual Defendants, including the SEU Defendants.
- Phase II relates to claims asserted pursuant to <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978), which are against the City of Raleigh and Official Capacity Defendants.

On the grounds that Emancipate NC, Inc. ("Emancipate") has sought discovery during Phase I from the City of Raleigh and Official Capacity Defendants that is outside the scope of Phase I discovery, those defendants have filed a motion for a protective order prohibiting that discovery during Phase I. In response, Emancipate has suggested that, if it is not permitted to conduct its desired discovery during Phase I against the City of Raleigh and Official Capacity Defendants, then Emancipate should not have to respond to <u>any</u> discovery from <u>any</u> defendants during Phase I, including discovery from the Individual Defendants, whom the parties agreed would be able to conduct discovery on the allegations and claims asserted against them, and their defenses, during Phase I.

The SEU Defendants disagree with that position and maintain that, under Rule 26 of the Federal Rules of Civil Procedure and the Scheduling Order entered in this matter, they have the right to conduct discovery during Phase I against Emancipate that relates to Emancipate's factual allegations and claims against them, and to the SEU Defendants' defenses. The SEU Defendants seek to file this reply to bring that position before the Court at this time, while the Court considers the City's motion for protective order and Emancipate's response.

## BACKGROUND

Pursuant to a scheduling order issued by the Court in July of last year, discovery in this matter is proceeding in two phases. DE 69 at 1 & n.1. Phase I covers "all factual allegations, claims, and alleged damages asserted . . . against the Individual Defendants and all defenses raised by the Individual Defendants." DE 49 at 3 ¶ 3(b)(1). Phase II covers "the Monell claims," which are claims Ten, Eleven, and Twelve of the Second Amended Complaint, and "will not commence until the Court has ruled on the parties' dispositive motions." Id. at 2 ¶ 3(a)(1).

The SEU Defendants are named as Individual Defendants in this action. See DE 93 at 1 & 5-6 ¶¶ 28-37. Plaintiffs, including Emancipate, have alleged that the SEU Defendants violated the U.S. Constitution in executing a search warrant on May 21, 2020. See id. at 14-17, 28 ¶¶ 114-45, 225. Emancipate, in particular, seeks declaratory and injunctive relief in the Second Claim of its Second Amended Complaint, which alleges the following:

> SEU officers David Mead, Jesus Ortiz, Kyle Perrin, Micheal Mollere, Kyle Thompson, Vincent Debonis, Daniel Twiddy, Thomas Webb, David McDonald and David Garner, followed by Abdullah, Monroe, Rattelade, and Gay, in violation of the Fourth Amendment, entered the homes of Ms. Irving and Ms. Walton using "No Knock" or "Quick Knock" execution.

Id. at 28 ¶ 225.

Further, Plaintiffs, including Emancipate, have alleged that the SEU unit regularly executes search warrants in a no-knock or quick-knock fashion, in violation of the U.S. Constitution. See id. at 19-24 ¶¶ 161-95. The SEU Defendants have denied that they executed the search warrant on May 21, 2020, in a no-knock or quick-knock fashion or otherwise in violation of the U.S. Constitution, and have denied the allegations of a regular practice of doing so. See DE 138 at 1-2, 29 ¶¶ 1-5, 225.

Emancipate NC, Inc.'s standing also is at issue. The SEU Defendants filed a motion to dismiss Emancipate as a plaintiff on the grounds that Emancipate has not suffered an injury in fact from the May 21, 2020 search warrant execution, and, instead simply has a political interest in the outcome of this litigation. See DE 129 at 3-4. While this Court denied, at the Rule 12 stage, similar motions filed by the City Defendants and several other Individual Defendants, see DE 59, 62, 101, the Court noted that Emancipate's allegations that it has suffered an injury in fact were "thin at best" and that these defendants would have an opportunity to renew their challenge to Emancipate's standing at a later stage of the proceedings. DE 141 at 6-7.[1]

---

[1] The Court has not yet ruled on the SEU Defendants' motion to dismiss.

The parties currently are engaged in Phase I of discovery, which ends on March 3, 2023. DE 156.

On November 23, 2022, the SEU Defendants served written discovery on Emancipate, which discovery would have been due on December 23, 2022. On December 1, 2022, the SEU Defendants noticed a Rule 30(b)(6) deposition of Emancipate, to take place on January 12, 2023. The written discovery and Rule 30(b)(6) notice are attached as Exhibits A and B. The written discovery and topics noticed in the Rule 30(b)(6) deposition relate to Emancipate's claims of unconstitutional conduct by the SEU Defendants and to Emancipate's standing to pursue such claims in this lawsuit. See Ex. A at 3-5; Ex. B at 4-6.

Emancipate requested a thirty-day extension of time—until January 23, 2023—to respond to the SEU Defendants' written discovery, and to reschedule the Rule 30(b)(6) deposition of Emancipate noticed for January 12. The SEU Defendants agreed to the thirty-day extension of time for the written discovery and to reschedule the deposition until after the deadline for Emancipate's responses to the written discovery. The SEU Defendants have re-noticed the Rule 30(b)(6) deposition of Emancipate for February 2, 2023. As discussed below, Emancipate now seeks to avoid that deposition during Phase I.

Emancipate has sought a Rule 30(b)(6) deposition of the Raleigh Police Department. See DE 153 at 2. On December 22, 2022, the City of Raleigh and Official Capacity Defendants moved for a protective order to delay the Rule 30(b)(6) deposition

5

of the Raleigh Police Department until Phase II of discovery, because the topics noticed were outside the scope of Phase I discovery. DE 152.

Emancipate has now taken the position that it is not required to respond to the SEU Defendants' discovery—including discovery that relates to Claim Two in the Second Amended Complaint, which alleges that the SEU Defendants violated the Constitution when executing a search warrant on May 21, 2020—because of Emancipate's dispute with the City of Raleigh and Official Capacity Defendants regarding the scope of Phase I discovery against those defendants. In its Memorandum in Opposition to the City's Motion for Protective Order, Emancipate has said the following:

> To the extent the Court concludes that Claim Two ought to be housed with Counts Ten, Eleven, and Twelve, in the interests of equity, plaintiffs seek that all discovery related to Claim Two be delayed until Phase II, not solely offensive discovery. Various defendants have sought discovery from Emancipate NC on this same claim during the course of Phase I discovery.

DE 158 at 4.

The SEU Defendants disagree with this position and have sought leave to file this reply to inform the Court of their position. The SEU Defendants have conferred with counsel for Emancipate on this issue and the parties remain in disagreement regarding the propriety of Emancipate's position that it may avoid responding to discovery from the SEU Defendants during Phase I.

### ARGUMENT

Under Rule 26 of the Federal Rules of Civil Procedure parties may obtain discovery "regarding any non privileged matter that is relevant to any party's claim or

6

defense." Fed. R. Civ. P. 26(b)(1). Here, pursuant to the parties' Rule 26(f) report, the Court has bifurcated discovery in this matter, with discovery during Phase I to include "all factual allegations, claims, and alleged damages asserted . . . against the Individual Defendants and all defenses raised by the Individual Defendants." DE 49 at 3 ¶ 3(b)(1).

The SEU Defendants are Individual Defendants in this action. See DE 93 at 1 & 5-6 ¶¶ 28-37. Emancipate is a party plaintiff and has asserted factual allegations and a cause of action against the SEU Defendants, which allege that the SEU Defendants violated the U.S. Constitution in executing a search warrant on May 21, 2020, and that their unit has done so on other occasions. See DE 93 at 14-17, 19-24, 28 ¶¶ 114-45, 161-95, 225.

Under Rule 26(b)(1), the SEU Defendants have the right to conduct discovery on Emancipate's allegations against them and to obtain evidence in support of their motion to dismiss Emancipate for lack of standing. See Fed. R. Civ. P. 26(b)(1). Under the Scheduling Order that governs discovery in this matter, the SEU Defendants have the right to do so during Phase I of discovery. See DE 69 at 1 & n.1. Emancipate agreed to this Scheduling Order. See DE 49 at 2-3, 11. Its dispute with the City of Raleigh and Official Capacity Defendants regarding the scope of Phase I discovery against these defendants provides no basis for Emancipate to avoid answering discovery from the SEU Defendants, which is squarely within the scope of Rule 26(b)(1) and Phase I discovery.

7

## CONCLUSION

The SEU Defendants have the right, under Rule 26 and the Scheduling Order entered in this matter, to conduct discovery during Phase I on Emancipate's claims and allegations against them and their defenses to those claims. The SEU Defendants thus oppose Emancipate's request to permit it to avoid responding to the SEU Defendants' discovery during Phase I, based on Emancipate's separate dispute with the City of Raleigh and Official Capacity Defendants regarding the scope of Phase I discovery against these defendants.

Respectfully submitted,

This the 9th day of January, 2023.

/s/ Leslie C. Packer
Leslie C. Packer
N.C. State Bar No. 13640
Michelle A. Liguori
N.C. State Bar No. 52505
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
leslie.packer@elliswinters.com
michelle.liguori@elliswinters.com

*Counsel for SEU Defendants*