IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:22-cv-68-BO

| | |
|---|---|
| YOLANDA IRVING, individually and as the natural parent and guardian of J.I, JUWAN HARRINGTON, CYDNEEA HARRINGTON, KENYA WALTON, individually and as the natural parent and guardian of R.W., ZIYEL WHITLEY, DYAMOND WHITLEY, KAMISHA WHITLEY, NANETTA GRANT as the natural parent and guardian of Z.G., and EMANCIPATE NC, INC., <br><br>       Plaintiffs, <br><br> v. <br><br>THE CITY OF RALEIGH, Officer OMAR I. ABDULLAH, Sergeant WILLIAM ROLFE, Officer RISHAR PIERRE MONROE, Officer MEGHAN CAROLINE GAY, Officer DAVID MEAD, Officer JESUS ORTIZ, Officer, KYLE PERRIN, Officer MICHAEL MOLLERE, Officer KYLE THOMPSON, Officer VINCENT DEBONIS, Officer DANIEL TWIDDY, Officer THOMAS WEBB, Officer DAVID MCDONALD, Officer DAVID GARNER, Chief of Police ESTELLA PATTERSON, and City Manager MARCHELL ADAMS-DAVID, in their individual capacities, <br><br>       Defendants. | **OMAR I. ABDULLAH'S REPLY TO EMANCIPATE NC, INC.'S MEMORANDUM IN OPPOSITION TO CITY'S MOTION FOR PROTECTIVE ORDER** |

  Should this Court grant his motion for leave to do so, Defendant Omar I. Abdullah ("Abdullah") would file this reply to Emancipate NC, Inc.'s ("Emancipate") Memorandum in Opposition to the City's Motion for Protective Order (DE 158).

## NATURE OF THE CASE AND BACKGROUND

Abdullah adopts and incorporates herein as if fully set forth the "Nature of the Case" section from the *SEU Defendants' Reply to Emancipate NC, Inc.'s Memorandum in Opposition to City's Motion for Protective Order* (D.E. 159-1), as well as that portion of the "Background" section on pages 5 and 6 thereof. Abdullah further shows the Court as follows:

On December 27, 2022, Abdullah served his *Cross-Notice of Deposition of Emancipate NC, Inc., Pursuant to F.R. Civ. P. 30(b)(6) and Request for Production Pursuant to F.R. Civ. P. 30(b)(2) and 34*. (See "Cross-Notice" attached hereto as Exhibit A).[1] Abdullah's Cross-Notice to Emancipate included one deposition topic and two document requests, all related to a September 23, 2021 community forum at Chavis Community Center organized and/or attended by Emancipate. Without explanation, Emancipate contends that these discovery requests concern "Claim Two injunctive and declaratory relief on Emancipate NC," and therefore, it purports to petition the Court for protection in its own opposition to the City of Raleigh's motion for protective order concerning separate and distinct discovery requests. (D.E. 158 p 4). Putting aside the impropriety of embedding a motion in a response brief in opposition to a separate party's motion, Abdullah wishes to respond to Emancipate's contention and petition to the Court.

## ARGUMENT

Abdullah adopts and incorporates herein as if fully set forth the "Argument" section from the *SEU Defendants' Reply to Emancipate NC, Inc.'s Memorandum in Opposition to*

---

[1] Like the SEU Defendants, Abdullah has served his Amended Cross-Notice rescheduling the Emancipate deposition for February 2, 2023.

*City's Motion for Protective Order* (D.E. 159-1). Abdullah further shows the Court as follows:

First, Emancipate's Claim Two does not appear to articulate claims against Abdullah. As a *former* Raleigh Police Department detective, it strains logic to conclude that Emancipate's claim for injunctive and declaratory relief concerning alleged "No Knock" or "Quick Knock" execution applies to him. Accordingly, it is puzzling that Emancipate has determined that Abdullah's deposition topic and document requests specifically relate to its Claim Two.

Second, whether Emancipate can be said to have asserted Claim Two— or any other claim for that matter— against Abdullah is of no consequence to his right to seek discovery from Emancipate on any claims asserted against him, including those asserted by the Individual Plaintiffs. Based on media reports concerning the September 23, 2021 community forum, Abdullah reasonably believes that statements were made about him at the forum by Emancipate representatives and others which relate to the allegations and claims asserted by the Plaintiffs in this action and his defenses thereto. Abdullah's discovery requests to Emancipate, then, concern Phase I liability, which is the only phase applicable to him in this action.

## **CONCLUSION**

Emancipate appears to seek a stay of all discovery served on it in this action until Phase II discovery commences. Notably, Emancipate, and all Plaintiffs, opposed Abdullah's Motion to Stay the entirety of this action during the pendency of Abdullah's parallel criminal proceeding. (D.E. 128). This Court denied a stay in its entirety, granted a

limited stay, and ordered that Abdullah remain available to be called as a deponent. (D.E. 141). Based on such order, Plaintiffs, including Emancipate, noticed and took the deposition of Abdullah on December 15, 2022. It would be inequitable to allow Emancipate to subsequently avoid Abdullah's discovery served on it, including its deposition, relevant to Plaintiffs' claims and Abdullah's defenses thereto. Therefore, Abdullah opposes Emancipate's request to permit it to avoid responding to Abdullah's discovery during Phase I, based on Emancipate's separate dispute with the City of Raleigh and Official Capacity Defendants regarding the scope of Phase I discovery against those defendants.

Respectfully submitted,

This the 9th day of January, 2023.

Jason R. Benton (N.C. State Bar No. 27710)
Daniel E. Peterson (N.C. State Bar No. 41251)
Jessica R. Dixon (N.C. State Bar No. 36719)
**PARKER POE ADAMS & BERNSTEIN LLP**
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Telephone: (704) 372.9000
Facsimile: (704) 334.4706
Email: jasonbenton@parkerpoe.com
Email: danielpeterson@parkerpoe.com
Email: jessicadixon@parkerpoe.com

*Counsel for Defendant Omar Abdullah*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, the foregoing ***Defendant, Omar Abdullah's Reply to Emancipate NC Inc.'s Memorandum in Opposition to City's Motion for Protective Order*** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification and serve same upon counsel of record via the Court's electronic case filing system.

This the 9th day of January, 2023.

Jason R. Benton (N.C. State Bar No. 27710)
Daniel E. Peterson (N.C. State Bar No. 41251)
Jessica R. Dixon (N.C. State Bar No. 36719)
**PARKER POE ADAMS & BERNSTEIN LLP**
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Telephone: (704) 372.9000
Facsimile: (704) 334.4706
Email: jasonbenton@parkerpoe.com
Email: danielpeterson@parkerpoe.com
Email: jessicadixon@parkerpoe.com

*Counsel for Defendant Omar I. Abdullah*