



November 11, 2022

<u>VIA EMAIL ONLY</u>
Abraham Rubert-Schewel
Tin Fulton Walker & Owen, PLLC
119 E. Main Street
Durham, NC 27701

   Re: *Irving v. City;* U.S. District Court (E.D.N.C.); 22-CV-68-BO

Dear Abe:

On behalf of the City, I write to respond to your November 7 letter regarding purported deficiencies in our responses to Plaintiffs' Document Requests. We pointed out significant problems with the requests in our objections and in the parties' initial meeting to discuss the requests.

As you are aware, we have provided documents requested pursuant to a series of protective orders negotiated by the parties and entered by the Court on August 10 and October 5, 2022. The majority of the records Plaintiffs requested are covered by one of these two orders. In addition, we notified you roughly a month ago that State Court expungement orders, including orders obtained by your clients in the *Washington* litigation, precluded production of certain materials. We have also advised that we cannot release information concerning a non-party juvenile offender without an order authorizing us to do so. Excluding records pertaining to such persons, to our knowledge and according to our records, we have produced all Drugs & Vice Unit case jackets of buys involving work by Dennis Williams as a confidential informant, which covers the period August 16, 2018 through May 21, 2020. We have also produced drug activity reports, offense/incident reports, supplemental reports, evidence control forms, and CCBI reports associated with the case jackets that have been produced. If you believe we have not provided documents within any of these categories to you, please let us know. We are currently attempting to locate the SEU forms mentioned in deposition testimony. As you know from the expungement order that you provided, documents from May 20 and 21, 2020 are subject to an expungement order. We have offered to provide notice of Plaintiffs' request to obtain expunged records to anyone who is not your client and have shared the names of your clients in the *Washington* litigation for whom we have expungement orders. Subject to the issues we have raised, if we locate additional responsive drug activity reports, offense/incident reports, supplemental reports, evidence control forms, and CCBI reports, we will produce them.

As you know, we have already produced directly to you thousands of pages of responsive documents. These are in addition to the documents and videos the City and/or RPD produced to you pre-suit. Additionally, as we have previously informed you, our production has been rolling, necessitated not only by the volume of documents requested but also by the fact that nearly every document contains protected information and requires redaction. Also, production was recently slowed by members of our team contracting COVID-19 and being unable to work—which prompted our proposal that the parties extend deadlines. We are pleased that all parties agreed to that proposal and have appreciated the ability to work with you through these issues.

All Defendants objected to Plaintiffs' expansive requests for personnel records. To address these multiple objections, the parties agreed that the City would provide personnel records to the appropriate defense counsel so that defense counsel could review, redact, and provide appropriate records to Plaintiffs. The City has provided those records, and defense counsel is responding directly to you.

The Confidential Informant Log related to Dennis Williams and related documents are part of Mr. Abdullah's Internal Affairs file involving "Aspirin." Pursuant to our agreement, we have produced that file directly to Mr. Abdullah's counsel.

We referred Plaintiffs to publicly available RPD policies, and we provided applicable policies that are not publicly available. To the best of our knowledge, we have produced RPD policies and procedures concerning warrant execution and planning for warrant execution, among others, in effect from January 1, 2018 through the present. If there are particular documents that you believe are missing, please identify them.

We recently obtained the Cellbrite report pertaining to Mr. Abdullah's RPD cell phone. This report is part of Mr. Abdullah's Internal Affairs file involving "Aspirin." It consists of more than 55,000 pages and references criminal investigations that do not involve Dennis Williams and confidential informants other than Dennis Williams. We would be glad to discuss with you and Mr. Abdullah's counsel issues relating to this report.

Finally, to the extent you seek additional documents, including electronically stored information, all are the subject of objections previously lodged by the City in its responses. We would be willing to meet and confer with counsel for the parties to discuss the materials you have asked to receive. Our meeting should be scheduled to allow sufficient time so that we can cover the deficiencies in Plaintiffs' discovery responses at that same meeting.

We look forward to hearing from you about a meet and confer.

                Sincerely,

                /s/ Amy

                Amy C. Petty
                Senior Associated City Attorney

cc: All Counsel of Record (VIA EMAIL ONLY)