EXHIBIT
City's Ex. 7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:22-CV-00068-BO

| | |
|---|---|
| YOLANDA IRVING, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>THE CITY OF RALEIGH, et al.,<br><br>       Defendants. | **DECLARATION OF<br>DETECTIVE R.J. PIKE**<br>*(28 U.S.C. § 1746)* |

Detective R.J. Pike, under penalty of perjury, declares and states as follows:

1. I am a Detective and Digital Forensic Examiner with the City of Raleigh's Police Department ("RPD"). I am over eighteen (18) years of age. The information contained in this declaration is based on my personal knowledge.

2. As part of my daily responsibilities as a digital forensic examiner and detective with the Raleigh Police Department Digital Forensics Lab, I am responsible for identifying, preserving, and analyzing digital evidence in the context of criminal investigations or legal proceedings. This may include recovering deleted or hidden files, analyzing network traffic and system logs, and reconstructing events on a computer or other digital device. I am also required to write detailed reports of their findings. I may be required to testify in court as an expert witness in criminal cases involving homicides, child exploitation, and sexual assaults. Additionally, I must keep abreast of advancements in digital forensic techniques, software, and technologies to stay updated and apply them in my investigations.

3. I have been qualified as an expert witness in digital forensics in both State and Federal courts. I have testified as an expert in several criminal cases in the U.S. District Court for the Eastern District of North Carolina.

1

4.    Electronic information is often an issue in critical incidents, so my schedule is unpredictable. I am often asked to help other smaller police departments with an urgent need for digital information close in time to a serious crime, such as a homicide.

5.    I am involved in digital forensic examination of serious crimes in which electronically stored information is key evidence to establishing the crime. The types of cases in which I am often involved include homicides, sex offenses committed against children, and serious assaults.

6.    My work is also time sensitive, such as when a detective requires information to obtain a search or arrest warrant, a prosecuting attorney needs evidence for a prosecution, or a Court schedules a hearing or trial that involves digital forensic evidence.

7.    During a digital forensic exam where deep analysis is requested, the requesting party is asked to provide search criteria for the information the requesting party seeks from the digital device under review. Standard search criteria include a date range and specific words, items, or phrases sought. The broader the search parameters, the more data the search will produce, but this data may or may not be relevant to the underlying request. The search parameters return data. An individual must examine all of the data returned by the search to determine whether it is relevant to the inquiry. Searches often return data that is outside the inquiry. For example, a search using the term "arrest" will return records wherever that term is used to the best of the software's ability to search and not the particular arrest at issue in the inquiry.

8.    Certain data types, such as photographs and video, are more difficult to search as a word search may not disclose a photograph. If photographs or videos are sought, specific dates are often needed, and a time-consuming search of all images acquired during a specific date or range of dates is required.

9.    Usually, effective search requests are explicit and concise and provide background for the inquiry of the requesting party. Providing piecemeal requests or overly broad search terms can become cumbersome and extremely time-consuming.  This method of providing information detracts from daily duties, which delays critical criminal investigations.

2

10. I have been assisting with the cellphone extraction of the City-issued cellphone previously used by Omar Abdullah. I am aware that the extraction of this phone using Cellebrite software was conducted in 2020 as a part of an RPD Internal Affairs investigation. I was tasked with assisting the City Attorney's Office in responding to requests for information from this phone. Using updated Cellebrite software, I obtained a physical extraction of this phone on December 1, 2022.

11. A cellphone extraction creates a substantial amount of data. A report of the extraction of Mr. Abdullah's City-issued cellphone printed in .pdf format consists of more than 45,000 pages or 30 gigabytes of data.

12. I was asked to conduct an examination of the cellphone looking for emails using specific search terms listed below:

    a. Search of COR emails on the device from 16-AUG-18 through 13-JUN-20

        i. "Aspirin"

        ii. "Dennis Williams"

    b. Search of COR emails on the device from 13-MAY-20 through 13-JUN-20

        i. "Burgundy."

13. I completed this work on Friday, December 16, 2022, and provided the results to counsel on that date.

14. I have been asked to examine the cellphone looking for text messages using the same search terms listed in paragraph 12 above, with the addition of searching for the phrase "CI Dennis" during the 16-AUG-18 through 13-JUN-20 search. That work is pending. I am working diligently on all the matters assigned to me, including this matter.

15. I am aware that counsel for the City has provided a preliminary report from the Cellebrite extraction I conducted on December 1, 2022. I understand that she conducted the search using the search function in the Cellebrite software and then applied a tag as "Evidence." Counsel then provided a report

3

Case 5:22-cv-00068-BO   Document 163-7   Filed 01/16/23   Page 3 of 6

containing items so tagged. In my opinion, this is a reasonable search method to use to provide cellphone evidence.

16. An exhaustive search of a cellphone extraction can take substantial time and computing power, depending on the search terms provided and the data returned. Failure to provide well-considered search terms and multiple requests for slightly different terms is disruptive to the work of any digital forensic examiner and causes delay and disruption. Delay and disruption are especially problematic for my work because of the number of assignments and their critical nature.

I declare under penalty of perjury that the foregoing is true and correct.

This the 12th day of January, 2023.

_____
R.J. Pike,
Detective/Digital Forensic Examiner
Raleigh Police Department

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-cv-00068-BO

| YOLANDA IRVING, et al., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | **CERTIFICATE OF SERVICE** |
|  | ) |  |
| THE CITY OF RALEIGH, et al. | ) |  |
|  | ) |  |
| Defendants. | ) |  |

I hereby certify that on January 16, 2023, I electronically filed the foregoing **DECLARATION OF DETECTIVE R.J. PIKE** with the Clerk of Court using the CM/ECF system, which sends notification of such filing to all counsel of record as follows:

| | |
|---|---|
| Abraham Rubert-Schewel<br>Tin Fulton Walker & Owen, PLLC<br>119 E. Main Street<br>Durham, NC 27701<br>schewel@tinfulton.com<br>*Counsel for Plaintiffs* | Jason Benton<br>Daniel Peterson<br>Jessica Dixon<br>Parker Poe Adams & Bernstein, LLP<br>620 South Tyson Street, Suite 800<br>Charlotte, NC 28202<br>jasonbenton@parkerpoe.com<br>jessicadixon@parkerpoe.com<br>*Counsel for Defendant Abdullah* |
| Emily Gladden<br>Tin Fulton Walker & Owen, PLLC<br>204 N. Person Street<br>Raleigh, NC 27601<br>egladden@tinfulton.com<br>*Counsel for Plaintiffs* | Rodney Pettey<br>Alayna M. Poole<br>Yates McLamb & Weyher, LLP<br>PO Box 2889<br>Raleigh, NC 27602<br>rpettey@ymwlaw.com<br>*Counsel for Defendants Monroe, Rattelade, and Gay* |
| Michael Littlejohn, Jr.<br>Littlejohn Law, PLLC<br>PO Box 16661<br>Charlotte, NC 28297<br>mll@littlejohn-law.com<br>*Counsel for Plaintiffs* | Norwood Blanchard, III<br>Crossley McIntosh Collier, & Edes, PLLC<br>5002 Randall Parkway<br>Wilmington, NC 28403<br>norwood@cmclawfirm.com<br>*Counsel for Defendant Rolfe* |

| | |
|---|---|
| Ian Mance<br>Elizabeth Simpson<br>Emancipate NC, Inc.<br>ian@emancipatenc.org<br>elizabeth@emancipatenc.org<br>*Counsel for Plaintiffs* | Leslie Packer<br>Michelle Liguori<br>Ellis & Winters, LLP<br>PO Box 335500<br>Raleigh, NC 27636<br>Leslie.Packer@elliswinters.com<br>Michelle.Liguori@elliswinters.com<br>*Counsel for Defendants Garner, McDonald, Twiddy, Mead, Ortiz, Perrin, Thompson, Mollere, Webb, and Debonis* |

                                                **CITY OF RALEIGH**
                                                **Robin L. Tatum, City Attorney**

By:    /s/ Dorothy V. Kibler
        DOROTHY V. KIBLER
        Deputy City Attorney
        N.C. Bar No. 13751
        PO Box 590
        Raleigh, NC 27602
        Tel: (919) 996-6560
        Fax: (919) 996-7021
        Dorothy.Kibler@raleighnc.gov

        *Counsel for Defendants City of Raleigh, Chief of Police Estella Patterson in her official capacity, and City Manager Marchell Adams-David in her official capacity*