UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

| Yolanda Irving, et. al, | * | |
|---|---|---|
| | * | |
| Plaintiffs, | * | |
| | * | 5:22-cv-0068-BO |
| v. | * | |
| | * | |
| City of Raleigh, et. al., | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM IN OPPOSITION
TO SEU DEFENDANTS' & ABDULLAH'S MOTION FOR LEAVE TO FILE
REPLY TO EMANCIPATE'S OPPOSITION TO CITY'S MOTION FOR
PROTECTIVE ORDER**

Plaintiff Emancipate NC respectfully responds in opposition to the SEU Defendants' Motion for Leave to File Reply To Emancipate's Opposition to City's Motion for a Protective Order (DE 159) and Defendant Abdullah's Motion for Leave to File Reply to Emancipate's Opposition to City's Motion for Protective Order (DE 161).

1. The individual plaintiffs filed this lawsuit for damages and injunction on February 22, 2022, including two claims for *Monell* liability against the City of Raleigh, related to an unconstitutional "No Knock" warrant entry on two private homes of innocent women and children. (DE 2).

2. On May 16, 2022, Emancipate NC joined the lawsuit as an organizational plaintiff, adding its claims for injunctive and declaratory relief against official capacity defendants to end the unconstitutional "No Knock" and "Quick

Knock" warrant executions by the Raleigh Police Department because they violate the Fourth Amendment. These claims are found in "Claim Two." (DE 41.)

3. Emancipate NC does not have any claims against individual capacity defendants. It has not sued the Individual SEU Defendants and it has not sued Defendant Abdullah.

4. Emancipate NC has not deposed Abdullah; the individual plaintiffs have deposed Abdullah. *See* DE 161, page 4.

5. The SEU Defendants – Defendants David Mead, Jesus Ortiz, Kyle Perrin, Michael Mollere, Kyle Thompson, Vincent Debonis, Daniel Twiddy, Thomas Webb, David McDonald, and David Garner – are individual capacity defendants. The SEU Defendants agree with this position. *See* D.E. 159-1 at page 3.

6. Emancipate NC's official capacity claims against Defendant Chief of Police Estella Patterson and Defendant City Manager Marchell Adams-David seeking declaratory and injunctive relief are functionally claims against the City of Raleigh.

7. The City of Raleigh has refused to participate in discovery on any on this claim during Phase I. *See* Motion for Protective Order, D.E. 153.

8. Emancipate NC, therefore, has been barred from taking discovery on its claim for relief – because the City of Raleigh refuses to engage during Phase I

and has filed two motions for protective orders. Therefore, Emancipate NC will not submit to discovery on that claim, absent a court order.

9. It would be inequitable for the parties to take discovery against Emancipate NC on its injunctive and declaratory claim when it cannot, itself, take discovery on the same. This is a simple "what is good for the goose is good for the gander" argument. *See e.g.*, *Stafford v. Bojangles Restaurants, Inc.*, 2021 WL 5024529 (W.D.N.C. 2021) (applying the principle regarding seeking discovery, "what is good for the goose is good for the gander"); *Bates v. Jones*, 131 F.3d 843, 861 (9th Cir. 1997) (applying the principle "[w]hat is good for the goose is good for the gander"); *Harcourt Brace Jovanovich Legal and Prof. Pubs., Inc. v. Multistate Legal Studies, Inc.*, 26 F. 3d 948, 952 (9th Cir. 1994) (observing that "what is sauce for the gander must be sauce for the goose."); *Baker v. Phoenix Insurance Company*, 2014 WL 12563556 (W.D. Wa. 2014) ("But what is good for the goose is good for the gander."); *Fleming v. Escort*, 2015 WL 1823125 (D. Idaho, 2015) ("What is good for the goose's complaint should be good for the gander's answer.").

## CONCLUSION

For the foregoing reasons, Emancipate NC respectfully requests that the SEU Defendants' and Abdullah's Motions for Leave to file a Reply be denied, that the City's Motion for Protective Order be denied, and/or that any Protective Order issued include both offensive and defensive discovery on Claim Two injunctive and declaratory relief.

3

Case 5:22-cv-00068-BO    Document 165    Filed 01/23/23    Page 3 of 6

Respectfully submitted, this the 23th day of January, 2023,

/s/Elizabeth G. Simpson

Elizabeth G. Simpson
NC State Bar # 41596
Ian A. Mance
NC State Bar # 46589
EMANCIPATE NC
Post Office Box 309
Durham NC 27702
919-682-1149
elizabeth@emancipatenc.org
ian@emancipatenc.org

/s/ Abraham Rubert-Schewel
Abraham Rubert-Schewel
NC State Bar # 56863
TIN FULTON WALKER &
OWEN, PLLC
119 E. Main Street
Durham, NC 27701
919-451-9216
schewel@tinfulton.com

/s/ Emily D. Gladden
Emily D. Gladden
NC State Bar # 49224
TIN FULTON WALKER &
OWEN, PLLC
204 N. Person Street
Raleigh, NC 27601
919-720-4201
egladden@tinfulton.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Dorothy Kibler
Amy Petty
City of Raleigh
P.O. Box 590
Raleigh, NC 27602
Dorothy.Kibler@raleighnc.gov
Amy.Petty@raleighnc.gov

Jason R. Benton
Daniel E. Peterson
Jessica R. Dixon
PARKER POWE ADAMS & BERNSTEIN LLP
620 S. Tryon St Suite 800
Charlotte, NC 28202
jasonbenton@parkerpoe.com
danielpeterson@parkerpoe.com
jessicadixon@parkerpoe.com

Norwood P. Blanchard, III
Crossley McIntosh Collier Hanley & Edes, PLLC
5002 Randall Parkway
Wilmington, NC 28403
norwood@cmclawfirm.com

Rodney E. Petty
rpetty@ymwlaw.com
Samuel G. Thompson, Jr.
bthompson@ymwlaw.com
Alayna M. Poole
apoole@ymwlaw.com
Yates, McLamb & Weyher, LLP
Post Office Box 2889
Raleigh, North Carolina 27602

Leslie C. Packer
Michelle A. Liguori
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, NC 27363
leslie.packer@elliswinters.com
michelle.liguori@elliswinters.com

                                                                           /s/ Elizabeth G. Simpson
                                                                               Elizabeth G. Simpson
                                                                                 EMANCIPATE NC