# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:22-cv-68-BO

| | |
|---|---|
| YOLANDA IRVING, individually and as the natural parent and guardian of J.I., JUWAN HARRINGTON, CYDNEEA HARRINGTON, KENYA WALTON, individually and as the natural parent and guardian of R.W., ZIYEL WHITLEY, DYAMOND WHITLEY, KAMISHA WHITLEY, NANETTA GRANT as the natural parent and guardian of Z.G., and EMANCIPATE NC, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF RALEIGH, Officer OMAR I. ABDULLAH, Sergeant WILLIAM ROLFE, Officer RISHAR PIERRE MONROE, Officer MEGHAN CAROLINE GAY, Officer DAVID MEAD, Officer JESUS ORTIZ, Officer KYLE PERRIN, Officer MICHAEL MOLLERE, Officer KYLE THOMPSON, Officer VINCENT DEBONIS, Officer DANIEL TWIDDY, Officer THOMAS WEBB, Officer DAVID MCDONALD, Officer DAVID GARNER, Chief of Police ESTELLA PATTERSON, and City Manager MARCHELL ADAMS-DAVID, in their individual capacities, <br><br> Defendants. | NOTICE OF RULE 30(B)(6) DEPOSITION OF EMANCIPATE NC, INC. |

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, including subsection 30(b)(6), Defendant SEU Officers David Mead, Jesus Ortiz, Kyle Perrin, Michael Mollere, Kyle Thompson, Vincent Debonis, Daniel Twiddy, Thomas Webb, David McDonald, and David Garner, through counsel, will take the deposition, under oath, of Emancipate NC, Inc., by and through its designated officer, director, managing agent, or other designee, concerning the topics listed on Exhibit A attached hereto. The deposition will

occur at Ellis & Winters LLP, 4131 Parklake Avenue, Suite 400, Raleigh, NC 27612, on January 12, 2023, beginning at 10:00 a.m., or at such other time and location as may be agreed upon by the parties.

The deposition will be taken before a notary public or some other officer duly authorized by law to take the deposition and will be recorded by stenographic and/or videotaped means. The deposition will continue, if necessary, from day to day until its completion.

This the 1st day of December 2022.

*/s/ Michelle A. Liguori*

Leslie C. Packer
N.C. State Bar No. 13640
Michelle A. Liguori
N.C. State Bar No. 52505
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
leslie.packer@elliswinters.com
michelle.liguori@elliswinters.com

*Counsel for SEU Officer Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2022, I served the foregoing document via U.S. mail and electronic mail upon counsel of record as follows:

Abraham Rubert-Schewel
Tin Fulton Walker & Owen, PLLC
119 E. Main Street
Durham, NC 27701
schewel@tinfulton.com
*Counsel for Plaintiffs*


Emily Gladden
Nichad Davis
Tin Fulton Walker & Owen, PLLC
204 N. Person Street
Raleigh, NC 27601
egladden@tinfulton.com
ndavis@tinfulton.com
*Counsel for Plaintiffs*


Michael Littlejohn, Jr.
Littlejohn Law, PLLC
PO Box 16661
Charlotte, NC 28297
mll@littlejohn-law.com
*Counsel for Plaintiffs*

Ian Mance
Elizabeth Simpson
Emancipate NC, Inc.
ian@emancipatenc.org
elizabeth@emancipatenc.org
*Counsel for Plaintiffs*

Jason Benton
Jessica Dixon
Parker Poe Admads & Bernstein, LLP
620 South Tyson Street, Suite 800
Charlotte, NC 28202
jasonbenton@parkerpoe.com
jessicadixon@parkerpoe.com
*Counsel for Defendant Abdullah*

Rodney Pettey
Alayna Poole
Yates McLamb & Weyher, LLP
PO Box 2889
Raleigh, NC 27602
rpettey@ymwlaw.com
apoole@ymwlaw.com
*Counsel for Defendants Monroe, Rattelade, and Gay*


Norwood Blanchard, III
Crossley McIntosh Collier, & Edes, PLLC
5002 Randall Parkway
Wilmington, NC 28403
norwood@cmclawfirm.com
*Counsel for Defendant Rolfe*

Dorothy V. Kibler
Amy C. Petty
City of Raleigh
PO Box 590
Raleigh, NC 27602
Dorothy.kibler@raleighnc.gov
Amy.petty@raleighnc.gov
*Counsel for Defendants City of Raleigh, Chief of Police Estella Patterson, and City Manager Marchell Adams-David*

_____
Leslie C. Packer
Michelle A. Liguori
*Counsel for SEU Officer Defendants*

# EXHIBIT A

1. The history, mission, and activities of Emancipate NC, Inc., from its founding until the present.

2. Emancipate NC, Inc.'s allegation that it has "been forced to divert its resources from other aspects of [its] work, and other parts of the state, to attend to problems related to No Knock and Quick Knock warrant executions by RPD."

3. Emancipate NC, Inc.'s allegation that it has "been forced to divert its resources to respond to community need" "as a result of RPD's generalized failure to adequately train and supervise their officers to prevent them from engaging in misconduct."

4. Every complaint, or any other information, that Emancipate NC, Inc. has received from January 1, 2014, to the present that relates to the execution of a search warrant by the Raleigh Police Department's Selective Enforcement Unit ("SEU"), or that otherwise relates to the SEU's entry into a home, including:

    (a) The source of the complaint or other information;

    (b) The date the complaint was made or information provided to Emancipate NC, Inc.;

    (c) The contents of the complaint or information; and

    (d) Any and all actions taken by Emancipate NC, Inc. as a result of the complaint or information received.

5. Every complaint, or any other information, that Emancipate NC, Inc. has received from January 1, 2014, to the present that relates to the Raleigh Police Department's alleged "generalized failure to adequately train and supervise their officers to prevent them from engaging in misconduct," including:

    (a) The source of the complaint or other information;

(b) The date the complaint was made or information provided to Emancipate NC, Inc.;

(c) The contents of the complaint or information; and

(d) Any and all actions taken by Emancipate NC, Inc. as a result of the complaint or information received.

6. Financial resources that Emancipate NC, Inc. spent, specifically in connection with responding to complaints or information received.

7. Each and every matter that Emancipate NC, Inc. was not able to address because it allegedly has "been forced to divert its resources from:"

(a) "other aspects of [its] work, and other parts of the state, to attend to problems related to No Knock and Quick Knock warrant executions by RPD," or

(b) "as a result of RPD's generalized failure to adequately train and supervise their officers to prevent them from engaging in misconduct."

8. The budgets of Emancipate NC, Inc. for the years 2014 to the present.

9. Communications involving Emancipate NC, Inc. or its employees or agents, that relate to the Raleigh Police Department's execution of a search warrant at 1628B Burgundy Street on May 21, 2020.

10. Communications involving Emancipate NC, Inc. or its employees or agents, that relate to the conduct of Dennis Leon Williams, Jr. (a.k.a. Aspirin).

11. Non-privileged communications between Emancipate NC, Inc. and any individual plaintiff or plaintiffs in this lawsuit.

12. Communications between Emancipate NC, Inc. and Marcus Van Irvin.

13. Emancipate NC, Inc.'s allegations that the Raleigh Police Department executes "No Knock" and "Quick Knock" warrants.

14. Emancipate NC, Inc.'s allegations regarding the legal requirements preceding lawful entries into homes.

15. Emancipate NC, Inc.'s contact with the media on any matter or subject related to the Second Amended Complaint.

16. Emancipate NC, Inc.'s "rapid response" activities from 2014 to the present.

17. Emancipate NC, Inc's efforts in connection with its "particular focus on" the City of Raleigh.

18. Emancipate NC, Inc.'s efforts in jurisdictions other than Raleigh.