IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-cv-00068-BO

| | |
|---|---|
| YOLANDA IRVING, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE CITY OF RALEIGH, et al., ) <br> ) <br> Defendants. ) <br> ) | **OMAR I. ABDULLAH'S RESPONSE IN OPPOSITION TO EMANCIPATE NC, INC'S MOTION FOR PROTECTIVE ORDER** |

Defendant Omar I. Abdullah ("Abdullah") responds in opposition to Emancipate NC, Inc.'s ("Emancipate") Motion for Protective Order (the "Motion") by incorporating by reference as if fully set forth herein his Reply to Emancipate's Memorandum in Opposition to City's Motion for Protective Order (D.E. 161).[1] Abdullah further shows the Court as follows:

**Emancipate Makes Two Statements That Are At Best Misleading And At Worst False**

Emancipate has misrepresented the facts and circumstances surrounding the Motion. First, despite its representation to this Court to the contrary, it did not confer – in good faith or otherwise – with Abdullah's counsel concerning the Motion. Indeed, Emancipate does not cite to any written

---

[1] Abdullah served a Second Amended Cross Notice of 30(b)(6) Deposition of Emancipate on or about January 23, 2023, in which he identified one additional deposition topic and one additional document request, both of which seek information concerning, and copies of, communications between Emancipate and the Wake County District Attorney's Office about Abdullah from 2021 through present. (*See* **Exhibit A**). Like the topics and document requests in his First Amended Cross Notice of 30(b)(6) Deposition of Emancipate, Abdullah's additional requests relate solely to his defense of the Phase I liability claims against him, and not to Emancipate's Claim 2 or its Phase II liability. Squarely stuck between two parallel legal proceedings – one civil and one criminal – concerning the same or similar alleged conduct, Abdullah is entitled to discover any and all communications about him between the prosecutors of such proceedings.

documentation concerning its conference with undersigned counsel on these issues nor does it otherwise provide any description of such a conference. This is because Emancipate never bothered to confer with Abdullah's counsel. If it had, Abdullah's counsel would have informed Emancipate that (1) regardless of whether or not Emancipate has brought claims against Abdullah, he has a right to conduct discovery in defense of the Individual Plaintiffs' Phase I claims; and (2) Abdullah's limited discovery requests to Emancipate relate to Abdullah's defense in Phase I, and not to Claim 2 or Phase II.

Emancipate's statement that it has not deposed Abdullah is likewise false. (D.E. 166, ¶ 5). Emancipate, as a plaintiff in this action, took the deposition of Abdullah on December 15, 2022. "Plaintiffs," without identifying or otherwise distinguishing themselves as the Individual Plaintiffs or the organizational plaintiff Emancipate, served an Amended Notice of Depositions on or about October 18, 2022, in which they provided notice of their intent to depose Abdullah on December 15, 2022. (*See* **Exhibit B**). Two attorneys employed by, and purporting to represent, Emancipate signed the Amended Notice: Elizabeth Simpson and Ian Mance. (*Id.*) In fact, after Abdullah sat for and testified at the requested December 15, 2022 deposition, these same two attorneys relied on his deposition testimony in correspondence they sent to City of Raleigh elected officials and, upon information and belief, to local news media. (*See* **Exhibits C and D**).[2] Emancipate has made it quite clear that Abdullah's deposition testimony is part of its trial publicity strategy in this action.[3]

---

[2] Plaintiff Yolanda Irving testified at her deposition on January 27, 2023 that she believes that Emancipate disseminated the subject letter to the media. The letter and its media coverage is also on public display on Emancipate's website: Updates From The Raleigh No-Knock Litigation - Emancipate North Carolina (emancipatenc.org).

[3] Such trial publicity tactics are particularly worrisome where, as here, attorneys disclose to the media that a civil defendant, who also faces criminal prosecution, invoked his Fifth Amendment rights at a deposition in the civil matter. (*See* Ex. C, p. 4). As this Court is aware, Abdullah faces

PPAB 8531938v1                                    2
Case 5:22-cv-00068-BO   Document 168   Filed 02/01/23   Page 2 of 6

Throughout discovery in this action, Emancipate has been quick to ignore distinctions between itself and the Individual Plaintiffs when doing so serves its own interests. It has even blurred the lines between its status in this litigation as a party and as counsel for Plaintiffs. For instance, after announcing that it represented "all Plaintiffs" in written discovery responses,[4] Emancipate hid behind the attorney-client privilege when the Individual Plaintiffs were asked to produce communications between themselves and the organization:

> **INTERROGATORY NO. 20:** Identify all written or oral communications with Emancipate NC by specifying the date, location, nature and substance of such communications, the name of the Emancipate NC representative with whom you communicated, and by identifying any documents constituting, concerning or pertaining to each such communication.
>
> **ANSWER:** In addition to Plaintiffs' preliminary statements and objections, Plaintiffs object to this Interrogatory as vague, overbroad, and unduly burdensome. Further, Plaintiffs object to this Interrogatory to the extent it seeks written and oral communications with Emancipate NC prepared in the anticipation of litigation and/or subject to attorney-client privilege.
>
> **SUPPLEMENTAL ANSWER:** This interrogatory seeks information—even when narrowed—provided from Plaintiffs to Emancipate NC. ==Emancipate NC is counsel for *all* Plaintiffs in this matter. This communication is clearly protected by attorney client privilege.== A privilege log is also inappropriate here because it would necessarily include all communications between Plaintiffs and their counsel.

---

a criminal jury trial in the very county in which Emancipate appears to have publicly disseminated its correspondence. Ironically, Emancipate's correspondence accuses defense counsel of "push[ing] the bounds of professional ethics" with their deposition examination questions of Plaintiffs, despite Emancipate's apparent efforts to litigate this case in the media and despite including in the correspondence an excerpt of a document produced subject to a Protective Order entered by this Court. (*Id.*, p. 3). Naturally, Defendants' counsel deny the accusation and invite the Court to review excerpts from some of the Plaintiffs' deposition transcripts, which provide context to the questions asked of Plaintiffs in this case in which they not only allege constitutional violations, but also that their encounter with law enforcement proximately caused diagnosed mental health conditions. (*See* **Exhibit E**).

[4] In their January 17, 2023 correspondence to Raleigh elected officials, Ms. Simpson and Mr. Mance, writing on Emancipate letterhead, identified themselves as counsel for the Individual Plaintiffs. "We represent, with co-counsel, the ten individual plaintiffs in *Yolanda Irving, et al. v. City of Raleigh, et al.*, a federal civil rights lawsuit filed on behalf of three Black mothers, Yolanda Irving, Kenya Walton, and Nannetta Grant, and their children." (*See* Ex. C, p. 1).

Emancipate has contended that it is, itself, a plaintiff in this action and, simultaneously, counsel for all Plaintiffs. However, it now seeks to distinguish itself from the Individual Plaintiffs by disavowing its participation in Abdullah's deposition in the hopes that it can avoid answering Abdullah's counsel's questions under oath. The Court should not indulge such tactics.

### **Emancipate's Cited Legal Authority Misses The Mark**

In support of the Motion, Emancipate quotes five cases that appear to only have in common their reliance on an old proverb meant to highlight a double standard: "what is good for the goose is good for the gander." (D.E. 166 p 3).[5] Emancipate misapplies the proverb, though, because Abdullah is not the "goose" here. Emancipate mistakenly associates Abdullah, a separate party with separate counsel, with the City, which has sought to prevent Emancipate from taking its deposition during the present phase of this litigation. (D.E. 151). Abdullah, on the other hand, appeared for and participated in a full day of Plaintiffs' deposition examination questions on December 15, 2022. As it turns out, Emancipate is the "goose" and the proverb on which it purports to rely is more appropriately aimed at it and its effort to evade entirely Abdullah's counsel's deposition examination questions.[6]

---

[5] Emancipate appears to have only been interested in cases that quote the proverb as opposed to cases addressing circumstances similar to those at issue here. Only one case references the aphorism in the context of a discovery dispute and it is the only one that comes from a court sitting within the geographic boundaries of the Fourth Circuit (*Stafford v. Bojangles Restaurants, Inc.*).

[6] By contending that Abdullah should not be allowed to examine it at a deposition during Phase I discovery, *which is the only phase applicable to Abdullah*, Emancipate is effectively asserting that Abdullah should not be allowed to ask discovery of it at all. If Emancipate's sought-after relief is granted, it would truly be an absurd result, as not even non-party witnesses are entitled to the sort of immunity from discovery that Emancipate seeks. Amplifying this absurdity is the fact that Emancipate opposed Abdullah's motion for a stay of this case, but appears to now seek a stay of all discovery against it.

## **CONCLUSION**

Though invoked by the wrong party here, the old proverb rings true: "what is good for the goose *is* good for the gander." Emancipate's Motion for Protective Order should be denied and it should be compelled to answer Abdullah's limited discovery requests and sit for its deposition in Phase I discovery.

Respectfully submitted, this the 1st day of February, 2023.

/s/ Jason R. Benton
Jason R. Benton
N.C. State Bar No. 27710
Daniel E. Peterson
N.C. State Bar No. 41251
Jessica C. Dixon
N.C. State Bar No. 36719
**PARKER POE ADAMS & BERNSTEIN LLP**
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Telephone: (704) 372.9000
Facsimile: (704) 334.4706
Email: jasonbenton@parkerpoe.com
danielpeterson@parkerpoe.com
jessicadixon@parkerpoe.com

*Attorneys for Defendant Omar I. Abdullah*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, the foregoing **Omar I. Abdullah's Response in Opposition to Emancipate NC, Inc.'s Motion for Protective Order** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification and serve same upon counsel of record via the Court's electronic case filing system.

This the 1st day of February, 2023.

/s/ Jason R. Benton
Jason R. Benton
N.C. State Bar No. 27710
Daniel E. Peterson
N.C. State Bar No. 41251
Jessica C. Dixon
N.C. State Bar No. 36719
**PARKER POE ADAMS & BERNSTEIN LLP**
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Telephone: (704) 372.9000
Facsimile: (704) 334.4706
Email: jasonbenton@parkerpoe.com
danielpeterson@parkerpoe.com
jessicadixon@parkerpoe.com

*Attorneys for Defendant Omar I. Abdullah*