IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:22-cv-68-BO

| | |
|---|---|
| YOLANDA IRVING, individually and as the natural parent and guardian of J.I, JUWAN HARRINGTON, CYDNEEA HARRINGTON, KENYA WALTON, individually and as the natural parent and guardian of R.W., ZIYEL WHITLEY, DYAMOND WHITLEY, KAMISHA WHITLEY, NANETTA GRANT as the natural parent and guardian of Z.G., and EMANCIPATE NC, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> THE CITY OF RALEIGH, Officer OMAR I. ABDULLAH, Sergeant WILLIAM ROLFE, Officer RISHAR PIERRE MONROE, Officer JULIEN DAVID RATTELADE, Officer MEGHAN CAROLINE GAY, Officer DAVID MEAD, Officer JESUS ORTIZ, Officer, KYLE PERRIN, Officer MICHAEL MOLLERE, Officer KYLE THOMPSON, Officer VINCENT DEBONIS, Officer DANIEL TWIDDY, Officer THOMAS WEBB, Officer DAVID MCDONALD, Officer DAVID GARNER, Chief of Police ESTELLA PATTERSON, and City Manager MARCHELL ADAMS-DAVID, in their official capacities, <br><br> Defendants. | <u>RESPONSE TO EMANCIPATE, NC, INC.'S MOTION FOR PROTECTIVE ORDER BY SEU DEFENDANTS, DEFENDANTS MONROE, RATTELADE, AND MONROE, AND DEFENDANT ROLFE</u> |

This response is filed on behalf of Defendant Officers David Mead, Jesus Ortiz, Kyle Perrin, Michael Mollere, Kyle Thompson, Vincent Debonis, Daniel Twiddy, Thomas Webb, David McDonald, and David Garner, of the Raleigh Police Department's Selective Enforcement Unit ("SEU"), Officers Rishar Pierre Monroe, Megan Caroline Gay, and Julien David Rattelade, of the Raleigh Police Department's Drugs and Vice Unit, and Defendant William Rolfe,

collectively ("the Individual Defendants Filing this Response").[1] The Individual Defendants Filing this Response respectfully request that Emancipate, NC, Inc.'s ("Emancipate") Motion for Protective Order (DE 166), in which Emancipate seeks to avoid responding to Phase I discovery from the Individual Defendants, be denied.

BACKGROUND[2]

Pursuant to a scheduling order issued by the Court in July of last year, discovery in this matter is proceeding in two phases. DE 69 at 1 & n.1. Phase I covers "all factual allegations, claims, and alleged damages asserted . . . against the Individual Defendants and all defenses raised by the Individual Defendants." DE 49 at 3 ¶ 3(b)(1). Phase II covers "the Monell claims" and "will not commence until the Court has ruled on the parties' dispositive motions." Id. at 2 ¶ 3(a)(1).

Each of the Individual Defendants Filing this Response was named as an Individual Defendant in this action. See DE 93 at 1 & 5-6 ¶¶ 28-37. Plaintiffs, including Emancipate, have alleged that several of these defendants, including the SEU Defendants and Officers Rattelade, Gay, and Monroe, violated the U.S. Constitution in executing a search warrant on May 21, 2020. See id. at 14-17, 28 ¶¶ 114-45, 225. Emancipate, in particular, seeks declaratory and injunctive relief in the Second Claim of its Second Amended Complaint, which alleges the following:

> SEU officers David Mead, Jesus Ortiz, Kyle Perrin, Micheal Mollere, Kyle Thompson, Vincent Debonis, Daniel Twiddy, Thomas Webb, David McDonald and David Garner, followed by Abdullah, Monroe, Rattelade, and Gay, in

---

[1] Defendant Omar Abdullah has filed a separate response. DE 168. The Individual Defendants Filing this Response adopt the arguments in Defendant Abdullah's response.

[2] The background and arguments in this response mirror the background and response in the SEU Defendants' proposed reply to Emancipate's Response to the City of Raleigh's Motion for Protective Order, which addresses the same subject matter as this response. See DE 159-1 at 3-7.

2

violation of the Fourth Amendment, entered the homes of Ms. Irving and
Ms. Walton using "No Knock" or "Quick Knock" execution.

Id. at 28 ¶ 225.

Further, Plaintiffs, including Emancipate, have alleged that the SEU unit regularly executes search warrants in a no-knock or quick-knock fashion, in violation of the U.S. Constitution. See id. at 19-24 ¶¶ 161-95. The SEU Defendants have denied that they executed the search warrant on May 21, 2020, in a no-knock or quick-knock fashion or otherwise in violation of the U.S. Constitution, and have denied the allegations of a regular practice of doing so. See DE 138 at 1-2, 29 ¶¶ 1-5, 225.

Emancipate NC, Inc.'s standing also is at issue. The SEU Defendants, along with Defendants Monroe, Gay, and Rattelade, filed motions to dismiss Emancipate as a plaintiff on the grounds that Emancipate has not suffered an injury in fact from the May 21, 2020 search warrant execution, and, instead simply has a political interest in the outcome of this litigation. See DE 129 at 3-4; DE 62. This Court denied, at the Rule 12 stage, the motion by Officers Rattelade, Gay, and Monroe, see DE 101, but the Court noted that Emancipate's allegations that it has suffered an injury in fact were "thin at best" and that these defendants would have an opportunity to renew their challenge to Emancipate's standing at a later stage of the proceedings. DE 141 at 6-7.[3]

The parties currently are engaged in Phase I of discovery, which ends on March 3, 2023. DE 156.

On November 23, 2022, the SEU Defendants served written discovery on Emancipate, to which discovery responses would have been due on December 23, 2022. On December 1, 2022, the SEU Defendants noticed a Rule 30(b)(6) deposition of Emancipate, to take place on January

---

[3] The Court has not yet ruled on the SEU Defendants' motion to dismiss.

3

12, 2023. The written discovery and topics noticed in the Rule 30(b)(6) deposition relate to Emancipate's claims of unconstitutional conduct by the Individual Defendants and to Emancipate's standing to pursue such claims in this lawsuit. See DE 159.2, 159.3.

Emancipate requested a thirty-day extension of time—until January 23, 2023—to respond to the SEU Defendants' written discovery, and to reschedule the Rule 30(b)(6) deposition of Emancipate noticed for January 12. The SEU Defendants agreed to the thirty-day extension of time for the written discovery and to reschedule the deposition until after the deadline for Emancipate's responses to the written discovery. The SEU Defendants have re-noticed the Rule 30(b)(6) deposition of Emancipate for February 2, 2023. As discussed below, Emancipate now refuses to submit to this discovery during Phase I.

Emancipate has sought a Rule 30(b)(6) deposition of the Raleigh Police Department. See DE 153 at 2. On December 22, 2022, the City of Raleigh and Official Capacity Defendants moved for a protective order to delay the Rule 30(b)(6) deposition of the Raleigh Police Department until Phase II of discovery, because the topics noticed were outside the scope of Phase I discovery. DE 152.

Emancipate has now taken the position that it is not required to respond to discovery from the Individual Defendants during Phase I—including discovery that relates to Claim Two in the Second Amended Complaint, which alleges that several Individual Defendants violated the Constitution when executing a search warrant on May 21, 2020—because of Emancipate's dispute with the City of Raleigh and Official Capacity Defendants regarding the scope of Phase I discovery against those defendants. In its Memorandum in Opposition to the City's Motion for Protective Order, Emancipate has said the following:

> To the extent the Court concludes that Claim Two ought to be housed with
> Counts Ten, Eleven, and Twelve, in the interests of equity, plaintiffs seek

4

> that all discovery related to Claim Two be delayed until Phase II, not solely offensive discovery. Various defendants have sought discovery from Emancipate NC on this same claim during the course of Phase I discovery.

DE 158 at 4.

Emancipate has now filed a Motion for Protective Order on the same basis (DE 166), and has failed to respond to discovery from the SEU Defendants based on the pending motion.

ARGUMENT

Under Rule 26 of the Federal Rules of Civil Procedure parties may obtain discovery "regarding any non privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Here, pursuant to the parties' Rule 26(f) report, the Court has bifurcated discovery in this matter, with discovery during Phase I to include "all factual allegations, claims, and alleged damages asserted . . . against the Individual Defendants and all defenses raised by the Individual Defendants." DE 49 at 3 ¶ 3(b)(1).

Emancipate is a party plaintiff and has asserted factual allegations and a cause of action against many of the Individual Defendants Filing this Response, which allege that these defendants violated the U.S. Constitution in executing a search warrant on May 21, 2020, and that they have a pattern of violating the law. See DE 93 at 14-17, 19-24, 28 ¶¶ 114-45, 161-95, 225.

Under Rule 26(b)(1), these Individual Defendants have the right to conduct discovery on Emancipate's allegations against them—and indeed on any matters that relate to their claims and defenses. They also have the right to conduct discovery to obtain evidence in support of their motion to dismiss Emancipate for lack of standing. See Fed. R. Civ. P. 26(b)(1). Under the Scheduling Order that governs discovery in this matter, the Individual Defendants have the right to do so during Phase I of discovery. See DE 69 at 1 & n.1. Emancipate agreed to this

5

Scheduling Order.  See DE 49 at 2-3, 11.  Its dispute with the City of Raleigh and Official Capacity Defendants regarding the scope of Phase I discovery against <u>those defendants</u> provides no basis for Emancipate to avoid answering discovery from these defendants, which is squarely within the scope of Rule 26(b)(1) and Phase I discovery.

Moreover, contrary to assertions in Emancipate's Motion for Protective Order, see DE 166 at 2, Emancipate has actively participated in Phase I discovery, including against the Individual Defendants Filing this Response.  For example, on November 1, 2022, Elizabeth Simpson of Emancipate took the depositions of Defendant SEU Officers David Mead and Jesus Ortiz.  Similarly, on January 17, 2023, Ian Mance of Emancipate took the deposition of Defendant William Rolfe.  Mr. Mance of Emancipate took this deposition, despite being informed that Defendant Rolfe was retiring from the police department as of January 31, 2023, such Defendant Rolfe would not be subject to Emancipate's claims for injunctive and declaratory relief.

Emancipate also has used information that it has obtained during Phase I discovery as part of a media strategy.  For example, on January 17, 2023, Emancipate sent a letter to Raleigh Mayor Mary-Ann Baldwin and Members of the Raleigh City Council about the case, expressing purported concerns about the defense strategy employed during Phase I discovery by counsel for the defendants.  DE 168.3.  The letter shows Emancipate's attempts to benefit from Phase I discovery against the Individual Defendants, without subjecting itself to similar discovery.

6

Aside from that, the letter, in and of itself, is concerning, because it discloses information that is subject to protective orders in this litigation, including excerpts from confidential police incident reports. See id. at 4.[4]

The letter also incorrectly states that counsel who have been retained for the Individual Defendants are being paid by Raleigh taxpayers, which is factually inaccurate.[5] See id. at 2. Moreover, the letter contains unsupported accusations about unethical conduct by defense counsel, which are based on counsel's questioning the Individual Plaintiffs about matters relevant to the case, such as stressors in the plaintiffs' lives that may relate to their claims of psychological injury, and whether the plaintiffs had interactions or reasons to interact with the target of the search warrant at issue in this case, who was an admitted marijuana dealer. See id. at 3-4. Significantly, after the conclusion of her deposition for this matter, on Friday, January 27, 2023, Plaintiff Yolanda Irving thanked all defense counsel and noted her appreciation of each one of them—a sentiment contrary to the unsupported claims of mistreatment in Emancipate's letter to the Raleigh Mayor and City Council.

In short, Emancipate has been an active participant in Phase I discovery of this matter. Even if it had not been, under Rule 26, the parties' Rule 26(f) report (DE 49), and the Discovery Scheduling Order (DE 69), the Individual Defendants have the right to issue discovery to Emancipate on matters relevant to their claims and defenses, and Emancipate has an obligation

---

[4] In deposition testimony provided on January 27, 2022, Plaintiff Yolanda Irving testified that her attorneys shared this letter with the News & Observer, where quotes from the letter were published on January 18, 2023. This disclosure was a violation of the Consent Protective Order issued by this Court. See DE 126 at 2 (subjecting records of criminal investigation to the protective order); id. at 4-5 (restricting use of such information, and providing that it "may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, counsel, consultant, staff person or Court personnel").

[5] Emancipate has no information about who is paying for the defense of the Individual Defendants and lacked any basis to make the assertion that the defense is being funded by taxpayers.

to respond. For these reasons, the Individual Defendants Filing this Response respectfully request that Emancipate's Motion for Protective Order be denied, and that Emancipate be ordered to respond to Phase I discovery from the Individual Defendants and to comply with the Deposition Notice for its Rule 30(b)(6) deposition.

Respectfully submitted,

This the 3rd day of February, 2023.

/s/ Leslie C. Packer
Leslie C. Packer
N.C. State Bar No. 13640
Michelle A. Liguori
N.C. State Bar No. 52505
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
leslie.packer@elliswinters.com
michelle.liguori@elliswinters.com

*Counsel for SEU Officer Defendants*

/s/ Rodney Pettey
Rodney Pettey
Alayna Poole
Yates McLamb & Weyher, LLP
PO Box 2889
Raleigh, NC 27602
rpettey@ymwlaw.com
apoole@ymwlaw.com

*Counsel for Defendants Monroe, Rattelade, and Gay*

/s/ Norwood Blanchard, III
Norwood Blanchard, III
Crossley McIntosh Collier, & Edes, PLLC
5002 Randall Parkway
Wilmington, NC 28403
norwood@cmclawfirm.com

*Counsel for Defendant Rolfe*