UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **Yolanda Irving, et. al,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | **5:22-cv-0068-BO** |
| **v.** | * | |
| | * | |
| **City of Raleigh, et. al.,** | * | |
| | * | |
| **Defendants.** | * | |

**MOTION TO ENFORCE STAY OF DISCOVERY WITH RESPECT TO DEFENDANT ABDULLAH AND MOTION FOR PROTECTIVE ORDER**

Plaintiffs respectfully file this Motion to Enforce the Stay of Discovery with Respect to Defendant Abdullah and Motion for Protective Order. Pursuant to Rule 26(c), Plaintiffs specifically oppose efforts by Counsel for Defendant Omar Abdullah to depose Plaintiffs' police practice expert, David Sweeney, on March 1, 2023, and other witnesses.

In support of this Motion, Plaintiffs show the following:

1. Extensive discovery has occurred in this case, to include many depositions. The Court bifurcated discovery into two phases, with Phase 1 set to conclude next week, on March 3, 2023.

2. On February 22, 2023, nine days prior to the end of Phase 1 discovery, Counsel for Defendant Abdullah, Jason Benton, served undersigned counsel with a notice of deposition and a subpoena, indicating his intention to take the

deposition of Plaintiffs' police practices expert, David Sweeney, who lives in Seattle, Washington.¹

3. The SEU officer defendants in this case noticed their intent to depose Mr. Sweeney on February 14, 2023, and Plaintiffs coordinated to make him available. Those defendants are scheduled to depose Mr. Sweeney on March 1, 2023.

4. Mr. Benton informed the undersigned that he also intends to depose Mr. Sweeney on March 1, 2023 and that he planned to fly to Seattle to conduct the deposition in person.

5. For reasons discussed below, it is the Plaintiffs' position that Mr. Benton is not entitled to take Mr. Sweeney's deposition.

6. Plaintiffs certify that they have communicated their position to Mr. Benton in a good faith attempt to resolve the matter without the Court's involvement. Mr. Benton has said he intends to move forward with the depositions. Because

---

¹ Plaintiffs served Defendant Abdullah's counsel with a copy of Mr. Sweeney's report on December 1, 2022, nearly three months ago. Mr. Sweeney has been on vacation and unavailable since Defendant noticed his intent to take his deposition. The notice instructs Sweeney to collect materials related to more than two dozen cases in which he served as police practices witness. If the proposed timeline holds, Mr. Sweeney would likely have less than 48 hours after being served to gather and review these materials prior to sitting for deposition. Mr. Benton also intends to conduct the deposition in-person under circumstances where it is not feasible for Plaintiffs' counsel to attend. While the City of Raleigh, or its insurer, may be willing to finance cross-country plane tickets, Plaintiff mothers are of limited financial means and cannot afford to have their counsel travel more than 5,000 miles on less than a week's notice. *See, e.g.*, *Hart v. United States*, 772 F.2d 285, 286–87 (6th Cir. 1985) (notice of deposition "was not reasonable"; while federal "rules do not require any particular number of days, . . . reasonableness may depend on the particular circumstances," including whether the late notice is "caused . . . by counsel's conduct").

there is a standing court order staying Defendant Abdullah's participation in discovery, Plaintiffs intend to instruct Mr. Sweeney not to sit for the deposition.

7. Plaintiffs file this motion to timely communicate their position to the Court, prior to the close of Phase 1 discovery next week.[2]

8. In a previous motion, Mr. Benton sought "a stay of these proceedings pending resolution of a parallel criminal action against [Defendant Abdullah] in Wake County Superior Court." *Irving v. City of Raleigh*, No. 5:22-CV-68-BO, 2022 WL 17159105, at *4 (E.D.N.C. Nov. 22, 2022).

9. In response, the Court issued an order, denying to stay the proceedings but entering a limited stay of discovery as it pertained to Defendant Abdullah. *Id.*

10. The Court's order stated that "Abdullah's Fifth Amendment right against self-incrimination weighs heavily"; and "[w]hile Abdullah shall remain available to call as a deponent" (where he could, and did, repeatedly invoke the Fifth Amendment[3]), **"all other discovery . . . [is] stayed as to defendant Abdullah only."** *Id.* (emphasis added).

11. The Court's order stayed Abdullah's participation in discovery for 120 days, or until at least March 21, 2023. *Id.*

---

[2] Plaintiffs received a subpoena from Mr. Benton on February 22, 2023, notified him of their position that afternoon, received his reply late in the afternoon of February 23, 2023, and filed this motion with the Court on February 24, 2023.
[3] *See, e.g.*, Deposition of Det. Omar Abdullah, at 34, 39, 58, 67–100, 144, 157, 164, 170 (Dec. 15, 2022).

12. Plaintiffs understand the Court's order that "discovery . . . [is] stayed as to defendant Abdullah" to mean what it says. When an order is issued staying a defendant's participation in discovery, the order needs to be lifted by the Court before a defendant is entitled to pursue discovery of the plaintiff and their witnesses. *See, e.g.*, *In re Computer Scis. Corp. Sec. Litig.*, No. 1:11CV610-TSE-IDD, 2011 WL 10653953, at *2 (E.D. Va. Aug. 29, 2011) (ordering a "stay of discovery [to] be lifted" to permit "the defendants [to] take [a] deposition by oral examination of [plaintiff]").

13. During the pendency of the stay—which *he sought* from this Court—Defendant Abdullah does not have a right to depose Plaintiffs' witnesses.

14. Defendant Abdullah also does not have the right to seek discovery of or depose non-parties.

15. In addition to Plaintiffs' expert, Defendant Abdullah noticed a deposition of Marcus VanIrvin, the subject of the search warrant that resulted in the errant raids on Plaintiffs' homes, seeking to compel him to sit for deposition on March 3, 2023.

16. Plaintiffs object to this deposition for the same reasons outlined above and request that the Court quash the subpoena sent to Mr. VanIrvin. *See U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, No. 5:13-CV-00527-F, 2016 WL 10542367, at *2 (E.D.N.C. Apr. 22, 2016) ("[A] party may challenge a third party subpoena through a motion for a protective order." (quoting

*Fangman v. Genuine Title, LLC*, No. CV RDB-14-0081, 2016 WL 560483, at *3 (D. Md. Feb. 12, 2016) (unpublished)).

17. Discovery is a process that presupposes reciprocal obligations between the parties. Here, Defendant Abdullah has objected to reciprocal discovery and secured the right to stay his participation in the process.

18. There are trade-offs to Defendant Abdullah's decision to pursue this strategy, one of which is that he is not entitled to seek discovery on the same basis as the other defendants.

19. Plaintiffs therefore move this Court for a protective order, which is the proper mechanism to object to a notice of deposition. *See, e.g.*, *Pastene v. Long Cove Club of HHI, S.C.*, No. 9:19-CV-1210-RMG-TER, 2021 WL 3053283, at *2 (D.S.C. July 20, 2021) ("A party may object to the notice of deposition, but must do so by filing a motion for protective order pursuant to Fed. R. Civ. P. 26(c).").

20. Plaintiffs emphasize this is not a situation in which they are moving the Court to stop a deposition that Defendant Abdullah would otherwise be presumed to be entitled to take "without leave of court" under FED. R. CIV. P. 30(a)(1), since the Court's November 22, 2022 Order stayed Defendant's Abdullah's participation in discovery.

21. Simply put, Defendant Abdullah may not opt out of discovery and at the same time aggressively pursue discovery of Plaintiff's witnesses. *See, e.g.*, *Stafford v. Bojangles Restaurants, Inc.*, No. 3:20-CV-266-MOC, 2021 WL 5024529, at *2

(W.D.N.C. Oct. 28, 2021) (stating, with respect to discovery, that "[w]hat is good for the goose is good for the gander").

## CONCLUSION

For the foregoing reasons, Plaintiffs move the Court to enforce the earlier stay of discovery with respect to Defendant Omar Abdullah by granting a protective order prohibiting Defendant Abdullah from taking depositions, or conducting any other discovery, during the pendency of the stay.

Respectfully submitted, this the 24th day of February, 2023.

/s/ Ian Mance
Ian A. Mance
Elizabeth Simpson
EMANCIPATE NC, INC.
Post Office Box 309
Durham, NC 27702
ian@emancipatenc.org
elizabeth@emancipatenc.org

Abraham Rubert-Schewel
Nichad Davis
TIN FULTON WALKER &
OWEN PLLC
119 E. Main Street
Durham, NC 27701
Telephone: (919) 451-7612
Facsimile: (718) 865-7010
schewel@tinfultcom.com
ndavis@tinfulton.com

Emily Gladden
TIN FULTON WALKER &
OWEN PLLC
204 N. Person Street
Raleigh, NC 27601
egladden@tinfulton.com

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Dorothy Kibler
Amy Petty
City of Raleigh
P.O. Box 590
Raleigh, NC 27602
Dorothy.Kibler@raleighnc.gov
Amy.Petty@raleighnc.gov

Jason R. Benton
Daniel E. Peterson
Jessica R. Dixon
PARKER POWE ADAMS & BERNSTEIN LLP
620 S. Tryon St Suite 800
Charlotte, NC 28202
jasonbenton@parkerpoe.com
danielpeterson@parkerpoe.com
jessicadixon@parkerpoe.com

Norwood P. Blanchard, III
Crossley McIntosh Collier Hanley & Edes, PLLC
5002 Randall Parkway
Wilmington, NC 28403
norwood@cmclawfirm.com

Rodney E. Petty
rpetty@ymwlaw.com
Samuel G. Thompson, Jr.
bthompson@ymwlaw.com
Alayna M. Poole
apoole@ymwlaw.com
Yates, McLamb & Weyher, LLP
Post Office Box 2889
Raleigh, North Carolina 27602

Leslie C. Packer
Michelle A. Liguori
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, NC 27363
leslie.packer@elliswinters.com
michelle.liguori@elliswinters.com

/s/ Ian Mance
Ian A. Mance
EMANCIPATE NC