IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:22-cv-68-BO

| | |
|---|---|
| YOLANDA IRVING, et al. ) | |
| ) | |
| Plaintiffs, ) | **MEMORANDUM OF LAW IN SUPPORT OF ORDER REQUIRING PLAINTIFFS TO MAKE EXPERT AVAILABLE FOR DEPOSITION IN RALEIGH** |
| ) | |
| v. ) | |
| ) | |
| THE CITY OF RALEIGH, et al. ) | |
| ) | |
| Defendants. ) | |

On March 3, 2023, Defendants, with the consent of Plaintiffs, filed a Motion for Extension of Time to Take Expert Deposition and to File Dispositive Motions. In the same Motion, Defendants also moved the Court to make their Phase I police practices expert, David T. Sweeney, available for a deposition in Raleigh, North Carolina, at their own expenses. Defendants submit this memorandum of law in support of that aspect of their motion, which Plaintiffs oppose.

## NATURE OF THE CASE

On February 22, 2023, Counsel for Defendant Omar Abdullah ("Defendant Abdullah") noticed the deposition of Plaintiffs' Expert, David T. Sweeney for March 1, 2023, in-person in Seattle, Washington where Mr. Sweeney resides. Plaintiffs' counsel had informed counsel for Defendants that Mr. Sweeney was available for a deposition on March 1.

On February 23, 2023, Counsel for Defendant SEU Officers David Mead, Jesus Ortiz, Kyle Perrin, Michael Mollere, Kyle Thompson, Vincent Debonis, Daniel Twiddy,

Thomas Webb, David McDonald and David Garner ("Defendant SEU Officers") cross-noticed the deposition for March 1, 2023, in-person in Seattle, Washington where Mr. Sweeney resides.

On February 24, 2023, Counsel for Plaintiffs filed a Motion to Enforce Stay of Discovery with Respect to Defendant Abdullah and Motion for Protective Order. [DE 182](#).

In said Motion, Counsel for Plaintiffs indicated that they would instruct their witness not to sit for the deposition as noticed by Counsel for Defendant Abdullah, however, it was unclear from Plaintiffs' Motion [[DE 182](#)] whether the witness would be made available to Counsel for Defendant SEU Officers.

On February 28, 2023, Counsel for Defendant SEU Officers confirmed with Counsel for Plaintiffs that they were proceeding with the deposition on Mr. Sweeney as Noticed. Counsel for Plaintiffs inquired whether counsel for the SEU Defendants would take the deposition in-person; counsel confirmed that counsel for the SEU Defendants would take the deposition in person, and that counsel for Defendant Abdullah also would attend in person.

On February 27 and 28, 2023, respectively, Counsel for Defendant Abdullah and Defendant SEU Officers traveled to Seattle, Washington prepared to take the deposition of Mr. Sweeney. Counsel for Plaintiffs indicated that they would participate in the deposition remotely, and so did not travel for the deposition.

On the morning of March 1, 2023, Plaintiffs' counsel notified all counsel that Mr. Sweeney was ill, and his deposition would have to be rescheduled. Counsel for Plaintiffs noted that Mr. Sweeney and his family had been travelling the week before, that his wife had been ill for the past few days, and that Mr. Sweeney was suffering from nausea, vomiting, diarrhea, chills, and fever. This issue was not raised with counsel for Defendants before the morning of March 1, 2023, after counsel for the SEU Defendants and Defendant Abdullah already had travelled to Seattle. A copy of the March 1 email exchange between counsel, regarding rescheduling the deposition, is attached as Exhibit A.

Phase I discovery in this matter is set to close March 3, 2023, with dispositive motions set to be filed by March 31, 2023.

## ARGUMENT

Rule 37 of the Federal Rules of Civil Procedure allow a party to move for an order compelling discovery. Specifically, Rule 37(a)(1) states:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).

Rule 37(d)(1) provides that, if a party fails to appear for a deposition, after being served with proper notice, the court may require the party to pay reasonable expenses, including attorney's fees, caused by the failure. See Fed. R. Civ. P. 37(d)(1)(A)(i) ("The court where the action is pending may, on motion, order sanctions if . . . a party or a

3

party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition."); id. R. 37(d)(1)(D) (noting that, as a remedy, the Court may "require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust").[1]

Courts have recognized that a party who cancels a deposition at the last minute should be responsible for costs. In Pharmanetics, Inc. v. Aventis Pharms., Inc., the Court explained as follows:

> The court recognizes the manifest inconvenience to plaintiff caused by the cancellation, on extremely short notice, of the depositions of Dr. Michel and Mr. Wills, originally scheduled during the period for discovery. Specifically, plaintiff's counsel was en route to the deposition site via airplane, when said depositions were cancelled. Under these circumstances, upon taking the depositions of Dr. Michel and Mr. Wills, defendant shall compensate plaintiff for its reasonable costs associated with attendance of its counsel at the depositions of Dr. Michel and Mr. Wills. The court

---

[1] In addition, Rule 30(g), which governs a noticing party's cancellation of a deposition, states:

**Failure to Attend a Deposition or Serve a Subpoena; Expenses**. A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to:

(1)    attend and proceed with the deposition; or

(2)    serve a subpoena on a nonparty deponent, who consequently did not attend.

Fed. R. Civ. P. 30(g).

4

> further orders that timing of the three depositions be arranged to favor the schedule of plaintiff, that defendant endeavor to accommodate any scheduling issues presented by plaintiff and to aid in economizing on expenditures of resources by plaintiff made necessary by this ruling.

No. 5:03-CV-817-FL(2), 2005 WL 8159273, at *3 (E.D.N.C. May 19, 2005) (Flanagan, J.); see also Gordon v. New England Tractor Trailer Training Sch., 168 F.R.D. 178, 180 (D. Md. 1996) (requiring plaintiff to pay for costs associated with deposition when plaintiff failed to appear).

Here, counsel for the SEU Defendants and Defendant Abdullah incurred travel costs for the deposition of Plaintiffs' Phase I expert, David Sweeney, which could have been avoided if they had been more timely informed of Mr. Sweeney's exposure and illness. Accordingly, and in the interest of fairness, Defendants are asking the Court to order Plaintiffs to pay the costs associated with a rescheduled deposition of Mr. Sweeney.

Defendants request that the Court order Plaintiffs to make Mr. Sweeney available for his deposition in Raleigh, North Carolina—where the events at issue in this case occurred, where most of the counsel in this matter are located, and where the other depositions in this matter have taken place—at the expense of Plaintiffs, rather than Defendants. Under the circumstances of this case, where Mr. Sweeney had been traveling the week prior to his deposition, and where his wife had become ill for several days before the deposition, counsel for Defendants could have been informed about the possibility that Mr. Sweeney could not attend a March 1 deposition because of illness and/or exposure, before the morning of March 1, when they could have been able to avoid at least some of the travel costs to appear for the March 1 deposition. See

5

Case 5:22-cv-00068-BO   Document 184   Filed 03/03/23   Page 5 of 8

Keystone Ne., Inc. v. Keystone Retaining Wall Sys., LLC, No. 6:12-CV-720-BHH, 2014 WL 4198818, at *2 (D.S.C. Aug. 22, 2014) ("Suffice it to say, cancelling an out-of-town deposition on the morning it is scheduled is not typically sufficient notice."). Because counsel for Defendants were not informed of this issue until the morning of the deposition, after they already had incurred travel costs, it would be appropriate and reasonable for Plaintiffs to bear the costs of travel for a re-scheduled deposition. Defendants, accordingly, respectfully request that the Court enter an order requiring Plaintiffs to make Mr. Sweeney available for a deposition, at their own expense, in Raleigh, North Carolina. Alternatively, Defendants seek an order requiring Plaintiffs to pay the costs that defense counsel for the SEU Defendants and Defendant Abdullah incurred related to traveling to Seattle for the March 1 deposition.

Respectfully submitted,

This the 3rd day of March, 2023.

/s/ Leslie C. Packer
Leslie C. Packer
N.C. State Bar No. 13640
Michelle A. Liguori
N.C. State Bar No. 52505
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
leslie.packer@elliswinters.com
michelle.liguori@elliswinters.com

*Counsel for SEU Officer Defendants*

/s/ Jason Benton
Jason Benton
Jessica Dixon
Parker Poe Adams & Bernstein, LLP
620 South Tyson Street, Suite 800
Charlotte, NC 28202
jasonbenton@parkerpoe.com
jessicadixon@parkerpoe.com

*Counsel for Defendant Abdullah*

/s/ Rodney Pettey
Rodney Pettey
Alayna Poole
Yates McLamb & Weyher, LLP
PO Box 2889
Raleigh, NC 27602
rpettey@ymwlaw.com
apoole@ymwlaw.com

*Counsel for Defendants Monroe, Rattelade, and Gay*


/s/ Norwood Blanchard, III
Norwood Blanchard, III
Crossley McIntosh Collier, & Edes, PLLC
5002 Randall Parkway
Wilmington, NC 28403
norwood@cmclawfirm.com

*Counsel for Defendant Rolfe*


s/ Dorothy V. Kibler
Dorothy V. Kibler
Amy C. Petty
City of Raleigh
PO Box 590
Raleigh, NC 27602
Dorothy.kibler@raleighnc.gov
Amy.petty@raleighnc.gov
*Counsel for Defendants City of Raleigh, Chief of Police Estella Patterson, and City Manager Marchell Adams-David*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sends notification of such filling to all counsel of record.

/s/ Leslie C. Packer
Leslie C. Packer
Michelle A. Liguori

*Counsel for SEU Officer Defendants*
