IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-0068

| | |
|---|---|
| YOLANDA IRVING, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| CITY OF RALEIGH, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION TO AMEND THE COMPLAINT**

Plaintiffs, by and through undersigned counsel, respectfully move the Court pursuant to Federal Rule of Civil Procedure 15(a)(2) to amend the complaint to conform with the evidence.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs are ten private individuals, including minor children, and an organizational plaintiff challenging the constitutionality of a wrongful warrant execution on the individuals' private homes on May 21, 2020, as well as ongoing constitutional harm caused by the City of Raleigh's unconstitutional customs and policies related to warrant execution and the use of confidential informants. The Plaintiffs—mothers and their children—are innocent residents of Raleigh, NC. They were not the actual subjects of the warrant that was mistakenly executed upon them due to a mixture of corrupt policing and negligence. The corrupt policing scheme, in which former Detective Abdullah worked with a corrupt confidential informant to frame multiple Black men for trafficking heroin, is now the subject of criminal prosecution by the Wake County District Attorney's Office. One victim of that scheme resided at 1620-B Burgundy Street. He

1

was the actual target of the warrant executed on May 21, 2020. Due to error, however, the warrant was mistakenly executed on the individual plaintiffs' homes at 1628-B and 1628-A Burgundy Street, terrifying the individual plaintiffs who were minding their business at home during the height of the COVID-19 pandemic.

Plaintiffs' suit commenced on February 22, 2022. On July 6, 2022, Magistrate Judge Numbers entered a scheduling order that required all motions to join additional parties or to amend the pleadings to be filed by August 20, 2022. Plaintiffs provided requests for production to Defendants on July 21, 2022. On January 12, 2023, Defendant Sgt. Rolfe produced his personnel file which included Internal Affairs interviews with members of the VICE Unit. Sgt. Rolfe was deposed on January 17, 2023, Detective Monroe was deposed on January 31, 2023, and Detective Rattelade was deposed on February 28, 2023. On February 13, 2023, Plaintiffs provided the proposed Third Amended Complaint to Defendants to review and consent to. Defendants did not consent to the proposed amendments.

**ARGUMENT AND LAW**

Plaintiffs proposed Third Amended Complaint addresses four issues: (1) correcting the heading of claim two, (2) adding factual detail learned from discovery to claim seven, (3) adding a negligence claim based on evidence learned from discovery, and (4) adding factual detail to claim twelve based on evidence learned from discovery.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178 (1962), the United States Supreme Court interpreted Rule 15(a) as follows:

> [I]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

2

> party by virtue of allowance of the amendment, futility of amendment, etc.—the
> leave sought should, as the rules require, be "freely given." *Id.* at 182.

The decision to allow leave to amend rests within the sole discretion of the court. *See Deasy v. Hill,* 833 F. 2d 38, 40 (4th Cir. 1987), cert. denied, 485 U.S. 977 (1988); *Graham v. Golden Corral Franchising Sys., Inc.,* No. 5:04-CV-541-H(2), 2006 WL 8438606, at *2 (E.D.N.C. Mar. 17, 2006).

First, the amendment to claim two corrects the heading to clarify that Plaintiffs bring this claim against both the City and the SEU and VICE officers in their individual capacities. When Plaintiffs filed their Second Amended Complaint and added the names of SEU defendants (who had been previously listed as John and Jane Doe), they listed each by name in the body of the second claim and stated that the SEU officers violated the Fourth Amendment when they illegally entered Plaintiffs' homes using "No Knock" or "Quick Knock" tactics. Plaintiffs, in the body of the second claim, went on to explain that Emancipate NC sought equitable relief, but that the individual Plaintiffs sought compensatory and punitive damages, remedies only available to claims against the individual SEU and VICE officers not the City Defendants. This amendment seeks to change only the heading of this claim to clarify that it is brought against the individual VICE and SEU officers as well as the City.

Second, Plaintiffs seek to add factual detail to claim seven which seeks to impose supervisory liability against Sgt. Rolfe. On January 12, 2023, Defendant Sgt. Rolfe produced his personnel file which included Internal Affairs Interviews with members of the VICE Unit. Sgt. Rolfe was deposed on January 17, 2023. At his deposition, Plaintiffs learned new detail related to Sgt. Rolfe's supervision of detective Abdullah. This detail includes his access to and ability to review Officer Abdullah's buy videos and his failure to do so. It also concerns Sgt. Rolfe's

3

knowledge of Officer Abdullah's practice of conducting pat downs on his informants instead of thorough searches prior to controlled buys.

Third, Plaintiffs seek to add a negligence claim, which would become claim ten in the Third Amended Complaint. This claim is added in large part due to the Defendants' deposition testimony that Officer Abdullah failed to conduct basic investigatory work—such as checking the water billing—to ensure that the search warrant was being executed on the correct home. *See* Ex. A, Monroe Deposition Excerpt at 55. And because of VICE officer testimony that Abdullah was deficient in his handling of Aspirin but not intentionally conspiring to deprive the constitutional rights of Plaintiffs. Ex. B, at 155. These deficiencies included a failure by Aspirin to follow the walking path given by Detectives during a controlled buy, Aspirin's repeated obscuring or covering of his buy camera, providing alleged heroin that was not packaged as typical heroin, and a general failure by Abdullah to control or properly monitor Aspirin. Ex. C, D, at 91, 95-98. At Detective Rattelade's deposition, he similarly stated that he did not believe Abdullah was aware that Aspirin was producing fake heroin, but that he was misled by Aspirin and failed to properly monitor and supervise him.[1] Finally, this amendment is also appropriate because Defendants have indicated that their insurer may not provide indemnification in this matter for intentional acts.

Fourth, in claim twelve, Plaintiffs allege *Monell* liability for the City's failure to institute or enforce policies related to the supervision and monitoring of confidential informants. Importantly, at Sgt. Rolfe's deposition he testified that as far back as 2007 officers in the VICE unit were routinely meeting alone with their confidential informants in violation of RPD policy. Ex. E, Rolfe Deposition at 183-84. He also testified that his direct supervisors, including Lt.

---

[1] The transcript of Det. Rattelade's deposition has not yet been provided to the parties but once complete, can be submitted to the Court at its request.

4

Bunch, Captain Quick and Captain Amstutz were all aware that VICE officers were meeting with informants alone in violation of policy. Ex. F, at 147-49. Sgt. Rolfe also stated that VICE's custom and policy of permitting officers to take buy money without supervisor approval was also known to his supervisors and a widespread practice. *Id.*

## CONCLUSION

Because these amendments involve evidence recently discovered by the Plaintiffs but already known to the Defendants, they do not cause undue prejudice but are fairly brought and should be permitted by the Court. These amendments also do not change the contours of the litigation but enhance claims and liabilities Defendants have long been aware of.

Respectfully submitted, this the 7th day of March 2023.

_____
Abraham Rubert-Schewel (N.C. Bar # 56863)
TIN FULTON WALKER & OWEN, PLLC
119 E. Main Street
Durham, NC 27701
Tel: (919) 451-9216
schewel@tinfulton.com

/s/ *Emily Gladden*
Emily D. Gladden
TIN FULTON WALKER & OWEN, PLLC
State Bar No.:   49224
204 N. Person Street
Raleigh, NC 27601
Telephone:	(919) 720-4201
Facsimile:	(919) 400-4516
Email:		Egladden@tinfulton.com

*/s/ Ian Mance*
Ian A. Mance
N.C. Bar No. 46589
EMANCIPATE NC
Post Office Box 309
Durham, NC 27702
Tel: (828) 719-5755
ian@emancipatenc.org

*/s/ Elizabeth Simpson*
Elizabeth G. Simpson
N.C. Bar No. 41596
EMANCIPATE NC
Post Office Box 309
Durham, NC 27702
Tel: (919) 682-1149
elizabeth@emancipatenc.org