IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:22-cv-68-BO

| YOLANDA IRVING, et al. | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiffs, | ) | **Plaintiffs' Memorandum in** |
| | ) | **Opposition to Motion to Require** |
| v. | ) | **Plaintiffs to Make Expert** |
| | ) | **Available for Deposition in** |
| CITY OF RALEIGH, et al. | ) | **Raleigh** |
| | ) | |
| Defendants. | ) | |
| | ) | |

NOW COME the Plaintiffs to reply to Defendants' Motion to Require Plaintiffs to Make Expert Available for Deposition in Raleigh. In support of their motion, Plaintiffs show the following:

1. Plaintiffs' Counsel recently consented to a request by Defendants to seek an extension of time from the Court so that Defendants can take the deposition of Plaintiffs' police practices expert, David Sweeney. Plaintiffs' Counsel also consented to the Defense's request for an extension of time to file dispositive motions. Plaintiffs consented to these requests after Mr. Sweeney became ill on the day of his deposition and was unable to participate. At the same time, for the reasons set forth below, Plaintiffs oppose the Defendants' request to compel them to pay for Mr. Sweeney to travel to Raleigh to sit for deposition.

2. In its motion to compel Plaintiffs to pay costs, Defendants' Counsel cites the Plaintiffs' recent Motion concerning the attempt by Counsel for Defendant

1

Abdullah to conduct depositions in violation of this Court's order staying his participation in discovery. According to the Defendants, "In said Motion, Counsel for Plaintiffs indicated that they would instruct their witness not to sit for the deposition as noticed by Counsel for Defendant Abdullah[;] however, it was unclear from Plaintiffs' Motion [DE 182] whether the witness would be made available to Counsel for Defendant SEU Officers."

3. The inclusion of this statement appears calculated to bolster the motion to compel Plaintiffs to pay costs and to give the Court a false impression that Plaintiffs' Counsel failed to inform Counsel for the Defendant SEU Officers whether the witness would be made available to them in Seattle on March 1. However, Plaintiffs' Counsel emailed all nine[1] of Defendants' attorneys on February 24, the same day the Motion for Protective Order was filed and one week before the scheduled deposition, making clear the objection with respect to the deposition of David Sweeney was specific to Counsel for Defendant Abdullah *only*, since he was the subject of the November 22, 2022 order staying his participation in discovery. As to all other Defendants, Plaintiffs' counsel wrote: **"We have no issue with counsel for the other defendants taking [Sweeney's] deposition."** See Exhibit 1 (email from Ian Mance to Defense Counsel, Feb. 24, 2023).

4. This email is not the only material fact omitted in Counsel's recitation of the events leading to the failed deposition on March 1. There is, for example, no

---

[1] A tenth attorney for the Defendants filed a notice of appearance on March 7, 2023.

discussion of the fact that Defendants waited until the last moment before the close of discovery to notice the deposition of a witness whose report they had for three months, and who they knew resides in Seattle, Washington. Defense Counsel neglected to pursue discovery of this witness in a timely manner, which contributed significantly to the logistical challenges faced by the parties.

5. Nevertheless, Plaintiffs' counsel worked to make the witness available for deposition as soon as Defense Counsel made their intentions to depose Mr. Sweeney known. Counsel timely reached out to Mr. Sweeney to determine his availability before the close of discovery on March 3. Mr. Sweeney responded on February 15 that he would be on vacation and unavailable the following week but that he could be available on Wednesday, March 1. Plaintiffs' counsel relayed that information to Defendants' Counsel the same day, and preparations were made to take the deposition. This occurred even as Defendants continued to wait to formally notice the depositions until February 23, at which point Mr. Sweeney was away from Seattle on his vacation and out of communication with all parties. Mr. Sweeney was not served with a subpoena until February 27.

6. Defendants now ask the Court to order Plaintiffs to pay their costs because Mr. Sweeney came down with a debilitating illness in the early morning hours of March 1—with symptoms that included nausea, vomiting, diarrhea, chills, and fever—and was unable to attend the deposition. According to Defendants, making Mr. Sweeney available in Raleigh at the Plaintiffs' expense is

warranted because "[t]his issue [his illness] was not raised with counsel for Defendants before the morning of March 1, 2023, after counsel for the SEU Defendants and Defendant Abdullah already had travelled to Seattle," and because the expenses allegedly "could have been avoided if they had been more timely informed of Mr. Sweeney's exposure and illness." Def. Br. 5.

7. However, there was no way Plaintiff's Counsel could have given Defense Counsel forewarning of Mr. Sweeney's illness because Plaintiff's Counsel did not have any indication that Mr. Sweeney was unwell until the morning of March 1, the date of the scheduled deposition—at which point they immediately notified Defense Counsel. Plaintiffs' Counsel spoke to Mr. Sweeney for the first time following his vacation on February 28, and there was no indication at that time that he was not feeling well and could potentially be unable to sit for the deposition as scheduled the next morning. Had Plaintiffs' Counsel had any forewarning of his illness or possible illness, they would have immediately communicated that to Defense Counsel.

8. Mr. Sweeney reports that he did not experience the aforementioned symptoms until the overnight hours of February 28 to March 1. Indeed, Defense Counsel does not and cannot explain *how* Plaintiffs could have "more timely informed" them of Mr. Sweeney's illness. Defense Counsel implies that Plaintiff's Counsel knew in advance that Mr. Sweeney's wife had fallen ill on their trip and remained sick for 3-4 days, but that is not the case. Plaintiff's counsel did not learn of his wife's illness—and did not even know he was married—until March

4

1, *after* Mr. Sweeney became ill himself. Plaintiff's Counsel relayed the information about his wife's illness to Defense Counsel on March 1, while the parties were conferring about whether Mr. Sweeney was likely to recover in time such that they could reschedule the deposition for the following day (March 2).

9. Plaintiffs' Counsel regret the extent to which the Court has been asked to adjudicate matters pertaining to discovery that counsel in a typical case would resolve on their own. Nevertheless, Defense Counsel has moved to impose costs on the Plaintiffs, and Plaintiffs' Counsel are obligated to respond on behalf of their clients.

10. Plaintiffs have no objection—other than the one previously filed with respect to Defendant Abdullah—to the parties deposing David Sweeney, their police practices expert. They have made this clear to Defendants from the time the issue was first raised. But Plaintiffs strongly object to Defendants' motion asking that they shoulder the cost of travel and accommodations to bring Mr. Sweeney to Raleigh to sit for a deposition here.

11. Mr. Sweeney's sudden illness was not foreseeable to the Plaintiffs. Whether Defendants' questions are posed to him in person or over Zoom, there is no reasonable basis to believe his answers will be any different.

For the foregoing reasons, the Defendants' Motion to Make Expert Available for Deposition in Raleigh should be **DENIED.**

Respectfully submitted,

This the 8th day of March 2023.

/s/ Ian Mance
Ian A. Mance
Elizabeth Simpson
EMANCIPATE NC, INC.
Post Office Box 309
Durham, NC 27702
ian@emancipatenc.org
elizabeth@emancipatenc.org

Abraham Rubert-Schewel
Nichad Davis
TIN FULTON WALKER & OWEN PLLC
119 E. Main Street
Durham, NC 27701
Telephone: (919) 451-7612
Facsimile: (718) 865-7010
schewel@tinfultcom.com
ndavis@tinfulton.com

Emily Gladden
TIN FULTON WALKER & OWEN PLLC
204 N. Person Street
Raleigh, NC 27601
egladden@tinfulton.com

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Dorothy Kibler
Amy Petty
City of Raleigh
P.O. Box 590
Raleigh, NC 27602
Dorothy.Kibler@raleighnc.gov
Amy.Petty@raleighnc.gov

Jason R. Benton
Daniel E. Peterson
Jessica R. Dixon
PARKER POWE ADAMS & BERNSTEIN LLP
620 S. Tryon St Suite 800
Charlotte, NC 28202
jasonbenton@parkerpoe.com
danielpeterson@parkerpoe.com
jessicadixon@parkerpoe.com

Norwood P. Blanchard, III
Crossley McIntosh Collier Hanley & Edes, PLLC
5002 Randall Parkway
Wilmington, NC 28403
norwood@cmclawfirm.com

Rodney E. Petty
Samuel G. Thompson, Jr.
Alayna M. Poole
Yates, McLamb & Weyher, LLP
Post Office Box 2889
Raleigh, North Carolina 27602
rpetty@ymwlaw.com
bthompson@ymwlaw.com
apoole@ymwlaw.com

Leslie C. Packer
Michelle A. Liguori
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, NC 27363

leslie.packer@elliswinters.com
michelle.liguori@elliswinters.com

/s/ Ian Mance
Ian A. Mance
EMANCIPATE NC