IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-cv-00068-BO

| YOLANDA IRVING, et al., | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | **OMAR I. ABDULLAH'S RESPONSE IN OPPOSITION TO PLAINTIFFS' "MOTION TO ENFORCE STAY OF DISCOVERY WITH RESPECT TO DEFENDANT ABDULLAH AND MOTION FOR PROTECTIVE ORDER"** |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF RALEIGH, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Omar I. Abdullah ("Abdullah") responds in opposition to Plaintiffs' "Motion to Enforce Stay of Discovery With Respect to Defendant Abdullah and Motion for Protective Order" (D.E. 182) (the "Motion to Enforce") as follows:

### STATEMENT OF RELEVANT FACTS

1. On or about February 22, 2022, Plaintiffs commenced this captioned action against several defendants, including Abdullah, alleging claims for relief deriving from a May 21, 2020 application for, and execution of, a search warrant in pursuit of narcotics trafficking charges against Marcus Vanirvin ("Vanirvin"). (D.E. 2).

2. Over five months later, on or about July 26, 2022, a grand jury empaneled in Wake County, North Carolina returned a true bill of indictment against Abdullah for unlawfully, willfully, and feloniously obstructing justice by providing alleged false statements to a judicial official on May 21, 2020 while pursuing heroin trafficking charges against Vanirvin. (D.E. 119-1 and 119-2).

3. On August 15, 2022, based on a motion filed by Defendant City of Raleigh, a court-hosted settlement conference was held, which ultimately resulted in an impasse. At that

conference, through the presiding U.S. magistrate judge, Abdullah's counsel advised Plaintiffs' counsel that he would likely have to seek a stay of the proceedings given the indictment.

4. On September 19, 2022, Abdullah filed his Motion to Stay Proceedings in which he sought (a) a stay of all proceedings in this matter until resolution or disposition of the aforementioned parallel criminal proceeding against him or (b) alternatively, a partial stay of discovery preventing any interrogatories, requests for admission and/or deposition of Abdullah until after resolution or disposition of such parallel criminal proceeding. (D.E. 118, 119 and 134).

5. On October 9, 2022, Plaintiffs filed their opposition to both the principal and alternative relief sought in Abdullah's Motion to Stay Proceedings. (D.E. 128).

6. On October 20, 2022, a hearing was held on, among other matters, Abdullah's Motion to Stay Proceedings. During the hearing, Plaintiffs renewed their opposition to all forms of relief sought in the Motion to Stay Proceedings. (Exhibit A).

7. Plaintiffs did not seek— in their opposition brief, at the October 20 hearing, or otherwise— a stay of reciprocal discovery, or a general limitation on Abdullah's ability to participate in discovery *aimed at others* in the event of the Court granting Abdullah his sought-for alternative relief for a partial stay as to discovery *aimed at him*.

8. By Order dated November 22, 2022, the Court, granting in part and denying in part Abdullah's Motion to Stay Proceedings, ruled as follows:

> In sum, Abdullah has not demonstrated that Court should stay this matter in its entirety. However, the Court will enter a limited stay as to defendant Abdullah. While Abdullah shall remain available to call as a deponent or a witness at trial, all other discovery and motions practice deadlines are stayed as to defendant Abdullah only. The stay is imposed for a period of 120 days and will terminate without further order of the Court unless a motion to extend the stay has been filed prior to its expiration.

(D.E. 141).

9. On November 29, 2022, undersigned counsel for Abdullah, Jason Benton, initiated a telephone call with counsel for Plaintiffs, Abraham Rubert-Schewel, to discuss the Court's November 22 Order concerning the stay. At no time during that call did Mr. Rubert-Schewel express his belief that the limited stay entered by the Court went beyond Abdullah's Motion and stayed entirely Abdullah's participation in discovery *aimed at others*.

10. Mr. Benton sent an email to Mr. Rubert-Schewel the next day, on November 30, 2022, explaining that Abdullah's counsel interpreted the Court's Order to only stay discovery aimed at Abdullah— excepting his deposition— and to not stay or limit Abdullah's participation in discovery *aimed at others*. Mr. Benton invited Mr. Rubert-Schewel to respond with any differing interpretation. (Exhibit B). Mr. Rubert-Schewel never responded or expressed a differing view.

11. After the Court's November 22 Order, and pursuant to its dictate, Abdullah sat for, and Plaintiffs' counsel took, his deposition over the course of several hours on December 15, 2022.

12. Abdullah's counsel also participated in the following depositions after November 22, 2022 and before the filing of this Motion to Enforce, *with no objection from Plaintiffs' counsel*:

- Detective Jason C. Gwinn on December 17, 2022

- Defendant Rolfe on January 4, 2023

- Plaintiff Yolanda Irving on January 27, 2023
- Defendant Monroe on January 31, 2023
- Plaintiff Dyamond Whitley on February 3, 2023[1]

13. On February 14, 2023, counsel for the SEU Defendants sent Plaintiffs' counsel an email requesting available dates for the depositions of Plaintiffs' expert witnesses, including David Sweeney. In response, Plaintiffs' counsel, Ian Mance, stated that Sweeney could be available for deposition on March 1, 2023 and that he would be testifying in Seattle, WA where his consulting business is located. (D.E. 184-1).

14. On February 20, 2023, Mr. Benton emailed Mr. Mance informing him that, though some counsel might choose to attend remotely, Mr. Benton planned on traveling to Seattle to examine Sweeney in person. Mr. Mance responded the next day, on February 21, stating that he was uncertain as to what location in Seattle could be available for the deposition. At this time, Mr. Mance did not object to Mr. Benton participating in the Sweeney deposition. (Id.)

15. On February 21, 2023, Abdullah's counsel emailed Plaintiffs' counsel with a notice and proposed subpoena for the deposition of Marcus Vanirvin to occur on March 3, 2023. (Exhibit C).

16. On February 22, 2023, at 11:10 am, Abdullah's counsel emailed Plaintiffs' counsel with the formal notice and subpoena for Sweeney's deposition to occur, as agreed, on March 1, 2023 in Seattle, WA. Mr. Benton also stated that he was in the process of making his travel plans to Seattle, WA. (Id.). Over five hours later, at 4:21 pm, for the very first time since the Court's November 22 Order, Mr. Mance introduced Plaintiffs' interpretation of the Order as prohibiting Abdullah from taking any discovery *aimed at others* while the limited stay was in place.

---

[1] All other depositions of Plaintiffs, and some of the Defendants, were completed before the November 22, 2022 Order.

Accordingly, Plaintiffs specifically objected to Mr. Benton taking the depositions of Sweeney and Vanirvin.[2] (D.E. 184-1). By this time, Mr. Benton had, as his previous email indicated, already purchased airfare to Seattle for the Sweeney deposition.

17. On February 23, 2023, Mr. Benton responded to Mr. Mance by email, expressing his disagreement with Plaintiffs' position on Abdullah's ability to participate in discovery *aimed at others* during the pendency of the stay. (D.E. 184-1). On February 24, 2023, Mr. Mance confirmed Plaintiffs' position and expressed that Plaintiffs' counsel would object to any questions asked by Mr. Benton and would instruct Sweeney not to answer. (Id.).

18. On February 24, 2023, Plaintiffs took the long-noticed depositions of Defendants Twiddy and McDonald. Abdullah's counsel was included on the certificate of service for the notice for such depositions and accordingly attended. Though Plaintiffs' counsel, Elizabeth Simpson, objected on the record on February 24 to Abdullah's counsel's participation in the McDonald deposition, she did not make any such objection to Abdullah's counsel's participation *on that same date* in the Twiddy deposition.

19. As planned, Mr. Benton travelled to Seattle, WA on February 27, 2023 in preparation for attending and participating in the March 1 deposition of Sweeney. That deposition did no go forward due to a cancellation made by Plaintiffs' counsel on the morning of March 1, contending that Sweeney was too ill to appear and participate. (See D.E. 184-1).

20. On February 28, 2023, Plaintiffs took the long-noticed deposition of Defendant Rattelade. Abdullah's counsel was included on the certificate of service for the notice for such

---

[2] Vanirvin's deposition did not proceed, as noticed, on March 3, because defense counsel were not able to locate him with a current address for purposes of serving him with a subpoena. As Vanirivn was listed in Plaintiffs' Initial Disclosures as a witness, defense counsel requested that Plaintiffs' counsel provide them with his last known contact information, which Plaintiffs' counsel finally provided on March 7, 2023.

deposition and accordingly attended. Plaintiffs' counsel, Abraham Rubert-Schewel, took the deposition and did not object to Abdullah's counsel's participation in it.

## ARGUMENT

I. **UNTIL 4:21 P.M. ON FEBRUARY 22, 2023, ALL PARTIES' REASONABLY INTERPRETED THIS COURT'S NOVEMBER 22, 2022 ORDER TO ONLY STAY DISCOVERY AIMED AT ABDULLAH.**

The entire purpose behind Abdullah's Motion to Stay Proceedings was to protect *his* ability to invoke, without risk of adverse inference, his Fifth Amendment right against self-incrimination in this civil matter while his parallel criminal proceeding was pending. (D.E. 119). No other party in this action had a similar interest to protect. Importantly, Abdullah's Brief in Support of his Motion to Stay Proceedings cited to *Drolett v. Robinson*, which recognized a district court's discretion to enter a "targeted, partial stay of discovery, as it relates to information to be provided by [a defendant]" facing a parallel criminal proceeding, so as to "account for the parties' various interests, as well as the need to allow this matter to progress toward trial." No. 1:20 CV 213, 2021 WL 737135, at *5 (W.D.N.C. Feb. 25, 2021). In entering the limited stay to protect the defendant in the case before it, the *Drolett* court did not correspondingly limit such defendant's right to take discovery of others. Though it denied a stay of the entire civil suit, and required him to sit for a deposition, this Court acknowledged Abdullah's need for some protection and entered a targeted, partial stay of discovery aimed at him. (D.E. 141 p 8).

Plaintiffs did not file their own motion to stay any discovery aimed at them or their witnesses, as they, upon information and belief, had no similar Fifth Amendment interest to protect. Their opposition to Abdullah's Motion to Stay Proceedings was as to both Abdullah's sought-after principal, and alternative, relief. Plaintiffs did not petition this Court, in the event it granted Abdullah's alternative relief, for a stay of any reciprocal discovery taken by Abdullah.

Accordingly, the Court's November 22, 2022 Order only responded to what was before it: the relief that Abdullah sought. It did not grant the relief that Plaintiffs now seek because that was never put before the Court in any motion.

Plaintiffs also never voiced any opposition to Abdullah's counsel's November 30, 2022 interpretation of the Court's Order and instead remained silent on the issue throughout discovery and up until 4:21 pm on February 22, 2023. Indeed, for three months after November 22, 2022, the parties conducted discovery in this matter consistent with the targeted, unilateral stay entered by the Court. The reason for Plaintiffs' sudden change of course on February 22, 2023 is unclear but it appears to have been precipitated by Abdullah's counsel's stated intention to exercise his right to be physically present for, and participate in, the deposition of Plaintiffs' liability expert witness in Seattle. Plaintiffs' change of course certainly does not achieve the ends of judicial economy, as it subjects Sweeney to two depositions in this action: one by all defendants other than Abdullah during the pendency of the stay and one by Abdullah after such stay is lifted. This is something Plaintiffs must have recognized before February 22, 2023, as they voiced no opposition to Abdullah's participation in the depositions of Plaintiffs Yolanda Irving and Dyamond Whitley, ostensibly so that those plaintiffs would not be subject to more than one deposition. Indeed, even after Plaintiffs' February 22 announcement concerning this Court's November 22, 2022 Order, their counsel only objected to Abdullah's participation in one out of the three depositions that have occurred. Ultimately, putting aside the eventual depositions of Sweeney and Vanirvin, out of the eight depositions taken of witnesses or parties other than Abdullah since November 22, 2022, Plaintiffs' counsel have only voiced their objection to Abdullah's counsel's participation in two.[3]

---

[3] Curiously, Mr. Rubert-Schewel, the Plaintiffs' attorney with whom Mr. Benton communicated last November concerning this Court's Order on the Motion to Stay Proceedings, has remained silent on this last second interpretation of the Order other than to lend his e-signature to the Motion to Enforce. Ian Mance and Elizabeth Simpson, both

Plaintiffs appear to suddenly seek their own stay of discovery, even after they opposed Abdullah's Motion to Stay Proceedings last year. They do so based on a strained and inconsistent view of this Court's Order a mere nine days before the March 3, 2023 close of discovery in this action. Further, Plaintiffs wish to invoke their "stay" only as to the depositions of certain witnesses, like their liability expert, Mr. Sweeney. This Court should not entertain such tactics to evade discovery and/or exponentially increase its cost.

## II. AT MINIMUM, PLAINTIFFS HAVE NO STANDING OR OTHER BASIS ON WHICH TO CHALLENGE ANY SUBPOENA FOR THE DEPOSITION OF MARCUS VANIRVIN.

Plaintiffs' Motion to Enforce requests that "the Court quash the subpoena sent to Mr. Vanirvin." (D.E. 182 p 4). In support, Plaintiffs' rely on a parallel cite in *U.S. Tobacco Cooperative Inc. v. Big South Wholesale of Virginia, LLC*, stating that "a party may challenge a third party subpoena through a motion for protective order." No. 5:13-CV-00527-F, 2016 WL 10542367, at *2 (E.D.N.C. Apr. 22, 2016). However, much like they have cherry-picked the depositions they wish to avoid by their last second interpretation of this Court's November 22, 2022 Order, Plaintiffs have simply cherry-picked language from *U.S. Tobacco Cooperative* to try and fit their baseless argument. A closer read of this decision, and frankly, of Fourth Circuit jurisprudence reveals that (1) "[o]rdinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena"; and (2) FRCP 26(b)'s relevance constraints otherwise forms the basis for a party without standing to challenge a subpoena to a nonparty. *See id.* (internal citations omitted). Plaintiffs have not identified a "personal right or privilege" at stake in any deposition of Mr. Vanirvin. Similarly, they have not articulated a relevancy objection to such discovery.

---

employed by Emancipate NC, are the only attorneys who have voiced objections outside of such Motion. Indeed, Mr. Mance was the author of the February 22, 2023 e-mail introducing Plaintiffs' objection.

Accordingly, Plaintiffs have no standing or other basis on which to challenge the subpoena to Mr. Vanirvin.

## CONCLUSION

Based on the foregoing reasons, Plaintiffs' "Motion to Enforce Stay of Discovery With Respect to Defendant Abdullah and Motion for Protective Order" should be denied.

Respectfully submitted, this the 10th day of March, 2023.

/s/ Jason R. Benton
Jason R. Benton
N.C. State Bar No. 27710
Jessica C. Dixon
N.C. State Bar No. 36719
Daniel E. Peterson
N.C. State Bar No. 41251
**PARKER POE ADAMS & BERNSTEIN LLP**
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Telephone: (704) 372.9000
Facsimile: (704) 334.4706
Email: jasonbenton@parkerpoe.com
jessicadixon@parkerpoe.com
danielpeterson@parkerpoe.com
*Attorneys for Defendant Omar I. Abdullah*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, the foregoing **OMAR I. ABDULLAH'S RESPONSE IN OPPOSITION TO PLAINTIFFS' "MOTION TO ENFORCE STAY OF DISCOVERY WITH RESPECT TO DEFENDANT ABDULLAH AND MOTION FOR PROTECTIVE ORDER"** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification and serve same upon counsel of record via the Court's electronic case filing system.

This the 10th day of March, 2023.

/s/ Jason R. Benton
Jason R. Benton
N.C. State Bar No. 27710
Jessica C. Dixon
N.C. State Bar No. 36719
Daniel E. Peterson
N.C. State Bar No. 41251
**PARKER POE ADAMS & BERNSTEIN LLP**
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Telephone: (704) 372.9000
Facsimile: (704) 334.4706
Email: jasonbenton@parkerpoe.com
jessicadixon@parkerpoe.com
danielpeterson@parkerpoe.com
*Attorneys for Defendant Omar I. Abdullah*