UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-68-BO

| | |
|---|---|
| YOLANDA IRVING, et al., | ) |
| Plaintiffs, | ) |
| v. | ) ORDER |
| THE CITY OF RALEIGH, et al., | ) |
| Defendants. | ) |

This is before the Court on defendant's motion to dismiss for failure to state a claim. [DE 129]. It is also before the Court on various discovery disputes. Emancipate has filed a motion to compel the production of specific documents. [DE 148]. The City of Raleigh has filed for a protective order. [DE 131, 152]. Emancipate opposed that protective order, and defendants filed two motions for leave to reply. [DE 159, 160]. Emancipate then filed its own motion for a protective order. [DE 166]. Emancipate filed a motion to strike one of defendant's replies [DE 145, 174]. Finally, the parties filed a consent motion to extend plaintiffs' discovery deadline related to their claimed psychological injuries. [DE 167].

## BACKGROUND

On May 21, 2020, the Selective Enforcement Unit[1] (SEU) allegedly executed a no-knock search warrant with their weapons drawn at 1628-B Burgundy Street, Raleigh, North Carolina. The individuals in the house ("the individual plaintiffs") claim to have suffered emotional injuries when the SEU defendants pointed their weapons at them.

---

[1] Officers David Mead, Jesus Ortiz, Kyle Perrin, Michael Mollere, Kyle Thompson, Vincent Debonis, Daniel Twiddy, Thomas Webb, David McDonald, and David Garner.

One of the plaintiffs, Emancipate NC, "is a North Carolina nonprofit organization dedicated to ending mass incarceration and structural racism in the legal system." [DE 93 ¶ 20]. Emancipate achieves its mission through litigation and community outreach. [DE 93 ¶¶ 198-199]. Emancipate alleges the Raleigh Police Department (RPD) had a policy of executing unconstitutional no-knock warrants. This policy allegedly "impaired Emancipate NC's mission of ending structural racism in the legal system." [DE 93 ¶ 197]. Specifically, Emancipate alleges it was injured when it diverted resources from other causes to combat RPD's policy. [DE 93 ¶ 201].

## DISCUSSION

This Court "expressly reserve[ed]" the issue of Emancipate's standing for "a later stage in the proceedings." [DE 141 at 7]. First, the Court revisits that issue and finds Emancipate did not suffer an injury in fact. Next, the Court dismisses the claims against the SEU defendants under the doctrine of qualified immunity.

### I. Emancipate's standing

A threshold question in determining whether a federal court has subject matter jurisdiction to decide a case or controversy is whether the plaintiff has standing under Article III of the United States Constitution. *Simon v. E. Kentucky Welfare Rts. Org.*, 426 U.S. 26, 37 (1976). The issue of standing may be raised at any time by either party or *sua sponte* by the Court. *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). Like an individual plaintiff, an organizational plaintiff must show standing. *Lane v. Holder*, 703 F.3d 668, 671 (4th Cir. 2012). Standing requires (1) an injury in fact, (2) that is fairly traceable to the defendant's alleged misconduct, and (3) is likely to be redressed by a favorable decision. *Id.* at 674.

The issue here is whether Emancipate NC has suffered an injury in fact. An organization is not injured by simply diverting resources to address an "abstract concern with a subject." *Simon*,

2

426 U.S. at 40; *Sierra Club v. Morton*, 405 U.S. 727, 739 (1972); *Lane*, 703 F.3d at 675. However, an organization may be injured when a defendant impedes that organization from performing its mission. *Lane*, at 674. Here, it is not enough that RPD's alleged no-knock policy was inconsistent with Emancipate's mission. Emancipate must show that defendants' conduct *impeded* Emancipate from carrying out its mission.

Applying these principles, it is clear that Emancipate was not injured in fact. Emancipate's mission is to end mass incarceration and racism in the legal system. [DE 93 ¶ 196]. Emancipate claims that it diverted resources to oppose RPD's policy of executing no-knock warrants. According to Emancipate, this diversion of resources prevented it from addressing other issues, causing Emancipate injury in fact. [DE 93 ¶¶ 196-201]. Emancipate may have diverted resources to challenge defendant's conduct, but that budgetary decision does not qualify as injury in fact. *Sierra Club*, 405 U.S. at 739; *Simon*, 426 U.S. at 40; *Lane*, 703 F.3d at 674–75. Emancipate does not have standing because it has not shown that defendants' actions impeded Emancipate from performing its mission.

Indeed, if Emancipate had standing here, it would follow that any organization with an "abstract concern" in an adjudication could establish standing by diverting resources to oppose a defendant's actions. *See Simon*, 426 U.S. at 40; *Lane*, 703 F.3d at 675. Such a principle is inconsistent with both the law and common sense. Therefore, Emancipate lacks standing, and this Court lacks jurisdiction to adjudicate Emancipate's pending motions.[2]

---

[2] Emancipate claimed to file motions on behalf of the individual plaintiffs, but there is no evidence of any agency relationship between Emancipate and the individual plaintiffs. The removal of Emancipate necessarily requires the dismissal of Emancipate's pending motions.

3

## II. Qualified immunity

Plaintiffs claim the SEU defendants used excessive force when they pointed their firearms at plaintiffs. The SEU defendants claim to be entitled to qualified immunity. To escape dismissal of a complaint on qualified immunity grounds, plaintiffs must allege defendants violated a right that was clearly established at the time of the violation. *Evans v. Chalmers*, 703 F.3d 636, 646 (4th Cir. 2012). The SEU defendants did not violate plaintiffs' clearly established rights. *See City of Tahlequah, Oklahoma v. Bond*, 142 S. Ct. 9, 11 (2021). Officers executing a search warrant do not violate any clearly established rights when they point their firearms at the unknown occupants of a residence. *Unus v. Kane*, 565 F.3d 103, 110–11, 118 (4th Cir. 2009); *see also United States v. Sinclair*, 983 F.2d 598, 602–03 (4th Cir. 1993) (holding officers acted reasonably in drawing weapons when stopping suspected drug traffickers, even when officers had no reason to believe suspects were armed and dangerous). Because plaintiffs cannot show a violation of a clearly established right, the SEU defendants are entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, defendants' motion [DE 129] to dismiss for failure to state a claim is GRANTED. The clerk is DIRECTED to dismiss claim eight and remove the SEU defendants from this case. The clerk is DIRECTED to remove Emancipate NC from this case for lack of standing. Consequently, the following motions are DENIED for lack of subject matter jurisdiction: [DE 131, 148, 152, 159, 160, 166, 174]. For good cause shown, the consent motion [DE 167] to extend plaintiffs' discovery deadline is GRANTED.

SO ORDERED, this __13__ day of March, 2023.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE