# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

Case No. 5:22-CV-00068-BO

| | |
|---|---|
| YOLANDA IRVING, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF RALEIGH, et al., <br><br> Defendants. | **BRIEF IN SUPPORT OF DEFENDANT OMAR I. ABDULLAH'S MOTION TO EXTEND LIMITED STAY** |

## BACKGROUND

Defendant Omar I. Abdullah ("Abdullah") incorporates herein as if fully set forth the "Background" section of his Brief in Support of his Motion to Stay Proceedings (D.E. 119) and further shows the Court as follows:

1. On October 20, 2022, this Court held a hearing on, among other matters, Abdullah's Motion to Stay Proceedings (D.E. 118). During the hearing, Plaintiffs confirmed their opposition to all forms of relief sought in the Motion to Stay Proceedings. (D.E. 190-1).

2. By Order dated November 22, 2022 (the "November 22 Order"), the Court, granting in part and denying in part Abdullah's Motion to Stay Proceedings, ruled as follows:

> In sum, Abdullah has not demonstrated that Court should stay this matter in its entirety. However, the Court will enter a limited stay as to defendant Abdullah. While Abdullah shall remain available to call as a deponent or a witness at trial, all other discovery and motions practice deadlines are stayed as to defendant Abdullah only. The stay is imposed for a period of 120 days and will terminate without further order of the Court unless a motion to extend the stay has been filed prior to its expiration.

(D.E. 141).[1]

3. After the November 22 Order, and pursuant to its dictate, Abdullah sat for, and Plaintiffs' counsel took, his deposition over the course of several hours on December 15, 2022.

4. On December 30, 2022, with the consent of all parties, the Court extended the Phase I discovery and dispositive motions filing deadlines to March 3, 2023 and March 31, 2023, respectively. (D.E. 156).

5. On March 3, 2023, with the consent of Plaintiffs, Defendants filed a motion seeking to extend the Phase I discovery deadline by 30 days in order to allow them to take the deposition of Plaintiffs' liability expert, David Sweeney, who cancelled his scheduled March 1 deposition due to illness. That motion also sought a 30-day extension of the dispositive motions filing deadline. (D.E. 183).

6. On March 13, 2023, this Court entered an Order granting, among other things, Defendants' Consent Motion to Extend Discovery Deadlines Related to Plaintiffs' Claims of Psychological Injury. (D.E. 167, 191). Accordingly, Defendants have until July 31, 2023 in which to disclose experts retained to opine on Plaintiffs' claims of psychological injury and the parties have until August 30, 2023 to conduct expert discovery related to such claims. (Id.)

7. The current limited stay expires on March 22, 2023.

8. Abdullah now seeks to extend the limited stay of all discovery aimed at Abdullah, and of all motions practice and trial deadlines that would otherwise be applicable to him, through at least September 15, 2023.

---

[1] On February 22, 2022 – three months to the day following the Court's ruling and after which extensive discovery aimed at parties other than Abdullah had occurred in which Abdullah's counsel participated without objection – Plaintiffs' counsel suddenly announced for the first time that they interpreted the Order to bar such participation by Abdullah. (D.E. 184-1). Plaintiffs' untimely interpretation of the November 22 Order, and Abdullah's opposition to the same, is the subject of a pending motion. (D.E. 182, 190).

## FACTS

Abdullah incorporates herein as if fully set forth the "Facts" section of his Brief in Support of his Motion to Stay Proceedings (D.E. 119) and further shows the Court as follows:

The following events have occurred since the entry of the November 22 Order:

- Abdullah has been arraigned and pled not guilty to the charge of obstruction of justice in his parallel criminal proceeding (Dysart Declaration ¶ 6, March 21, 2023)[2];

- Discovery has been exchanged in the criminal proceeding (Id. ¶ 7); and

- Abdullah's criminal defense counsel and the Assistant District Attorney assigned to prosecute Abdullah have tentatively agreed to a trial date in August of 2023. (Id. ¶ 8).

## ARGUMENT

Abdullah incorporates herein as if fully set forth the "Standard" and "Argument" sections of his Brief in Support of his Motion to Stay Proceedings (D.E. 119) and further shows the Court as follows:

According to the November 22 Order, the Court's principal concerns related to a stay of the entire proceedings in this matter were (1) the potential prejudice to Plaintiffs caused by a delay of the civil proceeding; (2) the unknown length of time for the pendency of the parallel criminal proceeding against Abdullah; and (3) the pendency of a separate civil action against Abdullah in the Eastern District of North Carolina (*Weaver v. City of Raleigh*, No. 5:22-CV-241-M), that had not been stayed. (D.E. 141 p 8). Accordingly, this Court, recognizing that "Abdullah's Fifth Amendment right against self-incrimination weighs heavily on the scale" but "does not tip the balance," entered a partial/limited stay protecting him from discovery and motions practice deadlines for a period of 120 days, with a possibility of an extension of such stay upon timely

---

[2] Attached hereto as Exhibit A.

motion. (Id.)

The Court's concerns related to a stay have been resolved. First, there has been no appreciable delay caused by the limited stay, as discovery has proceeded with vigor since the November 22 Order was entered. To date, 19 depositions have been taken, ***including the deposition of Abdullah*** which occurred on December 15, 2022. Of these 19 depositions, Plaintiffs' counsel noticed and led the examinations in 10. Defendants, predominantly through the City of Raleigh's efforts, have produced at least 16,000 pages of documents to Plaintiffs. Documents have also been produced by Plaintiffs and non-parties responding to subpoenas and/or medical authorizations. "[T]he deterioration of witness memories and misplaced or lost documentary evidence," therefore, is no longer a risk mitigating against an extension of the limited stay in this matter. (*See* D.E. 141 p 8). Given that Abdullah's deposition has already been taken, during which he substantively answered some questions and invoked his Fifth Amendment rights in response to others, it is difficult to discern what more Plaintiffs could hope to accomplish with additional discovery aimed at Abdullah while he is under indictment other than to attempt to improve their chances of receiving adverse inferences at the trial of the civil action. Such a strategy, though, provides no justification for terminating the current stay; rather, it is reason enough to extend it in order to protect Abdullah's constitutional right against self-incrimination.

Second, Abdullah now has more information concerning the pendency of his parallel criminal proceeding, as the parties to that proceeding have agreed to an August 2023 trial, and are taking steps towards securing a trial date during that month. (Dysart Decl. ¶ 8). Indeed, the anticipated trial date of the criminal case coincides neatly with the August 30, 2023 close of damages discovery in this action. (D.E. 167, 191). Thus, an extension of the limited stay through September 15, 2023 will not prejudice Plaintiffs' efforts to prosecute this civil action nor will it

unnecessarily delay or hamstring this Court's interest in its continued progression.[3]

Finally, the *Weaver* action, which is separately pending in this district against Abdullah, concerns alleged conduct that occurred ***over a year and a half before*** the alleged conduct at issue both in this lawsuit and Abdullah's criminal proceeding. There is not the same risk of self-incrimination, or of an adverse inference, in *Weaver* as there is here. This is why a stay has been requested in this action, and not in *Weaver*.

## CONCLUSION

Given the current state of this civil action and of the parallel criminal proceeding, Abdullah's right against self-incrimination tips the balance of the scale towards an extension of the limited stay. For the reasons discussed above, Omar I. Abdullah respectfully requests that the Court grant his Motion to Extend Limited Stay and enter an Order further staying all discovery aimed at him and all motions practice and trial deadlines that would otherwise be applicable to him through and including September 15, 2023.

Respectfully submitted, this the 21st day of March, 2023.

/s/ Jason R. Benton
Jason R. Benton
N.C. State Bar No. 27710
Jessica C. Dixon
N.C. State Bar No. 36719
Daniel E. Peterson
N.C. State Bar No. 41251

---

[3] Abdullah seeks an extension of the limited stay in this matter through September 15, 2023 in the event that the criminal trial is set for the last week of August and carries over into the next month.

**PARKER POE ADAMS & BERNSTEIN LLP**
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Telephone: (704) 372.9000
Facsimile: (704) 334.4706
Email: jasonbenton@parkerpoe.com
jessicadixon@parkerpoe.com
danielpeterson@parkerpoe.com

*Attorneys for Defendant Omar I. Abdullah*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, the foregoing **Brief in Support of Defendant Omar I. Abdullah's Motion to Extend Limited Stay** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification and serve same upon counsel of record via the Court's electronic case filing system.

This the 21st day of March, 2023.

/s/ Jason R. Benton
Jason R. Benton
N.C. State Bar No. 27710
Jessica C. Dixon
N.C. State Bar No. 36719
Daniel E. Peterson
N.C. State Bar No. 41251
**PARKER POE ADAMS & BERNSTEIN LLP**
Bank of America Tower
620 S. Tryon St., Suite 800
Charlotte, NC 28202
Telephone: (704) 372.9000
Facsimile: (704) 334.4706
Email: jasonbenton@parkerpoe.com
jessicadixon@parkerpoe.com
danielpeterson@parkerpoe.com

*Attorneys for Defendant Omar I. Abdullah*