UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

YOLANDA IRVING, individually and as the natural parent and guardian of J.I., JUWAN HARRINGTON, CYDNEEA HARRINGTON, KENYA WALTON individually and as the natural parent and guardian of R.W., ZIYEL WHITLEY, DYAMOND WHITLEY, KAMISHA WHITLEY, NANETTA GRANT as the natural parent and guardian of Z.G.,

Plaintiffs,

v.

THE CITY OF RALEIGH, Officer OMAR I. ABDULLAH, Sergeant WILLIAM ROLFE, Officer RISHAR PIERRE MONROE, Officer JULIEN DAVID RATTELADE, and Officer MEGHAN CAROLINE GAY, Chief of Police ESTELLA PATTERSON and City Manager MARCHELL ADAMS-DAVID, in their official capacities.

Defendants.

5:22:CV-0068-BO

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANTS TO PRODUCE TEXT MESSAGES**

1

## SUMMARY OF THE FACTS OF THE CASE

Plaintiffs are ten individuals challenging the constitutionality of a wrongful warrant execution by Raleigh SWAT and VICE officers on their private homes on May 21, 2020. The Plaintiffs are represented by undersigned counsel, including the lawyers at Emancipate NC, Elizabeth Simpson and Ian Mance.

The Plaintiffs, mothers and their children, are innocent residents of Raleigh, NC. They were not the actual subjects of the warrant that was mistakenly executed upon them due to a mixture of corrupt policing, negligence and systemic failures in police oversight and policy. The corrupt policing scheme—in which former Detective Abdullah and the VICE squad worked with a confidential informant named "Aspirin" to frame multiple Black men for trafficking heroin—is now the subject of criminal prosecution by the Wake County District Attorney's Office. One victim of that scheme resided at 1620-B Burgundy Street. He was the actual target of the warrant executed on May 21, 2020. Due to police error, however, the warrant was executed on the individual Plaintiffs' homes at 1628-B and 1628-A Burgundy Street, terrifying the individual Plaintiffs who were minding their business at home during the height of the COVID-19 pandemic.

## THE MISSING TEXT THREAD

This motion respectfully requests the Court compel the VICE Defendants to provide the entirety of the text communications between Defendants related to Abdullah and Aspirin's buy operations. These messages have long been in the custody of defense counsel but have been produced only piece meal or not at all.[1] In fact, the most significant text messages—which document the VICE officers placing "bets" on whether Aspirin would again produce fake heroin—

---

[1] The City has produced numerous text messages from Officer Abdullah. However, few, if any, messages have been produced from Defendants Gay, Monroe, Rattelade or Rolfe.

2

were produced by a non-party. Defendants' text messages serve as crucial evidence in this matter: proof that the VICE officers knew that Aspirin was an unreliable informant and that he was producing fake heroin at the time of the illegal raid on Plaintiffs' homes.

Plaintiffs served Requests for Production on Defendants on July 21, 2022. The parties have largely cooperated in the exchange of discovery. However, Defendants continue to withhold text conversations between the VICE Defendants.

Importantly, Defendants testified at their depositions that the VICE team maintained an ongoing text thread of real-time communication about their operations including those involving Abdullah and his informant Aspirin. *See, e.g.,* Ex. A, Rolfe Depo. pg. 187, lines 3-7 ("there was always an ongoing [text] thread"); Ex. B, Monroe Depo. Pg 79 (indicating Abdullah would inform the VICE team of buy operations through "group text"); Ex. C, Gay Depo. pg. 145-46 (confirming the VICE team had a "group chat" in 2019 to discuss all things about "the case[s]" including "search warrant[s]" and "buys").

On December 19, 2022, in response to a subpoena, Detective Jason Gwinn a non-party, provided a portion of a text message thread sent between members of the VICE team on May 21, 2020, the day of the illegal raid. The thread included VICE team members Monroe, Rattelade, Gay and Gwinn. The thread documents the Defendants placing "bets" on whether Aspirin would again produce "fake heroin." Ex. D, VICE team text thread. *None of the VICE Defendants produced this text thread in discovery.*



Plaintiffs have repeatedly requested—since receiving this portion of the text thread—that both the City and the individual Defendants provide the entirety of the text communications between the VICE Defendants related to Abdullah and Aspirin's buy operations. None of the Defendants have provided complete copies of this text thread. None have even provided their own copy of the above text exchange.

After a meet and confer where the outstanding text messages were discussed, the Defendants, as partially documented in a memorandum from the City[2], gave the following explanations for why messages had not been provided:

- Detective Rattelade's City Cellphone: Is in the custody of the City. On January 26, 2023, the City agreed to perform an extraction and search of this phone. On March 3, 2023, the final day of discovery, the City produced a portion of a cellphone extraction that shows communication involving Detective Rattelade occurred, but does not show the actual messages sent or received. On the date these messages were produced, Plaintiffs' counsel responded in an email requesting the City provide the messages in a format that shows the content of the message. For example, by taking a "screen shot" or photo of the messages and producing that to counsel. The City responded that it had complied with its discovery obligations, had gathered all data they could from the messages, and would not be providing additional messages or the same messages in a readable format. *See* Ex. F, Email Exchange.

---

[2] *See* Ex. E, Summary of Meet and Confer Session.

> **RE: SERVICE BY EMAIL ONLY Irving et al v. City et al, Supplemental Documents to Plaintiffs' First Consolidated Set of Requests**
>
> Abraham Rubert-Schewel
> To: 'Kibler, Dottie'; Emily Gladden; Nichad Davis; Ian Mance; Elizabeth Simpson
> Cc: Benton, Jason R.; Dixon, Jessica C.; Leslie C. Packer (leslie.packer@elliswinters.com); Michelle Liguori; Rod Pettey; Alayna Poole; Norwood Blanchard; Svendsgaard, Lisabeth
>
> Fri 3/3/2023 3:45 PM
>
> You replied to this message on 3/10/2023 4:26 PM.
>
> Thanks Dottie,
>
> Can you explain why you were unable to locate or produce the same portion of the text message chain that was previously produced by Det. Gwinn? Are you able to produce the text messages from Det. Rattelade in a format that does not simply state unknown but actually shows the content of the message? I imagine you could simply take a screen shot as Gwinn did. There are also text to pdf programs that should show it.
>
> If not, can you provide us with the cellphone to have our experts conduct an extraction?
>
> Best,
>
> Abe

- Detective Gay's City Cellphone: Detective Gay claims she does not recall her phone password. No text messages have been produced from Detective Gay's cell phone. On March 21, 2023, Defense counsel notified Plaintiffs that they now have access to Detective Gay's phone and would be providing responsive messages. *See* Ex. F.
- Detective Gwinn's City Cellphone: The Defendants agreed to produce responsive records from Gwinn's cellphone. These records have not been produced. This phone is in the custody of Attorney Rod Pettey. *Id.*
- Detective Monroe's City Cellphone: According to Defendants the phone in use at the time of the incident is no longer in the City's possession. No text messages have been produced by Detective Monroe. *Id.*
- Sergeant Rolfe's City Cellphone: According to Defendants the phone in use at the time of the incident is no longer in the City's possession. Sgt. Rolfe testified at his

deposition that the screen shattered. No text messages have been produced by Sgt. Rolfe. *Id.*

It is abundantly clear that the VICE officers text message thread—in its entirety—would contain evidence of what the Defendants knew regarding Aspirin and controlled buys that resulted in fake heroin or false information. The crux of the VICE officers defense to this point is that they believed Aspirin to be a reliable informant. The small number of messages Plaintiffs have received show that was not the case. Plaintiffs respectfully request the Court order Defendants to provide the complete text thread for use at trial and dispositive motions practice.

## SANCTIONS

The Court may "order sanctions" on a party that has failed "to serve its answers, objections, or written response" to interrogatories or document requests. Fed. R. Civ. P. 37(d)(1)(A)(ii). Such sanctions "must" include "reasonable expenses, including attorney's fees . . . unless the failure was substantially justified" or such an order would otherwise be unjust. Fed. R. Civ. P. 37(d)(3). Here, the failure is not justified. These text messages have long been known to Defendants and in their possession. Defendants instead of voluntarily producing the messages have attempted to stonewall Plaintiffs and run out the discovery clock.

## CONCLUSION

Plaintiffs respectfully request an order instructing Defendants to produce all text messages related to controlled buys or arrests involving officer Abdullah and Aspirin.

Respectfully submitted, this the 22nd day of March 2023.

/s/ Abraham Rubert-Schewel
Abraham Rubert-Schewel

(N.C. Bar # 56863)
TIN FULTON WALKER & OWEN, PLLC
119 E. Main Street
Durham, NC 27701
Tel: (919) 451-9216
schewel@tinfulton.com

/s/ *Emily Gladden*
Emily D. Gladden
TIN FULTON WALKER & OWEN, PLLC
State Bar No.: 49224
204 N. Person Street
Raleigh, NC 27601
Telephone: (919) 720-4201
Facsimile: (919) 400-4516
Egladden@tinfulton.com

/s/ Nichad Davis
Nichad Davis
(N.C. Bar # 56297)
TIN FULTON WALKER & OWEN, PLLC
119 E. Main Street
Durham, NC 27701
Tel: (919) 213-1907
ndavis@tinfulton.com

*/s/ Ian Mance*
Ian A. Mance
N.C. Bar No. 46589
EMANCIPATE NC
Post Office Box 309 Durham, NC 27702
Tel: (828) 719-5755
ian@emancipatenc.org

*/s/ Elizabeth Simpson*
Elizabeth G. Simpson
N.C. Bar No. 41596
EMANCIPATE NC
Post Office Box 309
Durham, NC 27702
Tel: (919) 682-1149
elizabeth@emancipatenc.org