UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:22-cv-68-BO

| YOLANDA IRVING, et al., | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | MEMORANDUM OF LAW IN |
| v. | ) | SUPPORT OF |
| | ) | SEU DEFENDANTS' |
| THE CITY OF RALEIGH, et al., | ) | APPLICATION FOR COSTS |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

NOW COME the SEU Defendants, by and through undersigned counsel, and offer this Memorandum of Law in support of their Application for Costs pursuant to Federal Rule of Civil Procedure 54(d)(1), Local Rule 54.1, and 28 U.S.C. § 1920. As explained below, the SEU Defendants have incurred recoverable costs for electronically stored transcripts, obtaining medical recordings, service of process, and docketing fees. As these items were necessarily obtained for use in this case, the SEU Defendants respectfully ask this Court that these costs be awarded to them.

STATEMENT OF THE CASE

On February 21, 2022, Plaintiffs Yolanda Irving and Kenya Walton, as well as other occupants of their homes, commenced this action by filing a Complaint against the City of Raleigh, several officers of the Raleigh Police Department's drugs and vice unit, and John and Jane Doe SEU Defendants. DE 2. On May 16, 2022, Plaintiffs filed an

1

Amended Complaint to add as a party plaintiff Emancipate NC, Inc. DE 41. On August 31, 2022, Plaintiffs amended their Complaint once again to identify by name each SEU Defendant. DE 93.

On October 18, 2022, the SEU Defendants filed a Motion to Dismiss pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. DE 129; DE 130; DE 145. The SEU Defendants argued that Plaintiffs had failed to state a claim against them and that thus the SEU Defendants should be dismissed from the action. DE 130. The SEU Defendants also argued that Emancipate NC lacked standing to pursue the claim and thus should be dismissed as a party plaintiff. Id.

While that motion was pending, the plaintiffs in this matter, and a number of defendants, including four of the individual SEU Defendants, were deposed. See infra pp. 3–4. Counsel for the SEU Defendants also noticed the deposition of Plaintiffs' expert on psychological injury, served a subpoena for the deposition, and requested in discovery medical records for the Plaintiffs, including to assist with taking the deposition of Plaintiffs' expert witness. See Ex. A.

On March 31, 2023, this Court granted the SEU Defendants' motion, thereby dismissing the SEU Defendants as party defendants and Emancipate NC as a party plaintiff. DE 191. Order having been entered in favor of the SEU Defendants, the SEU Defendants now respectfully request, pursuant to Federal Rule of Civil Procedure 54(d)(1), Local Rule 54.1, and 28 U.S.C. § 1920, that the Clerk of Court tax the items enumerated hereafter.

ARGUMENT

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Among the taxable costs are "[f]ees of the for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

Counsel for Plaintiffs took the deposition of Defendants in the following order:

- Officer Meghan C. Gay on October 28, 2022;
- Officer David Mead on November 1, 2022;
- Officer Jesus Ortiz on November 1, 2022;
- Officer Omar Abdullah on December 15, 2022;
- Detective Jason C. Gwinn on December 19, 2022;
- Officer William Rolfe on January 17, 2023
- Officer Rishar Pierre Monroe on January 31, 2023
- Sergeant David McDonald on February 24, 2023;
- Officer Daniel Twiddy on February 24, 2023;
- Sergeant Julian David Rattelade on February 28, 2023.

Counsel for Defendants took the deposition of Plaintiffs as follows:

- Yolanda Irving on November 14, 2022, and January 27, 2023;
- Kenya Walton on November 15, 2022;
- Cydneea Harrington on November 16, 2022;
- J.I. on November 16, 2022;

3

- Juwan Harrington on November 16, 2022;
- Robert Whitely, Jr., on November 17, 2022;
- Ziyel Whitley on November 17, 2022;
- Kamisha Whitley on November 18, 2022;
- Z.G. on November 18, 2022;
- Dyamond Whitley on February 3, 2023;
- Plaintiffs' expert on psychological injury, Dr. Mary Anne Etheridge, on March 13, 2023.

Counsel for the SEU Defendants obtained electronic transcripts for all these depositions. Counsel for the SEU Defendants necessarily participated in these depositions and ordered the transcripts thereof while the result of the SEU Defendants' Motion to Dismiss was pending. Counsel for the SEU Defendants used these transcripts in their defense for this matter, including, in preparation for an anticipated motion for summary judgment and, if necessary, an anticipated trial. LaVay Corp. v. Dominion Fed. Savings & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987) ("A district court should award costs when the taking of a deposition is reasonably necessary at the time of its taking."); see also Ray Commc'ns, Inc. v. Clear Channel Commc'ns, 2011 WL 3207805, at *3 (E.D.N.C. July 26, 2011) (stating that, under LaVay Corp., it is not necessary that the

deposition transcripts be specifically used in trial or in a dispositive motion briefing for a prevailing party to recover the costs thereof).[1]

A prevailing party's recoverable costs also include "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Here, the SEU Defendants incurred costs to recover the medical records of Plaintiffs for use in preparation of the deposition of Plaintiffs' expert Dr. Mary Anne Etheridge, and for anticipated summary judgment motions and trial; these are recoverable costs under this section. See Cannon v. Wal-Mart Assocs., Inc., No. 5:19-CV-373-D, 2021 WL 6051379, at *1 (E.D.N.C. Dec. 21, 2021) ("Defendants also seek $153.75 in copy costs associated with obtaining medical records. These costs are taxed pursuant to § 1920(4)." (citations omitted)). These were particularly necessary in this case due the nature of Plaintiffs' Complaint; specifically, Plaintiffs claimed they had suffered serious psychological injury as a result of the SEU Defendants' alleged actions when executing a search warrant at their homes on May 21, 2020. DE 2; DE 41; DE 93 ("RPD Officers pointed assault rifles at Plaintiffs, some of whom were minor children, entered their homes suddenly, forcefully, and without consent or warning, frisked and searched them, and forced them to sit on the ground for over an hour while their homes were ransacked. . . . Plaintiffs have suffered, and continue to suffer, severe and ongoing damages, specifically physical pain and injuries, serious psychological and emotional damage, and loss of quality of

---

[1] The November 11, 2022, deposition of Plaintiff Yolanda Irving was also used in filing the SEU Defendants' Reply Brief to Plaintiffs' Brief in Opposition to the SEU Defendants' Motion to Dismiss. DE 145.

life."). Additionally, Plaintiffs' expert witness Dr. Mary Anne Etheridge evaluated Plaintiffs Yolanda Irving, J.I., Ziyel Whitley, and Z.G., and diagnosed each of them with a trauma disorder allegedly caused by Defendants; thus, counsel for the SEU Defendants sought Plaintiffs' medical records to evaluate Dr. Etheridge's claims and also for use during the deposition of Dr. Etheridge.

Lastly, the SEU Defendants have also incurred costs for serving Dr. Etheridge with a subpoena for the purpose of deposing her. See 28 U.S.C. § 1920(1) (list as recoverable "[f]ees of the clerk and marshal); see also Arista Records LLC v. Gaines, 635 F. Supp. 2d 414, 418-19 (E.D.N.C. 2009) ("In making fees of the Marshal taxable as costs in 28 U.S.C. § 1920, Congress exhibited an intent to make service of process a taxable item.").

## CONCLUSION

During the course of this case, the SEU Defendants incurred recoverable costs for electronically stored transcripts, obtained medical records of Plaintiffs, and serving a subpoena on Plaintiffs' expert witness. As these items were necessarily obtained for use in the case, and as the SEU Defendants are the prevailing party following this Court's Order dismissing them as party defendants, DE 191, the SEU Defendants respectfully ask this Court to tax the costs of this action against Plaintiffs in the amount of $10,828.49.

This the 27th day of March, 2023.

/s/ Leslie C. Packer
Leslie C. Packer

N.C. State Bar No. 13640
Michelle A. Liguori
N.C. State Bar No. 52505
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
leslie.packer@elliswinters.com
michelle.liguori@elliswinters.com

*Counsel for SEU Officer Defendants*