UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-68-BO

YOLANDA IRVING, et al., )
      Plaintiffs, )
v. ) ORDER
)
THE CITY OF RALEIGH, et al., )
      Defendants. )

This is before the Court on plaintiffs' motions [DE 178, 181] for leave to file a manual exhibit, and plaintiffs' motion [DE 182] for a protective order that would prevent defendant-Abdullah from conducting discovery. Finally, defendants' consent motion [DE 183] asks the Court to extend the deadline to file dispositive motions.

### I. Plaintiffs may file their supplemental exhibit [DE 178, 181].

On March 11, this Court dismissed plaintiffs' motion to strike. [DE 191]. In the instant motions, plaintiffs seek to supplement that motion with sealed police bodycam footage of the search warrant. To create a fair and accurate record, those motions will be granted. [DE 178, 181].

### II. The Court will not prevent Abdullah from conducting discovery [DE 182].

Abdullah, one of the defendants, is facing criminal charges in state court. Abdullah sought "a stay of these proceedings pending resolution of [that] parallel criminal action. . . ." [DE 119]. After weighing Abdullah's Fifth Amendment interest, the Court stayed "discovery and motions practice deadlines [] as to defendant Abdullah only." [DE 141 at 8]. That order protects Abdullah from being deposed. Plaintiffs now argue it also prevents him from conducting depositions.

The entire purpose behind that order was to protect Abdullah's Fifth Amendment right against self-incrimination while his parallel criminal proceeding was pending. Both parties understood the order was meant to *shield* Abdullah from plaintiffs' discovery, not prevent

Abdullah from conducting discovery. When Abdullah's counsel sent an email memorializing this understanding, plaintiffs did not object. [DE 190 Exh. B]. And weeks after the order, when Abdullah played a role in conducting five depositions, plaintiffs did not object. [DE 190 ¶ 12]. Therefore, plaintiffs' motion must be denied.

### III. The parties have until May 1, 2023 to file dispositive motions [DE 183].

The deadline to file dispositive motions was March 31, 2023. With plaintiffs' consent, defendants move for an extension of that deadline. For good cause shown, the Court will extend the deadline to file dispositive motions until May 1, 2023. Defendants withdrew their remaining arguments, so those will be denied as moot.

### CONCLUSION

For the foregoing reasons, plaintiffs' motions [DE 178, 181] are GRANTED. Plaintiffs' motion [DE 182] for a protective order is DENIED. Defendants' motion [DE 183] is GRANTED in part. Dispositive motions will be filed on or before Monday, May 1, 2023. The remaining portions of that motion [DE 183] are DENIED AS MOOT.

SO ORDERED, this **31** day of March, 2023.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE