IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:22-cv-0068-BO

YOLANDA IRVING, individually and as the natural parent and guardian of J.I., JUWAN HARRINGTON, CYDNEEA HARRINGTON, KENYA WALTON individually and as the natural parent and guardian of R.W., ZIYEL WHITLEY, DYAMOND WHITLEY, KAMISHA WHITLEY, NANETTA GRANT as the natural parent and guardian of Z.G., and EMANCIPATE NC, INC.,

               *Plaintiffs*,

   v.

THE CITY OF RALEIGH, Officer OMAR I. ABDULLAH, Sergeant WILLIAM ROLFE, Officer RISHAR PIERRE MONROE, Officer JULIEN DAVID RATTELADE, and Officer MEGHAN CAROLINE GAY, Officer DAVID MEAD, Officer JESUS ORTIZ, Officer KYLE PERRIN, Officer MICHEAL MOLLERE, Officer KYLE THOMPSON, Officer VINCENT DEBONIS, Officer DANIEL TWIDDY, Officer THOMAS WEBB, Officer DAVID MCDONALD, Officer DAVID GARNER, Chief of Police ESTELLA PATTERSON and City Manager MARCHELL ADAMS-DAVID, in their official capacities.

               *Defendants*.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR DISALLOWANCE OF DEFENDANTS' BILL OF COSTS**

1

Plaintiffs Yolanda Irving, Juwan Harrington, Cydneea Harrington, Kenya Walton, Ziyel Whitley, Dyamond Whitley, Kamisha Whitley, Nanetta Grant and Emancipate NC ("Plaintiffs") hereby submit this memorandum in opposition to the Selective Enforcement Unit Officers, David Mead, Jesus Ortiz, Kyle Perrin, Michael Mollere, Kyle Thompson, Vincent Debonis, Daniel Twiddy, Thomas Webb, David McDonald, and David Garner's ("SEU Defendants") Application for Costs pursuant to Rule of Civil Procedure 54(d)(1), Local Rule 54.1, and 28 U.S.C. § 1920.

## STATEMENT OF THE CASE

On May 21, 2020, Plaintiffs were subject to a "No-Knock" raid of their homes by over a dozen heavily armed RPD SEU officers. Many of the Plaintiffs were minors, none were armed, and none fit the description of the intended subject of the raid. Nonetheless, Plaintiffs were detained and searched by SEU Defendants in their homes, during which time the SEU Defendants pointed guns at them, threatened to shoot their dog, and ordered one Plaintiff to cover his face with his hands while held at gun point.

Plaintiffs are mostly of modest means with low or no annual job-based income. All of the individual Plaintiffs receive government assistance including Medicaid.[1] Plaintiff mothers, Yolanda Irving and Kenya Walton, work as bus drivers for hospital patients and special needs students.

On August 31, 2022, Plaintiffs filed a second amended complaint ("SAC") against SEU Defendants, alleging multiple violations of their constitutional rights. D.E. 93. On October 18, 2022, SEU Defendants filed a motion to dismiss claim eight of Plaintiffs' SAC. On March 13, 2023, this Court granted SEU Defendants Motion to Dismiss. D.E. 129. On March 27, SEU

---

[1] If the Court requires Plaintiffs will submit each of their Medicaid benefit cards under seal.

Defendants filed a Bill of Costs, requesting that the Clerk of Court tax the indigent or near-indigent Plaintiffs a total of $10,828.49, including thousands of dollars for copies of transcripts already obtained by co-defendants. D.E. 198. On April 10, 2023, Plaintiffs filed a Notice of Appeal of the Court's order dismissing the SEU Defendants. D.E. 217.

## ARGUMENT

A Court may deny costs to a prevailing party when there would be an "element of injustice" in granting that party's Bill of Costs. *Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). To support a denial of costs, the non-prevailing party may show that they acted in good faith in bringing the suit and establish the existence of some other mitigating factor further justifying a denial. *See Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994). "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011). Regardless of the injustice of the award itself, the Fourth Circuit has advised against granting costs when doing so depends on the correctness of a substantive issue which is being appealed. *See Wright v. Jackson*, 522 F.2d 955, 957 (4th Cir. 1975).

Here, Plaintiffs acted in good faith in bringing suit against the SEU Defendants. Additionally, factors two, three, and five of the *Ellis* test are present here. Finally, Plaintiffs have filed notice that they intend to appeal the dismissal on which SEU Defendants' taxation of costs relies. For these reasons, Platintiffs' respectfully request that this Court deny SEU Defendants' Bill of Costs.

3

## I. The Issue Is Being Appealed

Here, plaintiffs have filed a Notice of Appeal, so the question of who should bear costs is premature. The Fourth Circuit has directed lower courts to refrain from granting discretionary costs to prevailing parties when that party's victory is being appealed. *Wright*, 522 F.2d at 957 ("The policy against piecemeal appeals suggests that a court proposing to award discretionary costs should do so before the appeal is taken from its substantive order."); *see also Reed v. Health and Human Services*, 774 F.2d 1270, 1277 (4th Cir. 1985) ("Though appellate review of such an award or denial of award may best be done on appeal of the merits of the case, a district court may properly defer ruling pending ultimate resolution of the merits, hence determination of the prevailing party question.") (citations omitted) *rev'd on other grounds*, *Lukhard v. Reed*, 481 U.S. 368 (1987). This Court has cited a pending appeal as a reason to deny costs to a prevailing party. *See Pharmanetics, Inc. v. Aventis Pharm., Inc.*, 5:03-CV-817-FL(2), 2006 WL 8438578, at *2 (E.D.N.C. Mar. 24, 2006) (staying an application for costs because the substantive issue was being appealed); *see also Shipman v. United Parcel Serv., Inc.*, 5:12-CV-589-F, 2013 WL 6622944, at *2 (E.D.N.C. Dec. 16, 2013) ("A district court has direction [sic] to defer taxation of costs pending appeal.").

Here, Plaintiffs filed a Notice of Appeal after the Court granted SEU Defendants' Motion to Dismiss. Because Plaintiff continues to contest the dismissal of the SEU Defendants, and because future litigation on the issue is likely, considerations of fairness and judicial efficiency weigh against a taxation of costs at this time. As this Court has reasoned in similar circumstances, "if this court's judgment is reversed in whole or in part by the appellate court, the prevailing party as to some of the claims might change, and so any judgment of costs would be invalidated and the parties would have to resubmit and relitigate their bills of costs."

4

*Pharmanetics, Inc.*, 2006 WL 8438578, at *2. Denying the SEU Defendants' Bill of Costs would avoid unfairness to Plaintiffs and redundant litigation.

## II. The Plaintiffs Acted in Good Faith

Although not dispositive of the issue, the Plaintiffs' good faith is "a valid factor to consider in determining whether an award of costs is appropriate." *Teague*, 35 F.3d at 996. Here, Plaintiffs acted in good faith in bringing suit against SEU Defendants as one of several defendants in a Complaint alleging multiple violations of constitutional rights. Indeed, it was the SEU Defendants themselves who executed the raid on Plaintiffs' homes. In doing so, they barged into the wrong apartment, and pointed loaded weapons at children and other Defendants who did not match the description of the target of the warrant. Plaintiffs were directly harmed by SEU Defendants' and other officers' actions, and they were therefore acting in good faith when they filed the Complaint against the SEU Defendants.

## III. Plaintiffs Are Unable to Pay Costs

In addition to the requirement of good faith, courts will consider whether Plaintiffs are "of such modest means" that charging costs to them would be "unjust or inequitable." *Cherry*, 186 F.3d 442 at 447. Here, Plaintiffs are of modest means, as demonstrated by the fact that most of them receive public benefits such as Medicaid. Since the costs which SEU Defendants have demanded are nearly $11,000, granting the Bill of Costs would unjustly charge Plaintiffs a significant portion of their limited income.

Aside from Plaintiffs' limited financial resources, courts may take into account mental or emotional burdens which make it difficult for Plaintiffs to maintain steady employment. *See Bennett v. CSX Transp., Inc.*, 5:10-CV-493-BO, 2015 WL 233223, at *2 (E.D.N.C. Jan. 16, 2015). In this case, several Plaintiffs meet this criterion: expert witnesses have diagnosed four of

5

the Plaintiffs with a trauma disorder. Plaintiffs' emotional disorders stemming directly from SEU and other Defendants' actions may interfere with Plaintiffs ability to make a living. Plaintiffs were already of modest means, and the unjustified raid on their homes has further impaired Plaintiffs' ability to generate income sufficient to cover SEU Defendants' costs.

## IV. The Costs Are Excessive

SEU Defendants cite 28 U.S.C. § 1920(2) to justify their inclusion of over $10,000 in deposition transcripts in their Bill of Costs. But while 28 U.S.C. § 1920(2) includes "transcripts necessarily obtained for use in the case" as billable costs, Local Civil Rule 54.1(c)(2)(b) specifically states that "multiple copies of depositions" are "not normally taxed." This court has cited that rule in denying costs for transcript copies. *See, e.g.*, *Farrar & Farrar Dairy, Inc. v. Miller-St. Nazianz, Inc.*, 5:06-CV-160-D, 2012 WL 776945, at *5 (E.D.N.C. Mar. 8, 2012) ("'[M]ultiple copies of depositions' are normally not taxable costs."); *SAS Inst., Inc. v. World Programming Ltd.,* 5:10-CV-25-FL, 2016 WL 4995071, at *2 (E.D.N.C. Sept. 19, 2016) (denying costs for copies of deposition transcripts); *Dutton v. Wal-Mart Stores E., L.P.*, 4:11-CV-94-BO, 2015 WL 1643025 at *2 (E.D.N.C. Mar. 13, 2015) (denying costs for copies of deposition exhibits); *Wilcoxson v. Painter*, 5:13-CV-732-FL, 2016 WL 2858813 (E.D.N.C. May 16, 2016) (limiting costs to a single deposition transcript unless specific circumstances require copies).

While SEU Defendants' Bill of Costs does not itself include multiple copies of the same transcript, many of the transcripts were copies of ones already obtained by other defendants for the same case. Furthermore, since submitting the Bill of Costs, counsel for SEU Defendants have entered a Notice of Appearance to serve as counsel for the City of Raleigh in this case. D.E. 219, 220. All the defendants in this case are or were agents of the same governmental organization,

6

and the City defendants are now represented by the same attorneys representing SEU Defendants. The defense in this case was and continues to be collaborative, so ordering multiple copies of identical transcripts was not necessary for SEU Defendants' defense. The inclusion of unnecessary transcripts in the Bill of Costs rendered the costs excessive.

**IV.     The Issue Decided Was a Close One**

The Fourth Circuit considers "the closeness and difficulty of the issues decided" in contemplating the denial of a Bill of Costs. *Ellis*, 434 F. App'x at 235. Here, the fact that the case was dismissed for failure to state a claim does not mean that the case was not close or difficult. Plaintiffs contend that their illegal entry claim (Claim II of the Second Amended Complaint) was not addressed in the Court's Order. Because Plaintiffs made allegations against SEU Defendants which were not addressed in the Court's dismissal, the issues continue to be contested.

Moreover, the case the Court cited for the proposition that "the SEU defendants did not violate plaintiffs' clearly established rights" involved actions by police officers responding to a threat at the correct address, who engaged with the correct suspect in his home, and who were about to be attacked by the suspect who was armed with a weapon. *See City of Tahlequah, Oklahoma v. Bond*, __ U.S. __, __, 142 S.Ct. 9, 10–11 (2021). By contrast, the officers here were not responding to any complaints at Plaintiffs' address. Instead, the officers entered a different home than that which was pictured on the warrant, where they encountered the Plaintiffs, a group of women and children who were all unarmed and did nothing to threaten the safety of the SEU Defendants. The order dismissing the SEU defendants cited two cases, *Unus v. Kane*, 565 F.3d 103 (4th Cir. 2009) and *United States v. Sinclair*, 983 F.2d 598 (4th Cir. 1993) for the proposition that "[o]fficers executing a search warrant do not violate any clearly established rights when they point their firearms at the unknown occupants of a residence." *Irving v. City of*

7

*Raleigh*, No. 5:22-CV-68-BO, 2023 WL 2484822, at *2 (E.D.N.C. Mar. 13, 2023). *Kane* specifically held that the officers' right to point guns at the home occupants was justified by "the failure of the occupants to permit the officers to enter in accordance with the Warrant," see *Kane*, 565 F.3d at 118, which was a circumstance that was not present in this case. Unlike in *Kane*, the officers here had no search warrant for the home of Kenya Walton and her children. *Sinclair* was a criminal case that characterized the act of "approaching a suspect with drawn weapons [as an] extraordinary measure[.]" *Sinclair*, 983 F.2d at 602. Neither *Unus* nor *Sinclair* put Plaintiffs on notice that their claims, which involved the pointing of guns at unarmed and compliant children, in a home in which officers had a defective warrant, and in another where they had no warrant at all, would be barred by qualified immunity. Plaintiffs thus had a good faith, principled basis to assert these claims. Because the issue here was decided on the narrow grounds of qualified immunity, relying on cases with dissimilar facts, the issue is fairly characterized as a close and difficult one, for which the recovery of Defendants' costs is inappropriate.

## **CONCLUSION**

The Plaintiffs in this case have at all times acted in good faith, they are unable to pay the Bill of Costs, the costs are excessive, and the issues are close and being appealed. For these reasons, the Plaintiffs respectfully ask this court to deny SEU Defendants' Bill of Costs.

Respectfully submitted this the 19th day of April, 2023.

/s/ *Abraham Rubert-Schewel*
Abraham Rubert-Schewel
N.C. Bar No. 56863
Nichad Davis
N.C. Bar No. 56297
TIN FULTON WALKER & OWEN, PLLC
119 E. Main Street
Durham, NC 27701
Tel: (919) 451-9216

8

schewel@tinfulton.com
ndavis@tinfulton.com

/s/ *Emily Gladden*
Emily D. Gladden
N.C. Bar. No. 49224
TIN FULTON WALKER & OWEN, PLLC
204 N. Person Street
Raleigh, NC 27601
Tel: (919) 720-4201
egladden@tinfulton.com

/s/ *Ian Mance*
Ian A. Mance
N.C. Bar No. 46589
EMANCIPATE NC
Post Office Box 309
Durham, NC 27702
Tel: (828) 719-5755
ian@emancipatenc.org

/s/ *Elizabeth Simpson*
Elizabeth G. Simpson
N.C. Bar No. 41596
EMANCIPATE NC
Post Office Box 309
Durham, NC 27702
Tel: (919) 682-1149
elizabeth@emancipatenc.org

9