UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:22-cv-68-BO

| | |
|---|---|
| YOLANDA IRVING, et al., ) | |
| ) | |
| Plaintiffs, ) | SEU DEFENDANTS' RESPONSE IN |
| ) | OPPOSITION TO PLAINTIFFS' |
| v. ) | MOTION FOR DISALLOWANCE OF |
| ) | BILL OF COSTS |
| THE CITY OF RALEIGH, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

NOW COME Defendant Officers David Mead, Jesus Ortiz, Kyle Perrin, Michael Mollere, Kyle Thompson, Vincent Debonis, Daniel Twiddy, Thomas Webb, David McDonald, and David Garner (collectively the "SEU Defendants"), by and through undersigned counsel, and respond in opposition to Plaintiffs' Motion for Disallowance of Defendants' Bill of Costs, DE 222–23, pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Civil Rule 54.1, as fully set forth below.

NATURE OF THE CASE

This case is about the execution of a search warrant on May 21, 2020, in Raleigh, North Carolina, at the homes of Plaintiffs Yolanda Irving and Kenya Walton. The search warrant was executed by the SEU Defendants, after the warrant had been obtained by officers of the drugs and vice unit of the Raleigh Police Department. Ms. Irving, Ms. Walton, and other occupants of their residences who were detained during the execution of the search warrant brought claims against the City of Raleigh, the RPD officers who obtained the warrant, and the SEU officers who executed it. These Plaintiffs sought redress for injuries they allegedly suffered during the execution of the search warrant, and asserted against the SEU Defendants a claim of excessive

force.  DE 2; DE 41; DE 93.  Among the party plaintiffs was Emancipate NC, Inc., a nonprofit organization with a mission to end mass incarceration and structural racism.  DE 93.

On October 18, 2022, the SEU Defendants moved to dismiss the excessive force claim against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and to dismiss Emancipate NC as a party plaintiff pursuant to Rule 12(b)(1) for lack of standing.  DE 129–30.  On March 13, 2023, this Court granted the SEU Defendants' Motion to Dismiss, thus dismissing the SEU Defendants as party defendants and Emancipate NC as party plaintiff.  DE 191.  The remaining parties continue to participate in the ongoing litigation.

As the prevailing party in the March 13, 2023 Order, the SEU Defendants filed an Application for Costs pursuant to Rule 54 of the Federal Rules of Civil Procedure and Local Civil Rule 54.1.  DE 198; DE 198.1; DE 198.2; DE 198.3; DE 198.4.  Plaintiffs now move to disallow recovery of the SEU Defendants' costs.  DE 222–23.  This memorandum sets forth multiple reasons Plaintiffs' motion should be dismissed and denied.

## SUMMARY OF THE FACTS

In February 21, 2022, Plaintiffs Yolanda Irving and Kenya Walton, as well as other occupants of their homes, commenced this action by filing a Complaint against the City of Raleigh, several officers of the Raleigh Police Department's drugs and vice unit, and John and Jane Doe SEU Defendants.  DE 2.  On May 16, 2022, Plaintiffs filed an Amended Complaint to add as a party plaintiff Emancipate NC, Inc.  DE 41.  On August 31, 2022, Plaintiffs amended their Complaint once again to identify by name each SEU Defendant.  DE 93.

On October 18, 2022, the SEU Defendants filed a Motion to Dismiss pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.  DE 129; DE 130; DE 145.  The SEU Defendants argued that Plaintiffs had failed to state a claim against them and that thus the

2

SEU Defendants should be dismissed from the action. DE 130. The SEU Defendants also argued that Emancipate NC lacked standing to pursue its claim and thus should be dismissed as a party plaintiff. Id.

While that motion was pending, the SEU Defendants incurred a variety of costs necessary to litigation. See DE 198–98.4. For example, Plaintiffs, and a number of Defendants, including four of the individual SEU Defendants, were deposed. See DE 198.2. Counsel for the SEU Defendants also noticed the deposition of Plaintiffs' expert on psychological injury, served a subpoena for the deposition, and obtained medical records for the Plaintiffs to assist with taking the deposition of Plaintiffs' expert witness. See DE 198.3.

On March 31, 2023, this Court granted the SEU Defendants' motion, thereby dismissing the SEU Defendants as party defendants and Emancipate NC as a party plaintiff. DE 191. Order having been entered in favor of the SEU Defendants, the SEU Defendants filed an Application for Costs seeking, pursuant to Federal Rule of Civil Procedure 54(d)(1), Local Rule 54.1, and 28 U.S.C. § 1920, that the Clerk of Court tax the items enumerated therein. See DE 198–98.4. On April 19, 2023, Plaintiffs filed a Motion of Disallowance for the SEU Defendants' Bill of Costs. DE 222–23.

## ARGUMENT

Plaintiffs' Motion for Disallowance is without merit. First, the motion is untimely, as it was filed many days after the 14-day deadline. Second, Plaintiffs fail to overcome the presumption that costs should be taxed against them.

On March 27, 2023, the SEU Defendants timely filed and served, via ECF Court Notification, their Application for Costs with all the necessary supporting documents in compliance with Rule 54 of the Federal Rules of Civil Procedure and Local Civil Rule 54.1. DE

3

198; DE 198.1; DE 198.2; DE 198.3; DE 198.4.  Pursuant to Local Civil Rule 54.1(b)(1), any adverse party who objects to an application for costs must state its objection withing 14 days after the filing of the bill of costs.  Plaintiffs thus had until April 10, 2023 to object.  However, Plaintiffs filed their Motion for Disallowance on April 19, 2023, nine days past the deadline.  DE 222–23.  Accordingly, Plaintiffs' motion is untimely and should be dismissed on that basis alone.  See, e.g., Small v. Welldyne, Inc., No. 5:16-CV-62-BO, 2020 WL 896482, at *1 (E.D.N.C. Feb. 24, 2020) ("[P]laintiff's motion for disallowance of costs is untimely.  Accordingly, the motion for disallowance is DENIED.").

Plaintiffs' Motion for Disallowance also fails on the merits.  Rule 54 of the Federal Rules of Civil Procedure "creates the presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999) (citations omitted); see also Fed. R. Civ. P. 54(d)(1).  "[I]t is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party."  Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011) (citation omitted).  Plaintiffs have not done so here.

Plaintiffs argue that the Court should deny awarding costs to the SEU Defendants because "the issue is being appealed," Plaintiffs acted in good faith, the individual Plaintiffs are unable to pay costs, the costs are "excessive," and the issue decided by the Court on March 13, 2023 "was a close one."  DE 223 at 4–8.

Plaintiffs' contention that the Court should deny taxing costs due to their appeal is not supported by the case law Plaintiffs cite in this portion of their brief.  DE 223 at 4–5; see, e.g., Wright v. Jackson, 522 F.2d 955 (4th Cir. 1975) (addressing attorney's fees due to contempt and where the appeal in question was from the court's order awarding fees, none of which is at issue

4

here); Reed v. Health & Hum. Servs., 774 F.2d 1270 (4th Cir. 1985) (also addressing attorney's fees, and where the appeal was from the court's refusal to rule on the plaintiffs' petition for attorney's fees, none of which is at issue here), rev'd sub nom. Lukhard v. Reed, 481 U.S. 368 (1987); Pharmanetics, Inc. v. Aventis Pharms., Inc., No. 5:03-CV-817-FL(2), 2006 WL 8438578 (E.D.N.C. Mar. 24, 2006) (staying consideration—not denying taxation—as to costs where each party had applied for costs and appeal was pending; indeed, the defendant was awarded costs shortly thereafter per Pharmanetics, Inc. v. Aventis Pharms., Inc., No. 5:03-CV-817-FL(2), 2006 WL 8438560 (E.D.N.C. Aug. 22, 2006)); Shipman v. United Parcel Serv., Inc., No. 5:12-CV-589-F, 2013 WL 6622944 (E.D.N.C. Dec. 16, 2013) (stating that district courts have discretion to "defer"—not deny—"taxation of costs pending appeal," and then itself exercising that discretion to deny the plaintiff's motion to stay while appeal was pending). Moreover, Plaintiffs fail to demonstrate that the Fourth Circuit has jurisdiction over their interlocutory appeal.

Regarding Plaintiffs' contention that they brought this action in good faith, the adverse party's good faith is a "virtual prerequisite" to arguing against taxation of costs, which, "standing alone, is an insufficient basis for refusing to assess costs against that party." Cherry, 186 F.3d at 446. However, the course of this litigation raises questions about whether Plaintiffs pursued their claims against the SEU Defendants in pure good faith. For example, in their Second Amended Complaint, DE 93, Plaintiffs added the individual SEU Defendants as party defendants, asserting against them an excessive force claim even though it had no support from existing Fourth Circuit precedent; this amendment calls into question whether Plaintiffs pursued their claims against the individual SEU Defendants in good faith. See, e.g., DE 130 at 7 (SEU Defendants' Memorandum in Support of their Motion to Dismiss) ("As police officers, the SEU Defendants are entitled to qualified immunity for the Plaintiffs' excessive force claim . . . .

5

Fourth Circuit case law holds that it is reasonable for officers to point their firearms at unknown occupants of a residence when entering the residence to execute a search warrant."); DE 145 at 3 (SEU Defendants' Response to Plaintiffs' Memorandum in Opposition to the Motion to Dismiss) ("Plaintiffs argue they 'clearly alleged that the SEU Defendants violated the Fourth Amendment' by 'using No Knock or Quick Knock' entry into the homes of Plaintiffs Yolanda Irving and Kenya Walton. However, the Complaint's allegations, themselves, show that this is not so." (some quotation marks omitted)); DE 191 at 4 (this Court's March 13, 2023 Order) ("Officers executing a search warrant do not violate any clearly established rights when they point their firearms at the unknown occupants of a residence."); see also Hillberry v. Elder, No. 5:13CV113, 2015 WL 410578, at *35 (N.D.W. Va. Jan. 29, 2015) ("Here, other than his own unsupported allegations, plaintiff has produced nothing to support this claim. . . . Therefore, . . . plaintiff's complaints of excessive force are neither credible nor consistent with the record. . . . [P]laintiff has not only failed to state a claim upon which relief can be granted, but because his claims appear to have been made in bad faith, they should be dismissed as frivolous and malicious as well.").

Furthermore, Plaintiffs have repeatedly attempted to bring this litigation before the media—while misstating the facts and proceedings in so doing. See, e.g., DE 168 at 2 (Defendant Abdullah's Response in Opposition to Emancipate NC's Motion for Protective Order) (stating that two Emancipate NC attorneys who took Defendant Abdullah's deposition relied on said testimony to write a letter to local news media); DE 168.4 (Exhibit D to Defendant Abdullah's Response in Opposition to Emancipate NC's Motion for Protective Order) (attaching an article published in The News & Observer reflecting that Emancipate NC wrote the media outlet to openly condemn the City of Raleigh); see also Sean Campbell, This Cop Unleashed a

6

Reign of Terror, Say the Wrongfully Accused, ROLLING STONE (Apr. 9, 2023, 9:00 AM), https://www.rollingstone.com/politics/politics-features/reign-of-terror-wrongful-arrests-raleigh-1234711651/; (Exhibit 1, attached hereto); see also infra n.2. Accordingly, Plaintiffs' conduct throughout litigation calls into question whether they have pursued their claims in good faith. See Selletti v. Carey, 173 F.R.D. 96, 98 (S.D.N.Y. 1997) (granting defendants' motion for an order directing the plaintiff to post a security bond for costs where the plaintiff had, inter alia, "shown more interest in litigating this matter in the media than in the courtroom"), aff'd, 173 F.3d 104 (2d Cir. 1999); Norman v. Borison, 418 Md. 630, 665, 17 A.3d 697, 718 (2011) ("[Those] who try their cases in the media do so at some peril." (citation omitted)).

Plaintiffs next argue that, due to their modest means and their allegations of psychological injury related to their claims in this litigation, the individual Plaintiffs are unable to pay the SEU Defendants' Bill of Costs. DE 223 at 5–6. First, Plaintiffs' allegations of psychological injury are in dispute in this litigation. See DE 93. Such allegations do not support their contention that they should not pay costs on claims for which they did not prevail. Additionally, by their Second Amended Complaint, Plaintiffs themselves elected to add as party defendants the individual SEU Defendants, despite there being ample law under the Fourth Circuit supporting officers' pointing of firearms upon encountering unknown individuals while executing a search warrant.[1] See, e.g., Unus v. Kane, 565 F.3d 103, 110–11, 118 (4th Cir. 2009); see also United States v. Sinclair, 983 F.2d 598, 602–03 (4th Cir. 1993).

---

[1] Emancipate NC is absent from Plaintiffs' argument. See generally DE 223. In the Court's March 13, 2023 Order, the SEU Defendants prevailed on their Motion to Dismiss, thus making Emancipate NC a losing party. DE 191; see also Fed. R. Civ. P. 54(d); Local Civil Rule 54.1. To date, Emancipate NC itself has not opposed the SEU Defendants' Bill of Costs, and thus is deemed to have no objection. See Local Civil Rule 54.1(b)(1).

7

Plaintiffs also argue that the costs here are excessive. DE 223 at 6–7. Plaintiffs primarily take issue with the SEU Defendants' Bill of Costs reflecting over $10,000 incurred in transcript fees. See id. at 6. Plaintiffs suggest that counsel for the SEU Defendants should have shared individual copies of deposition transcripts with counsel for the other defendants—despite each representing unique and distinct interests and consequently each being involved in unique and distinct stages of litigation. See id. at 6–7; see also DE 191. However, Plaintiffs do not cite any law supporting this argument, and, in fact, case law shows that it is customary for each party to obtain its own copy of deposition transcripts, and that a prevailing party is entitled to costs which include those incurred while obtaining a copy of a transcript per deposition. See Rodriquez v. Se. Pa. Transp. Auth., No. 20-CV-3262, 2022 WL 17371059, at *1 n.2 (E.D. Pa. July 19, 2022) ("[P]laintiff seems to overlook that the court reporting agency earns its income by producing and then selling deposition transcripts." (citation and quotation marks omitted)); Young v. United Parcel Serv., Inc., No. CIV.A. DKC 08-2586, 2014 WL 858330, at *3 (D. Md. Mar. 4, 2014) ("[I]t is typical that the court reporter be paid by each party receiving a copy of a transcript."); see also Fed. R. Civ. P. 30(f)(3) ("When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent."). Indeed, Plaintiffs themselves concede that the SEU Defendants' Bill of Costs "does not itself include multiple copies of the same transcript." See DE 223 at 6. Accordingly, Plaintiffs have not shown that the costs reflected in the SEU Defendants' Bill of Costs are excessive. Rather, Plaintiffs made a decision to bring the SEU Defendants into this case as individual defendants. In doing so, the law put them on notice that they would be responsible for costs incurred, should the SEU Defendants prevail in defeating the claims against them. See Fed. R. Civ. P. 54(d)(1).

Lastly, Plaintiffs claim that the Court should deny the SEU Defendants' Application for Costs because the issue decided in the March 13, 2023 Order "was a close one." DE 223 at 7–8. "The closeness of a case is judged . . . by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." Farrar & Farrar Dairy, Inc. v. Miller-St. Nazianz, Inc., No. 5:06-CV-160-D, 2012 WL 776945, at *3 (E.D.N.C. Mar. 8, 2012) (citation and quotation marks omitted); Selman v. Am. Sports Underwriters, No. CIV. A. 84-0099-C, 1990 WL 265980, at *1 (W.D. Va. July 31, 1990) ("[A]n exception to the normal practice has been created . . . when cases are 'close and difficult,' but this exception only applies in extremely rare instances." (citation omitted)). Here, Plaintiffs have not shown that there was any complexity to the SEU Defendants' Motion to Dismiss or the Order granting it such that it warrants an exception to the presumption that costs shall be taxed. See DE 223 at 7–8. Rather, Plaintiffs attempt to relitigate the merits of their claims and challenge the Order itself, neither of which is relevant nor appropriate at this stage.[2] See id.

Plaintiffs' portrayal of the matter is contradicted by the nature of the Order itself, DE 191, a pre-trial motion to dismiss. See, e.g., Perdue v. Sanofi-Aventis U.S. LLC, No. 1:18CV221-MR-WCM, 2022 WL 4591653, at *1 (W.D.N.C. Sept. 29, 2022) ("A review of the record also does not support Plaintiff's contention that this case was particularly close or difficult. To the contrary, the record reflects that all of Plaintiff's claims . . . were resolved by pretrial motion."); see also Salvin v. Am. Nat. Ins. Co., No. 2:06CV264, 2007 WL 1097891, at *10 (E.D. Va. Apr. 11, 2007) ("Not only did the defendant prevail, it did so via a Rule 12(b)(6)

---

[2] It also bears noting that, in their Brief in Support of their Motion for Disallowance, Plaintiffs claim that the SEU Defendants threatened to shoot their dog, an allegation that is conveniently absent from Plaintiffs' Second Amended Complaint, and which is also absent from body camera footage available of the events at issue. DE 223 at 2; see also DE 93. Body camera footage recording the events that transpired on May 21, 2020 shows that this claim false, and that the SEU Defendants attempted to secure the small dog.

motion to dismiss and a Rule 56 motion for summary judgment. This case was neither close nor difficult[.]"), aff'd, 281 F. App'x 222 (4th Cir. 2008); Farrar, 2012 WL 776945, at *3 ("A case resolved via summary judgment generally does not involve close or difficult issues that justify not awarding costs"). Accordingly, Plaintiffs have not shown, and cannot show, that this was a "close" or "difficult" case for this Court to have decided.

CONCLUSION

For the above reasons, because Plaintiffs' Motion for Disallowance of the SEU Defendants' Bill of Costs is untimely and fails to show that Plaintiffs should be relieved from taxation, the SEU Defendants respectfully ask that this Court dismiss Plaintiffs' motion and award those costs identified in the SEU Defendants' Bill of Costs filed per DE 198–198.4.

This the 26th day of April, 2023.

/s/ Leslie C. Packer
Leslie C. Packer
N.C. State Bar No. 13640
Michelle A. Liguori
N.C. State Bar No. 52505
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
leslie.packer@elliswinters.com
michelle.liguori@elliswinters.com

*Counsel for SEU Officer Defendants*

CERTIFICATE OF WORD COUNT

In accordance with Local Civil Rule 7.2(f)(3)(A), I hereby certify that the foregoing Response in Opposition is 3,041 words, excluding portions mentioned in Local Rule 7.2(f)(1), as measured by Microsoft Word.

This the 26th day of April, 2023.

/s/ Leslie C. Packer
Leslie C. Packer

CERTIFICATE OF SERVICE

I hereby certify that on 26 April 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Leslie C. Packer
Leslie C. Packer